IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all others similarly situated, | §<br>§<br>§<br>§ | CIVIL ACTION NO.<br>3:21-cv-01636-N |
| Plaintiff, | § | |
| | §<br>§ | |
| vs. | § | |
| | § | |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT'S MENS CLUB and NICK MEHMETI, | §<br>§<br>§<br>§ | COLLECTIVE ACTION<br>JURY TRIAL DEMANDED |
| | § | |
| Defendants. | §<br>§ | |

---

DEFENDANTS' APPENDIX IN SUPPORT OF
THRESHOLD MOTION FOR SUMMARY JUDGMENT

---

COME NOW, COME NOW, MAINSTAGE MANAGEMENT, INC.,NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT MEN'S CLUB and NICK MEHMETI (collectively, the "Defendants") and file this, their Appendix in Support of Defendants' Threshold Motion for Summary Judgment (the "Appendix") and incorporates the same by reference as if fully set forth herein:

| Exhibit | Description | APPX |
|---|---|---|
| A | Declaration of Nick Mehmeti dated May 11, 2022 (the "Mehmeti Declaration") | APPX 4-7 |
| A-1 | Licensing Agreement between Brooke Layton and PT's Mens Club dated January 3, 2019 ("Layton Licensing Agreement") | APPX 8-20 |

| A-2 | Licensing Agreements between Ashlynn Shipley and PT's Mens Club dated January 25, 2018, January 2, 2019, and January 23, 2020 ("Shipley Licensing Agreement") | APPX 21-60 |
|---|---|---|
| B | Excerpts and Exhibit 4 from the Deposition of Brooke Layton dated February 11, 2022 (the "Layton Deposition") | APPX 61-81 |
| C | Brooke Layton's Notice of Opt-In and Ashlynn Shipley's Consent to Sue Form filed on September 30, 2021 [ECF No. 16 and 16-1] (collectively, the "Consent to Sue Form") | APPX 82-85 |

Respectfully submitted,

SHEILS WINNUBST
A Professional Corporation

By:    */s/ Latrice E. Andrews*
        Latrice E. Andrews
        State Bar No. 24063984

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*latrice@sheilswinnubst.com*

AND

LAW OFFICES OF ROGER ALBRIGHT, LLC
  Of Counsel to:
SHEILS WINNUBST, PC

By:    */s/ Roger Albright*
        Roger Albright
        State Bar No. 00974580

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*roger@sheilswinnubst.com*

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 16, 2022, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and parties of record electronically or by another means authorized through Federal Rule of Civil Procedure 5(b)(2) and Local Rule 7.2.

*/s/ Latrice E. Andrews*
Latrice E. Andrews

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually | § | |
| and on behalf of all others similarly | § | CIVIL ACTION NO. |
| situated, | § | 3:21-cv-01636-N |
|              Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MAINSTAGE MANAGEMENT, INC., | § | COLLECTIVE ACTION |
| NICK'S MAINSTAGE, INC. - DALLAS | § | JURY TRIAL DEMANDED |
| PT'S d/b/a PT'S MENS CLUB and | § | |
| NICK MEHMETI, | § | |
| | § | |
|              Defendants. | § | |

DECLARATION OF NICK MEHMETI

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

I, the undersigned Declarant, declare under penalty of perjury under the laws

of the United States of America as follows:

1.      "My name is NICK MEHMETI.  I am the custodian of records for

NICK'S MAINSTAGE, INC. - DALLAS PT'S  operating a club under the assumed

name of "PT's Mens Club" and commonly known as "PT's" located at 10601 Plano

Road, Dallas, Texas 75238.  I am of sound mind, capable of making this declaration,

and fully competent to testify to the matters stated herein.  I have personal knowledge of each of the matters stated herein.  Each statement herein is true and correct.  This Declaration is submitted in support of Defendants' Motion for Summary Judgment.

2.    "The exhibits attached to this Declaration and incorporated herein are documents and the type of document that are, and remain, kept by PT's in the ordinary course of business.  It was the ordinary course of PT's  or an employee or representative of PT's, such as myself, with personal knowledge of the act, event, or condition recorded, to make entries to the ledger, invoices, transmit, document, or receive information thereof to be included in such record.  The documents and the entries to the documents attached hereto were made or received at or near the time of the act, event, or condition recorded or reasonably soon thereafter.  The copies attached hereto are an exact duplicate of the original documents.

3.    "When someone desires to become or renew as an entertainer at PT's they are provided certain documents to review and sign as part of their agreement with PT's.  Specifically, each entertainer is provided with the Licensing and Leasing Agreement to review and sign if they are in agreement. They are advised to seek legal counsel in making the decision and are permitted to review the documents prior to signing.

---

DECLARATION OF NICK MEHMETI                                                      Page 2

4.    "In or around January, 2019, Brooke Layton (the "Plaintiff Layton") sought to become an entertainer at PT's or renewed her contract.  Upon Plaintiff Layton's decision to  become an entertainer at PT's, she reviewed and returned the signed License and Lease Agreements yearly.  A true and correct copy of a License and Lease Agreements executed by Plaintiff Layton is attached hereto as **Exhibit A-1** and incorporated into this declaration as if fully set forth herein.

5.    "In or around January, 2018, and again in January, 2019, and January, 2020, Ashlynn Shipley (the "Plaintiff Shipley") sought to become an entertainer at PT's or renew her contract.  Upon Plaintiff Shipley's decision to become or renew as an entertainer at PT's, she reviewed and returned the signed License and Lease Agreements yearly. True and correct copies of  License and Lease Agreements executed by Plaintiff Shipley are attached hereto as **Exhibit A-2** and incorporated into this declaration as if fully set forth herein.

6.    "I have reviewed the records of PT's regarding communications and documents from, by and between Plaintiff Layton.  I have reviewed the records of PT's regarding communications and documents from, by and between Plaintiff Shipley. There is no written notice from either of Plaintiffs, Plaintiff Layton or Plaintiff Shipley (collectively, "Plaintiffs") regarding a belief that either of them were

---

DECLARATION OF NICK MEHMETI                                              Page 3

not independent contractors prior to the filing of this lawsuit. Neither of the Plaintiffs

provided written notice to PT's about changing their status to that of an employee

prior to filing this lawsuit.  At no time prior to filing this lawsuit did either of the

Plaintiffs provide PT's with the written notices regarding the desire to be treated as

an employee.  Nor have either of the Plaintiffs paid any of the Entertainment Fees that

they have retained and agreed to be property of PT's, as defined in the respective

Licensing Agreements, back to PT's.  Plaintiffs agreed that the mandatory service

charge, which constitute the Entertainment Fees would be returned to PT's in the

event either of the Plaintiffs sought to or asserted a claim to be treated as an

employee.

**In accordance with 28 U.S.C. §1746, I declare, certify and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 12, 2022.**

*/s/ Nick Mehmeti*
Nick Mehmeti

---

DECLARATION OF NICK MEHMETI                                        Page 4

V 4.0 (31 December 2018)

## PT'S MENS CLUB

### LICENSE AND LEASE AGREEMENT

### NOTICE: THIS IS A LEGAL CONTRACT THAT AFFECTS THE LEGAL RIGHTS OF THE PARTIES TO THIS CONTRACT - READ IT!

AGREEMENT COMMENCEMENT DATE:  1/3/19

LICENSOR:  PT's Mens Club (the "Club" or "Licensor")

LICENSEE NAME:  Brooke Layton _____ ("Licensee")

LICENSEE Stage Name:  Kimber _____

PREMISE(s):   10601 Plano Road, Dallas, Dallas County, Texas

LICENSEE ACKNOWLEDGES THAT LICENSEE HAS READ AND REVIEWED THIS AGREEMENT INCLUDING THE ATTACHED TERMS AND CONDITIONS IN ITS ENTIRETY, THAT LICENSEE HAS BEEN GIVEN AN OPPORTUNITY TO ASK LICENSOR QUESTIONS ABOUT IT OR EXPRESS ANY CONCERNS ABOUT THIS DOCUMENT, AND THAT LICENSEE HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF LICENSEE'S CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT. LICENSEE ACKNOWLEDGES THAT LICENSEE UNDERSTANDS THE TERM AND CONDITIONS OF THIS AGREEMENT AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.

THIS AGREEMENT REPLACES ANY PRIOR AGREEMENT BETWEEN THE PARTIES, AND SINCE THIS AGREEMENT IS THE MOST ACCURATE DESCRIPTION OF THE NATURE OF THE RELATIONSHIP OF THE PARTIES, AND REPRESENTS WHAT THE "MEETING OF THE MINDS" WAS WHEN THE PARTIES ESTABLISHED THEIR RELATIONSHIP, THE TERMS AND CONDITIONS HEREIN ARE DEEMED EFFECTIVE FROM THE DATE OF ANY PRIOR AGREEMENT BETWEEN THE PARTIES, SHOULD ONE EXIST.

This AGREEMENT is entered into by the "LICENSOR" and "LICENSEE" for the leasing of certain portions of the "Premises" and the grant of License related thereto as follows:

Licensee/Entertainer Legal Name

PT's Mens Club (Dallas, TX)

Signature

Brooke Layton

(Printed Name)

Date: 1/3/19

Signature

Erik Luna

(Printed Name)

Date: 1/3/19

Licensee's Initials

EXHIBIT
A-1

Page 1 of 14

V 4.0 (31 December 2018)

## 1LICENSE/LEASE TERMS AND CONDITIONS

### 1. PURPOSE

The **Licensor** operates an adult cabaret on the Premises, and Licensee**,** who is engaged in the independently established trade and occupation of professional exotic dance entertainment and who runs Licensee's own business that provides such entertainment services, desires to lease from the **Club,** jointly together with other similar entertainers and upon the terms contained in this **Agreement,** the right to use certain areas of the **Premises** for activities related to the presentation of live dance entertainment to the adult public.

### 2. GRANT OF LICENSE/LEASE RIGHT

**Licensee** hereby licenses from the **Licensor** the right during normal business hours of **Licensor** to jointly, along with other entertainers, use the stage areas and certain other portions of the **Premises** designated by the **Licensor** for the performing of live erotic dance entertainment and related activities, upon the terms and conditions contained in this **Agreement.** The **Licensor** hereby grants **Licensee** a temporary, revocable license (the "**License**") and non-exclusive right to use and occupy the designated portions of the **Premises** (the "Temporary Space Lease" or the "Lease") commencing on the Agreement Commencement Date and continuing until the Termination Date, defined herein, subject to the terms and conditions contained herein.

This **License** shall be limited to **Licensee's** use and occupancy of the **Premises** as an erotic entertainer/dancer and **Licensee** shall be entitled to perform such entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or **Premises** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement**.

### 3. DURATION OF LICENSE AND TEMPORARY SPACE LEASE: TERMINATION OF LICENSE AND TEMPORARY SPACE LEASE

This **Agreement** shall be for the period commencing on the date it is signed by all parties (Agreement Commencement Date) and shall terminate on January 1, 2019 (unless the parties agree, in writing, to modify the term). The **License** shall thereafter be automatically extended for successive one year periods running from January 1 through December 31 of each year thereafter. Notwithstanding the foregoing, at any time after the first year of the **License** term, this **License** may be terminated (a) within thirty (30) days after the receipt of written termination notice from the **Licensor** to Licensee (b) the last day of the month that is ninety (90) days after the receipt of a written termination notice from **Licensee** to **Licensor**, or (c) such sooner date in accordance with paragraph 19 hereof, any such dates which shall be the "License Termination Date." Upon the License Termination Date, **Licensee** shall have no further right to use and occupy the **Premises** and the **License** and lease rights granted to **Licensee** shall terminate.

### 4. LICENSOR'S ADDITIONAL OBLIGATIONS

In addition to use of the Club premises, Licensor shall provide to Licensee at the Club at Licensor's expense:

Music (including *ASCAP/BMI/SESAC* fees);
Dressing Room Facilities;
Lockers (as and if available);
Wait Staff;
Beverage Service; and
Advertisement of the Club (any advertisement specific to the Licensee shall be at Licensee's sole cost and expense and Licensor shall have no obligation to advertise for the Licensee).
Licensee agrees that the License Fee does not include fees for the following services which may or may not be available:  hair and make-up artists and any other ancillary services which if available shall be contracted for and paid directly to third parties by Licensee, at Licensee's sole cost and expense.

Licensee's Initials                                                    Page 2 of 14

V 4.0 (31 December 2018)

## 5. SUBLEASING/ASSIGNMENT

This **Agreement** is acknowledged to be personal in nature. This means that **Licensee** has no right to sublease or to assign any of Licensee's rights or obligations in this **Agreement** to any other person without the express written consent of the **Club**. However, if **Licensee** is unable to fulfill **Licensee's** contractual obligations during any scheduled set, **Licensee** shall have the right to substitute the services of any licensed entertainer who has also entered into a License and Lease Agreement with the **Club**. Licensee may substitute only one entertainer per scheduled set and for the complete length of the scheduled set (i.e. no partial set period substitution allowed). Any such substitution shall not, however, relieve **Licensee** of the rent, lost rent charge and/or contract damage obligations as contained in this **Agreement** if the substitute entertainer fails to pay any of those fees due as a result of the substitute's lease obligations. Licensor may assign **Licensor's** rights and obligations here under, but may not in doing so otherwise affect **Licencee's** License/Lease of the **Premises**.

## 6. NON-EXCLUSIVITY

**Licensee's** obligations under this **Agreement** are nonexclusive, meaning that **Licensee** is free to perform **Licensee's** entertainment activities at other businesses or at locations other than at the **Club's Premises** unless such activities would unreasonably interfere with **Licensee's** contractual obligations to **Licensor** pursuant to this **Agreement**.

## 7. PERMITTED USES/USE OF PREMISES

This License shall be limited to **Licensee's** use and occupancy of the **Club** as an entertainer/dancer and **Licensee** shall be entitled to perform entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement** or otherwise be in violation of applicable law.

**Licensee** agrees to:

A.   Perform clothed, semi-nude ( i. e. "topless") or nude (whichever is permitted by law) erotic, expressive dance entertainment at the **Premises** (but only in the manner and attire allowed under applicable law);

B.   Obtain, keep in full force and effect, and have in **Licensee's** possession at all times while **Licensee** is on the **Premises** and available for inspection as may be required by law, any and all required licenses and/or permits and provide the **Club** with all necessary, current and accurate information about the **Licensee** required by law for the **Club** to maintain. The failure of **Licensee** to maintain current and in **Licensee's** possession a required license and/or permit shall not relieve **Licensee** of **Licensee's** rent obligations as provided for in this **Agreement**;

C.   Not violate any federal, state, or local laws or governmental regulations. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

D.   Become knowledgeable of all laws and governmental regulations that apply to **Licensee's** conduct while on the **Premises** and comply therewith including in particular, all regulations and laws related to businesses that provide alcoholic beverages, businesses that are defined as sexually oriented businesses and the Texas Penal Code. **Licensee** acknowledges, understands, and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

E.   Maintain accurate daily records of all income, including tips, earned while performing on the **Premises,** in accordance with all federal, state, and local taxation laws and this **Agreement** and be solely responsible for the timely payment of all taxes owed on income earned in the operation of her business;

Licensee's Initials

V 4.0 (31 December 2018)

    F.    Pay for any damages **Licensee** intentionally causes to the **Premises** and/or to any of the **Club's** personal property, furniture, fixtures, inventory, stock and/or equipment, normal wear and tear excepted; and

    G.    Conduct herself in a professional manner consistent with normal civil decorum, decency, appearance and etiquette in dealings inside the Premises and with customers and other independent contractors and employees therein. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such conduct requirements is beyond the scope of **Licensee**'s authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

**Licensee** may promote or otherwise advertise her performances at the Club, but **Licensee** shall not use the name, logo, trademarks, service marks of **Licensor** without prior written authorization of the **Licensor.**

## 8. NATURE OF PERFORMANCE

So long as the Licensee's services and performances are consistent with her contractual and legal obligations as set forth in paragraph 7, the **Club** has no right to direct or control the nature, content, character, manner or means of **Licensee's** entertainment services or of **Licensee's** performances.

EXCEPT AS MAY IN WRITING BE SPECIFICALLY RELEASED, WAIVED OR TRANSFERRED, SO LONG AS THE RELATIONSHIP BETWEEN **LICENSEE** AND THE **CLUB** IS THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE, **LICENSEE** SHALL OWN AND RETAIN ALL INTELLECTUAL PROPERTY RIGHTS OF **LICENSEE'S** ENTERTAINMENT PERFORMANCES, INCLUDING BUT NOT LIMITED TO ALL COPYRIGHTS AND RIGHTS OF PUBLICITY. ALL OF THESE RIGHTS BECOME THE PROPERTY OF THE **CLUB,** HOWEVER, IF THE RELATIONSHIP IS EVER CHANGED TO THAT OF EMPLOYER AND EMPLOYEE.

## 9. COSTUMES

**Licensee** shall supply all of **Licensee's** own costumes and wearing apparel, which must comply with all applicable laws. So long as they are consistent with Licensee's contractual and legal obligations as set forth in paragraph 7, the **Club** shall not control in any way the choice of costumes and/or wearing apparel made by **Licensee.**

## 10. NATURE OF BUSINESS

**Licensee** understands: 1) That the nature of the business operated at the **Premises** is that of adult entertainment; 2) that **Licensee** may be subjected to either full or partial nudity and explicit language; and 3) that **Licensee** may be subjected to advances by customers, to depictions or portrayals of a sexual nature, and to similar types of behavior. **Licensee** represents that **Licensee** is not, and will not be, offended by such conduct, depictions, portrayals, and language, and that **Licensee** assumes any and all risks associated with being subjected to these matters.

Licensee's Initials

V 4.0 (31 December 2018)

## 11. PRIVACY

**Licensee** and the Club acknowledge that privacy and personal safety are important concerns to **Licensee**. Accordingly, the **Club** shall not knowingly disclose to any persons who are not associated with the Club, or to any governmental entity, department, or agency, either the legal name of the **Licensee, Licensee's** address, or telephone number, EXCEPT upon prior written authorization of the **Licensee** or as may be required by law.

## 12. ENTERTAINMENT FEES

Based upon local industry custom and practice and in consultation with entertainers who lease space on the **Premises**, the **Club** shall establish a fixed fee for the price of certain performances engaged in on the **Premises** (referred to as "**Entertainment Fees**"). Currently, the parties agree that the **Entertainment Fee** is that amount as set out in the **Specifications** attachment hereto. **Licensee** agrees not to charge a customer more or less than the fixed price for any such performance unless the **Licensee** notifies the **Club** in writing of any charges to **Licensee's** customers of a higher or lower amount. The Licensor represents that the **Entertainment Fees** shall be competitive with fees charged at competitor establishments. Nothing contained in this **Agreement,** however, shall limit **Licensee** from receiving "tips" and/or gratuities over-and-above the established price for such performances. The **Licensee** specifically acknowledges that the **Entertainment Fees** attributable to personal dances (i.e., "table dances") or private or semi-private performances are a non-discretionary mandatory service charge to the customers and are not tips or gratuities to the **Licensee**. THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT **ENTERTAINMENT FEES** ARE NEITHER TIPS NOR GRATUITIES, BUT ARE, RATHER, MANDATORY SERVICE CHARGES TO THE CUSTOMER AS THE PRICE FOR OBTAINING THE SERVICE OF A PERSONAL ENTERTAINMENT PERFORMANCE

## 13. BUSINESS RELATIONSHIP OF PARTIES

A.    The parties acknowledge that the business relationship created between the **Club** and **Licensee** is that of (a) Licensor/Licensee and (b) landlord/tenant for the joint and non-exclusive leasing of the **Premises** (meaning that other entertainers are also leasing the premises at the same time), and that this relationship is a material (meaning significant) part of this **Agreement.** THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this **Agreement** shall not be interpreted as creating an employer/employee relationship or any contract for employment. LICENSEE UNDERSTANDS THAT THE **CLUB** WILL NOT PAY **LICENSEE** ANY WAGE (WHETHER HOURLY OR OTHERWISE), OVERTIME PAY, EXPENSES, OR OTHER EMPLOYEE-RELATED BENEFITS.

B.    The **Club** and **Licensee** acknowledge that if the relationship between them was that of employer and employee, the **Club** would be required to collect, and would retain, all **Entertainment Fees** paid by customers to **Licensee. LICENSEE** SPECIFICALLY ACKNOWLEDGES AND AGREES THAT IN THE CIRCUMSTANCE OF AN EMPLOYER/EMPLOYEE RELATIONSHIP ALL **ENTERTAINMENT FEES** WOULD BE, BOTH CONTRACTUALLY AND AS A MATTER OF LAW, THE PROPERTY OF THE CLUB AND WOULD NOT BE THE PROPERTY OF **LICENSEE.** THE PARTIES ACKNOWLEDGE THAT **LICENSEE'S** RIGHT TO OBTAIN AND KEEP **ENTERTAINMENT FEES** PURSUANT TO THIS **AGREEMENT** IS SPECIFICALLY CONTINGENT AND CONDITIONED UPON THE BUSINESS RELATIONSHIP OF THE PARTIES BEING THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE.

Licensee's Initials

V 4.0 (31 December 2018)

C.    The parties additionally acknowledge that were the relationship between them to be that of employer and employee, **Licensee's** employment would be "at will" (meaning **Licensee** could be fired at any time without cause and without prior notice or warning), and that the **Club** would be entitled to control, among other things, **Licensee's:** Work schedule and the hours of work; job responsibilities; physical presentation (such as make-up, hairstyle, etc.); costumes and other wearing apparel; work habits; the selection of **Licensee**'s customers; the nature, content, character, manner and means of **Licensee's** performances; and **Licensee**'s ability to perform at other locations and for other businesses. **Licensee** hereby represents that **Licensee** desires to be able to make all of these choices for **Licensee** and without the control of the **Club**, and the **Club** and **Licensee** agree by the terms of this **Agreement** that all such decisions are exclusively reserved to the control of **Licensee**. LICENSEE FURTHER SPECIFICALLY REPRESENTS THAT LICENSEE DOES NOT DESIRE TO PERFORM AS AN EMPLOYEE OF THE **CLUB** SUBJECT TO THE EMPLOYMENT TERMS AND CONDITIONS OUTLINED IN THIS PARAGRAPH 13, BUT, RATHER LICENSEE DESIRES TO PERFORM AS A LICENSEE/TENANT CONSISTENT WITH THE OTHER PROVISIONS OF THIS **AGREEMENT**.

D.    If any court, tribunal, or governmental agency determines, or if **Licensee** at any time contends, claims, or asserts, that the relationship between the parties is something other than that of Licensor/Lessor and Licensee/Lessee and that **Licensee** is then entitled to the payment of monies from the **Club** for wages or otherwise, all of the following shall apply:

(i)    In order to comply with applicable tax laws and to assure that the **Club** is not unjustly harmed and that **Licensee** is not unjustly enriched by the parties having financially operated pursuant to the terms of this **Agreement,** the **Club** and **Licensee** agree that **Licensee** shall surrender, reimburse and pay to the **Club**, all **Entertainment Fees** received by **Licensee** at any time **Licensee** performed on the **Premises** - all of which would otherwise have been collected and kept by the **Club** had they not been retained by **Licensee** under the terms of this **Agreement** and **Licensee** shall immediately provide a full accounting to the **Club** of all tip income which **Licensee** received during that time;

(ii)    Any **Entertainment Fees** that **Licensee** refuses to return to the **Club** shall be deemed service charges to the customer and shall be accounted for by the **Club** as such. **Licensee** shall owe the **Club** the amount of such **Entertainment Fees** and as such, the **Club** shall then be entitled to full wage credit for all **Entertainment Fees** retained by **Licensee,** and such withheld fees shall therefore constitute wages paid from the **Club** to **Licensee**. In the event that **Licensee** refuses to return **Entertainment Fees** to the **Club**, the **Club** shall immediately submit to the IRS and applicable state taxing authorities all necessary filings regarding such income consistent with this subparagraph;

(iii)   If despite **Licencee's** express obligation hereunder to maintain accurate records, the **Licensee** is unable or unwilling to provide the **Club** with reliable documentation of all **Entertainment Fees** received by **Licensee** at any time **Licencee** performed on the premises, **Licensee** and the **Club** hereby stipulate and agree that the amount of **Entertainment Fees** received by **Licensee** shall be deemed to be an amount in excess of any minimum hourly wage to which **Licensee** would be entitled as an employee.

(iv)    The relationship of the parties shall immediately convert to an arrangement of employer and employee upon the terms as set forth in this paragraph.

Licensee's Initials

V 4.0 (31 December 2018)

(v) If at any time **Licensee** believes that, irrespective of the terms of this **Agreement, Licensee** is being treated as an employee by the **Club** or that **Licencee's** relationship with the **Club** is truly that of an employee, **Licensee** shall immediately, but in no event later than three business days thereafter, provide notice to the **Club** in writing of **Licensee**'s demand to be fully treated as an employee consistent with the terms of this paragraph and applicable law, and shall also within the same time period begin reporting all of **Licensee**'s tip income to the **Club** on a daily basis; such tip reporting being required of all tipped employees of the **Club** under the terms of the Internal Revenue Code.

## 14. TAXES

**Licensee** shall be solely responsible for, and shall pay, all federal, state, and local taxes and contributions imposed upon any income earned by **Licensee** while performing on the **Premises** (including but not limited to income taxes and social security obligations). **Licensee** shall indemnify and hold harmless the **Club** from any such taxes. **Licensee** shall keep all required records and supporting proof thereof.

## 15. SCHEDULING OF LEASE DATES

**Licensee** shall select, at least one week in advance, any and all days that **Licensee** desires to lease the **Premises** during the following week, and the **Club** shall make the leased portion of the **Premises** available to **Licensee** during those dates and times, subject only to space availability. Should **Licensee** desire not to perform on the **Premises** at all during any given week, **Licensee** shall give the **Club** notice of this at least one week in advance. Once scheduled, neither **Licensee** nor the **Club** shall have the right to cancel or change any scheduled performance dates except as may be agreed to by **Licensee** and the **Club.** For each day that **Licensee** schedules herself to perform, **Licensee** agrees to be on the **Premises,** available to perform, for a minimum number of consecutive hours as stated in the **"SPECIFICATIONS"** section on the last page of this **Agreement** (one "set"). During those weeks that **Licensee** desires to perform, **Licensee** agrees to lease space at the **Premises** for at least the minimum number of sets per week as stated in the **"SPECIFICATIONS"** section of this **Agreement. Licensee** may be permitted to lease space on the **Premises** on days when **Licensee** has not scheduled him or herself to perform, subject to space availability.

If **Licensee** misses an entire scheduled set, **Licensee** shall pay to the **Club** as a lost rent charge, a fee for each set missed as stated in the **"SPECIFICATIONS"** section of this **Agreement,** which is to be paid by **Licensee** to the **Club** no later than by the end of **Licensee**'s next set. If **Licensee** fails to timely commence a scheduled set, **Licensee** shall pay to the **Club** as contract damages $8.00 for each one-half hour missed up to a maximum of the lost rent charge as stated in the **"SPECIFICATIONS"** section of this Agreement, which is to be paid by **Licensee** to the **Club** no later than by the end of that set. All lost rent charges and contract damages stated in this **Agreement** are established in view of the fact that it would be difficult to determine the exact lost rent or damage incurred as a result of certain breaches of the terms of this **Agreement**.

## 16. RENT

**Licensee** agrees to pay rent to the **Club** (referred to as **"set rent"**) in the amounts as stated in the **"SPECIFICATIONS"** section of this Agreement. All **set rent** shall be paid immediately upon or before completion of any set.

_____
Licensee's Initials

V 4.0 (31 December 2018)

## 17. MATERIAL BREACH BY CLUB

The **Club** materially breaches this **Agreement** by:

      A.     Failing to provide to **Licensee** the leased portion of the **Premises** on any day as scheduled by **Licensee;**

      B.     Failing to maintain any and all required and available licenses and/or permits;

      C.     Failing to maintain in full force any and all leases and subleases with the owner of the **Premises;**

      D.     Failing to maintain in full force all utilities services for the **Premises;** and

      E.     Failing to maintain the **Premises**  in a safe and orderly manner.

The **Club** shall not be liable for any material breach as set forth in this paragraph due to acts of God,  to any other cause beyond the reasonable control of the **Club,** or as a result of the action of any government entity or agency or the interpretation thereby of any law rule or regulation affecting the **Club.**

## 18. MATERIAL BREACH BY LICENSEE

 **Licensee** materially breaches this **Agreement** by:

     Failing to maintain any and all required licenses and/or permits;

     Willfully violating any federal, state, or local law or regulation while on the **Premises;**

     Failing to appear for a scheduled set on two or more occasions in any one calendar month without proving a proper substitute as allowed and in the manner provided for herein;

     Failing to pay any **set rent** when due;

     Failing to timely pay any assessed lost rent charges or contract damages;

     Claiming the business relationship with the **Club** as being other than that of a Licensor/Licensee and landlord/tenant;

     Violating any public health or safety rules or concerns; or

     Violating any of the provisions of this **Agreement.**

## 19. TERMINATION/BREACH /DEFAULT

In the event **Licensee** shall be in default of any obligation to pay money under this **Agreement** or in the event **Licensee** shall be in default of any non-monetary provision of this **Agreement** (including but not limited to violation any Federal, state or local laws or regulations), the **License** granted to **Licensee** herein shall immediately terminate, and **Licensor** shall have the right to the extent permitted by law, to (i) immediately withdraw the permission hereby granted to **Licensee** to use the **Premises**; and (ii) remove all persons and property therefrom, without being deemed to have committed any manner of trespass, assault or false imprisonment. Such remedies shall be in addition to any other rights or remedies **Licensor** may have hereunder or at law or equity.

In the event **Licensor** shall be in default of **Licensor's** obligations hereunder, **Licensee's** sole remedy is to terminate this **Agreement.**

Licensee's Initials

V 4.0 (31 December 2018)

Either party may terminate this **Agreement,** without cause, upon thirty (30) days written notice to the other party. Upon material breach, the non-breaching party may terminate this **Agreement** upon twenty-four (24) hours notice to the other party, or as otherwise may be provided by law. Nothing in this paragraph, however, shall allow **Licensee** to perform on the **Premises** without a valid license or permit, if applicable, or to continue to engage in conduct in violation of any laws, regulations, or public health or safety rules or concerns.

## 20. SEVERABILITY

If any provision of this **Agreement** or the application thereof to any person or circumstance shall, for any reason and to whatever extent, be invalid or unenforceable, the remainder of this **Agreement** and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law. In the event that any term, paragraph, subparagraph, or portion of this **Agreement** is declared to be illegal or unenforceable, this **Agreement** shall, to the extent possible, be interpreted as if that provision was not a part of this **Agreement;** it being the intent of the parties that any illegal or unenforceable portion of this **Agreement,** to the extent possible, be severable from this **Agreement** as a whole. Nevertheless, in the circumstance of a judicial, arbitration, or administrative determination that the business relationship between **Licensee** and the **Club** is something other than that of landlord and tenant, the relationship between **Licensee** and the **Club** shall be controlled by the provisions of this **Agreement**.

## 21. GOVERNING LAW

This **Agreement** shall be interpreted pursuant to the laws of the State of Texas

## 22. ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS

The parties agree that this **Agreement** is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement. as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association (the "AAA"), Texas branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 22. The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this **Agreement**. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be IN THE COUNTY IN TEXAS IN WHICH THE PREMISES IS LOCATED. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 22 in which event the provisions of this Section 22 shall control.

**THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES,OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.**

Licensee's Initials                                                                 Page 9 of 14

**LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT, HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.**

## 23. MISCELLANEOUS

This **Agreement** constitutes the entire understanding of the parties. No representations or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this **Agreement** and the Specification attachment hereto.

No prior oral or written statements, representations, promises and inducements have been made by either of the parties relating to the subject matter hereof which are not embodied in this **Agreement.**

The **Club's** failure to insist on compliance or enforcement of any provision of this **Agreement** shall not affect the validity or enforceability of this **Agreement** or operate or be construed as a waiver of any future enforcement of that provision or any other provision of this **Agreement.**

This **Agreement** may not be modified or amended except in accordance with a writing signed by each of the parties hereto.

Sections/Paragraphs 1,6,11,12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, and 25 shall survive the termination of this **Agreement.**

The headings used in this **Agreement** are used for administrative purposes only and do not constitute substantive matters to be considered in construing the terms of this **Agreement.**

Time is of the essence in the performance of this **Agreement**.

This **Agreement** may be executed in multiple original counterparts, in such event each of which shall be deemed an original, but which together shall constitute one and the same instrument.

Words of any gender used in this **Agreement** shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural and vice versa, unless the context requires otherwise.

If any time period or deadline hereunder expires on a Saturday, Sunday or legal holiday recognized in the State of Texas, the time period or deadlines shall be extended to the first business day thereafter.

The effective date of this **Agreement** shall be upon the date it is signed by all parties.

Nothing herein shall be construed or constitute a partnership or joint venture between the parties hereto.

All parties will do all things reasonably necessary or appropriate to fulfill the terms and conditions of this **Agreement**, including the execution of all necessary documents pertaining thereto.

_____
Licensee's Initials

V 4.0 (31 December 2018)

BECAUSE OF LEGAL RESTRICTIONS, THE **CLUB** WILL NOT ENTER INTO AN **AGREEMENT** WITH A **LICENSEE** WHO IS UNDER THE AGE OF EIGHTEEN (18) AND THIS **AGREEMENT** IS NULL AND VOID IF **LICENSEE** IS NOT OF SUCH AGE. **LICENSEE** SPECIFICALLY REPRESENTS THAT **LICENSEE** IS OF THIS LAWFUL AGE OR OLDER, THAT **LICENSEE** HAS PROVIDED APPROPRIATE IDENTIFICATION VERIFYING **LICENSEE'S** AGE, AND THAT SUCH IDENTIFICATION IS VALID AND AUTHENTIC.

BY SIGNING THIS DOCUMENT, **LICENSEE** REPRESENTS THAT **LICENSEE** HAS RECEIVED A COPY OF, AND HAS FULLY READ THIS **AGREEMENT**; THAT **LICENSEE** UNDERSTANDS, AND AGREES TO BE BOUND BY, ALL OF ITS TERMS; AND THAT **LICENSEE** HAS BEEN PERMITTED TO ASK QUESTIONS REGARDING ITS CONTENTS AND HAS BEEN GIVEN THE OPPORTUNITY TO HAVE IT REVIEWED BY PERSONS OF **LICENSEE'S** CHOICE, INCLUDING ATTORNEYS AND ACCOUNTANTS.

## 24. RELEASE FROM LIABILITY

**Licensee** agrees that **Licensor** shall not be responsible or liable for any damage or injury to any property or to any person or persons at any time on or about the **Premises** arising from any cause whatsoever except **Licensor's** willful misconduct. **Licensee** shall not hold **Licensor** in any way responsible or liable therefore and will indemnify and hold **Licensor** harmless - from and against any and all claims, liabilities, penalties, damages, judgments and expenses (including, without limitation, reasonable attorneys' fees and disbursements) arising from injury to person or property of any nature arising out of **Licensee's** use or occupancy of the **Premises** and also for any other matter arising out of **Licensee's** use or occupancy of the **Premises** including damage or injury caused by **Licensee**.

## 25. CONFIDENTIALITY

**Licensor** and **Licensee** acknowledge that each may come into contact with information in all forms regarding the other's business, clients and clients' businesses. All such information shall be deemed confidential information and shall not be used or communicated by the other at any time for any reason whatsoever.

Licensee's Initials

V 4.0 (31 December 2018)

## 26. NOTICES

Any notices required or permitted to be given to either party under this **Agreement** shall be given to the representative parties at the address written provided in this **Agreement** by hand, by reputable overnight courier (for next business day delivery) or by Certified mail, return receipt requested. Such notices shall be deemed given upon: a) delivery, in the case of hand delivery; b) one business day after mailing in the case of overnight courier, and c) three business days after mailing, in the case of mailing.

**NOTICE: THIS IS A LEGAL CONTRACT. DO NOT SIGN IT UNLESS YOU FULLY UNDERSTAND ALL OF ITS TERMS. IF YOU HAVE ANY QUESTIONS, FEEL FREE TO TALK TO THE CLUB'S GENERAL MANAGER. ANY NEGOTIATED CHANGES TO THIS CONTRACT MUST BE INITIALED BY BOTH PARTIES IN THE MARGINS DIRECTLY NEXT TO THE MODIFICATIONS. WE SUGGEST THAT BEFORE SIGNING THIS CONTRACT, YOU HAVE IT REVIEWED BY AN ATTORNEY, ACCOUNTANT, OR OTHER PERSON OF YOUR CHOICE.**

## AGREED TO AND ACKNOWLEDGED BY:

Brooke Layton

Licensee (Legal name of Licensee)
Date: 1/3/19

Address: _____

City/State/Zip Code: _0

Phone: _____

E-mail address: _____

Permit Number: _____

(if applicable)

Witness & Authorized Representative of the

Licensor, PT's Mens Club

Date: 1/3/19

Licensee's Initials

V 4.0 (31 December 2018)

TO: ADVENTURE PLUS ENTERPRISES, INC. ("Adventure Plus) d/b/a PT's Mens Club, Dallas, IX: For value received, receipt of which I acknowledge, and with knowledge that you intend to act in reliance hereon, I irrevocably give you, your successors, assignees, licensees and anyone acting with your consent, all right, title and interest, including all copyright and other literary property, commercial and publication rights (i) in and to any and all depictions of my likeness (whether created or issued as stills, motion pictures or on video tape and other media known or unknown at this time) in which I may be included, including any reproductions thereof made in any form or manner, and (ii) my name (whether real or fictitious), my voice, my Signature, performance, likeness and any biographical material pertaining to me. Items (i) and (ii) being collectively described as the "Materials". You have the absolute right and permission to use, reuse, publish, republish, exhibit, display, print, reprint, distribute and copyright in whole or in part any of the Materials, without restriction as to changes, distortions or transformations. The Materials may be used for editorial, advertising, art, promotion, trade or any other lawful purpose whatsoever in any and all media or forms known (including, but not limited to, digital and electronic) or unknown at this time, in perpetuity worldwide and without restrictions.

I hereby waive any right to inspect, approve or object to the Materials or the editorial, visual, advertising copy or the printed material that may be used in conjunction therewith and the use to which such depictions, likeness or reproductions, or any of the foregoing may be applied, and acknowledge that Adventure Plus is under no obligation to utilize the Materials.

I hereby release, discharge and agree to save Adventure Plus, its successors, assignees, licensees or anyone acting with Adventure Plus' consent harmless from any liability by virtue of any blurring, distortion, alteration, optical illusion or use in composite form, whether intentional or otherwise, that may occur or be produced in taking or reproducing the Materials. I AM 18 YEARS* OF AGE OR OVER, AND WAS SO ON THE DATE THE DEPICTIONS OF ME TO WHICH THIS RELEASE APPLIES WERE TAKEN OR HAVE HAD THIS RELEASE SIGNED BY MY PARENT OR GUARDIAN. PLEASE FILL OUT INFORMATION BELOW AS LEGIBLY AS POSSIBLE

Signed: _____    Date: 1/3/19 _____

(Person being photographed)

Social Security#: ████████████    Name: Brooke Layton _____

(Please Print)

Address: ████████████████

City/State/Zip: ████████████████

Telephone: ███████    Cell Phone: ████

E-mail: ████████████

State of Residence: Texas _____

LIST *ALL* OF THE NAMES YOU HAVE EVER USED OR BEEN KNOWN BY:

Maiden Name: _____ Nickname: Stage Name: _____ Alias: _____

Professional Name: Kimber Fox  Any Other Name Ever Used: _____

FRIEND / RELATIVE WHO CAN ALWAYS FIND YOU:

Name: Shirley Moore  How Related: Mother _____

Address: ████████████████

City/State/Zip: ████████  Telephone: ████████████

ANY ALTERATION OR ADDITION TO THIS FORM IS NOT VALID UNLESS CONFIRMED IN WRITING BY ADVENTURE PLUS, INC

_____

Licensee's Initials

V 4.0 (31 December 2018)

## PT'S MENS CLUB

### LICENSE AND LEASE AGREEMENT

### NOTICE:  THIS IS A LEGAL CONTRACT THAT AFFECTS THE LEGAL RIGHTS OF THE PARTIES TO THIS CONTRACT - READ IT!

AGREEMENT COMMENCEMENT DATE: ___1/25/18___

LICENSOR:  PT's Mens Club (the "Club" or "Licensor")

LICENSEE NAME: __Ashlynn Shipley__ ("Licensee")

LICENSEE Stage Name: __Emily__

PREMISE(s):   10601 Plano Road, Dallas, Dallas County, Texas

LICENSEE ACKNOWLEDGES THAT LICENSEE HAS READ AND REVIEWED THIS AGREEMENT INCLUDING THE ATTACHED TERMS AND CONDITIONS IN ITS ENTIRETY, THAT LICENSEE HAS BEEN GIVEN AN OPPORTUNITY TO ASK LICENSOR QUESTIONS ABOUT IT OR EXPRESS ANY CONCERNS ABOUT THIS DOCUMENT, AND THAT LICENSEE HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF LICENSEE'S CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT. LICENSEE ACKNOWLEDGES THAT LICENSEE UNDERSTANDS THE TERM AND CONDITIONS OF THIS AGREEMENT AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.

THIS AGREEMENT REPLACES ANY PRIOR AGREEMENT BETWEEN THE PARTIES, AND SINCE THIS AGREEMENT IS THE MOST ACCURATE DESCRIPTION OF THE NATURE OF THE RELATIONSHIP OF THE PARTIES, AND REPRESENTS WHAT THE "MEETING OF THE MINDS" WAS WHEN THE PARTIES ESTABLISHED THEIR RELATIONSHIP, THE TERMS AND CONDITIONS HEREIN ARE DEEMED EFFECTIVE FROM THE DATE OF ANY PRIOR AGREEMENT BETWEEN THE PARTIES, SHOULD ONE EXIST.

This AGREEMENT is entered into by the "LICENSOR" and "LICENSEE" for the leasing of certain portions of the "Premises" and the grant of License related thereto as follows:

Licensee/Entertainer Legal Name

_(signature)_

Signature
__Ashlynn Shipley__
(Printed Name)

Date: __1/25/18__

PT's Mens Club  (Dallas, TX)

_(signature)_

Signature
__Fernando Galdamez__
(Printed Name)

Date: __1/25/18__

_(initials)_
Licensee's Initials

EXHIBIT
A-2

Page 1 of 14

V 4.0 (31 December 2018)

## 1LICENSE/LEASE TERMS AND CONDITIONS

### 1. PURPOSE

The **Licensor** operates an adult cabaret on the Premises, and Licensee, who is engaged in the independently established trade and occupation of professional exotic dance entertainment and who runs Licensee's own business that provides such entertainment services, desires to lease from the **Club,** jointly together with other similar entertainers and upon the terms contained in this **Agreement,** the right to use certain areas of the **Premises** for activities related to the presentation of live dance entertainment to the adult public.

### 2. GRANT OF LICENSE/LEASE RIGHT

**Licensee** hereby licenses from the **Licensor** the right during normal business hours of **Licensor** to jointly, along with other entertainers, use the stage areas and certain other portions of the **Premises** designated by the **Licensor** for the performing of live erotic dance entertainment and related activities, upon the terms and conditions contained in this **Agreement.** The **Licensor** hereby grants **Licensee** a temporary, revocable license (the "**License**") and non-exclusive right to use and occupy the designated portions of the **Premises** (the "Temporary Space Lease" or the "Lease") commencing on the Agreement Commencement Date and continuing until the Termination Date, defined herein, subject to the terms and conditions contained herein.

This **License** shall be limited to **Licensee's** use and occupancy of the **Premises** as an erotic entertainer/dancer and **Licensee** shall be entitled to perform such entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or **Premises** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement.**

### 3. DURATION OF LICENSE AND TEMPORARY SPACE LEASE: TERMINATION OF LICENSE AND TEMPORARY SPACE LEASE

This **Agreement** shall be for the period commencing on the date it is signed by all parties (Agreement Commencement Date) and shall terminate on December 31, 2018 (unless the parties agree, in writing, to modify the term). The **License** shall thereafter be automatically extended for successive one year periods running from January 1 through December 31 of each year thereafter. Notwithstanding the foregoing, at any time after the first year of the **License** term, this **License** may be terminated (a) within thirty (30) days after the receipt of written termination notice from the **Licensor** to **Licensee** (b) the last day of the month that is ninety (90) days after the receipt of a written termination notice from **Licensee** to **Licensor,** or (c) such sooner date in accordance with paragraph 19 hereof, any such dates which shall be the "License Termination Date." Upon the License Termination Date, **Licensee** shall have no further right to use and occupy the **Premises** and the **License** and lease rights granted to **Licensee** shall terminate.

### 4. LICENSOR'S ADDITIONAL OBLIGATIONS

In addition to use of the Club premises, Licensor shall provide to Licensee at the Club at Licensor's expense:

Music (including *ASCAP/BMI/SESAC* fees);
Dressing Room Facilities;
Lockers (as and if available);
Wait Staff;
Beverage Service; and
Advertisement of the Club (any advertisement specific to the Licensee shall be at Licensee's sole cost and expense and Licensor shall have no obligation to advertise for the Licensee).
Licensee agrees that the License Fee does not include fees for the following services which may or may not be available: hair and make-up artists and any other ancillary services which if available shall be contracted for and paid directly to third parties by Licensee, at Licensee's sole cost and expense.

Licensee's Initials

V 4.0 (31 December 2018)

## 5. SUBLEASING/ASSIGNMENT

This **Agreement** is acknowledged to be personal in nature. This means that **Licensee** has no right to sublease or to assign any of Licensee's rights or obligations in this **Agreement** to any other person without the express written consent of the **Club.** However, if **Licensee** is unable to fulfill **Licensee's** contractual obligations during any scheduled set, **Licensee** shall have the right to substitute the services of any licensed entertainer who has also entered into a License and Lease Agreement with the **Club.** Licensee may substitute only one entertainer per scheduled set and for the complete length of the scheduled set (i.e. no partial set period substitution allowed). Any such substitution shall not, however, relieve **Licensee** of the rent, lost rent charge and/or contract damage obligations as contained in this **Agreement** if the substitute entertainer fails to pay any of those fees due as a result of the substitute's lease obligations. Licensor may assign **Licensor's** rights and obligations here under, but may not in doing so otherwise affect **Licencee's** License/Lease of the **Premises.**

## 6. NON-EXCLUSIVITY

**Licensee's** obligations under this **Agreement** are nonexclusive, meaning that **Licensee** is free to perform **Licensee's** entertainment activities at other businesses or at locations other than at the **Club's Premises** unless such activities would unreasonably interfere with **Licensee's** contractual obligations to **Licensor** pursuant to this **Agreement.**

## 7. PERMITTED USES/USE OF PREMISES

This License shall be limited to **Licensee's** use and occupancy of the **Club** as an entertainer/dancer and **Licensee** shall be entitled to perform entertainment services at the **Club.** **Licensee** shall not use or occupy the **Club** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement** or otherwise be in violation of applicable law.

**Licensee** agrees to:

A.    Perform clothed, semi-nude ( i. e. "topless") or nude  (whichever is permitted by law) erotic, expressive dance entertainment at the **Premises** (but only in the manner and attire allowed under applicable law);

B.    Obtain, keep in full force and effect, and have in **Licensee's** possession at all times while **Licensee** is on the **Premises** and available for inspection as may be required by law, any and all required licenses and/or permits and provide the **Club** with all necessary, current and accurate information about the **Licensee** required by law for the **Club** to maintain. The failure of **Licensee** to maintain current and in **Licensee's** possession a required license and/or permit shall not relieve **Licensee** of **Licensee's** rent obligations as provided for in this **Agreement;**

C.    Not violate any federal, state, or local laws or governmental regulations. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement;**

D.    Become knowledgeable of all laws and governmental regulations that apply to **Licensee's** conduct while on the **Premises** and comply therewith including in particular, all regulations and laws related to businesses that provide alcoholic beverages, businesses that are defined as sexually oriented businesses and the Texas Penal Code. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee**

Licensee's Initials

Page **3** of 14

V 4.0 (31 December 2018)

which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement;**

E.    Maintain accurate daily records of all income, including tips, earned while performing on the **Premises,** in accordance with all federal, state, and local taxation laws and this **Agreement** and be solely responsible for the timely payment of all taxes owed on income earned in the operation of her business;

F.    Pay for any damages **Licensee** intentionally causes to the **Premises** and/or to any of the **Club's** personal property, furniture, fixtures, inventory, stock and/or equipment, normal wear and tear excepted; and

G.    Conduct herself in a professional manner consistent with normal civil decorum, decency, appearance and etiquette in dealings inside the Premises and with customers and other independent contractors and employees therein. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such conduct requirements is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement;**

**Licensee** may promote or otherwise advertise her performances at the Club, but **Licensee** shall not use the name, logo, trademarks, service marks of **Licensor** without prior written authorization of the **Licensor.**

## 8. NATURE OF PERFORMANCE

So long as the Licensee's services and performances are consistent with her contractual and legal obligations as set forth in paragraph 7, the **Club** has no right to direct or control the nature, content, character, manner or means of **Licensee's** entertainment services or of **Licensee's** performances.

EXCEPT AS MAY IN WRITING BE SPECIFICALLY RELEASED, WAIVED OR TRANSFERRED, SO LONG AS THE RELATIONSHIP BETWEEN **LICENSEE** AND THE **CLUB** IS THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE, **LICENSEE** SHALL OWN AND RETAIN ALL INTELLECTUAL PROPERTY RIGHTS OF **LICENSEE'S** ENTERTAINMENT PERFORMANCES, INCLUDING BUT NOT LIMITED TO ALL COPYRIGHTS AND RIGHTS OF PUBLICITY. ALL OF THESE RIGHTS BECOME THE PROPERTY OF THE **CLUB,** HOWEVER, IF THE RELATIONSHIP IS EVER CHANGED TO THAT OF EMPLOYER AND EMPLOYEE.

## 9. COSTUMES

**Licensee** shall supply all of **Licensee's** own costumes and wearing apparel, which must comply with all applicable laws. So long as they are consistent with Licensee's contractual and legal obligations as set forth in paragraph 7, the **Club** shall not control in any way the choice of costumes and/or wearing apparel made by **Licensee.**

## 10. NATURE OF BUSINESS

**Licensee** understands: 1) That the nature of the business operated at the **Premises** is that of adult entertainment; 2) that **Licensee** may be subjected to either full or partial nudity and explicit language; and 3) that **Licensee** may be subjected to advances by customers, to depictions or portrayals of a sexual nature, and to similar types of behavior. **Licensee** represents that **Licensee** is not, and will not be, offended by such conduct, depictions, portrayals, and language, and that **Licensee** assumes any and all risks associated with being subjected to these matters.

Licensee's Initials

V 4.0 (31 December 2018)

## 11. PRIVACY

**Licensee** and the Club acknowledge that privacy and personal safety are important concerns to **Licensee.** Accordingly, the **Club** shall not knowingly disclose to any persons who are not associated with the Club, or to any governmental entity, department, or agency, either the legal name of the **Licensee, Licensee**'s address, or telephone number, EXCEPT upon prior written authorization of the **Licensee** or as may be required by law.

## 12. ENTERTAINMENT FEES

Based upon local industry custom and practice and in consultation with entertainers who lease space on the **Premises,** the **Club** shall establish a fixed fee for the price of certain performances engaged in on the **Premises** (referred to as **"Entertainment Fees").** Currently, the parties agree that the **Entertainment Fee** is that amount as set out in the **Specifications** attachment hereto. **Licensee** agrees not to charge a customer more or less than the fixed price for any such performance unless the **Licensee** notifies the **Club** in writing of any charges to **Licensee's** customers of a higher or lower amount. The Licensor represents that the **Entertainment Fees** shall be competitive with fees charged at competitor establishments. Nothing contained in this **Agreement,** however, shall limit **Licensee** from receiving "tips" and/or gratuities over-and-above the established price for such performances. The **Licensee** specifically acknowledges that the **Entertainment Fees** attributable to personal dances (i.e., "table dances") or private or semi-private performances are a non-discretionary mandatory service charge to the customers and are not tips or gratuities to the **Licensee**. THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT  **ENTERTAINMENT FEES** ARE NEITHER TIPS NOR GRATUITIES, BUT ARE, RATHER, MANDATORY SERVICE CHARGES TO THE CUSTOMER AS THE PRICE FOR OBTAINING THE SERVICE OF A PERSONAL  ENTERTAINMENT PERFORMANCE

## 13. BUSINESS RELATIONSHIP OF PARTIES

A.     The parties acknowledge that the business relationship created between the **Club** and **Licensee** is that of (a) Licensor/Licensee and (b) landlord/tenant for the joint and non-exclusive leasing of the **Premises** (meaning that other entertainers are also leasing the premises at the same time), and that this relationship is a material (meaning significant) part of this **Agreement.** THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this **Agreement** shall not be interpreted as creating an employer/employee relationship or any contract for employment. LICENSEE UNDERSTANDS  THAT THE **CLUB** WILL NOT PAY **LICENSEE** ANY WAGE (WHETHER HOURLY OR OTHERWISE), OVERTIME PAY, EXPENSES, OR OTHER EMPLOYEE-RELATED BENEFITS.

B.     The **Club** and **Licensee** acknowledge that if the relationship between them was that of employer and employee, the **Club** would be required to collect, and would retain, all **Entertainment Fees** paid by customers to **Licensee.** LICENSEE SPECIFICALLY ACKNOWLEDGES AND AGREES THAT IN THE  CIRCUMSTANCE  OF  AN  EMPLOYER/EMPLOYEE  RELATIONSHIP  ALL **ENTERTAINMENT FEES** WOULD BE, BOTH CONTRACTUALLY AND AS A MATTER OF LAW, THE PROPERTY OF THE CLUB AND WOULD NOT BE THE PROPERTY OF LICENSEE. THE PARTIES ACKNOWLEDGE THAT  **LICENSEE'S** RIGHT TO OBTAIN AND KEEP **ENTERTAINMENT FEES**  PURSUANT TO THIS **AGREEMENT** IS SPECIFICALLY CONTINGENT AND CONDITIONED UPON THE  BUSINESS RELATIONSHIP OF THE PARTIES BEING THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE.

Licensee's Initials

V 4.0 (31 December 2018)

C.    The parties additionally acknowledge that were the relationship between them to be that of employer and employee, **Licensee's** employment would be "at will" (meaning **Licensee** could be fired at any time without cause and without prior notice or warning), and that the **Club** would be entitled to control, among other things, **Licensee's**: Work schedule and the hours of work; job responsibilities; physical presentation (such as make-up, hairstyle, etc.); costumes and other wearing apparel; work habits; the selection of **Licensee**'s customers; the nature, content, character, manner and means of **Licensee's** performances; and **Licensee**'s ability to perform at other locations and for other businesses. **Licensee** hereby represents that **Licensee** desires to be able to make all of these choices for **Licensee** and without the control of the **Club**, and the **Club** and **Licensee** agree by the terms of this **Agreement** that all such decisions are exclusively reserved to the control of **Licensee**. <u>**LICENSEE** FURTHER SPECIFICALLY REPRESENTS THAT **LICENSEE** DOES NOT DESIRE TO PERFORM AS AN EMPLOYEE OF THE **CLUB** SUBJECT TO THE EMPLOYMENT TERMS AND CONDITIONS OUTLINED IN THIS PARAGRAPH 13, BUT, RATHER **LICENSEE** DESIRES TO PERFORM AS A LICENSEE/TENANT CONSISTENT WITH THE OTHER PROVISIONS OF THIS **AGREEMENT**</u>.

D.    If any court, tribunal, or governmental agency determines, or if **Licensee** at any time contends, claims, or asserts, that the relationship between the parties is something other than that of Licensor/Lessor and Licensee/Lessee and that **Licensee** is then entitled to the payment of monies from the **Club** for wages or otherwise, all of the following shall apply:

(i)    In order to comply with applicable tax laws and to assure that the **Club** is not unjustly harmed and that **Licensee** is not unjustly enriched by the parties having financially operated pursuant to the terms of this **Agreement**, the **Club** and **Licensee** agree that **Licensee** shall surrender, reimburse and pay to the **Club**, all **Entertainment Fees** received by **Licensee** at any time **Licensee** performed on the **Premises** - all of which would otherwise have been collected and kept by the **Club** had they not been retained by **Licensee** under the terms of this **Agreement** and **Licensee** shall immediately provide a full accounting to the **Club** of all tip income which **Licensee** received during that time;

(ii)    Any **Entertainment Fees** that **Licensee** refuses to return to the **Club** shall be deemed service charges to the customer and shall be accounted for by the **Club** as such. **Licensee** shall owe the **Club** the amount of such **Entertainment Fees** and as such, the **Club** shall then be entitled to full wage credit for all **Entertainment Fees** retained by **Licensee**, and such withheld fees shall therefore constitute wages paid from the **Club** to **Licensee**. In the event that **Licensee** refuses to return **Entertainment Fees** to the **Club**, the **Club** shall immediately submit to the IRS and applicable state taxing authorities all necessary filings regarding such income consistent with this subparagraph;

(iii)    If despite **Licencee's** express obligation hereunder to maintain accurate records, the **Licensee** is unable or unwilling to provide the **Club** with reliable documentation of all **Entertainment Fees** received by **Licensee** at any time **Licencee** performed on the premises, **Licensee** and the **Club** hereby stipulate and agree that the amount of **Entertainment Fees** received by **Licensee** shall be deemed to be an amount in excess of any minimum hourly wage to which **Licensee** would be entitled as an employee.

Licensee's Initials

V 4.0 (31 December 2018)

    (iv)    The relationship of the parties shall immediately convert to an arrangement of employer and employee upon the terms as set forth in this paragraph.

    (v)    If at any time **Licensee** believes that, irrespective of the terms of this **Agreement, Licensee** is being treated as an employee by the **Club** or that **Licencee's** relationship with the **Club** is truly that of an employee, **Licensee** shall immediately, but in no event later than three business days thereafter, provide notice to the **Club** in writing of **Licensee's** demand to be fully treated as an employee consistent with the terms of this paragraph and applicable law, and shall also within the same time period begin reporting all of **Licensee's** tip income to the **Club** on a daily basis; such tip reporting being required of all tipped employees of the **Club** under the terms of the Internal Revenue Code.

## 14. TAXES

**Licensee** shall be solely responsible for, and shall pay, all federal, state, and local taxes and contributions imposed upon any income earned by **Licensee** while performing on the **Premises** (including but not limited to income taxes and social security obligations). **Licensee** shall indemnify and hold harmless the **Club** from any such taxes. **Licensee** shall keep all required records and supporting proof thereof.

## 15. SCHEDULING OF LEASE DATES

**Licensee** shall select, at least one week in advance, any and all days that **Licensee** desires to lease the **Premises** during the following week, and the **Club** shall make the leased portion of the **Premises** available to **Licensee** during those dates and times, subject only to space availability. Should **Licensee** desire not to perform on the **Premises** at all during any given week, **Licensee** shall give the **Club** notice of this at least one week in advance. Once scheduled, neither **Licensee** nor the **Club** shall have the right to cancel or change any scheduled performance dates except as may be agreed to by **Licensee** and the **Club**. For each day that **Licensee** schedules herself to perform, **Licensee** agrees to be on the **Premises,** available to perform, for a minimum number of consecutive hours as stated in the **"SPECIFICATIONS"** section on the last page of this **Agreement** (one "set"). During those weeks that **Licensee** desires to perform, **Licensee** agrees to lease space at the **Premises** for at least the minimum number of sets per week as stated in the **"SPECIFICATIONS"** section of this **Agreement. Licensee** may be permitted to lease space on the **Premises** on days when **Licensee** has not scheduled him or herself to perform, subject to space availability.

If **Licensee** misses an entire scheduled set, **Licensee** shall pay to the **Club** as a lost rent charge, a fee for each set missed as stated in the **"SPECIFICATIONS"** section of this **Agreement,** which is to be paid by **Licensee** to the **Club** no later than by the end of **Licensee's** next set. If **Licensee** fails to timely commence a scheduled set, **Licensee** shall pay to the **Club** as contract damages $8.00 for each one-half hour missed up to a maximum of the lost rent charge as stated in the **"SPECIFICATIONS"** section of this Agreement, which is to be paid by **Licensee** to the **Club** no later than by the end of that set. All lost rent charges and contract damages stated in this **Agreement** are established in view of the fact that it would be difficult to determine the exact lost rent or damage incurred as a result of certain breaches of the terms of this **Agreement**.

## 16. RENT

**Licensee** agrees to pay rent to the **Club** (referred to as **"set rent"**) in the amounts as stated in the **"SPECIFICATIONS"** section of this Agreement. All **set rent** shall be paid immediately upon or before completion of any set.

Licensee's Initials

V 4.0 (31 December 2018)

## 17. MATERIAL BREACH BY CLUB

The **Club** materially breaches this **Agreement** by:

A.   Failing to provide to **Licensee** the leased portion of the **Premises** on any day as scheduled by **Licensee;**

B.   Failing to maintain any and all required and available licenses and/or permits;

C.   Failing to maintain in full force any and all leases and subleases with the owner of the **Premises;**

D.   Failing to maintain in full force all utilities services for the **Premises;** and

E.   Failing to maintain the **Premises** in a safe and orderly manner.

The **Club** shall not be liable for any material breach as set forth in this paragraph due to acts of God, to any other cause beyond the reasonable control of the **Club,** or as a result of the action of any government entity or agency or the interpretation thereby of any law rule or regulation affecting the **Club.**

## 18. MATERIAL BREACH BY LICENSEE

**Licensee** materially breaches this **Agreement** by:

Failing to maintain any and all required licenses and/or permits;

Willfully violating any federal, state, or local law or regulation while on the **Premises;**

Failing to appear for a scheduled set on two or more occasions in any one calendar month without proving a proper substitute as allowed and in the manner provided for herein;

Failing to pay any **set rent** when due;

Failing to timely pay any assessed lost rent charges or contract damages;

Claiming the business relationship with the **Club** as being other than that of a Licensor/Licensee and landlord/tenant;

Violating any public health or safety rules or concerns; or

Violating any of the provisions of this **Agreement.**

Licensee's Initials

## 19. TERMINATION/BREACH /DEFAULT

In the event **Licensee** shall be in default of any obligation to pay money under this **Agreement** or in the event **Licensee** shall be in default of any non-monetary provision of this **Agreement** (including but not limited to violation any Federal, state or local laws or regulations), the **License** granted to **Licensee** herein shall immediately terminate, and **Licensor** shall have the right to the extent permitted by law, to (i) immediately withdraw the permission hereby granted to **Licensee** to use the **Premises**; and (ii) remove all persons and property therefrom, without being deemed to have committed any manner of trespass, assault or false imprisonment. Such remedies shall be in addition to any other rights or remedies **Licensor** may have hereunder or at law or equity.

In the event **Licensor** shall be in default of **Licensor's** obligations hereunder, **Licensee's** sole remedy is to terminate this **Agreement.**

Either party may terminate this **Agreement,** without cause, upon thirty (30) days written notice to the other party. Upon material breach, the non-breaching party may terminate this **Agreement** upon twenty-four (24) hours notice to the other party, or as otherwise may be provided by law. Nothing in this paragraph, however, shall allow **Licensee** to perform on the **Premises** without a valid license or permit, if applicable, or to continue to engage in conduct in violation of any laws, regulations, or public health or safety rules or concerns.

## 20. SEVERABILITY

If any provision of this **Agreement** or the application thereof to any person or circumstance shall, for any reason and to whatever extent, be invalid or unenforceable, the remainder of this **Agreement** and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law. In the event that any term, paragraph, subparagraph, or portion of this **Agreement** is declared to be illegal or unenforceable, this **Agreement** shall, to the extent possible, be interpreted as if that provision was not a part of this **Agreement;** it being the intent of the parties that any illegal or unenforceable portion of this **Agreement,** to the extent possible, be severable from this **Agreement** as a whole. Nevertheless, in the circumstance of a judicial, arbitration, or administrative determination that the business relationship between **Licensee** and the **Club** is something other than that of landlord and tenant, the relationship between **Licensee** and the **Club** shall be controlled by the provisions of this **Agreement.**

## 21. GOVERNING LAW

This **Agreement** shall be interpreted pursuant to the laws of the State of Texas.

Licensee's Initials

V 4.0 (31 December 2018)

## 22. ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS

The parties agree that this **Agreement** is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement. as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association (the "AAA"), Texas branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 22. The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this **Agreement**. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be IN THE COUNTY IN TEXAS IN WHICH THE PREMISES IS LOCATED. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 22 in which event the provisions of this Section 22 shall control.

<u>THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES,OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY</u>. **ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. <u>THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA</u>. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.**

<u>**LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT, HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.**</u>

Licensee's Initials

V 4.0 (31 December 2018)

## 23. MISCELLANEOUS

This **Agreement** constitutes the entire understanding of the parties. No representations or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this **Agreement** and the Specification attachment hereto.

No prior oral or written statements, representations, promises and inducements have been made by either of the parties relating to the subject matter hereof which are not embodied in this **Agreement**.

The **Club's** failure to insist on compliance or enforcement of any provision of this **Agreement** shall not affect the validity or enforceability of this **Agreement** or operate or be construed as a waiver of any future enforcement of that provision or any other provision of this **Agreement**.

This **Agreement** may not be modified or amended except in accordance with a writing signed by each of the parties hereto.

Sections/Paragraphs 1,6,11,12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, and 25 shall survive the termination of this **Agreement**.

The headings used in this **Agreement** are used for administrative purposes only and do not constitute substantive matters to be considered in construing the terms of this **Agreement**.

Time is of the essence in the performance of this **Agreement**.

This **Agreement** may be executed in multiple original counterparts, in such event each of which shall be deemed an original, but which together shall constitute one and the same instrument.

Words of any gender used in this **Agreement** shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural and vice versa, unless the context requires otherwise.

If any time period or deadline hereunder expires on a Saturday, Sunday or legal holiday recognized in the State of Texas, the time period or deadlines shall be extended to the first business day thereafter.

The effective date of this **Agreement** shall be upon the date it is signed by all parties.

Nothing herein shall be construed or constitute a partnership or joint venture between the parties hereto.

All parties will do all things reasonably necessary or appropriate to fulfill the terms and conditions of this **Agreement**, including the execution of all necessary documents pertaining thereto.

BECAUSE OF LEGAL RESTRICTIONS, THE **CLUB** WILL NOT ENTER INTO AN **AGREEMENT** WITH A **LICENSEE** WHO IS UNDER THE AGE OF EIGHTEEN (18) AND THIS **AGREEMENT** IS NULL AND VOID IF **LICENSEE** IS NOT OF SUCH AGE. **LICENSEE** SPECIFICALLY REPRESENTS THAT **LICENSEE** IS OF THIS LAWFUL AGE OR OLDER, THAT **LICENSEE** HAS PROVIDED APPROPRIATE IDENTIFICATION VERIFYING **LICENSEE'S** AGE, AND THAT SUCH IDENTIFICATION IS VALID AND AUTHENTIC.

BY SIGNING THIS DOCUMENT, **LICENSEE** REPRESENTS THAT **LICENSEE** HAS RECEIVED A COPY OF, AND HAS FULLY READ THIS **AGREEMENT**; THAT **LICENSEE** UNDERSTANDS, AND AGREES TO BE BOUND BY, ALL OF ITS TERMS; AND THAT **LICENSEE** HAS BEEN PERMITTED TO ASK QUESTIONS REGARDING ITS CONTENTS AND HAS BEEN GIVEN THE OPPORTUNITY TO HAVE IT REVIEWED BY PERSONS OF **LICENSEE'S** CHOICE, INCLUDING ATTORNEYS AND ACCOUNTANTS.

Licensee's Initials

APPX 31

## 24. RELEASE FROM LIABILITY

**Licensee** agrees that **Licensor** shall not be responsible or liable for any damage or injury to any property or to any person or persons at any time on or about the **Premises** arising from any cause whatsoever except **Licensor's** willful misconduct. **Licensee** shall not hold **Licensor** in any way responsible or liable therefore and will indemnify and hold **Licensor** harmless - from and against any and all claims, liabilities, penalties, damages, judgments and expenses (including, without limitation, reasonable attorneys' fees and disbursements) arising from injury to person or property of any nature arising out of **Licensee's** use or occupancy of the **Premises** and also for any other matter arising out of **Licensee's** use or occupancy of the **Premises** including damage or injury caused by **Licensee**.

## 25. CONFIDENTIALITY

**Licensor** and **Licensee** acknowledge that each may come into contact with information in all forms regarding the other's business, clients and clients' businesses. All such information shall be deemed confidential information and shall not be used or communicated by the other at any time for any reason whatsoever.

## 26. NOTICES

Any notices required or permitted to be given to either party under this **Agreement** shall be given to the representative parties at the address written provided in this **Agreement** by hand, by reputable overnight courier (for next business day delivery) or by Certified mail, return receipt requested. Such notices shall be deemed given upon: a) delivery, in the case of hand delivery; b) one business day after mailing in the case of overnight courier, and c) three business days after mailing, in the case of mailing.

NOTICE: THIS IS A LEGAL CONTRACT. DO NOT SIGN IT UNLESS YOU FULLY UNDERSTAND ALL OF ITS TERMS. IF YOU HAVE ANY QUESTIONS, FEEL FREE TO TALK TO THE CLUB'S GENERAL MANAGER. ANY NEGOTIATED CHANGES TO THIS CONTRACT MUST BE INITIALED BY BOTH PARTIES IN THE MARGINS DIRECTLY NEXT TO THE MODIFICATIONS. WE SUGGEST THAT BEFORE SIGNING THIS CONTRACT, YOU HAVE IT REVIEWED BY AN ATTORNEY, ACCOUNTANT, OR OTHER PERSON OF YOUR CHOICE.

## AGREED TO AND ACKNOWLEDGED BY:

Ashlynn Shipley
_____
Licensee (Legal name of Licensee)
Date: 1/25/18
Address: _____
City/State/Zip _____
Phone: _____
E-mail address: _____
Permit Number: _____
            (if applicable)

_____
Witness & Authorized Representative of the
Licensor, PT's Mens Club
Date: 1/25/18

Licensee's Initials

Page 12 of 14

APPX 32

V 4.0 (31 December 2018)

## SPECIFICATIONS

The agreed minimum number of "Sets" per week is 3 at PT's Mens Club.

THE TYPE OF SETS ARE:

(a)    an eight (8) consecutive hour period for day shifts (11:00 a.m. to 7:00 p.m.);
(b)    a seven (7) consecutive hour period for night shift (7:00 p.m. to 2:00 a.m.);
(c)    an seven (7) consecutive hour period for late night shift (7:00 p.m. to 4:00 a.m.);
(d)    an eight (8) consecutive hour period for "cross" shift (any eight (8) consecutive hour period from 11:00 a.m. to closing).

The agreed-Rental charges OR "SET FEES" for day shift (11:00 a.m. to 7:00 p.m.) is $25.00 per shift/set with discount.
The agreed Rental charges OR "SET FEES" for night shift (7:00 p.m. to 2:00 a.m.), is $25.00 per shift with discount.
The agreed Rental charges OR "SET FEES" for late night shift (8:00 p.m. to 4:00 a.m.), is $25.00 per shift with discount.
The agreed Rental charges OR "SET FEES" for cross shift (any eight (8) consecutive hour period from 4:00 p.m. to closing time) is $25.00 per shift with discount.

The agreed-Rental charges OR "SET FEES" for all shifts is $100.00 per shift without discount.

Discounts will be applied to Rental charges if the Licensee performs a Set on at least one: FIRST of the week shift before an END of the week shift, per schedule week. Discounts will still apply on the MIDDLE of the week shifts Sets without having to perform a FIRST of the week Set shift.

The set shifts for the first, middle and end of each week are as follows:

| FIRST of the week Shifts Sets | MIDDLE of the week Shifts Sets | END of the week Shifts Sets |
|---|---|---|
| Saturday & Sunday – Dayshift<br>Sunday &Monday –4-12(cross-shift)<br>Sunday & Monday – Nightshift | Mon Tues & Wed – Dayshift<br>Tues Wed & Thurs –4-12 (cross-shift)<br>Tues Wed & Thurs – Nightshift | Thursday & Friday – Dayshift<br>Friday&Saturday– 4-12 (cross-shift)<br>Friday & Saturday – Nightshift |

Licensee shall pay to the Club as contract damages $8.00 for each one-half hour missed up to a maximum of the lost rent charge.

The agreed "loss rental fee" is an amount equal to the above rental charge/Set Fee applicable for the set missed at PT's Mens Club.

The agreed current industry customary Entertainment Fee for a private performance/table dance is $20.00 per dance in PT's Mens Club.

Licensee Print Name: _Ashlynn Shipley_

Licensee SIGN: _____    Date: _1/25/18_

Witness & Authorized Representative of the Licensor Print Name: _Fernando Guldamez_

Witness & Authorized Representative of the Licensor SIGN: _____

Date: _1/25/18_

Licensee's Initials _____

TO: ADVENTURE PLUS ENTERPRISES, INC. ("Adventure Plus) d/b/a PT's Mens Club, Dallas, IX: For value received, receipt of which I acknowledge, and with knowledge that you intend to act in reliance hereon, I irrevocably give you, your successors, assignees, licensees and anyone acting with your consent, all right, title and interest, including all copyright and other literary property, commercial and publication rights (i) in and to any and all depictions of my likeness (whether created or issued as stills, motion pictures or on video tape and other media known or unknown at this time) in which I may be included, including any reproductions thereof made in any form or manner, and (ii) my name (whether real or fictitious), my voice, my Signature, performance, likeness and any biographical material pertaining to me. Items (i) and (ii) being collectively described as the "Materials". You have the absolute right and permission to use, reuse, publish, exhibit, display, print, reprint, distribute and copyright in whole or in part any of the Materials, without restriction as to changes, distortions or transformations. The Materials may be used for editorial, advertising, art, promotion, trade or any other lawful purpose whatsoever in any and all media or forms known (including, but not limited to, digital and electronic) or unknown at this time, in perpetuity worldwide and without restrictions.

I hereby waive any right to inspect, approve or object to the Materials or the editorial, visual, advertising copy or the printed material that may be used in conjunction therewith and the use to which such depictions, likeness or reproductions, or any of the foregoing may be applied, and acknowledge that Adventure Plus is under no obligation to utilize the Materials.

I hereby release, discharge and agree to save Adventure Plus, its successors, assignees, licensees or anyone acting with Adventure Plus' consent harmless from any liability by virtue of any blurring, distortion, alteration, optical illusion or use in composite form, whether intentional or otherwise, that may occur or be produced in taking or reproducing the Materials. I AM 18 YEARS* OF AGE OR OVER, AND WAS SO ON THE DATE THE DEPICTIONS OF ME TO WHICH THIS RELEASE APPLIES WERE TAKEN OR HAVE HAD THIS RELEASE SIGNED BY MY PARENT OR GUARDIAN. PLEASE FILL OUT INFORMATION BELOW AS LEGIBLY AS POSSIBLE

Signed: _____  Date: 1/25/18
(Person being photographed)

Social Security#: _____  Name: Ashlynn Shipley
(Please Print)

Address: _____

City/State/Zip: _____

Telephone: _____  Cell Phone: _____

E-mail: _____

State of Residence: Texas _____

LIST *ALL* OF THE NAMES YOU HAVE EVER USED OR BEEN KNOWN BY:

Maiden Name: _____  Nickname: Stage Name: _____  Alias: _____

Professional Name: _____  Any Other Name Ever Used: _____

FRIEND / RELATIVE WHO CAN ALWAYS FIND YOU:

Name: Kat Choi  How Related: roommate

Address: _____

City/State/Zip: _____  Telephone: _____

ANY ALTERATION OR ADDITION TO THIS FORM IS NOT VALID UNLESS CONFIRMED IN WRITING BY ADVENTURE PLUS, INC

Licensee's Initials _____

Page 14 of 14

## PT'S MENS CLUB

### LICENSE AND LEASE AGREEMENT

### NOTICE: THIS IS A LEGAL CONTRACT THAT AFFECTS THE LEGAL RIGHTS OF THE PARTIES TO THIS CONTRACT - READ IT!

AGREEMENT COMMENCEMENT DATE: ___1, 2, 19___

LICENSOR:  PT's Mens Club (the "Club" or "Licensor")

LICENSEE NAME: _Ashlynn Shipey_ ("Licensee")

LICENSEE Stage Name: _Emily_

PREMISE(s):   10601 Plano Road, Dallas, Dallas County, Texas

LICENSEE ACKNOWLEDGES THAT LICENSEE HAS READ AND REVIEWED THIS AGREEMENT INCLUDING THE ATTACHED TERMS AND CONDITIONS IN ITS ENTIRETY, THAT LICENSEE HAS BEEN GIVEN AN OPPORTUNITY TO ASK LICENSOR QUESTIONS ABOUT IT OR EXPRESS ANY CONCERNS ABOUT THIS DOCUMENT, AND THAT LICENSEE HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF LICENSEE'S CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT. LICENSEE ACKNOWLEDGES THAT LICENSEE UNDERSTANDS THE TERM AND CONDITIONS OF THIS AGREEMENT AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.

THIS AGREEMENT REPLACES ANY PRIOR AGREEMENT BETWEEN THE PARTIES, AND SINCE THIS AGREEMENT IS THE MOST ACCURATE DESCRIPTION OF THE NATURE OF THE RELATIONSHIP OF THE PARTIES, AND REPRESENTS WHAT THE "MEETING OF THE MINDS" WAS WHEN THE PARTIES ESTABLISHED THEIR RELATIONSHIP, THE TERMS AND CONDITIONS HEREIN ARE DEEMED EFFECTIVE FROM THE DATE OF ANY PRIOR AGREEMENT BETWEEN THE PARTIES, SHOULD ONE EXIST.

This AGREEMENT is entered into by the "LICENSOR" and "LICENSEE" for the leasing of certain portions of the "Premises" and the grant of License related thereto as follows:

Licensee/Entertainer Legal Name

_[signature]_

Signature
_Ashlynn Shipley_
(Printed Name)

Date: _1/1/2018_

PT's Mens Club  (Dallas, TX)

_[signature]_

Signature
_Erik Luna_
(Printed Name)

Date: _1/2/19_

_[initials]_

Licensee's Initials

Page 1 of 14

## 1LICENSE/LEASE TERMS AND CONDITIONS

### 1. PURPOSE

The **Licensor** operates an adult cabaret on the Premises, and Licensee, who is engaged in the independently established trade and occupation of professional exotic dance entertainment and who runs Licensee's own business that provides such entertainment services, desires to lease from the **Club**, jointly together with other similar entertainers and upon the terms contained in this **Agreement**, the right to use certain areas of the **Premises** for activities related to the presentation of live dance entertainment to the adult public.

### 2. GRANT OF LICENSE/LEASE RIGHT

**Licensee** hereby licenses from the **Licensor** the right during normal business hours of **Licensor** to jointly, along with other entertainers, use the stage areas and certain other portions of the **Premises** designated by the **Licensor** for the performing of live erotic dance entertainment and related activities, upon the terms and conditions contained in this **Agreement**. The **Licensor** hereby grants **Licensee** a temporary, revocable license (the "**License**") and non-exclusive right to use and occupy the designated portions of the **Premises** (the "Temporary Space Lease" or the "Lease") commencing on the Agreement Commencement Date and continuing until the Termination Date, defined herein, subject to the terms and conditions contained herein.

This **License** shall be limited to **Licensee's** use and occupancy of the **Premises** as an erotic entertainer/dancer and **Licensee** shall be entitled to perform such entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or **Premises** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement**.

### 3. DURATION OF LICENSE AND TEMPORARY SPACE LEASE: TERMINATION OF LICENSE AND TEMPORARY SPACE LEASE

This **Agreement** shall be for the period commencing on the date it is signed by all parties (Agreement Commencement Date) and shall terminate on January 1, 2019 (unless the parties agree, in writing, to modify the term). The **License** shall thereafter be automatically extended for successive one year periods running from January 1 through December 31 of each year thereafter. Notwithstanding the foregoing, at any time after the first year of the **License** term, this **License** may be terminated (a) within thirty (30) days after the receipt of written termination notice from the **Licensor** to Licensee (b) the last day of the month that is ninety (90) days after the receipt of a written termination notice from **Licensee** to **Licensor**, or (c) such sooner date in accordance with paragraph 19 hereof, any such dates which shall be the "License Termination Date." Upon the License Termination Date, **Licensee** shall have no further right to use and occupy the **Premises** and the **License** and lease rights granted to **Licensee** shall terminate.

### 4. LICENSOR'S ADDITIONAL OBLIGATIONS

In addition to use of the Club premises, Licensor shall provide to Licensee at the Club at Licensor's expense:

> Music (including *ASCAP/BMI/SESAC* fees);
> Dressing Room Facilities;
> Lockers (as and if available);
> Wait Staff;
> Beverage Service; and
> Advertisement of the Club (any advertisement specific to the Licensee shall be at Licensee's sole cost and expense and Licensor shall have no obligation to advertise for the Licensee).
> Licensee agrees that the License Fee does not include fees for the following services which may or may not be available: hair and make-up artists and any other ancillary services which if available shall be contracted for and paid directly to third parties by Licensee, at Licensee's sole cost and expense.

Licensee's Initials

V 4.0 (31 December 2018)

## 5. SUBLEASING/ASSIGNMENT

This **Agreement** is acknowledged to be personal in nature. This means that **Licensee** has no right to sublease or to assign any of Licensee's rights or obligations in this **Agreement** to any other person without the express written consent of the **Club**. However, if **Licensee** is unable to fulfill **Licensee's** contractual obligations during any scheduled set, **Licensee** shall have the right to substitute the services of any licensed entertainer who has also entered into a License and Lease Agreement with the **Club**. Licensee may substitute only one entertainer per scheduled set and for the complete length of the scheduled set (i.e. no partial set period substitution allowed). Any such substitution shall not, however, relieve **Licensee** of the rent, lost rent charge and/or contract damage obligations as contained in this **Agreement** if the substitute entertainer fails to pay any of those fees due as a result of the substitute's lease obligations. Licensor may assign **Licensor's** rights and obligations here under, but may not in doing so otherwise affect **Licencee's** License/Lease of the **Premises**.

## 6. NON-EXCLUSIVITY

**Licensee's** obligations under this **Agreement** are nonexclusive, meaning that **Licensee** is free to perform **Licensee's** entertainment activities at other businesses or at locations other than at the **Club's Premises** unless such activities would unreasonably interfere with **Licensee's** contractual obligations to **Licensor** pursuant to this **Agreement**.

## 7. PERMITTED USES/USE OF PREMISES

This License shall be limited to **Licensee's** use and occupancy of the **Club** as an entertainer/dancer and **Licensee** shall be entitled to perform entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement** or otherwise be in violation of applicable law.

**Licensee** agrees to:

A.  Perform clothed, semi-nude ( i. e. "topless") or nude  (whichever is permitted by law) erotic, expressive dance entertainment at the **Premises** (but only in the manner and attire allowed under applicable law);

B.  Obtain, keep in full force and effect, and have in **Licensee's** possession at all times while **Licensee**  is on the **Premises** and available for inspection as may be required by law, any and all required licenses and/or permits and provide the **Club** with all necessary, current and accurate information about the **Licensee** required by law for the **Club** to maintain. The failure of **Licensee** to maintain current and in **Licensee's** possession a required license and/or permit shall not relieve **Licensee** of **Licensee's** rent obligations as provided for in this **Agreement**;

C.  Not violate any federal, state, or local laws or governmental regulations. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

D.  Become knowledgeable of all laws and governmental regulations that apply to **Licensee's** conduct while on the **Premises** and comply therewith including in particular, all regulations and laws related to businesses that provide alcoholic beverages, businesses that are defined as sexually oriented businesses and the Texas Penal Code. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

E.  Maintain accurate daily records of all income, including tips, earned while performing on the **Premises,** in accordance with all federal, state, and local taxation laws and this **Agreement** and be solely responsible for the timely payment of all taxes owed on income earned in the operation of her business;

Licensee's Initials

APPX 37

V 4.0 (31 December 2018)

F.   Pay for any damages **Licensee** intentionally causes to the **Premises** and/or to any of the **Club's** personal property, furniture, fixtures, inventory, stock and/or equipment, normal wear and tear excepted; and

G.   Conduct herself in a professional manner consistent with normal civil decorum, decency, appearance and etiquette in dealings inside the Premises and with customers and other independent contractors and employees therein. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such conduct requirements is beyond the scope of **Licensee's** authority pursuant to this **Agreement**, and constitutes a material breach of the terms of this **Agreement**;

**Licensee** may promote or otherwise advertise her performances at the Club, but **Licensee** shall not use the name, logo, trademarks, service marks of **Licensor** without prior written authorization of the **Licensor.**

## 8. NATURE OF PERFORMANCE

So long as the Licensee's services and performances are consistent with her contractual and legal obligations as set forth in paragraph 7, the **Club** has no right to direct or control the nature, content, character, manner or means of **Licensee's** entertainment services or of **Licensee's** performances.

EXCEPT AS MAY IN WRITING BE SPECIFICALLY RELEASED, WAIVED OR TRANSFERRED, SO LONG AS THE RELATIONSHIP BETWEEN **LICENSEE** AND THE **CLUB** IS THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE, **LICENSEE** SHALL OWN AND RETAIN ALL INTELLECTUAL PROPERTY RIGHTS OF **LICENSEE'S** ENTERTAINMENT PERFORMANCES, INCLUDING BUT NOT LIMITED TO ALL COPYRIGHTS AND RIGHTS OF PUBLICITY. ALL OF THESE RIGHTS BECOME THE PROPERTY OF THE **CLUB**, HOWEVER, IF THE RELATIONSHIP IS EVER CHANGED TO THAT OF EMPLOYER AND EMPLOYEE.

## 9. COSTUMES

**Licensee** shall supply all of **Licensee's** own costumes and wearing apparel, which must comply with all applicable laws. So long as they are consistent with Licensee's contractual and legal obligations as set forth in paragraph 7, the **Club** shall not control in any way the choice of costumes and/or wearing apparel made by **Licensee.**

## 10. NATURE OF BUSINESS

**Licensee** understands: 1) That the nature of the business operated at the **Premises** is that of adult entertainment; 2) that **Licensee** may be subjected to either full or partial nudity and explicit language; and 3) that **Licensee** may be subjected to advances by customers, to depictions or portrayals of a sexual nature, and to similar types of behavior. **Licensee** represents that **Licensee** is not, and will not be, offended by such conduct, depictions, portrayals, and language, and that **Licensee** assumes any and all risks associated with being subjected to these matters.

Licensee's Initials

Page 4 of 14

APPX 38

## 11. PRIVACY

**Licensee** and the Club acknowledge that privacy and personal safety are important concerns to **Licensee**. Accordingly, the **Club** shall not knowingly disclose to any persons who are not associated with the Club, or to any governmental entity, department, or agency, either the legal name of the **Licensee**, **Licensee's** address, or telephone number, EXCEPT upon prior written authorization of the **Licensee** or as may be required by law.

## 12. ENTERTAINMENT FEES

Based upon local industry custom and practice and in consultation with entertainers who lease space on the **Premises**, the **Club** shall establish a fixed fee for the price of certain performances engaged in on the **Premises** (referred to as "**Entertainment Fees**"). Currently, the parties agree that the **Entertainment Fee** is that amount as set out in the **Specifications** attachment hereto. **Licensee** agrees not to charge a customer more or less than the fixed price for any such performance unless the **Licensee** notifies the **Club** in writing of any charges to **Licensee's** customers of a higher or lower amount. The Licensor represents that the **Entertainment Fees** shall be competitive with fees charged at competitor establishments. Nothing contained in this **Agreement**, however, shall limit **Licensee** from receiving "tips" and/or gratuities over-and-above the established price for such performances. The **Licensee** specifically acknowledges that the **Entertainment Fees** attributable to personal dances (i.e., "table dances") or private or semi-private performances are a non-discretionary mandatory service charge to the customers and are not tips or gratuities to the **Licensee**. THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT **ENTERTAINMENT FEES** ARE NEITHER TIPS NOR GRATUITIES, BUT ARE, RATHER, MANDATORY SERVICE CHARGES TO THE CUSTOMER AS THE PRICE FOR OBTAINING THE SERVICE OF A PERSONAL ENTERTAINMENT PERFORMANCE

## 13. BUSINESS RELATIONSHIP OF PARTIES

A.  The parties acknowledge that the business relationship created between the **Club** and **Licensee** is that of (a) Licensor/Licensee and (b) landlord/tenant for the joint and non-exclusive leasing of the **Premises** (meaning that other entertainers are also leasing the premises at the same time), and that this relationship is a material (meaning significant) part of this **Agreement**. THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this **Agreement** shall not be interpreted as creating an employer/employee relationship or any contract for employment. LICENSEE UNDERSTANDS THAT THE CLUB WILL NOT PAY LICENSEE ANY WAGE (WHETHER HOURLY OR OTHERWISE), OVERTIME PAY, EXPENSES, OR OTHER EMPLOYEE-RELATED BENEFITS.

B.  The **Club** and **Licensee** acknowledge that if the relationship between them was that of employer and employee, the **Club** would be required to collect, and would retain, all **Entertainment Fees** paid by customers to **Licensee**. LICENSEE SPECIFICALLY ACKNOWLEDGES AND AGREES THAT IN THE CIRCUMSTANCE OF AN EMPLOYER/EMPLOYEE RELATIONSHIP ALL **ENTERTAINMENT FEES** WOULD BE, BOTH CONTRACTUALLY AND AS A MATTER OF LAW, THE PROPERTY OF THE CLUB AND WOULD NOT BE THE PROPERTY OF LICENSEE. THE PARTIES ACKNOWLEDGE THAT **LICENSEE'S** RIGHT TO OBTAIN AND KEEP **ENTERTAINMENT FEES** PURSUANT TO THIS **AGREEMENT** IS SPECIFICALLY CONTINGENT AND CONDITIONED UPON THE BUSINESS RELATIONSHIP OF THE PARTIES BEING THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE.

Licensee's Initials

C.   The parties additionally acknowledge that were the relationship between them to be that of employer and employee, **Licensee's** employment would be "at will" (meaning **Licensee** could be fired at any time without cause and without prior notice or warning), and that the **Club** would be entitled to control, among other things, **Licensee's**: Work schedule and the hours of work; job responsibilities; physical presentation (such as make-up, hairstyle, etc.); costumes and other wearing apparel;  work habits; the selection of **Licensee's** customers; the nature, content, character, manner and means of **Licensee's** performances; and **Licensee's** ability to perform at other locations and for other businesses. **Licensee** hereby represents that **Licensee** desires to be able to make all of these choices for **Licensee** and without the control of the **Club**, and the **Club** and **Licensee** agree by the terms of this **Agreement** that all such decisions are exclusively reserved to the control of **Licensee**. <u>**LICENSEE** FURTHER SPECIFICALLY REPRESENTS THAT **LICENSEE** DOES NOT DESIRE TO PERFORM AS AN EMPLOYEE OF THE **CLUB** SUBJECT TO THE EMPLOYMENT TERMS AND CONDITIONS OUTLINED IN THIS PARAGRAPH 13, BUT, RATHER **LICENSEE** DESIRES TO PERFORM AS A LICENSEE/TENANT CONSISTENT WITH THE OTHER PROVISIONS OF THIS **AGREEMENT**</u>.

D.   If any court, tribunal, or governmental agency determines, or if **Licensee** at any time contends, claims, or asserts, that the relationship between the parties is something other than that of Licensor/Lessor and Licensee/Lessee and that **Licensee** is then entitled to the payment of monies from the **Club** for wages or otherwise, all of the following shall apply:

(i)    In order to comply with applicable tax laws and to assure that the **Club** is not unjustly harmed and that **Licensee** is not unjustly enriched by the parties having financially operated pursuant to the terms of this **Agreement**, the **Club** and **Licensee** agree that **Licensee** shall surrender, reimburse and pay to the **Club**, all **Entertainment Fees** received by **Licensee** at any time **Licensee** performed on the **Premises** - all of which would otherwise have been collected and kept by the **Club** had they not been retained by **Licensee** under the terms of this **Agreement** and **Licensee** shall immediately provide a full accounting to the **Club** of all tip income which **Licensee** received during that time;

(ii)   Any **Entertainment Fees** that **Licensee** refuses to return to the **Club** shall be deemed service charges to the customer and shall be accounted for by the **Club** as such. **Licensee** shall owe the **Club** the amount of such **Entertainment Fees** and as such, the **Club** shall then be entitled to full wage credit for all **Entertainment Fees** retained by **Licensee,** and such withheld fees shall therefore constitute wages paid from the **Club** to **Licensee**. In the event that **Licensee** refuses to return **Entertainment Fees** to the **Club**, the **Club** shall immediately submit to the IRS and applicable state taxing authorities all necessary filings regarding such income consistent with this subparagraph;

(iii)  If despite **Licencee's** express obligation hereunder to maintain accurate records, the **Licensee** is unable or unwilling to provide the **Club** with reliable documentation of all **Entertainment Fees** received by **Licensee** at any time **Licencee** performed on the premises, **Licensee** and the **Club** hereby stipulate and agree that the amount of **Entertainment Fees**  received by **Licensee** shall be deemed to be an amount in excess of any minimum hourly wage to which **Licensee** would be entitled as an employee.

(iv)   The relationship of the parties shall immediately convert to an arrangement of employer and employee upon the terms as set forth in this paragraph.

Licensee's Initials

(v)    If at any time **Licensee** believes that, irrespective of the terms of this **Agreement**, **Licensee** is being treated as an employee by the **Club** or that **Licencee's** relationship with the **Club** is truly that of an employee, **Licensee** shall immediately, but in no event later than three business days thereafter, provide notice to the **Club** in writing of **Licensee's** demand to be fully treated as an employee consistent with the terms of this paragraph and applicable law, and shall also within the same time period begin reporting all of **Licensee's** tip income to the **Club** on a daily basis; such tip reporting being required of all tipped employees of the **Club** under the terms of the Internal Revenue Code.

## 14. TAXES

**Licensee** shall be solely responsible for, and shall pay, all federal, state, and local taxes and contributions imposed upon any income earned by **Licensee** while performing on the **Premises** (including but not limited to income taxes and social security obligations). **Licensee** shall indemnify and hold harmless the **Club** from any such taxes. **Licensee** shall keep all required records and supporting proof thereof.

## 15. SCHEDULING OF LEASE DATES

**Licensee** shall select, at least one week in advance, any and all days that **Licensee** desires to lease the **Premises** during the following week, and the **Club** shall make the leased portion of the **Premises** available to **Licensee** during those dates and times, subject only to space availability. Should **Licensee** desire not to perform on the **Premises** at all during any given week, **Licensee** shall give the **Club** notice of this at least one week in advance. Once scheduled, neither **Licensee** nor the **Club** shall have the right to cancel or change any scheduled performance dates except as may be agreed to by **Licensee** and the **Club**. For each day that **Licensee** schedules herself to perform, **Licensee** agrees to be on the **Premises**, available to perform, for a minimum number of consecutive hours as stated in the "**SPECIFICATIONS**" section on the last page of this **Agreement** (one "set"). During those weeks that **Licensee** desires to perform, **Licensee** agrees to lease space at the **Premises** for at least the minimum number of sets per week as stated in the "**SPECIFICATIONS**" section of this **Agreement**. **Licensee** may be permitted to lease space on the **Premises** on days when **Licensee** has not scheduled him or herself to perform, subject to space availability.

If **Licensee** misses an entire scheduled set, **Licensee** shall pay to the **Club** as a lost rent charge, a fee for each set missed as stated in the "**SPECIFICATIONS**" section of this **Agreement**, which is to be paid by **Licensee** to the **Club** no later than by the end of **Licensee's** next set. If **Licensee** fails to timely commence a scheduled set, **Licensee** shall pay to the **Club** as contract damages $8.00 for each one-half hour missed up to a maximum of the lost rent charge as stated in the "**SPECIFICATIONS**" section of this **Agreement**, which is to be paid by **Licensee** to the **Club** no later than by the end of that set. All lost rent charges and contract damages stated in this **Agreement** are established in view of the fact that it would be difficult to determine the exact lost rent or damage incurred as a result of certain breaches of the terms of this **Agreement**.

## 16. RENT

**Licensee** agrees to pay rent to the **Club** (referred to as "**set rent**") in the amounts as stated in the "**SPECIFICATIONS**" section of this **Agreement**. All **set rent** shall be paid immediately upon or before completion of any set.

Licensee's Initials

## 17. MATERIAL BREACH BY CLUB

The **Club** materially breaches this **Agreement** by:

A.  Failing to provide to **Licensee** the leased portion of the **Premises** on any day as scheduled by **Licensee**;

B.  Failing to maintain any and all required and available licenses and/or permits;

C.  Failing to maintain in full force any and all leases and subleases with the owner of the **Premises**;

D.  Failing to maintain in full force all utilities services for the **Premises**; and

E.  Failing to maintain the **Premises** in a safe and orderly manner.

The **Club** shall not be liable for any material breach as set forth in this paragraph due to acts of God, to any other cause beyond the reasonable control of the **Club**, or as a result of the action of any government entity or agency or the interpretation thereby of any law rule or regulation affecting the **Club**.

## 18. MATERIAL BREACH BY LICENSEE

**Licensee** materially breaches this **Agreement** by:

Failing to maintain any and all required licenses and/or permits;

Willfully violating any federal, state, or local law or regulation while on the **Premises**;

Failing to appear for a scheduled set on two or more occasions in any one calendar month without proving a proper substitute as allowed and in the manner provided for herein;

Failing to pay any **set rent** when due;

Failing to timely pay any assessed lost rent charges or contract damages;

Claiming the business relationship with the **Club** as being other than that of a Licensor/Licensee and landlord/tenant;

Violating any public health or safety rules or concerns; or

Violating any of the provisions of this **Agreement**.

## 19. TERMINATION/BREACH /DEFAULT

In the event **Licensee** shall be in default of any obligation to pay money under this **Agreement** or in the event **Licensee** shall be in default of any non-monetary provision of this **Agreement** (including but not limited to violation any Federal, state or local laws or regulations), the **License** granted to **Licensee** herein shall immediately terminate, and **Licensor** shall have the right to the extent permitted by law, to (i) immediately withdraw the permission hereby granted to **Licensee** to use the **Premises**; and (ii) remove all persons and property therefrom, without being deemed to have committed any manner of trespass, assault or false imprisonment. Such remedies shall be in addition to any other rights or remedies **Licensor** may have hereunder or at law or equity.

In the event **Licensor** shall be in default of **Licensor's** obligations hereunder, **Licensee's** sole remedy is to terminate this **Agreement**.

Licensee's Initials

APPX 42

Either party may terminate this **Agreement**, without cause, upon thirty (30) days written notice to the other party. Upon material breach, the non-breaching party may terminate this **Agreement** upon twenty-four (24) hours notice to the other party, or as otherwise may be provided by law. Nothing in this paragraph, however, shall allow **Licensee** to perform on the **Premises** without a valid license or permit, if applicable, or to continue to engage in conduct in violation of any laws, regulations, or public health or safety rules or concerns.

## 20. SEVERABILITY

If any provision of this **Agreement** or the application thereof to any person or circumstance shall, for any reason and to whatever extent, be invalid or unenforceable, the remainder of this **Agreement** and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law. In the event that any term, paragraph, subparagraph, or portion of this **Agreement** is declared to be illegal or unenforceable, this **Agreement** shall, to the extent possible, be interpreted as if that provision was not a part of this **Agreement**; it being the intent of the parties that any illegal or unenforceable portion of this **Agreement**, to the extent possible, be severable from this **Agreement** as a whole. Nevertheless, in the circumstance of a judicial, arbitration, or administrative determination that the business relationship between **Licensee** and the **Club** is something other than that of landlord and tenant, the relationship between **Licensee** and the **Club** shall be controlled by the provisions of this **Agreement**.

## 21. GOVERNING LAW

This **Agreement** shall be interpreted pursuant to the laws of the State of Texas

## 22. ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS

The parties agree that this **Agreement** is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement. as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association (the "AAA"), Texas branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 22. The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this **Agreement**. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this **Agreement**. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be IN THE COUNTY IN TEXAS IN WHICH THE PREMISES IS LOCATED. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 22 in which event the provisions of this Section 22 shall control.

THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES,OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

Licensee's Initials

LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT, HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.

## 23. MISCELLANEOUS

This **Agreement** constitutes the entire understanding of the parties. No representations or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this **Agreement** and the Specification attachment hereto.

No prior oral or written statements, representations, promises and inducements have been made by either of the parties relating to the subject matter hereof which are not embodied in this **Agreement**.

The **Club's** failure to insist on compliance or enforcement of any provision of this **Agreement** shall not affect the validity or enforceability of this **Agreement** or operate or be construed as a waiver of any future enforcement of that provision or any other provision of this **Agreement**.

This **Agreement** may not be modified or amended except in accordance with a writing signed by each of the parties hereto.

Sections/Paragraphs 1,6,11,12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, and 25 shall survive the termination of this **Agreement**.

The headings used in this **Agreement** are used for administrative purposes only and do not constitute substantive matters to be considered in construing the terms of this **Agreement**.

Time is of the essence in the performance of this **Agreement**.

This **Agreement** may be executed in multiple original counterparts, in such event each of which shall be deemed an original, but which together shall constitute one and the same instrument.

Words of any gender used in this **Agreement** shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural and vice versa, unless the context requires otherwise.

If any time period or deadline hereunder expires on a Saturday, Sunday or legal holiday recognized in the State of Texas, the time period or deadlines shall be extended to the first business day thereafter.

The effective date of this **Agreement** shall be upon the date it is signed by all parties.

Nothing herein shall be construed or constitute a partnership or joint venture between the parties hereto.

All parties will do all things reasonably necessary or appropriate to fulfill the terms and conditions of this **Agreement**, including the execution of all necessary documents pertaining thereto.

Licensee's Initials

V 4.0 (31 December 2019)

BECAUSE OF LEGAL RESTRICTIONS, THE **CLUB** WILL NOT ENTER INTO AN **AGREEMENT** WITH A **LICENSEE** WHO IS UNDER THE AGE OF EIGHTEEN (18) AND THIS **AGREEMENT** IS NULL AND VOID IF **LICENSEE** IS NOT OF SUCH AGE. **LICENSEE** SPECIFICALLY REPRESENTS THAT **LICENSEE** IS OF THIS LAWFUL AGE OR OLDER, THAT **LICENSEE** HAS PROVIDED APPROPRIATE IDENTIFICATION VERIFYING **LICENSEE'S** AGE, AND THAT SUCH IDENTIFICATION IS VALID AND AUTHENTIC.

BY SIGNING THIS DOCUMENT, **LICENSEE** REPRESENTS THAT **LICENSEE** HAS RECEIVED A COPY OF, AND HAS FULLY READ THIS **AGREEMENT**; THAT **LICENSEE** UNDERSTANDS, AND AGREES TO BE BOUND BY, ALL OF ITS TERMS; AND THAT **LICENSEE** HAS BEEN PERMITTED TO ASK QUESTIONS REGARDING ITS CONTENTS AND HAS BEEN GIVEN THE OPPORTUNITY TO HAVE IT REVIEWED BY PERSONS OF **LICENSEE'S** CHOICE, INCLUDING ATTORNEYS AND ACCOUNTANTS.

## 24. RELEASE FROM LIABILITY

Licensee agrees that Licensor shall not be responsible or liable for any damage or injury to any property or to any person or persons at any time on or about the **Premises** arising from any cause whatsoever except **Licensor's** willful misconduct. Licensee shall not hold **Licensor** in any way responsible or liable therefore and will indemnify and hold **Licensor** harmless - from and against any and all claims, liabilities, penalties, damages, judgments and expenses (including, without limitation, reasonable attorneys' fees and disbursements) arising from injury to person or property of any nature arising out of **Licensee's** use or occupancy of the **Premises** and also for any other matter arising out of **Licensee's** use or occupancy of the **Premises** including damage or injury caused by **Licensee**.

## 25. CONFIDENTIALITY

Licensor and Licensee acknowledge that each may come into contact with information in all forms regarding the other's business, clients and clients' businesses. All such information shall be deemed confidential information and shall not be used or communicated by the other at any time for any reason whatsoever.

Licensee's Initials

## 26. NOTICES

Any notices required or permitted to be given to either party under this **Agreement** shall be given to the representative parties at the address written provided in this **Agreement** by hand, by reputable overnight courier (for next business day delivery) or by Certified mail, return receipt requested. Such notices shall be deemed given upon: a) delivery, in the case of hand delivery; b) one business day after mailing in the case of overnight courier, and c) three business days after mailing, in the case of mailing.

NOTICE: THIS IS A LEGAL CONTRACT. DO NOT SIGN IT UNLESS YOU FULLY UNDERSTAND ALL OF ITS TERMS. IF YOU HAVE ANY QUESTIONS, FEEL FREE TO TALK TO THE CLUB'S GENERAL MANAGER. ANY NEGOTIATED CHANGES TO THIS CONTRACT MUST BE INITIALED BY BOTH PARTIES IN THE MARGINS DIRECTLY NEXT TO THE MODIFICATIONS. WE SUGGEST THAT BEFORE SIGNING THIS CONTRACT, YOU HAVE IT REVIEWED BY AN ATTORNEY, ACCOUNTANT, OR OTHER PERSON OF YOUR CHOICE.

**AGREED TO AND ACKNOWLEDGED BY:**

Licensee (Legal name of Licensee)

Date: 1/2/19

Address:

City/State/Zip Code:

Phone:

E-mail address:

Permit Number:

(if applicable)

Witness & Authorized Representative of the Licensor, PT's Mens Club

Date: 1/2/19

Licensee's Initials

TO: ADVENTURE PLUS ENTERPRISES, INC. ("Adventure Plus) d/b/a PT's Mens Club, Dallas, TX: For value received, receipt of which I acknowledge, and with knowledge that you intend to act in reliance hereon, I irrevocably give you, your successors, assignees, licensees and anyone acting with your consent, all right, title and interest, including all copyright and other literary property, commercial and publication rights (i) in and to any and all depictions of my likeness (whether created or issued as stills, motion pictures or on video tape and other media known or unknown at this time) in which I may be included, including any reproductions thereof made in any form or manner, and (ii) my name (whether real or fictitious), my voice, my Signature, performance, likeness and any biographical material pertaining to me. Items (i) and (ii) being collectively described as the "Materials". You have the absolute right and permission to use, reuse, publish, republish, exhibit, display, print, reprint, distribute and copyright in whole or in part any of the Materials, without restriction as to changes, distortions or transformations. The Materials may be used for editorial, advertising, art, promotion, trade or any other lawful purpose whatsoever in any and all media or forms known (including, but not limited to, digital and electronic) or unknown at this time, in perpetuity worldwide and without restrictions.

I hereby waive any right to inspect, approve or object to the Materials or the editorial, visual, advertising copy or the printed material that may be used in conjunction therewith and the use to which such depictions, likeness or reproductions, or any of the foregoing may be applied, and acknowledge that Adventure Plus is under no obligation to utilize the Materials.

I hereby release, discharge and agree to save Adventure Plus, its successors, assignees, licensees or anyone acting with Adventure Plus' consent harmless from any liability by virtue of any blurring, distortion, alteration, optical illusion or use in composite form, whether intentional or otherwise, that may occur or be produced in taking or reproducing the Materials. I AM 18 YEARS* OF AGE OR OVER, AND WAS SO ON THE DATE THE DEPICTIONS OF ME TO WHICH THIS RELEASE APPLIES WERE TAKEN OR HAVE HAD THIS RELEASE SIGNED BY MY PARENT OR GUARDIAN. PLEASE FILL OUT INFORMATION BELOW AS LEGIBLY AS POSSIBLE

Signed _____ Date: 1. 2. 19
        (Person being photographed)

Social Security#: ████████ Name: Ashlynn Shipley
                                    (Please Print)

Address: ████████████████████

City/State/Zip: ████████████████

Telephone: ████████ Cell Phone: _____

E-mail: ████████████

State of Residence: Texas _____

LIST *ALL* OF THE NAMES YOU HAVE EVER USED OR BEEN KNOWN BY:

Maiden Name: _____ Nickname: Stage Name: _____ Alias: _____

Professional Name: _____ Any Other Name Ever Used: _____

FRIEND / RELATIVE WHO CAN ALWAYS FIND YOU:

Name: _____ How Related: _____

Address: _____

City/State/Zip: _____ Telephone: _____

ANY ALTERATION OR ADDITION TO THIS FORM IS NOT VALID UNLESS CONFIRMED IN WRITING BY ADVENTURE PLUS, INC

Licensee's Initials

## PT'S MENS CLUB

### LICENSE AND LEASE AGREEMENT

**NOTICE: THIS IS A LEGAL CONTRACT THAT AFFECTS THE LEGAL RIGHTS OF THE PARTIES TO THIS CONTRACT - READ IT!**

AGREEMENT COMMENCEMENT DATE: _1/3/20_

LICENSOR: PT's Mens Club (the "Club" or "Licensor")

LICENSEE NAME: _Ashlynn Shipley_ ("Licensee")

LICENSEE Stage Name: _Emily_

PREMISE(s): 10601 Plano Road, Dallas, Dallas County, Texas

LICENSEE ACKNOWLEDGES THAT LICENSEE HAS READ AND REVIEWED THIS AGREEMENT INCLUDING THE ATTACHED TERMS AND CONDITIONS IN ITS ENTIRETY, THAT LICENSEE HAS BEEN GIVEN AN OPPORTUNITY TO ASK LICENSOR QUESTIONS ABOUT IT OR EXPRESS ANY CONCERNS ABOUT THIS DOCUMENT, AND THAT LICENSEE HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF LICENSEE'S CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT. LICENSEE ACKNOWLEDGES THAT LICENSEE UNDERSTANDS THE TERM AND CONDITIONS OF THIS AGREEMENT AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.

THIS AGREEMENT REPLACES ANY PRIOR AGREEMENT BETWEEN THE PARTIES, AND SINCE THIS AGREEMENT IS THE MOST ACCURATE DESCRIPTION OF THE NATURE OF THE RELATIONSHIP OF THE PARTIES, AND REPRESENTS WHAT THE "MEETING OF THE MINDS" WAS WHEN THE PARTIES ESTABLISHED THEIR RELATIONSHIP, THE TERMS AND CONDITIONS HEREIN ARE DEEMED EFFECTIVE FROM THE DATE OF ANY PRIOR AGREEMENT BETWEEN THE PARTIES, SHOULD ONE EXIST.

This AGREEMENT is entered into by the "LICENSOR" and "LICENSEE" for the leasing of certain portions of the "Premises" and the grant of License related thereto as follows:

Licensee/Entertainer Legal Name

_[signature]_

Signature

_Ashlynn Shipley_
(Printed Name)

Date: _1.3.20_

PT's Mens Club (Dallas, TX)

_Stephen Chislette_

Signature
_Stephen Chislette_
(Printed Name)

Date: _1/3/20_

_[initials]_

Licensee's Initials

# 1LICENSE/LEASE TERMS AND CONDITIONS

## 1. PURPOSE

The **Licensor** operates an adult cabaret on the Premises, and Licensee, who is engaged in the independently established trade and occupation of professional exotic dance entertainment and who runs Licensee's own business that provides such entertainment services, desires to lease from the **Club**, jointly together with other similar entertainers and upon the terms contained in this **Agreement**, the right to use certain areas of the **Premises** for activities related to the presentation of live dance entertainment to the adult public.

## 2. GRANT OF LICENSE/LEASE RIGHT

**Licensee** hereby licenses from the **Licensor** the right during normal business hours of **Licensor** to jointly, along with other entertainers, use the stage areas and certain other portions of the **Premises** designated by the **Licensor** for the performing of live erotic dance entertainment and related activities, upon the terms and conditions contained in this **Agreement.** The **Licensor** hereby grants **Licensee** a temporary, revocable license (the **"License"**) and non-exclusive right to use and occupy the designated portions of the **Premises** (the "Temporary Space Lease" or the "Lease") commencing on the Agreement Commencement Date and continuing until the Termination Date, defined herein, subject to the terms and conditions contained herein.

This **License** shall be limited to **Licensee's** use and occupancy of the **Premises** as an erotic entertainer/dancer and **Licensee** shall be entitled to perform such entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or **Premises** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement**.

## 3. DURATION OF LICENSE AND TEMPORARY SPACE LEASE: TERMINATION OF LICENSE AND TEMPORARY SPACE LEASE

This **Agreement** shall be for the period commencing on the date it is signed by all parties (Agreement Commencement Date) and shall terminate on January 1, 2021 (unless the parties agree, in writing, to modify the term). The **License** shall thereafter be automatically extended for successive one year periods running from January 1 through December 31 of each year thereafter. Notwithstanding the foregoing, at any time after the first year of the **License** term, this **License** may be terminated (a) within thirty (30) days after the receipt of written termination notice from the **Licensor** to **Licensee** (b) the last day of the month that is ninety (90) days after the receipt of a written termination notice from **Licensee** to **Licensor**, or (c) such sooner date in accordance with paragraph 19 hereof, any such dates which shall be the "License Termination Date." Upon the License Termination Date, **Licensee** shall have no further right to use and occupy the **Premises** and the **License** and lease rights granted to **Licensee** shall terminate.

## 4. LICENSOR'S ADDITIONAL OBLIGATIONS

In addition to use of the Club premises, Licensor shall provide to Licensee at the Club at Licensor's expense:

Music (including *ASCAP/BMI/SESAC* fees);
Dressing Room Facilities;
Lockers (as and if available);
Wait Staff;
Beverage Service; and
Advertisement of the Club (any advertisement specific to the Licensee shall be at Licensee's sole cost and expense and Licensor shall have no obligation to advertise for the Licensee).
Licensee agrees that the License Fee does not include fees for the following services which may or may not be available: hair and make-up artists and any other ancillary services which if available shall be contracted for and paid directly to third parties by Licensee, at Licensee's sole cost and expense.

Licensee's Initials

## 5. SUBLEASING/ASSIGNMENT

This **Agreement** is acknowledged to be personal in nature. This means that **Licensee** has no right to sublease or to assign any of Licensee's rights or obligations in this **Agreement** to any other person without the express written consent of the **Club**. However, if **Licensee** is unable to fulfill **Licensee**'s contractual obligations during any scheduled set, **Licensee** shall have the right to substitute the services of any licensed entertainer who has also entered into a License and Lease Agreement with the **Club**. Licensee may substitute only one entertainer per scheduled set and for the complete length of the scheduled set (i.e. no partial set period substitution allowed). Any such substitution shall not, however, relieve **Licensee** of the rent, lost rent charge and/or contract damage obligations as contained in this **Agreement** if the substitute entertainer fails to pay any of those fees due as a result of the substitute's lease obligations. Licensor may assign **Licensor's** rights and obligations here under, but may not in doing so otherwise affect **Licencee's** License/Lease of the **Premises**.

## 6. NON-EXCLUSIVITY

**Licensee's** obligations under this **Agreement** are nonexclusive, meaning that **Licensee** is free to perform **Licensee's** entertainment activities at other businesses or at locations other than at the **Club's Premises** unless such activities would unreasonably interfere with **Licensee's** contractual obligations to **Licensor** pursuant to this **Agreement**.

## 7. PERMITTED USES/USE OF PREMISES

This License shall be limited to **Licensee's** use and occupancy of the **Club** as an entertainer/dancer and **Licensee** shall be entitled to perform entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement** or otherwise be in violation of applicable law.

**Licensee** agrees to:

A.    Perform clothed, semi-nude ( i. e. "topless") or nude  (whichever is permitted by law) erotic, expressive dance entertainment at the **Premises** (but only in the manner and attire allowed under applicable law);

B.    Obtain, keep in full force and effect, and have in **Licensee's** possession at all times while **Licensee** is on the **Premises** and available for inspection as may be required by law, any and all required licenses and/or permits and provide the **Club** with all necessary, current and accurate information about the **Licensee** required by law for the **Club** to maintain. The failure of **Licensee** to maintain current and in **Licensee's** possession a required license and/or permit shall not relieve **Licensee** of **Licensee's** rent obligations as provided for in this **Agreement**;

C.    Not violate any federal, state, or local laws or governmental regulations. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

D.    Become knowledgeable of all laws and governmental regulations that apply to **Licensee's** conduct while on the **Premises** and comply therewith including in particular, all regulations and laws related to businesses that provide alcoholic beverages, businesses that are defined as sexually oriented businesses and the Texas Penal Code. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

Licensee's Initials

E.   Maintain accurate daily records of all income, including tips, earned while performing on the **Premises**, in accordance with all federal, state, and local taxation laws and this **Agreement** and be solely responsible for the timely payment of all taxes owed on income earned in the operation of her business;

F.   Pay for any damages **Licensee** intentionally causes to the **Premises** and/or to any of the **Club's** personal property, furniture, fixtures, inventory, stock and/or equipment, normal wear and tear excepted; and

G.   Conduct herself in a professional manner consistent with normal civil decorum, decency, appearance and etiquette in dealings inside the Premises and with customers and other independent contractors and employees therein. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such conduct requirements is beyond the scope of **Licensee**'s authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement;**

**Licensee** may promote or otherwise advertise her performances at the Club, but **Licensee** shall not use the name, logo, trademarks, service marks of **Licensor** without prior written authorization of the **Licensor.**

## 8. NATURE OF PERFORMANCE

So long as the Licensee's services and performances are consistent with her contractual and legal obligations as set forth in paragraph 7, the **Club** has no right to direct or control the nature, content, character, manner or means of **Licensee's** entertainment services or of **Licensee's** performances.

EXCEPT AS MAY IN WRITING BE SPECIFICALLY RELEASED, WAIVED OR TRANSFERRED, SO LONG AS THE RELATIONSHIP BETWEEN **LICENSEE** AND THE **CLUB** IS THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE, **LICENSEE** SHALL OWN AND RETAIN ALL INTELLECTUAL PROPERTY RIGHTS OF **LICENSEE'S** ENTERTAINMENT PERFORMANCES, INCLUDING BUT NOT LIMITED TO ALL COPYRIGHTS AND RIGHTS OF PUBLICITY. ALL OF THESE RIGHTS BECOME THE PROPERTY OF THE **CLUB**, HOWEVER, IF THE RELATIONSHIP IS EVER CHANGED TO THAT OF EMPLOYER AND EMPLOYEE.

## 9. COSTUMES

**Licensee** shall supply all of **Licensee's** own costumes and wearing apparel, which must comply with all applicable laws. So long as they are consistent with Licensee's contractual and legal obligations as set forth in paragraph 7, the **Club** shall not control in any way the choice of costumes and/or wearing apparel made by **Licensee.**

## 10. NATURE OF BUSINESS

**Licensee** understands: 1) That the nature of the business operated at the **Premises** is that of adult entertainment; 2) that **Licensee** may be subjected to either full or partial nudity and explicit language; and 3) that **Licensee** may be subjected to advances by customers, to depictions or portrayals of a sexual nature, and to similar types of behavior. **Licensee** represents that **Licensee** is not, and will not be, offended by such conduct, depictions, portrayals, and language, and that **Licensee** assumes any and all risks associated with being subjected to these matters.

Licensee's Initials

## 11. PRIVACY

**Licensee** and the Club acknowledge that privacy and personal safety are important concerns to **Licensee**. Accordingly, the **Club** shall not knowingly disclose to any persons who are not associated with the Club, or to any governmental entity, department, or agency, either the legal name of the **Licensee, Licensee**'s address, or telephone number, EXCEPT upon prior written authorization of the **Licensee** or as may be required by law. ˙

## 12. ENTERTAINMENT FEES

Based upon local industry custom and practice and in consultation with entertainers who lease space on the **Premises,** the **Club** shall establish a fixed fee for the price of certain performances engaged in on the **Premises** (referred to as "**Entertainment Fees**"). Currently, the parties agree that the **Entertainment Fee** is that amount as set out in the **Specifications** attachment hereto. **Licensee** agrees not to charge a customer more or less than the fixed price for any such performance unless the **Licensee** notifies the **Club** in writing of any charges to **Licensee's** customers of a higher or lower amount. The Licensor represents that the **Entertainment Fees** shall be competitive with fees charged at competitor establishments.  Nothing contained in this **Agreement,** however, shall limit **Licensee** from receiving "tips" and/or gratuities over-and-above the established price for such performances. The **Licensee** specifically acknowledges that the **Entertainment Fees** attributable to personal dances (i.e., "table dances") or private or semi-private performances are a non-discretionary mandatory service charge to the customers and are not tips or gratuities to the **Licensee.**  THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT  **ENTERTAINMENT FEES** ARE NEITHER TIPS NOR GRATUITIES, BUT ARE, RATHER, MANDATORY SERVICE CHARGES TO THE CUSTOMER AS THE PRICE FOR OBTAINING THE SERVICE OF A PERSONAL  ENTERTAINMENT PERFORMANCE

## 13. BUSINESS RELATIONSHIP OF PARTIES

A.    The parties acknowledge that the business relationship created between the **Club** and **Licensee** is that of (a) Licensor/Licensee and (b) landlord/tenant for the joint and non-exclusive leasing of the **Premises** (meaning that other entertainers are also leasing the premises at the same time), and that this relationship is a material (meaning significant) part of this **Agreement.** THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this **Agreement** shall not be interpreted as creating an employer/employee relationship or any contract for employment.  **LICENSEE** UNDERSTANDS  THAT THE **CLUB** WILL NOT PAY **LICENSEE** ANY  WAGE  (WHETHER  HOURLY  OR  OTHERWISE),  OVERTIME  PAY, EXPENSES, OR OTHER EMPLOYEE-RELATED BENEFITS.

B.    The **Club** and **Licensee** acknowledge that if the relationship between them was that of employer and employee, the **Club** would be required to collect, and would retain, all **Entertainment Fees** paid by customers to **Licensee. LICENSEE** SPECIFICALLY ACKNOWLEDGES AND AGREES THAT IN THE  CIRCUMSTANCE  OF  AN  EMPLOYER/EMPLOYEE  RELATIONSHIP  ALL **ENTERTAINMENT FEES** WOULD BE, BOTH CONTRACTUALLY AND AS A MATTER OF LAW, THE PROPERTY OF THE CLUB AND WOULD NOT BE THE PROPERTY OF **LICENSEE.** THE PARTIES ACKNOWLEDGE THAT  **LICENSEE'S** RIGHT TO OBTAIN AND KEEP **ENTERTAINMENT FEES**  PURSUANT TO THIS **AGREEMENT** IS SPECIFICALLY

Licensee's Initials

CONTINGENT AND CONDITIONED UPON THE BUSINESS RELATIONSHIP OF THE PARTIES BEING THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE.

C.    The parties additionally acknowledge that were the relationship between them to be that of employer and employee, **Licensee's** employment would be "at will" (meaning **Licensee** could be fired at any time without cause and without prior notice or warning), and that the **Club** would be entitled to control, among other things, **Licensee's**: Work schedule and the hours of work; job responsibilities; physical presentation (such as make-up, hairstyle, etc.); costumes and other wearing apparel; work habits; the selection of **Licensee**'s customers; the nature, content, character, manner and means of **Licensee's** performances; and **Licensee**'s ability to perform at other locations and for other businesses. **Licensee** hereby represents that **Licensee** desires to be able to make all of these choices for **Licensee** and without the control of the **Club**, and the **Club** and **Licensee** agree by the terms of this **Agreement** that all such decisions are exclusively reserved to the control of **Licensee**. LICENSEE FURTHER SPECIFICALLY REPRESENTS THAT **LICENSEE** DOES NOT DESIRE TO PERFORM AS AN EMPLOYEE OF THE **CLUB** SUBJECT TO THE EMPLOYMENT TERMS AND CONDITIONS OUTLINED IN THIS PARAGRAPH 13, BUT, RATHER **LICENSEE** DESIRES TO PERFORM AS A LICENSEE/TENANT CONSISTENT WITH THE OTHER PROVISIONS OF THIS **AGREEMENT**.

D.    If any court, tribunal, or governmental agency determines, or if **Licensee** at any time contends, claims, asserts, that the relationship between the parties is something other than that of Licensor/Lessor and Licensee/Lessee and that **Licensee** is then entitled to the payment of monies from the **Club** for wages otherwise, all of the following shall apply:

(i)    In order to comply with applicable tax laws and to assure that the **Club** is not unjustly harmed and that **Licensee** is not unjustly enriched by the parties having financially operated pursuant to the terms of this **Agreement,** the **Club** and **Licensee** agree that **Licensee** shall surrender, reimburse and pay to the **Club**, all **Entertainment Fees** received by **Licensee** at any time **Licensee** performed on the **Premises** - all of which would otherwise have been collected and kept by the **Club** had they not been retained by **Licensee** under the terms of this **Agreement** and **Licensee** shall immediately provide a full accounting to the **Club** of all tip income which **Licensee** received during that time;

(ii)    Any **Entertainment Fees** that **Licensee** refuses to return to the **Club** shall be deemed service charges to the customer and shall be accounted for by the **Club** as such. **Licensee** shall owe the **Club** the amount of such **Entertainment Fees** and as such, the **Club** shall then be entitled to full wage credit for all **Entertainment Fees** retained by **Licensee**, and such withheld fees shall therefore constitute wages paid from the **Club** to **Licensee**. In the event that **Licensee** refuses to return **Entertainment Fees** to the **Club**, the **Club** shall immediately submit to the IRS and applicable state taxing authorities all necessary filings regarding such income consistent with this subparagraph;

(iii)    If despite **Licencee's** express obligation hereunder to maintain accurate records, the **Licensee** is unable or unwilling to provide the **Club** with reliable documentation of all **Entertainment Fees** received by **Licensee** at any time **Licencee** performed on the premises, **Licensee** and the **Club** hereby stipulate and agree that the amount of **Entertainment Fees** received by **Licensee** shall be deemed to be an amount in excess of any minimum hourly wage to which **Licensee** would be entitled as an employee.

or

or

Licensee's Initials

(iv)     The relationship of the parties shall immediately convert to an arrangement of employer and employee upon the terms as set forth in this paragraph.

(v)     If at any time **Licensee** believes that, irrespective of the terms of this **Agreement, Licensee** is being treated as an employee by the **Club** or that **Licencee's** relationship with the **Club** is truly that of an employee, **Licensee** shall immediately, but in no event later than three business days thereafter, provide notice to the **Club** in writing of **Licensee's** demand to be fully treated as an employee consistent with the terms of this paragraph and applicable law, and shall also within the same time period begin reporting all of **Licensee's** tip income to the **Club** on a daily basis; such tip reporting being required of all tipped employees of the **Club** under the terms of the Internal Revenue Code.

## 14. TAXES

**Licensee** shall be solely responsible for, and shall pay, all federal, state, and local taxes and contributions imposed upon any income earned by **Licensee** while performing on the **Premises** (including but not limited to income taxes and social security obligations). **Licensee** shall indemnify and hold harmless the **Club** from any such taxes. **Licensee** shall keep all required records and supporting proof thereof.

## 15. SCHEDULING OF LEASE DATES

**Licensee** shall select, at least one week in advance, any and all days that **Licensee** desires to lease the **Premises** during the following week, and the **Club** shall make the leased portion of the **Premises** available to **Licensee** during those dates and times, subject only to space availability. Should **Licensee** desire not to perform on the **Premises** at all during any given week, **Licensee** shall give the **Club** notice of this at least one week in advance. Once scheduled, neither **Licensee** nor the **Club** shall have the right to cancel or change any scheduled performance dates except as may be agreed to by **Licensee** and the **Club**. For each day that **Licensee** schedules herself to perform, **Licensee** agrees to be on the **Premises,** available to perform, for a minimum number of consecutive hours as stated in the "**SPECIFICATIONS**" section on the last page of this **Agreement** (one "set"). During those weeks that **Licensee** desires to perform, **Licensee** agrees to lease space at the **Premises** for at least the minimum number of sets per week as stated in the "**SPECIFICATIONS**" section of this **Agreement**. **Licensee** may be permitted to lease space on the **Premises** on days when **Licensee** has not scheduled him or herself to perform, subject to space availability.

If **Licensee** misses an entire scheduled set, **Licensee** shall pay to the **Club** as a lost rent charge, a fee for each set missed as stated in the "**SPECIFICATIONS**" section of this **Agreement,** which is to be paid by **Licensee** to the **Club** no later than by the end of **Licensee's** next set. If **Licensee** fails to timely commence a scheduled set, **Licensee** shall pay to the **Club** as contract damages $8.00 for each one-half hour missed up to a maximum of the lost rent charge as stated in the "**SPECIFICATIONS**" section of this Agreement, which is to be paid by **Licensee** to the **Club** no later than by the end of that set. All lost rent charges and contract damages stated in this **Agreement** are established in view of the fact that it would be difficult to determine the exact lost rent or damage incurred as a result of certain breaches of the terms of this **Agreement**.

## 16. RENT

**Licensee** agrees to pay rent to the **Club** (referred to as "**set rent**") in the amounts as stated in the "**SPECIFICATIONS**" section of this Agreement. All **set rent** shall be paid immediately upon or before completion of any set.

_____
Licensee's Initials

## 17. MATERIAL BREACH BY CLUB

The **Club** materially breaches this **Agreement** by:

    A.    Failing to provide to **Licensee** the leased portion of the **Premises** on any day as scheduled by **Licensee**;

    B.    Failing to maintain any and all required and available licenses and/or permits;

    C.    Failing to maintain in full force any and all leases and subleases with the owner of the **Premises**;

    D.    Failing to maintain in full force all utilities services for the **Premises**; and

    E.    Failing to maintain the **Premises** in a safe and orderly manner.

The **Club** shall not be liable for any material breach as set forth in this paragraph due to acts of God, to any other cause beyond the reasonable control of the **Club**, or as a result of the action of any government entity or agency or the interpretation thereby of any law rule or regulation affecting the **Club**.

## 18. MATERIAL BREACH BY LICENSEE

**Licensee** materially breaches this **Agreement** by:

Failing to maintain any and all required licenses and/or permits;

Willfully violating any federal, state, or local law or regulation while on the **Premises**;

Failing to appear for a scheduled set on two or more occasions in any one calendar month without proving a proper substitute as allowed and in the manner provided for herein;

Failing to pay any **set rent** when due;

Failing to timely pay any assessed lost rent charges or contract damages;

Claiming the business relationship with the **Club** as being other than that of a Licensor/Licensee and landlord/tenant;

Violating any public health or safety rules or concerns; or

Violating any of the provisions of this **Agreement**.

## 19. TERMINATION/BREACH /DEFAULT

In the event **Licensee** shall be in default of any obligation to pay money under this **Agreement** or in the event **Licensee** shall be in default of any non-monetary provision of this **Agreement** (including but not limited to violation any Federal, state or local laws or regulations), the **License** granted to **Licensee** herein shall immediately terminate, and **Licensor** shall have the right to the extent permitted by law, to (i) immediately withdraw the permission hereby granted to **Licensee** to use the **Premises**; and (ii) remove all persons and property therefrom, without being deemed to have committed any manner of trespass, assault or false imprisonment. Such remedies shall be in addition to any other rights or remedies **Licensor** may have hereunder or at law or equity.

In the event **Licensor** shall be in default of **Licensor's** obligations hereunder, **Licensee's** sole remedy is to terminate this **Agreement**.

_____
Licensee's Initials

Either party may terminate this **Agreement,** without cause, upon thirty (30) days written notice to the other party. Upon material breach, the non-breaching party may terminate this **Agreement** upon twenty-four (24) hours notice to the other party, or as otherwise may be provided by law. Nothing in this paragraph, however, shall allow **Licensee** to perform on the **Premises** without a valid license or permit, if applicable, or to continue to engage in conduct in violation of any laws, regulations, or public health or safety rules or concerns.

## 20. SEVERABILITY

If any provision of this **Agreement** or the application thereof to any person or circumstance shall, for any reason and to whatever extent, be invalid or unenforceable, the remainder of this **Agreement** and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law. In the event that any term, paragraph, subparagraph, or portion of this **Agreement** is declared to be illegal or unenforceable, this **Agreement** shall, to the extent possible, be interpreted as if that provision was not a part of this **Agreement;** it being the intent of the parties that any illegal or unenforceable portion of this **Agreement,** to the extent possible, be severable from this **Agreement** as a whole. Nevertheless, in the circumstance of a judicial, arbitration, or administrative determination that the business relationship between **Licensee** and the **Club** is something other than that of landlord and tenant, the relationship between **Licensee** and the **Club** shall be controlled by the provisions of this **Agreement**.

## 21. GOVERNING LAW

This **Agreement** shall be interpreted pursuant to the laws of the State of Texas

## 22. ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS

The parties agree that this **Agreement** is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement. as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association (the "AAA"), Texas branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 22. The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this **Agreement**. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be IN THE COUNTY IN TEXAS IN WHICH THE PREMISES IS LOCATED. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 22 in which event the provisions of this Section 22 shall control.

**THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES, OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR.**

Licensee's Initials

**THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.**

**LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT, HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.**

## 23. MISCELLANEOUS

This **Agreement** constitutes the entire understanding of the parties. No representations or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this **Agreement** and the Specification attachment hereto.

No prior oral or written statements, representations, promises and inducements have been made by either of the parties relating to the subject matter hereof which are not embodied in this **Agreement.**

The **Club's** failure to insist on compliance or enforcement of any provision of this **Agreement** shall not affect the validity or enforceability of this **Agreement** or operate or be construed as a waiver of any future enforcement of that provision or any other provision of this **Agreement.**

This **Agreement** may not be modified or amended except in accordance with a writing signed by each of the parties hereto.

Sections/Paragraphs 1,6,11,12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, and 25 shall survive the termination of this **Agreement.**

The headings used in this **Agreement** are used for administrative purposes only and do not constitute substantive matters to be considered in construing the terms of this **Agreement.**

Time is of the essence in the performance of this **Agreement.**

This **Agreement** may be executed in multiple original counterparts, in such event each of which shall be deemed an original, but which together shall constitute one and the same instrument.

Words of any gender used in this **Agreement** shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural and vice versa, unless the context requires otherwise.

If any time period or deadline hereunder expires on a Saturday, Sunday or legal holiday recognized in the State of Texas, the time period or deadlines shall be extended to the first business day thereafter.

The effective date of this **Agreement** shall be upon the date it is signed by all parties.

Nothing herein shall be construed or constitute a partnership or joint venture between the parties hereto.

All parties will do all things reasonably necessary or appropriate to fulfill the terms and conditions of this **Agreement**, including the execution of all necessary documents pertaining thereto.



Licensee's Initials

BECAUSE OF LEGAL RESTRICTIONS, THE **CLUB** WILL NOT ENTER INTO AN **AGREEMENT** WITH A **LICENSEE** WHO IS UNDER THE AGE OF EIGHTEEN (18) AND THIS **AGREEMENT** IS NULL AND VOID IF **LICENSEE** IS NOT OF SUCH AGE. **LICENSEE** SPECIFICALLY REPRESENTS THAT **LICENSEE** IS OF THIS LAWFUL AGE OR OLDER, THAT **LICENSEE** HAS PROVIDED APPROPRIATE IDENTIFICATION VERIFYING **LICENSEE'S** AGE, AND THAT SUCH IDENTIFICATION IS VALID AND AUTHENTIC.

BY SIGNING THIS DOCUMENT, **LICENSEE** REPRESENTS THAT **LICENSEE** HAS RECEIVED A COPY OF, AND HAS FULLY READ THIS **AGREEMENT**; THAT **LICENSEE** UNDERSTANDS, AND AGREES TO BE BOUND BY, ALL OF ITS TERMS; AND THAT **LICENSEE** HAS BEEN PERMITTED TO ASK QUESTIONS REGARDING ITS CONTENTS AND HAS BEEN GIVEN THE OPPORTUNITY TO HAVE IT REVIEWED BY PERSONS OF **LICENSEE'S** CHOICE, INCLUDING ATTORNEYS AND ACCOUNTANTS.

## 24. RELEASE FROM LIABILITY

**Licensee** agrees that **Licensor** shall not be responsible or liable for any damage or injury to any property or to any person or persons at any time on or about the **Premises** arising from any cause whatsoever except **Licensor's** willful misconduct. **Licensee** shall not hold **Licensor** in any way responsible or liable therefore and will indemnify and hold **Licensor** harmless - from and against any and all claims, liabilities, penalties, damages, judgments and expenses (including, without limitation, reasonable attorneys' fees and disbursements) arising from injury to person or property of any nature arising out of **Licensee's** use or occupancy of the **Premises** and also for any other matter arising out of **Licensee's** use or occupancy of the **Premises** including damage or injury caused by **Licensee.**

## 25. CONFIDENTIALITY

**Licensor** and **Licensee** acknowledge that each may come into contact with information in all forms regarding the other's business, clients and clients' businesses. All such information shall be deemed confidential information and shall not be used or communicated by the other at any time for any reason whatsoever.

Licensee's Initials

## 26. NOTICES

Any notices required or permitted to be given to either party under this **Agreement** shall be given to the representative parties at the address written provided in this **Agreement** by hand, by reputable overnight courier (for next business day delivery) or by Certified mail, return receipt requested. Such notices shall be deemed given upon: a) delivery, in the case of hand delivery; b) one business day after mailing in the case of overnight courier, and c) three business days after mailing, in the case of mailing.

**NOTICE: THIS IS A LEGAL CONTRACT. DO NOT SIGN IT UNLESS YOU FULLY UNDERSTAND ALL OF ITS TERMS. IF YOU HAVE ANY QUESTIONS, FEEL FREE TO TALK TO THE CLUB'S GENERAL MANAGER. ANY NEGOTIATED CHANGES TO THIS CONTRACT MUST BE INITIALED BY BOTH PARTIES IN THE MARGINS DIRECTLY NEXT TO THE MODIFICATIONS. WE SUGGEST THAT BEFORE SIGNING THIS CONTRACT, YOU HAVE IT REVIEWED BY AN ATTORNEY, ACCOUNTANT, OR OTHER PERSON OF YOUR CHOICE.**

<u>**AGREED TO AND ACKNOWLEDGED BY:**</u>

Licensee (Legal name of Licensee)

Date: _____

Address: _____

City/State/Zip Code: _____

Phone: _____

E-mail address: _____

Permit Number: _____

(if applicable)

Witness & Authorized Representative of the Licensor, PT's Mens Club

Date: _____

Licensee's Initials

V 4.0 (10 January 2019)

TO: ADVENTURE PLUS ENTERPRISES, INC. ("Adventure Plus) d/b/a PT's Mens Club, Dallas, IX: For value received, receipt of which I acknowledge, and with knowledge that you intend to act in reliance hereon, I irrevocably give you, your successors, assignees, licensees and anyone acting with your consent, all right, title and interest, including all copyright and other literary property, commercial and publication rights (i) in and to any and all depictions of my likeness (whether created or issued as stills, motion pictures or on video tape and other media known or unknown at this time) in which I may be included, including any reproductions thereof made in any form or manner, and (ii) my name (whether real or fictitious), my voice, my Signature, performance, likeness and any biographical material pertaining to me. Items (i) and (ii) being collectively described as the "Materials". You have the absolute right and permission to use, reuse, publish, republish, exhibit, display, print, reprint, distribute and copyright in whole or in part any of the Materials, without restriction as to changes, distortions or transformations. The Materials may be used for editorial, advertising, art, promotion, trade or any other lawful purpose whatsoever in any and all media or forms known (including, but not limited to, digital and electronic) or unknown at this time, in perpetuity worldwide and without restrictions.

I hereby waive any right to inspect, approve or object to the Materials or the editorial, visual, advertising copy or the printed material that may be used in conjunction therewith and the use to which such depictions, likeness or reproductions, or any of the foregoing may be applied, and acknowledge that Adventure Plus is under no obligation to utilize the Materials.

I hereby release, discharge and agree to save Adventure Plus, its successors, assignees, licensees or anyone acting with Adventure Plus' consent harmless from any liability by virtue of any blurring, distortion, alteration, optical illusion or use in composite form, whether intentional or otherwise, that may occur or be produced in taking or reproducing the Materials. I AM 18 YEARS* OF AGE OR OVER, AND WAS SO ON THE DATE THE DEPICTIONS OF ME TO WHICH THIS RELEASE APPLIES WERE TAKEN OR HAVE HAD THIS RELEASE SIGNED BY MY PARENT OR GUARDIAN. PLEASE FILL OUT INFORMATION BELOW AS LEGIBLY AS POSSIBLE

Signed: _____    Date: 1.3.20
(Person being photographed)

Social Security#: _____    Name: Ashlynn Shipley
(Please Print)

Address: _____

City/State/Zip: _____

Telephone: _____    Cell Phone: _____

E-mail: _____

State of Residence: I X

LIST *ALL* OF THE NAMES YOU HAVE EVER USED OR BEEN KNOWN BY:

Maiden Name: _____    Nickname: Stage Name: Emily    Alias: _____

Professional Name: _____    Any Other Name Ever Used: Phenix de Mir

FRIEND / RELATIVE WHO CAN ALWAYS FIND YOU:

Name: Kimber Fox    How Related: Sister

Address: _____

City/State/Zip: _____    Telephone: _____

ANY ALTERATION OR ADDITION TO THIS FORM IS NOT VALID UNLESS CONFIRMED IN WRITING BY ADVENTURE PLUS, INC

Licensee's Initials _____

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
 2                      DALLAS DIVISION

 3   BROOKE LAYTON, individually and)
     on behalf of all others       )
 4   similarly situated,           )
                                    )
 5              Plaintiff,          )
                                    )
 6   VS.                            )CA-NO. 3:21-cv-01636-N
                                    )
 7   MAINSTAGE MANAGEMENT, INC,     )
     NICK'S MAINSTAGE, INC. - DALLAS)
 8   PT'S d/b/a PT'S MENS CLUB and  )
     NICK MEHMETI,                  )
 9                                  )
                Defendants.         )
10

11

12             * * * * * * * * * * * * * *

13                   ORAL DEPOSITION OF

14                      BROOKE LAYTON

15                   NOVEMBER 2, 2021

16             * * * * * * * * * * * * * *

17

18          ANSWERS AND DEPOSITION of BROOKE LAYTON, taken

19   at the instance of the Defendant on the 2ND day of

20   NOVEMBER, 2021, in the above styled and numbered cause,

21   in the City of Dallas, County of Dallas and State of

22   Texas before Donna L. Johnston, a Certified Shorthand

23   Reporter in and for the State of Texas, pursuant to the

24   Federal Rules of Civil Procedure and the provisions

25   stated on the record.
```



EXHIBIT
B

BROOKE LAYTON    November 2, 2021                                    2

1                     A P P E A R A N C E S

2

3    On Behalf of Plaintiff, BROOKE LAYTON, individually and
     on behalf of all others similarly situated:
4
     Ms. Ghazzaleh Rezazadeh, Esq.
5    ELLZEY & ASSOCIATES, PLLC
     1105 Mildord Street
6    Houston, Texas 77066
     Phone:  (888) 350-3931
7    E-mail:  firm@ellzeylaw.com

8
     On Behalf of Defendants, MAINSTAGE MANAGEMENT, INC.,
9    NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT'S MENS
     CLUB and NICK MEHMETI:
10
     Ms. Latrice E. Andrews, Esq.
11   SHEILS WINNUBST
     1100 Atrium II
12   1701 N. Collins Boulevard
     Richardson, Texas 75080
13   Phone:  (972) 644-8181
     E-mail: latrice@sheilswinnubst.com
14

15

16

17

18

19

20

21

22

23

24

25

BROOKE LAYTON   November 2, 2021                        3

1                        I N D E X

2   Appearances                                        2

3   Stipulations                                       5

4   BROOKE LAYTON

5   EXAMINATION
        By Ms. Andrews                                 5
6       By Ms. Rezazadeh                              88
        By Ms. Andrews                                91
7       By Ms. Rezazadeh                              94
        By Ms. Andrews                                95
8
    Signature and changes sheet                      100
9
    Reporter's certificate                           101
10
                        E X H I B I T S
11
    DEFENDANT'S DESCRIPTION                          PAGE
12
    Exhibit 1   Second Amended Notice Of              23
13              Intention To Take Oral
                Deposition Of Brooke Layton
14
    Exhibit 2   Complaint -                           69
15              Summons in a Civil Action

16  Exhibit 3   Bio-Verify                            24

17  Exhibit 4   PT's Mens Club License And            25
                Lease Agreement
18
    Exhibit 5   Plaintiff Brooke Layton's             77
19              Initial Disclosures

20  Exhibit 6   Plaintiff Brooke Layton's             92
                Objections And Responses To
21              Defendant Mainstage Management,
                Inc.'s First Request For Admission
22
    Exhibit 7   Plaintiff Brooke Layton's             93
23              Objections And Responses To
                Defendant Mainstage Management,
24              Inc.'s First Set Of Interrogatories

25  Exhibit 8   Sign-in sheets                        68

APPX 63
3 of 39 sheets

BROOKE LAYTON  November 2, 2021                        4

1                   E X H I B I T S (cont.)

2

   DEFENDANT'S DESCRIPTION                    PAGE

3

   Exhibit 9  Plaintiff Brooke Layton's        93
4             Objections And Responses To
              Defendant Mainstage Management,
5             Inc.'s First Request
              For Production

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

BROOKE LAYTON  November 2, 2021                        5

1                P R O C E E D I N G S

2

3                   BROOKE LAYTON,
4      having been first duly sworn, testified as follows:
5              MS. ANDREWS:  Before we begin, I just wanted
6      to state we agree that we are taking the deposition
7      pursuant to the Federal Rules of Procedure as well as
8      the local rules of the Northern District of Texas, if
9      that's correct?
10             MS. REZAZADEH:  Correct.
11             MS. ANDREWS:  Thank you.
12                   EXAMINATION
13     BY MS. ANDREWS:
14        Q.   Ms. Layton, just so that you're aware of some
15     background stuff, obviously, I represent the defendants
16     that have been named in this case.  My name is Latrice
17     Andrews, and I'm located in the Dallas area; that's
18     where I practice.  The deposition today, when I ask you
19     yes-or-no questions, if you can make sure that you're
20     not nodding a yes or no for
21     the court reporter, that would be very helpful; are you
22     able to do that?
23        A.   Yes, ma'am.
24        Q.   And are you under any medication or influence or
25     anything that would prevent you from being able to tell

BROOKE LAYTON  November 2, 2021                    25

1          MS. REZAZADEH:  All right.

2      Q.   (BY MS. ANDREWS)  Let's see.  And you did

3   provide your fingerprints as part of the application

4   process?

5      A.   Yes.

6      Q.   And then do you recall seeing this document

7   that's the Written Authorization of Employer/Independent

8   Contractor?

9      A.   Yes.

10     Q.   So at this point, you know that you were given

11  an option as to being one or the other?

12     A.   There's no "or" on that; it's just a slash, so

13  to me, it could have been either.  But to me, I know I

14  signed the independent contractor form.

15     Q.   And then is this the Mesquite address that you

16  had referred to that you couldn't remember the exact

17  address?

18     A.   Yes, ma'am.

19          (Defendant's Exhibit No. 4 was marked.)

20     Q.   (BY MS. ANDREWS)  And then Exhibit 4, is this

21  the License And Lease Agreement that you're referring to

22  that you signed?

23     A.   Yes.

24     Q.   And are you aware that part of this agreement

25  says that you're choosing to be treated as an employee

1    MS. REZAZADEH:  I'm not -- That's fine.  Go
2    ahead.  You can ask her whatever you want.
3        Q.    (BY MS. ANDREWS)  And do you recognize the
4    initials at the bottom of each and every page down here;
5    are those your initials signing this document?
6        A.    Yes.
7        Q.    And do you know prior to filing this lawsuit,
8    did you ever discuss your intent to no longer be treated
9    as an independent contractor with any of the defendants?
10       A.    No.
11       Q.    Prior to filing this lawsuit, did you ever
12   assert that they were not treating you like an
13   independent contractor?
14           THE WITNESS:  Am I allowed to elaborate?
15           MS. REZAZADEH:  Yes, you're under oath.  You
16   can answer.
17       Q.    (BY MS. ANDREWS)  I ask you to just answer the
18   question.
19           MS. REZAZADEH:  Go ahead, Brooke.  Answer
20   how you feel you need to: you're under oath.
21       A.    I don't recall specifically but know that I
22   thought it.  I don't know if I vocalized it.



1    Q.    Are you aware that there's a collective action
2    waiver that you signed?
3    A.    May I see the document?  Is this my --
4    Q.    See understands and agrees -- Understands and
5    acknowledges, do you see that paragraph?
6    A.    Yes.  At the time, that's not what I realized I
7    was signing.  And again, I didn't join the lawsuit with

25    A.    No.

1    A.    You're not allowed to work at other clubs for
2    the same shift.  Because again, PT's has a standard four
3    days that you have to work, potentially more, so it
4    doesn't really leave room to work at other clubs while
5    working at PT's.
6    Q.    Who have you talked to regarding this lawsuit?
7    A.    My attorney, my husband knows.  I had mentioned
8    to one person that there may be a lawsuit, someone else
9    that had let me know that they were already part of a
10    lawsuit against PT's.
11    Q.    And who was that person?
12    A.    Julia Predmoore.  But I'm not familiar with that
13    case.
14    Q.    And when did you have this discussion?
15    A.    A few months ago.
16    Q.    And what did y'all talk about specifically?
17    A.    She had actually asked me if I would be
18    interested in joining a lawsuit that her lawyer set, and
19    I never got back to her.
20    Q.    Do you understand that this was filed as a
21    collective action?
22    A.    Yes, I believe that Julia has also spoken with
23    Ghazzaleh now, but I don't know if they've made contact.
24    I'm not sure because I don't know what other clients
25    Ghazzaleh has.

V 4.0 (31 December 2018)

## PT'S MENS CLUB

### LICENSE AND LEASE AGREEMENT

### NOTICE: THIS IS A LEGAL CONTRACT THAT AFFECTS THE LEGAL RIGHTS OF THE PARTIES TO THIS CONTRACT - READ IT!

AGREEMENT COMMENCEMENT DATE: _1/3/19_

LICENSOR: PT's Mens Club (the "Club" or "Licensor")

LICENSEE NAME: _Brooke Layton_ ("Licensee")

LICENSEE Stage Name: _Kimber_

PREMISE(s):   10601 Plano Road, Dallas, Dallas County, Texas

LICENSEE ACKNOWLEDGES THAT LICENSEE HAS READ AND REVIEWED THIS AGREEMENT INCLUDING THE ATTACHED TERMS AND CONDITIONS IN ITS ENTIRETY, THAT LICENSEE HAS BEEN GIVEN AN OPPORTUNITY TO ASK LICENSOR QUESTIONS ABOUT IT OR EXPRESS ANY CONCERNS ABOUT THIS DOCUMENT, AND THAT LICENSEE HAS HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF LICENSEE'S CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT. LICENSEE ACKNOWLEDGES THAT LICENSEE UNDERSTANDS THE TERM AND CONDITIONS OF THIS AGREEMENT AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.

THIS AGREEMENT REPLACES ANY PRIOR AGREEMENT BETWEEN THE PARTIES, AND SINCE THIS AGREEMENT IS THE MOST ACCURATE DESCRIPTION OF THE NATURE OF THE RELATIONSHIP OF THE PARTIES, AND REPRESENTS WHAT THE "MEETING OF THE MINDS" WAS WHEN THE PARTIES ESTABLISHED THEIR RELATIONSHIP, THE TERMS AND CONDITIONS HEREIN ARE DEEMED EFFECTIVE FROM THE DATE OF ANY PRIOR AGREEMENT BETWEEN THE PARTIES, SHOULD ONE EXIST.

This AGREEMENT is entered into by the "LICENSOR" and "LICENSEE" for the leasing of certain portions of the "Premises" and the grant of License related thereto as follows:

Licensee/Entertainer Legal Name

_Brooke Layton_
Signature
_Brooke Layton_
(Printed Name)

Date: _1/3/19_

PT's Mens Club  (Dallas, TX)

_Erik Z_
Signature
_Erik Luna_
(Printed Name)

Date: _1/3/19_

_____
Licensee's Initials

```
EXHIBIT
1
```

V 4.0 (31 December 2018)

## 1LICENSE/LEASE TERMS AND CONDITIONS

### 1. PURPOSE

The **Licensor** operates an adult cabaret on the Premises, and Licensee**,** who is engaged in the independently established trade and occupation of professional exotic dance entertainment and who runs Licensee's own business that provides such entertainment services, desires to lease from the **Club,** jointly together with other similar entertainers and upon the terms contained in this **Agreement,** the right to use certain areas of the **Premises** for activities related to the presentation of live dance entertainment to the adult public.

### 2. GRANT OF LICENSE/LEASE RIGHT

**Licensee** hereby licenses from the **Licensor** the right during normal business hours of **Licensor** to jointly, along with other entertainers, use the stage areas and certain other portions of the **Premises** designated by the **Licensor** for the performing of live erotic dance entertainment and related activities, upon the terms and conditions contained in this **Agreement.** The **Licensor** hereby grants **Licensee** a temporary, revocable license (the "**License**") and non-exclusive right to use and occupy the designated portions of the **Premises** (the "Temporary Space Lease" or the "Lease") commencing on the Agreement Commencement Date and continuing until the Termination Date, defined herein, subject to the terms and conditions contained herein.

This **License** shall be limited to **Licensee's** use and occupancy of the **Premises** as an erotic entertainer/dancer and **Licensee** shall be entitled to perform such entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or **Premises** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement**.

### 3. DURATION OF LICENSE AND TEMPORARY SPACE LEASE: TERMINATION OF LICENSE AND TEMPORARY SPACE LEASE

This **Agreement** shall be for the period commencing on the date it is signed by all parties (Agreement Commencement Date) and shall terminate on January 1, 2019 (unless the parties agree, in writing, to modify the term). The **License** shall thereafter be automatically extended for successive one year periods running from January 1 through December 31 of each year thereafter. Notwithstanding the foregoing, at any time after the first year of the **License** term, this **License** may be terminated (a) within thirty (30) days after the receipt of written termination notice from the **Licensor** to **Licensee** (b) the last day of the month that is ninety (90) days after the receipt of a written termination notice from **Licensee** to **Licensor**, or (c) such sooner date in accordance with paragraph 19 hereof, any such dates which shall be the "License Termination Date." Upon the License Termination Date, **Licensee** shall have no further right to use and occupy the **Premises** and the **License** and lease rights granted to **Licensee** shall terminate.

### 4. LICENSOR'S ADDITIONAL OBLIGATIONS

In addition to use of the Club premises, Licensor shall provide to Licensee at the Club at Licensor's expense:

Music (including *ASCAP/BMI/SESAC* fees);
Dressing Room Facilities;
Lockers (as and if available);
Wait Staff;
Beverage Service; and
Advertisement of the Club (any advertisement specific to the Licensee shall be at Licensee's sole cost and expense and Licensor shall have no obligation to advertise for the Licensee).
Licensee agrees that the License Fee does not include fees for the following services which may or may not be available:  hair and make-up artists and any other ancillary services which if available shall be contracted for and paid directly to third parties by Licensee, at Licensee's sole cost and expense.

Licensee's Initials

V 4.0 (31 December 2018)

## 5. SUBLEASING/ASSIGNMENT

This **Agreement** is acknowledged to be personal in nature. This means that **Licensee** has no right to sublease or to assign any of Licensee's rights or obligations in this **Agreement** to any other person without the express written consent of the **Club**. However, if **Licensee** is unable to fulfill **Licensee's** contractual obligations during any scheduled set, **Licensee** shall have the right to substitute the services of any licensed entertainer who has also entered into a License and Lease Agreement with the **Club**. Licensee may substitute only one entertainer per scheduled set and for the complete length of the scheduled set (i.e. no partial set period substitution allowed). Any such substitution shall not, however, relieve **Licensee** of the rent, lost rent charge and/or contract damage obligations as contained in this **Agreement** if the substitute entertainer fails to pay any of those fees due as a result of the substitute's lease obligations. Licensor may assign **Licensor's** rights and obligations here under, but may not in doing so otherwise affect **Licencee's** License/Lease of the **Premises**.

## 6. NON-EXCLUSIVITY

**Licensee's** obligations under this **Agreement** are nonexclusive, meaning that **Licensee** is free to perform **Licensee's** entertainment activities at other businesses or at locations other than at the **Club's Premises** unless such activities would unreasonably interfere with **Licensee's** contractual obligations to **Licensor** pursuant to this **Agreement.**

## 7. PERMITTED USES/USE OF PREMISES

This License shall be limited to **Licensee's** use and occupancy of the **Club** as an entertainer/dancer and **Licensee** shall be entitled to perform entertainment services at the **Club**. **Licensee** shall not use or occupy the **Club** or act or fail to act in any way which would constitute an event of default by **Licensee** under this **Agreement** or otherwise be in violation of applicable law.

**Licensee** agrees to:

A.    Perform clothed, semi-nude ( i. e. "topless") or nude (whichever is permitted by law) erotic, expressive dance entertainment at the **Premises** (but only in the manner and attire allowed under applicable law);

B.    Obtain, keep in full force and effect, and have in **Licensee's** possession at all times while **Licensee** is on the **Premises** and available for inspection as may be required by law, any and all required licenses and/or permits and provide the **Club** with all necessary, current and accurate information about the **Licensee** required by law for the **Club** to maintain. The failure of **Licensee** to maintain current and in **Licensee's** possession a required license and/or permit shall not relieve **Licensee** of **Licensee's** rent obligations as provided for in this **Agreement**;

C.    Not violate any federal, state, or local laws or governmental regulations. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

D.    Become knowledgeable of all laws and governmental regulations that apply to **Licensee's** conduct while on the **Premises** and comply therewith including in particular, all regulations and laws related to businesses that provide alcoholic beverages, businesses that are defined as sexually oriented businesses and the Texas Penal Code. **Licensee** acknowledges, understands, and agrees that any conduct by **Licensee** which is in violation of any such laws or regulations is beyond the scope of **Licensee's** authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

E.    Maintain accurate daily records of all income, including tips, earned while performing on the **Premises,** in accordance with all federal, state, and local taxation laws and this **Agreement** and be solely responsible for the timely payment of all taxes owed on income earned in the operation of her business;

Licensee's Initials

Page **3** of 14

V 4.0 (31 December 2018)

F.  Pay for any damages **Licensee** intentionally causes to the **Premises** and/or to any of the **Club's** personal property, furniture, fixtures, inventory, stock and/or equipment, normal wear and tear excepted; and

G.  Conduct herself in a professional manner consistent with normal civil decorum, decency, appearance and etiquette in dealings inside the Premises and with customers and other independent contractors and employees therein. **Licensee** acknowledges, understands and agrees that any conduct by **Licensee** which is in violation of any such conduct requirements is beyond the scope of **Licensee**'s authority pursuant to this **Agreement,** and constitutes a material breach of the terms of this **Agreement**;

**Licensee** may promote or otherwise advertise her performances at the Club, but **Licensee** shall not use the name, logo, trademarks, service marks of **Licensor** without prior written authorization of the **Licensor.**

## 8. NATURE OF PERFORMANCE

So long as the Licensee's services and performances are consistent with her contractual and legal obligations as set forth in paragraph 7, the **Club** has no right to direct or control the nature, content, character, manner or means of **Licensee's** entertainment services or of **Licensee's** performances.

EXCEPT AS MAY IN WRITING BE SPECIFICALLY RELEASED, WAIVED OR TRANSFERRED, SO LONG AS THE RELATIONSHIP BETWEEN **LICENSEE** AND THE **CLUB** IS THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE, **LICENSEE** SHALL OWN AND RETAIN ALL INTELLECTUAL PROPERTY RIGHTS OF **LICENSEE'S** ENTERTAINMENT PERFORMANCES, INCLUDING BUT NOT LIMITED TO ALL COPYRIGHTS AND RIGHTS OF PUBLICITY. ALL OF THESE RIGHTS BECOME THE PROPERTY OF THE **CLUB,** HOWEVER, IF THE RELATIONSHIP IS EVER CHANGED TO THAT OF EMPLOYER AND EMPLOYEE.

## 9. COSTUMES

**Licensee** shall supply all of **Licensee's** own costumes and wearing apparel, which must comply with all applicable laws. So long as they are consistent with Licensee's contractual and legal obligations as set forth in paragraph 7, the **Club** shall not control in any way the choice of costumes and/or wearing apparel made by **Licensee.**

## 10. NATURE OF BUSINESS

**Licensee** understands: 1) That the nature of the business operated at the **Premises** is that of adult entertainment; 2) that **Licensee** may be subjected to either full or partial nudity and explicit language; and 3) that **Licensee** may be subjected to advances by customers, to depictions or portrayals of a sexual nature, and to similar types of behavior. **Licensee** represents that **Licensee** is not, and will not be, offended by such conduct, depictions, portrayals, and language, and that **Licensee** assumes any and all risks associated with being subjected to these matters.

Licensee's Initials

V 4.0 (31 December 2018)

## 11. PRIVACY

**Licensee** and the Club acknowledge that privacy and personal safety are important concerns to **Licensee.** Accordingly, the **Club** shall not knowingly disclose to any persons who are not associated with the Club, or to any governmental entity, department, or agency, either the legal name of the **Licensee, Licensee'**s address, or telephone number, EXCEPT upon prior written authorization of the **Licensee** or as may be required by law.

## 12. ENTERTAINMENT FEES

Based upon local industry custom and practice and in consultation with entertainers who lease space on the **Premises,** the **Club** shall establish a fixed fee for the price of certain performances engaged in on the **Premises** (referred to as "**Entertainment Fees**"). Currently, the parties agree that the **Entertainment Fee** is that amount as set out in the **Specifications** attachment hereto. **Licensee** agrees not to charge a customer more or less than the fixed price for any such performance unless the **Licensee** notifies the **Club** in writing of any charges to **Licensee's** customers of a higher or lower amount. The Licensor represents that the **Entertainment Fees** shall be competitive with fees charged at competitor establishments.   Nothing contained in this **Agreement,** however, shall limit **Licensee** from receiving "tips" and/or gratuities over-and-above the established price for such performances. The **Licensee** specifically acknowledges that the **Entertainment Fees** attributable to personal dances (i.e., "table dances") or private or semi-private performances are a non-discretionary mandatory service charge to the customers and are not tips or gratuities to the **Licensee**.   THE PARTIES SPECIFICALLY ACKNOWLEDGE AND AGREE THAT  ENTERTAINMENT FEES ARE NEITHER TIPS NOR GRATUITIES, BUT ARE, RATHER, MANDATORY SERVICE CHARGES TO THE CUSTOMER AS THE PRICE FOR OBTAINING THE SERVICE OF A PERSONAL  ENTERTAINMENT PERFORMANCE

## 13. BUSINESS RELATIONSHIP OF PARTIES

A.    The parties acknowledge that the business relationship created between the **Club** and **Licensee** is that of (a) Licensor/Licensee and (b) landlord/tenant for the joint and non-exclusive leasing of the **Premises** (meaning that other entertainers are also leasing the premises at the same time), and that this relationship is a material (meaning significant) part of this **Agreement.** THE PARTIES SPECIFICALLY DISAVOW ANY EMPLOYMENT RELATIONSHIP BETWEEN THEM, and agree that this **Agreement** shall not be interpreted as creating an employer/employee relationship or any contract for employment. **LICENSEE** UNDERSTANDS  THAT THE **CLUB** WILL NOT PAY **LICENSEE** ANY WAGE (WHETHER  HOURLY  OR  OTHERWISE),  OVERTIME  PAY,  EXPENSES,  OR  OTHER EMPLOYEE-RELATED BENEFITS.

B.    The **Club** and **Licensee** acknowledge that if the relationship between them was that of employer and employee, the **Club** would be required to collect, and would retain, all **Entertainment Fees** paid by customers to **Licensee. LICENSEE** SPECIFICALLY ACKNOWLEDGES AND AGREES THAT IN THE    CIRCUMSTANCE    OF    AN    EMPLOYER/EMPLOYEE    RELATIONSHIP    ALL **ENTERTAINMENT FEES** WOULD BE, BOTH CONTRACTUALLY AND AS A MATTER OF LAW, THE PROPERTY OF THE CLUB AND WOULD NOT BE THE PROPERTY OF **LICENSEE.** THE PARTIES ACKNOWLEDGE THAT  **LICENSEE'S** RIGHT TO OBTAIN AND KEEP **ENTERTAINMENT FEES**  PURSUANT TO THIS **AGREEMENT** IS SPECIFICALLY CONTINGENT AND CONDITIONED UPON THE   BUSINESS RELATIONSHIP OF THE PARTIES BEING THAT OF LICENSOR/LESSOR AND LICENSEE/LESSEE.

Licensee's Initials

Page **5** of 14

V 4.0 (31 December 2018)

C.    The parties additionally acknowledge that were the relationship between them to be that of employer and employee, **Licensee's** employment would be "at will" (meaning **Licensee** could be fired at any time without cause and without prior notice or warning), and that the **Club** would be entitled to control, among other things, **Licensee's:** Work schedule and the hours of work; job responsibilities; physical presentation (such as make-up, hairstyle, etc.); costumes and other wearing apparel; work habits; the selection of **Licensee**'s customers; the nature, content, character, manner and means of **Licensee's** performances; and **Licensee**'s ability to perform at other locations and for other businesses. **Licensee** hereby represents that **Licensee** desires to be able to make all of these choices for **Licensee** and without the control of the **Club**, and the **Club** and **Licensee** agree by the terms of this **Agreement** that all such decisions are exclusively reserved to the control of **Licensee**. LICENSEE FURTHER SPECIFICALLY REPRESENTS THAT **LICENSEE** DOES NOT DESIRE TO PERFORM AS AN EMPLOYEE OF THE **CLUB** SUBJECT TO THE EMPLOYMENT TERMS AND CONDITIONS OUTLINED IN THIS PARAGRAPH 13, BUT, RATHER **LICENSEE** DESIRES TO PERFORM AS A LICENSEE/TENANT CONSISTENT WITH THE OTHER PROVISIONS OF THIS **AGREEMENT**.

D.    If any court, tribunal, or governmental agency determines, or if **Licensee** at any time contends, claims, or asserts, that the relationship between the parties is something other than that of Licensor/Lessor and Licensee/Lessee and that **Licensee** is then entitled to the payment of monies from the **Club** for wages or otherwise, all of the following shall apply:

(i)    In order to comply with applicable tax laws and to assure that the **Club** is not unjustly harmed and that **Licensee** is not unjustly enriched by the parties having financially operated pursuant to the terms of this **Agreement,** the **Club** and **Licensee** agree that **Licensee** shall surrender, reimburse and pay to the **Club**, all **Entertainment Fees** received by **Licensee** at any time **Licensee** performed on the **Premises** - all of which would otherwise have been collected and kept by the **Club** had they not been retained by **Licensee** under the terms of this **Agreement** and **Licensee** shall immediately provide a full accounting to the **Club** of all tip income which **Licensee** received during that time;

(ii)    Any **Entertainment Fees** that **Licensee** refuses to return to the **Club** shall be deemed service charges to the customer and shall be accounted for by the **Club** as such. **Licensee** shall owe the **Club** the amount of such **Entertainment Fees** and as such, the **Club** shall then be entitled to full wage credit for all **Entertainment Fees** retained by **Licensee,** and such withheld fees shall therefore constitute wages paid from the **Club** to **Licensee**. In the event that **Licensee** refuses to return **Entertainment Fees** to the **Club**, the **Club** shall immediately submit to the IRS and applicable state taxing authorities all necessary filings regarding such income consistent with this subparagraph;

(iii)    If despite **Licencee's** express obligation hereunder to maintain accurate records, the **Licensee** is unable or unwilling to provide the **Club** with reliable documentation of all **Entertainment Fees** received by **Licensee** at any time **Licencee** performed on the premises, **Licensee** and the **Club** hereby stipulate and agree that the amount of **Entertainment Fees** received by **Licensee** shall be deemed to be an amount in excess of any minimum hourly wage to which **Licensee** would be entitled as an employee.

(iv)    The relationship of the parties shall immediately convert to an arrangement of employer and employee upon the terms as set forth in this paragraph.

Licensee's Initials

V 4.0 (31 December 2018)

(v)    If at any time **Licensee** believes that, irrespective of the terms of this **Agreement, Licensee** is being treated as an employee by the **Club** or that **Licencee's** relationship with the **Club** is truly that of an employee, **Licensee** shall immediately, but in no event later than three business days thereafter, provide notice to the **Club** in writing of **Licensee**'s demand to be fully treated as an employee consistent with the terms of this paragraph and applicable law, and shall also within the same time period begin reporting all of **Licensee**'s tip income to the **Club** on a daily basis; such tip reporting being required of all tipped employees of the **Club** under the terms of the Internal Revenue Code.

## 14. TAXES

**Licensee** shall be solely responsible for, and shall pay, all federal, state, and local taxes and contributions imposed upon any income earned by **Licensee** while performing on the **Premises** (including but not limited to income taxes and social security obligations). **Licensee** shall indemnify and hold harmless the **Club** from any such taxes. **Licensee** shall keep all required records and supporting proof thereof.

## 15. SCHEDULING OF LEASE DATES

**Licensee** shall select, at least one week in advance, any and all days that **Licensee** desires to lease the **Premises** during the following week, and the **Club** shall make the leased portion of the **Premises** available to **Licensee** during those dates and times, subject only to space availability. Should **Licensee** desire not to perform on the **Premises** at all during any given week, **Licensee** shall give the **Club** notice of this at least one week in advance. Once scheduled, neither **Licensee** nor the **Club** shall have the right to cancel or change any scheduled performance dates except as may be agreed to by **Licensee** and the **Club**. For each day that **Licensee** schedules herself to perform, **Licensee** agrees to be on the **Premises,** available to perform, for a minimum number of consecutive hours as stated in the **"SPECIFICATIONS"** section on the last page of this **Agreement** (one "set"). During those weeks that **Licensee** desires to perform, **Licensee** agrees to lease space at the **Premises** for at least the minimum number of sets per week as stated in the **"SPECIFICATIONS"** section of this **Agreement. Licensee** may be permitted to lease space on the **Premises** on days when **Licensee** has not scheduled him or herself to perform, subject to space availability.

If **Licensee** misses an entire scheduled set, **Licensee** shall pay to the **Club** as a lost rent charge, a fee for each set missed as stated in the **"SPECIFICATIONS"** section of this **Agreement,** which is to be paid by **Licensee** to the **Club** no later than by the end of **Licensee**'s next set. If **Licensee** fails to timely commence a scheduled set, **Licensee** shall pay to the **Club** as contract damages $8.00 for each one-half hour missed up to a maximum of the lost rent charge as stated in the **"SPECIFICATIONS"** section of this Agreement, which is to be paid by **Licensee** to the **Club** no later than by the end of that set. All lost rent charges and contract damages stated in this **Agreement** are established in view of the fact that it would be difficult to determine the exact lost rent or damage incurred as a result of certain breaches of the terms of this **Agreement**.

## 16. RENT

**Licensee** agrees to pay rent to the **Club** (referred to as **"set rent"**) in the amounts as stated in the **"SPECIFICATIONS"** section of this Agreement. All **set rent** shall be paid immediately upon or before completion of any set.

Licensee's Initials

V 4.0 (31 December 2018)

## 17. MATERIAL BREACH BY CLUB

The **Club** materially breaches this **Agreement** by:

    A.    Failing to provide to **Licensee** the leased portion of the **Premises** on any day as scheduled by **Licensee;**

    B.    Failing to maintain any and all required and available licenses and/or permits;

    C.    Failing to maintain in full force any and all leases and subleases with the owner of the **Premises;**

    D.    Failing to maintain in full force all utilities services for the **Premises;** and

    E.    Failing to maintain the **Premises** in a safe and orderly manner.

The **Club** shall not be liable for any material breach as set forth in this paragraph due to acts of God, to any other cause beyond the reasonable control of the **Club,** or as a result of the action of any government entity or agency or the interpretation thereby of any law rule or regulation affecting the **Club.**

## 18. MATERIAL BREACH BY LICENSEE

**Licensee** materially breaches this **Agreement** by:

Failing to maintain any and all required licenses and/or permits;

Willfully violating any federal, state, or local law or regulation while on the **Premises;**

Failing to appear for a scheduled set on two or more occasions in any one calendar month without proving a proper substitute as allowed and in the manner provided for herein;

Failing to pay any **set rent** when due;

Failing to timely pay any assessed lost rent charges or contract damages;

Claiming the business relationship with the **Club** as being other than that of a Licensor/Licensee and landlord/tenant;

Violating any public health or safety rules or concerns; or

Violating any of the provisions of this **Agreement.**

## 19. TERMINATION/BREACH /DEFAULT

In the event **Licensee** shall be in default of any obligation to pay money under this **Agreement** or in the event **Licensee** shall be in default of any non-monetary provision of this **Agreement** (including but not limited to violation any Federal, state or local laws or regulations), the **License** granted to **Licensee** herein shall immediately terminate, and **Licensor** shall have the right to the extent permitted by law, to (i) immediately withdraw the permission hereby granted to **Licensee** to use the **Premises;** and (ii) remove all persons and property therefrom, without being deemed to have committed any manner of trespass, assault or false imprisonment. Such remedies shall be in addition to any other rights or remedies **Licensor** may have hereunder or at law or equity.

In the event **Licensor** shall be in default of **Licensor's** obligations hereunder, **Licensee's** sole remedy is to terminate this **Agreement.**

Licensee's Initials

V 4.0 (31 December 2018)

Either party may terminate this **Agreement,** without cause, upon thirty (30) days written notice to the other party. Upon material breach, the non-breaching party may terminate this **Agreement** upon twenty-four (24) hours notice to the other party, or as otherwise may be provided by law. Nothing in this paragraph, however, shall allow **Licensee** to perform on the **Premises** without a valid license or permit, if applicable, or to continue to engage in conduct in violation of any laws, regulations, or public health or safety rules or concerns.

## 20. SEVERABILITY

If any provision of this **Agreement** or the application thereof to any person or circumstance shall, for any reason and to whatever extent, be invalid or unenforceable, the remainder of this **Agreement** and the application of such provision to the other person or circumstance shall not be affected thereby, but rather shall be enforced to the greatest extent permitted by law. In the event that any term, paragraph, subparagraph, or portion of this **Agreement** is declared to be illegal or unenforceable, this **Agreement** shall, to the extent possible, be interpreted as if that provision was not a part of this **Agreement;** it being the intent of the parties that any illegal or unenforceable portion of this **Agreement,** to the extent possible, be severable from this **Agreement** as a whole. Nevertheless, in the circumstance of a judicial, arbitration, or administrative determination that the business relationship between **Licensee** and the **Club** is something other than that of landlord and tenant, the relationship between **Licensee** and the **Club** shall be controlled by the provisions of this **Agreement**.

## 21. GOVERNING LAW

This **Agreement** shall be interpreted pursuant to the laws of the State of Texas

## 22. ARBITRATION/WAIVER OF CLASS AND COLLECTIVE ACTIONS/ATTORNEY FEES AND COSTS

The parties agree that this **Agreement** is subject to binding arbitration pursuant to the Federal Arbitration Act (the "FAA"), and any disputes under this Agreement. as well as any disputes that may have arisen at any time during the relationship between the parties, will be governed and settled by an impartial independent arbitrator appointed by the American Arbitration Association (the "AAA"), Texas branch, and the determination of the arbitrator shall be final and binding (except to the extent there exist grounds for vacation of an award under applicable arbitration statutes). The parties agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to any proceedings commenced under this Section 22. The arbitrator will have no authority to make any ruling, finding or award that does not conform to the terms and conditions of this Agreement. Each party shall bear its own costs in any arbitration. The arbitration provision contained herein shall be self-executing and shall remain in full force after expiration or termination of this **Agreement**. In the event any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against such party by default or otherwise, notwithstanding such failure to appear. The place of arbitration shall be IN THE COUNTY IN TEXAS IN WHICH THE PREMISES IS LOCATED. The arbitrator shall give effect insofar as possible to the desire of the parties hereto that the dispute or controversy be resolved in accordance with good commercial practice and the provisions of this Agreement. To the fullest extent permitted by law, the arbitrator shall apply the commercial arbitration rules of the American Arbitration Association and Title 9 of the U.S. Code, except to the extent that such rules conflict with the provisions of this Section 22 in which event the provisions of this Section 22 shall control.

THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CONTROVERSIES, DISPUTES,OR CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL AT ARBITRATION. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY. THE PARTIES SHALL HAVE THE RIGHT TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARING AND TO CROSS-EXAMINE WITNESSES, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW PURSUANT TO THE FAA. FOR ANY CLAIMS OF THE LICENSEE BASED UPON ANY FEDERAL, STATE OR LOCAL STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY OF ANY PART OF THIS LICENSE, AND ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

Licensee's Initials                                           Page 9 of 14

**LICENSEE UNDERSTANDS AND ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT, HE/SHE SPECIFICALLY WAIVES ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AND IF AT ANY TIME LICENSEE IS DEEMED A MEMBER OF ANY CLASS CREATED BY ANY COURT IN ANY PROCEEDING, SHE WILL "OPT OUT" OF SUCH CLASS AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HER BEHALF LICENSEE SHALL WAIVE HER RIGHTS TO ANY SUCH MONETARY RECOVERY.**

## 23. MISCELLANEOUS

This **Agreement** constitutes the entire understanding of the parties. No representations or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this **Agreement** and the Specification attachment hereto.

No prior oral or written statements, representations, promises and inducements have been made by either of the parties relating to the subject matter hereof which are not embodied in this **Agreement.**

The **Club's** failure to insist on compliance or enforcement of any provision of this **Agreement** shall not affect the validity or enforceability of this **Agreement** or operate or be construed as a waiver of any future enforcement of that provision or any other provision of this **Agreement.**

This **Agreement** may not be modified or amended except in accordance with a writing signed by each of the parties hereto.

Sections/Paragraphs 1,6,11,12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, and 25 shall survive the termination of this **Agreement.**

The headings used in this **Agreement** are used for administrative purposes only and do not constitute substantive matters to be considered in construing the terms of this **Agreement.**

Time is of the essence in the performance of this **Agreement**.

This **Agreement** may be executed in multiple original counterparts, in such event each of which shall be deemed an original, but which together shall constitute one and the same instrument.

Words of any gender used in this **Agreement** shall be held and construed to include any other gender, and words in the singular number shall be held to include the plural and vice versa, unless the context requires otherwise.

If any time period or deadline hereunder expires on a Saturday, Sunday or legal holiday recognized in the State of Texas, the time period or deadlines shall be extended to the first business day thereafter.

The effective date of this **Agreement** shall be upon the date it is signed by all parties.

Nothing herein shall be construed or constitute a partnership or joint venture between the parties hereto.

All parties will do all things reasonably necessary or appropriate to fulfill the terms and conditions of this **Agreement**, including the execution of all necessary documents pertaining thereto.

Licensee's Initials

BECAUSE OF LEGAL RESTRICTIONS, THE **CLUB** WILL NOT ENTER INTO AN **AGREEMENT** WITH A **LICENSEE** WHO IS UNDER THE AGE OF EIGHTEEN (18) AND THIS **AGREEMENT** IS NULL AND VOID IF **LICENSEE** IS NOT OF SUCH AGE. **LICENSEE** SPECIFICALLY REPRESENTS THAT **LICENSEE** IS OF THIS LAWFUL AGE OR OLDER, THAT **LICENSEE** HAS PROVIDED APPROPRIATE IDENTIFICATION VERIFYING **LICENSEE'S** AGE, AND THAT SUCH IDENTIFICATION IS VALID AND AUTHENTIC.

BY SIGNING THIS DOCUMENT, **LICENSEE** REPRESENTS THAT **LICENSEE** HAS RECEIVED A COPY OF, AND HAS FULLY READ THIS **AGREEMENT**; THAT **LICENSEE** UNDERSTANDS, AND AGREES TO BE BOUND BY, ALL OF ITS TERMS; AND THAT **LICENSEE** HAS BEEN PERMITTED TO ASK QUESTIONS REGARDING ITS CONTENTS AND HAS BEEN GIVEN THE OPPORTUNITY TO HAVE IT REVIEWED BY PERSONS OF **LICENSEE'S** CHOICE, INCLUDING ATTORNEYS AND ACCOUNTANTS.

## 24. RELEASE FROM LIABILITY

**Licensee** agrees that **Licensor** shall not be responsible or liable for any damage or injury to any property or to any person or persons at any time on or about the **Premises** arising from any cause whatsoever except **Licensor's** willful misconduct. **Licensee** shall not hold **Licensor** in any way responsible or liable therefore and will indemnify and hold **Licensor** harmless - from and against any and all claims, liabilities, penalties, damages, judgments and expenses (including, without limitation, reasonable attorneys' fees and disbursements) arising from injury to person or property of any nature arising out of **Licensee's** use or occupancy of the **Premises** and also for any other matter arising out of **Licensee's** use or occupancy of the **Premises** including damage or injury caused by **Licensee**.

## 25. CONFIDENTIALITY

**Licensor** and **Licensee** acknowledge that each may come into contact with information in all forms regarding the other's business, clients and clients' businesses. All such information shall be deemed confidential information and shall not be used or communicated by the other at any time for any reason whatsoever.

Licensee's Initials

V 4.0 (31 December 2018)

## 26. NOTICES

Any notices required or permitted to be given to either party under this **Agreement** shall be given to the representative parties at the address written provided in this **Agreement** by hand, by reputable overnight courier (for next business day delivery) or by Certified mail, return receipt requested. Such notices shall be deemed given upon: a) delivery, in the case of hand delivery; b) one business day after mailing in the case of overnight courier, and c) three business days after mailing, in the case of mailing.

**NOTICE: THIS IS A LEGAL CONTRACT. DO NOT SIGN IT UNLESS YOU FULLY UNDERSTAND ALL OF ITS TERMS. IF YOU HAVE ANY QUESTIONS, FEEL FREE TO TALK TO THE CLUB'S GENERAL MANAGER. ANY NEGOTIATED CHANGES TO THIS CONTRACT MUST BE INITIALED BY BOTH PARTIES IN THE MARGINS DIRECTLY NEXT TO THE MODIFICATIONS. WE SUGGEST THAT BEFORE SIGNING THIS CONTRACT, YOU HAVE IT REVIEWED BY AN ATTORNEY, ACCOUNTANT, OR OTHER PERSON OF YOUR CHOICE.**

**AGREED TO AND ACKNOWLEDGED BY:**

Brooke Layton
Licensee (Legal name of Licensee)
Date: 1/3/19
Address: _____
City/State/Zip Code: _____
Phone: _____
E-mail address: _____
Permit Number: _____
(if applicable)

Witness & Authorized Representative of the
Licensor, PT's Mens Club
Date: 1/3/19

Licensee's Initials

V 4.0 (31 December 2018)

TO: ADVENTURE PLUS ENTERPRISES, INC. ("Adventure Plus") d/b/a PT's Mens Club, Dallas, IX: For value received, receipt of which I acknowledge, and with knowledge that you intend to act in reliance hereon, I irrevocably give you, your successors, assignees, licensees and anyone acting with your consent, all right, title and interest, including all copyright and other literary property, commercial and publication rights (i) in and to any and all depictions of my likeness (whether created or issued as stills, motion pictures or on video tape and other media known or unknown at this time) in which I may be included, including any reproductions thereof made in any form or manner, and (ii) my name (whether real or fictitious), my voice, my Signature, performance, likeness and any biographical material pertaining to me. Items (i) and (ii) being collectively described as the "Materials". You have the absolute right and permission to use, reuse, publish, republish, exhibit, display, print, reprint, distribute and copyright in whole or in part any of the Materials, without restriction as to changes, distortions or transformations. The Materials may be used for editorial, advertising, art, promotion, trade or any other lawful purpose whatsoever in any and all media or forms known (including, but not limited to, digital and electronic) or unknown at this time, in perpetuity worldwide and without restrictions.

I hereby waive any right to inspect, approve or object to the Materials or the editorial, visual, advertising copy or the printed material that may be used in conjunction therewith and the use to which such depictions, likeness or reproductions, or any of the foregoing may be applied, and acknowledge that Adventure Plus is under no obligation to utilize the Materials.

I hereby release, discharge and agree to save Adventure Plus, its successors, assignees, licensees or anyone acting with Adventure Plus' consent harmless from any liability by virtue of any blurring, distortion, alteration, optical illusion or use in composite form, whether intentional or otherwise, that may occur or be produced in taking or reproducing the Materials. I AM 18 YEARS* OF AGE OR OVER, AND WAS SO ON THE DATE THE DEPICTIONS OF ME TO WHICH THIS RELEASE APPLIES WERE TAKEN OR HAVE HAD THIS RELEASE SIGNED BY MY PARENT OR GUARDIAN. PLEASE FILL OUT INFORMATION BELOW AS LEGIBLY AS POSSIBLE

Signed: _____  Date: 1/3/19

(Person being photographed)

Social Security#: _____  Name: Brooke Layton

(Please Print)

Address: _____

City/State/Zip: _____

Telephone: _____  Cell Phone: _____

E-mail: _____

State of Residence: Texas

LIST *ALL* OF THE NAMES YOU HAVE EVER USED OR BEEN KNOWN BY:

Maiden Name: _____  Nickname: Stage Name: _____  Alias: _____

Professional Name: Kimber Fox  Any Other Name Ever Used: _____

FRIEND / RELATIVE WHO CAN ALWAYS FIND YOU:

Name: Shirley Moore  How Related: Mother

Address: _____

City/State/Zip _____  ephone: _____

ANY ALTERATION OR ADDITION TO THIS FORM IS NOT VALID UNLESS CONFIRMED IN WRITING BY ADVENTURE PLUS, INC

Licensee's Initials

1  COUNTY OF DALLAS     )

2  STATE  OF  TEXAS     )

3         I, Donna L. Johnston, certified shorthand

4  reporter in and for the State of Texas, do hereby

5  certify that the facts as stated by me in the caption

6  hereto are true; that there came before me the

7  aforementioned named person, who was by me duly sworn to

8  testify the truth concerning the matters in controversy

9  in this cause; and that the examination was reduced to

10  writing by computer transcription under my supervision;

11  that the deposition is a true record of the testimony

12  given by the witness.

13         I further certify that I am neither attorney or

14  counsel for, nor related to or employed by, any of the

15  parties to the action in which this deposition is taken,

16  and further that I am not a relative or employee of any

17  attorney or counsel employed by the parties hereto, or

18  financially interested in the action.

19         Given under my hand and seal of office on this,

20  the 17th day of November, 2021.

21         _Donna Johnston_____
           Donna L. Johnston, Texas CSR 6115
22         Expiration Date 04-30-2022
           DEPOSITION REPORTING SERVICES
23         6309 Preston Road, Suite 1300
           Plano, Texas 75024
24         214-202-6237
           dljcsr6115@gmail.com
25

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated,<br>　　　　*Plaintiff,*<br><br>v.<br><br>MAINSTAGE MANAGEMENT, INC.,<br>NICK'S MAINSTAGE, INC. – DALLAS<br>PT'S d/b/a PT'S MEN'S CLUB and<br>NICK MEHMETI,<br>　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:21-cv-01636-N<br><br>COLLECTIVE ACTION<br>JURY DEMANDED |

## **PLAINTIFF'S NOTICE OF OPT-IN**

Plaintiff Brooke Layton, ("Plaintiff"), named plaintiff herein, by and through her undersigned counsel, hereby gives notice of the attached "Consent to Sue" form with respect to the following person(s):

- Ashlynn Shipley

Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**



EXHIBIT
C

 _/s/ Leigh S. Montgomery_
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh S. Montgomery
Texas Bar No. 24052214
1105 Milford Street
Houston, Texas 77006
Office: (713) 322-6387
Facsimile: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

AND

MarkA.Alexander
**MARK A. ALEXANDER, P.C.**
Texas Bar No. 01007500
5080 Spectrum, Suite 850E
Addison,TX 75001
Phone: (972)544-6968
Fax: (972)421-1500
mark@markalexanderlaw.com

***Attorneys for Plaintiff & Counter-Defendant
Brooke Layton***

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on September 30, 2021, a copy of the foregoing document was electronically served on the following counsel of record, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas.

Latrice E. Andrews
Sheils Winnubst
1100 Atrium II
1701 N. Collins Blvd
Richardson, Texas 75080
Tel: (972) 644-8181
Facsimile: (972) 644-8180
latrice@sheilswinnubst.com

Roger E. Albright
Roger Albright, LP
Of Counsel to:
Sheils Winnubst PC
1100 Atrium II
1701 N. Collins Blvd
Richardson, Texas 75080
Tel: (972) 644-8181
Facsimile: (972) 644-8180
roger@shielswinnubst.com

ATTORNEYS FOR DEFENDANTS

_/s/ Leigh S. Montgomery_
Leigh S. Montgomery



John P. Kristensen
Jesenia A. Martinez

ATTORNEYS FOR PLAINTIFFS

## CONSENT FORM FOR WAGE CLAIM

Printed Name: **Ashlynn Shipley**

*Brooke Layton v. Maintstage Management, Inc.,*
*Nick's Mainstage, Inc.-Dallas PT's d/b/a PT Men's Club and Nick Mehmeti*

*U.S. District Court for the Northern District of Texas, Dallas Division*
*Case No.: 3:21-cv-01636-N*

1.　　I consent and agree to be represented by Kristensen LLP and Ellzey & Associates, PLLC and to pursue my claims of unpaid overtime and/or minimum wage and/or improper Tip Pooling through the lawsuit filed against my employer, PT Men's Club, under the Fair Labor Standards Act and/or applicable state laws.

2.　　I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. I agree to serve as the class representative if the court approves. If someone else serves as the class representative, then I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiff's counsel concerning attorney's fees and costs, and all other matters pertaining to this Lawsuit.

3.　　If my consent form is stricken or if I am for any reason not allowed to participate in this case, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) *ashlynn shipley*
ashlynn shipley (Sep 29, 2021 16:51 CDT)
**Ashlynn Shipley**

(Date Signed) Sep 29, 2021

12540 Beatrice Street | Suite 200 | Los Angeles, CA 90066 **T** 310 507 7924 | **F** 310 507 7906

**EXHIBIT 1**

APPX 85