IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all others similarly situated, | § § § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| Plaintiff, | § § | |
| vs. | § § | |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT'S MENS CLUB and NICK MEHMETI, | § § § § § | COLLECTIVE ACTION JURY TRIAL DEMANDED |
| Defendants. | § § | |

APPENDIX IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL

COME NOW, COME NOW, MAINSTAGE MANAGEMENT, INC.,NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT MEN'S CLUB and NICK MEHMETI (collectively, the "Defendants") and file this, their Appendix in Support of Defendants' Motion to Compel (the "Appendix") and incorporates the same by reference as if fully set forth herein:

| Exhibit | Description | APPX |
|---|---|---|
| A | Defendants' Discovery Requests to Plaintiff Layton | APPX 1-32 |
| B | Plaintiff Layton's Discovery Objections and Responses | APPX 33-58 |
| C | Comments Regarding Issues with Plaintiff Layton Discovery Responses | APPX 59-103 |
| D | Discovery Requests to Plaintiff Shipley | APPX 104-135 |
| E | Plaintiff Shipley's Discovery Objections and Responses | APPX 136-176 |

| F | Envelope Showing Date of Mailing of Plaintiff Layton's Discovery Responses | APPX 177-178 |
| G | USPS Tracking Information Showing Creation of Mailing on October 19, 2021 | APPX 179-180 |

Respectfully submitted,

SHEILS WINNUBST
A Professional Corporation

By:  */s/ Latrice E. Andrews*
     Latrice E. Andrews
     State Bar No. 24063984

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*latrice@sheilswinnubst.com*

AND

LAW OFFICES OF ROGER ALBRIGHT, LLC
  Of Counsel to:
SHEILS WINNUBST, PC


By:  */s/ Roger Albright*
     Roger Albright
     State Bar No. 00974580

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*roger@sheilswinnubst.com*

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2022, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT MEN'S CLUB and NICK MEHMETI, | § § § § | COLLECTIVE ACTION JURY TRIAL DEMANDED |
| Defendants. | § § § | |

---

## DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

---

TO:   Claimant, BROOKE LAYTON , individually and on behalf of those similarly situated, by and through her attorneys of record, Jarrett L. Ellzey and Leigh Montgomery, Ellzey & Associates, PLLC, 1105 Milford Street, Houston, Texas 77006 via email.

Pursuant to Rule 33, Rule 34 and Rule 36 of the Federal Rules of Civil Procedure, Defendant, MAINSTAGE MANAGEMENT, INC., by its undersigned counsel, requests that Plaintiff answer the following interrogatories, production requests and requests for admissions (the "Discovery Requests"). Defendant further requesst that Plaintiff answer the interrogatories under oath. All responses to the Discovery Requests must be served upon Defendant, by service upon Defendant's undesigned counsel, within thirty (30) days pursuant to the Federal Rules of Civil Procedure.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                        Page 1

**EXHIBIT**
**A**

APPX1

Respectfully submitted,

SHEILS WINNUBST
A Professional Corporation

By:    */s/ Latrice E. Andrews*
       Latrice E. Andrews
       State Bar No. 24063984

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas  75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*latrice@sheilswinnubst.com*
ATTORNEYS FOR DEFENDANTS

AND

ROGER ALBRIGHT, LP
Of Counsel to:
SHEILS WINNUBST, PC

By:    */s/ Roger Albright*
       Roger Albright
       State Bar No. 00974580

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas  75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*roger@sheilswinnubst.com*
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's First Set of Discovery Requests was served upon Counsel for Plaintiff, Jarrett L. Ellzey and Leigh Montgomery, Ellzey & Associates, PLLC, 1105 Milford Street, Houston, Texas 77006, via certified mail, return receipt requested, on this 13th day of September, 2021.

                               */s/ Latrice E. Andrews*
                               Latrice E. Andrews

APPX2

## I. INSTRUCTIONS

1.     Please be advised that if any facts, asked about specifically or through the use of defined words, are omitted from your answers, or if you fail to supplement your answers as required by the *Federal Rules of Civil Procedure*, the proponent of these Discovery Requests may regard such omission as intentional and may request action by the Court and there may be consequences by operation of law (*i.e.* deemed admissions).

2.     In the event a word or phrase is considered ambiguous, and is defined neither herein, nor under applicable law, answer the Discovery Request by applying the common language usage of such word or phrase and define the applied common language usage.

3.     To the extent that you believe that any of the following Discovery Requests to be objectionable, answer so much of each Discovery Request and each part thereof as is not, in your view, objectionable, and separately state so much of that part of each interrogatory, request for admission, or request for production as to which you raise objection and each ground of each such objection.

4.     In answering these Discovery Request, you are required to set out each responsive fact, circumstance, act, omission, or course of conduct, whether or not admissible in evidence at trial, known to you and about which you have information which is, or will be, the basis for any contentions related to this Case.

5.     If you are unable to answer any Discovery Request completely, so state, and to the extent possible, set forth the reasons for your inability to answer more fully, and state whatever knowledge or information you have concerning the unanswered portion.

6.     Each Discovery Request is addressed to your personal knowledge and information, as well as the knowledge and information of your attorneys, investigators, agents, employees, or other representatives.

7.     Unless otherwise specified, if your response in regard to a portion of the time period addressed in any Discovery Request differs from your response in regard to another portion of such period, provide a response for each such portion and indicate the period of time which each response relates.

8.     Identify any reference to a non-natural person to include the legal predecessors of such non-natural person.

9.     When a Discovery Request asks you to "describe" or "identify" a document, provide the following information with respect to each such document:

   (a)     Date appearing on such document; or if it has no date, so state and give the date or approximate date such document as prepared, produced, created, or came into being;

   (b)     Any identifying or descriptive code number, file number, title or label of such document;

   (c)     The general nature or description of such document;

   (d)     The name of the person(s) who signed, authored, produced, or created such document;

   (e)     The name of the person(s) who prepared such document if different from the name provided under (d) of this instruction;

---

      (f)      The name of the person(s) to whom such document was addressed and the name of each such person other than the addressee to whom such document, or copy or reproduction thereof, was given or sent;

      (g)     The name of the person or entity having present possession, custody and/or control of such document;

      (h)     The present location of such document;

      (I)      If such document was, but is no longer in your possession or control, state what disposition was made of such document, the reason for such disposition, and the date thereof;

      (j)      Whether or not any draft, copy or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subparts (a) through (I).

10.     Rules of construction applicable in reading the following interrogatories, requests for production and requests for admission are as follows:

      (a)      The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "-ing,", "-ed," etc.) shall be construed to include each other.

      (b)      The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

      (c)      The word "each" shall be construed to include "every" and vice versa.

      (d)      The word "any" shall be construed to include "all" and vice versa.

      (e)      The present tense shall be construed to include the past tense and vice versa.

      (f)      The masculine shall be construed to include the feminine and vice versa.

      (g)     The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

      (h)     The word "including" shall have its ordinary meaning and shall mean "including, but not limited to" and shall not indicate limitation to the examples or items mentioned.

      (I)      The phrase "reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

      (j)      The phrase "to present" means to date on which you respond to these interrogatories and requests.

## II. DEFINITIONS

The words which are defined below will have the meanings indicated below and each time such words are used in these Discovery Requests you will be charged with knowledge of such definitions in answering. In each case, your answers should respond to all elements or questions included in such defined words.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS          Page 4

Unless conclusively negated by the context of the question, the following are to be considered applicable to all discovery requests contained in this pleading:

1.    **"Club":** Nick's Mainstage, Inc. - Dallas-PTs, is a Texas corporation, doing business in Dallas County, Texas as PT's MENS CLUB and a named Defendant in this Case.

2.    **"Case":** Refers to the matter pending with the Northern District of Texas, styled, *Brooke Layton vs Mainstage Management, Inc., Nick's Mainstage, Inc.-Dallas PT's d/b/aPT's Mens Club and Nick Mehmeti; Civil Action  No. 3:21-cv-01636-N*

3.    **"Claim":** Refers to the allegations against the Defendants in the Case and set forth in the Original Complaint filed in the Case, inclusive of any amendments.

4.    **"Document(s)":** All "writings," "recordings, and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all transcripts, correspondence, internal memoranda, notes of meetings, telegrams, telexes, email communications, text messages, social media postings, social media direct messages, snapchat communications, facsimiles, electronic mail, reports, or notes of telephone conversations, notebooks, diaries, minutes, tests, reports, analyses, studies, bank or financial statements, maps, testimony, speeches, worksheets, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

5.    **"Person(s)":** Includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions,  department  branches,  and  other  units thereof or any combination thereof.  Any  reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

6.    **"Privileged Information":** Information protected by the attorney-client privilege, work product privilege or any other applicable and valid privilege recognized under federal law.

7.    **"Retainer Agreement":** Any agreement, contract, or instrument that sets forth in writing the terms and conditions of the attorney-client relationship between BROOKE LAYTON and her Counsel of Record, including but not limited to, terms and conditions regarding fees.

8.    **"You," "Your," "Plaintiff,":** BROOKE LAYTON, the named Plaintiff in this Case, as well as the agents, representatives, attorneys, and all other persons acting or purporting to act on behalf of BROOKE LAYTON.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                              Page 5

9.    **<u>"Relevant Period"</u>:** means the period of time beginning three years before the filing of the Original Complaint in this Case through present, unless otherwise defined.

10.    **<u>"Rules"</u>:** means and includes the ways in which Defendants "exercised significant control over [you] during [your] shifts" and the "work rules" referenced in the Original Complaint, including any and all forms of direction, supervision, expectations, requirements, regulations, protocols, policies, dictates, or conditions, *etc.*, that you claim Defendants required you to follow.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you signed an Independent Contractor Checklist with the Club on January 3, 2019.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**

Admit that you signed an Independent Contractor Agreement with the Club on January 3, 2019.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Exhibit attached to the Declaration of Nick Mehmeti [Doc. 7-1] on file in this case is a true and correct copy of the Licensing Agreement.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**

Admit that you consented to a Criminal History Record being provided to the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**

Admit that you went to Bio-Verify Inc. on July 7, 2018, to have a criminal history record search performed.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

Admit that you began to perform at the Club on July 7, 2018.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not perform at the Club after 2019.

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 7

RESPONSE:

**REQUEST FOR ADMISSION NO. 8**

Admit that you were required to sign-in upon arriving at the Club to perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**

Admit that you received payment from patrons or customers of the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 10:**

Admit that you did not have a set schedule at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 11:**

Admit that you purchased costumes and attire to perform your services at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12:**

Admit that you created your own choreography for your performances at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13:**

Admit that you determined what days you would work at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14:**

Admit that you did not pay the Club any portion of the income you received from the patrons or customers of the Club.

RESPONSE:

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 8

**REQUEST FOR ADMISSION NO. 15:**

Admit that you received income related to your services at the Club.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not expect to paid by the Club for your services.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 17:**

Admit that you agreed to be an independent contractor for the Club.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 18:**

Admit that you had a skill of dancing.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 19:**

Admit that you practiced dancing for your performance.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 20:**

Admit that you trained to perform your dances at the Club.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 21:**

Admit that you had a stage name.

　　　RESPONSE:

**REQUEST FOR ADMISSION NO. 22:**

Admit that you market your performances on social media sites such as Facebook and Instagram.

RESPONSE:

**REQUEST FOR ADMISSION NO. 23:**

Admit that you advertise your performances.

RESPONSE:

**REQUEST FOR ADMISSION NO. 24:**

Admit that you have sources of income related to dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 25:**

Admit that you use social media (such as Facebook or Instagram) to make money related to your dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 26:**

Admit that you provide private events and performances related to your exotic dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 27:**

Admit or deny that you never worked in excess of forty (40) hours in a workweek during your time as a performer at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 28:**

Admit or deny that no one with the Club ever instructed you what days of the week you were required to perform.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                           Page 10

**REQUEST FOR ADMISSION NO. 29:**

Admit or deny that no one with the Club ever instructed you what days of the week you were <u>not</u> allowed to perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 30:**

Admit or deny that no one with the Club ever instructed you what hours of the day you were required perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 31:**

Admit or deny that no one with the Club ever instructed you what hours of the day you were <u>not</u> allowed to perform.

RESPONSE**:**

**REQUEST FOR ADMISSION NO. 32:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 4.

RESPONSE:

**REQUEST FOR ADMISSION NO. 33:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 5.
RESPONSE:

**REQUEST FOR ADMISSION NO. 34:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 3.

RESPONSE:

---

**REQUEST FOR ADMISSION NO. 35:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 8.

      RESPONSE:

**REQUEST FOR ADMISSION NO. 36:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 7.

      RESPONSE:

**REQUEST FOR ADMISSION NO. 37:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 9.

      RESPONSE:

**REQUEST FOR ADMISSION NO. 38:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 10.

      RESPONSE:

**REQUEST FOR ADMISSION NO. 39:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 11.

      RESPONSE:

**REQUEST FOR ADMISSION NO. 40:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 12.

      RESPONSE:

---

**REQUEST FOR ADMISSION NO. 41:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 13.

RESPONSE:

**REQUEST FOR ADMISSION NO. 42:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 18.

RESPONSE:

**REQUEST FOR ADMISSION NO. 43:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 19.

RESPONSE:

**REQUEST FOR ADMISSION NO. 44:**

Admit or deny that you reported to the Club all income you received during the Relevant Period.

RESPONSE:

**REQUEST FOR ADMISSION NO. 45:**

Admit that you never received any share of money from the Club's receipt of cover charges.

RESPONSE:

**REQUEST FOR ADMISSION NO. 46:**

Admit that you never received any share of money from the Club's sales of food.

RESPONSE:

**REQUEST FOR ADMISSION NO. 47:**

Admit that you never received any share of money from the Club's sales of alcohol.

RESPONSE:

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                    Page 13

**REQUEST FOR ADMISSION NO. 48:**

Admit that the amount of your income increased when the Club ran advertising.

RESPONSE:

**REQUEST FOR ADMISSION NO. 49:**

Admit that the amount of your income increased when the Club ran promotions.

RESPONSE:

**REQUEST FOR ADMISSION NO. 50:**

Admit that the amount of your income increased depending on the Club's choice of decor.

RESPONSE:

**REQUEST FOR ADMISSION NO. 51:**

Admit that you  asked the Club's DJs to have certain music played during your work.

RESPONSE:

**REQUEST FOR ADMISSION NO. 52:**

Admit or deny there was a maximum amount you could charge for a lap dance.

RESPONSE:

**REQUEST FOR ADMISSION NO. 53:**

Admit or deny there was a minimum amount you could charge for a lap dance.

RESPONSE:

**REQUEST FOR ADMISSION NO. 54:**

Admit or deny that Respondents told you what kind of attire you were required to wear.

RESPONSE:

**REQUEST FOR ADMISSION NO. 55:**

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                      Page 14

Admit that Respondents never purchased any kind of clothing, apparel, or beauty products for you.

RESPONSE:

**REQUEST FOR ADMISSION NO. 56:**

Admit that your physical appearance affected your opportunity to make a profit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 57:**

Admit or deny that exotic dancers are integral to Respondents' business.

RESPONSE:

**REQUEST FOR ADMISSION NO. 58:**

Admit or deny that you rendered services to the public.

RESPONSE:

**REQUEST FOR ADMISSION NO. 59:**

Admit or deny that customers paid money to the Club for each lap dance you performed.

RESPONSE:

**REQUEST FOR ADMISSION NO. 60:**

Admit or deny that no one with the Club prevented you from performing at other gentlemen's clubs during the Relevant Period.

RESPONSE:

**REQUEST FOR ADMISSION NO. 61:**

Admit or deny that you used skill in the performance of the work you described in your answer to Interrogatory No. 4.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 15

**REQUEST FOR ADMISSION NO. 62:**

Admit that you exercised initiative in the performance of the work you described in your answer to Interrogatory No. 4.

RESPONSE:

**REQUEST FOR ADMISSION NO. 63:**

Admit or deny that you filed a tax return for tax year 2018.

RESPONSE:

**REQUEST FOR ADMISSION NO. 64:**

Admit or deny that you filed a tax return in 2019.

RESPONSE:

**REQUEST FOR ADMISSION NO. 65:**

Admit or deny that you are responsible for reimbursing your attorneys for all out-of-pocket expenses in connection with this matter.

RESPONSE:

**REQUEST FOR ADMISSION NO. 66:**

Admit or deny that Claimant's cell phone had location services activated during the time she alleges to have performed at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 67:**

Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the Rules she identified in answer to her interrogatories during the Relevant Period.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                      Page 16

## **REQUEST FOR ADMISSION NO. 68:**

Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the subject matter of the Complaint during the Relevant Period.

RESPONSE:

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories.

    RESPONSE:

### INTERROGATORY NO. 2:

Describe your work or employment history during the Relevant Period. In setting forth your answer, (i) identify the names and locations for each business where you have worked, (ii) your job title and classification (*e.g.*, independent contractor, employee, owner, *etc.*), (iii) your pay structure (*e.g.*, hourly, salaried, commission, tipped), (iv) the beginning and end dates of your work or employment relationship with such businesses, and (v) the reason for leaving each such employment or work relationships. The scope of this interrogatory includes the Club, as well as any other adult cabarets or establishments similar to the Club where you have performed as an exotic dancer or entertainer.

    RESPONSE:

### INTERROGATORY NO. 3:

Describe the (i) work you engaged in at the Club during the Relevant Period, (ii) the principal activities of the work, (iii) describe how those activities were integral and indispensable parts of the work, (iv) identify for whose benefit you supplied your labor or services, and (v) each date you worked and the times your worked at the Club.

    RESPONSE:

### INTERROGATORY NO. 4:

Describe all work or activities you allege to have engaged in at the Club before commencement and/or after completion of the work or activities you described in response to Interrogatory No. 4 for which you seek compensation, if any.

    RESPONSE:

### INTERROGATORY NO. 5:

With regard to the work or activities set forth in your answers in Interrogatory Nos. 4 and 5, explain, identify, or quantify how much time you engaged in the work or activities on average each day.

---

RESPONSE:

**INTERROGATORY NO. 6:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to the work activities set forth in your answers to Interrogatory No. 4 and/or 5 (by way of example only, Rules concerning your behavior, appearance, attire, scheduling, performance or any other means, manner or methods of your work). In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 7:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to your reporting, remittance, and/or retention of Dance Fees, if any. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 8:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to monetary 'penalties,' 'kickbacks,' 'fees' and/or 'fines' that you claim to have paid. In your answer, (i) describe how you learned about these Rules, including identification fo the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 9:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to 'sharing' or 'splitting' your Dance Fees with any personnel who you associated with the Club. In your answer, (i) describe how you learned about these Rules, including identification fo the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and

circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 10:**

Describe the items or services that you contend were necessary to perform your work at the Club, *e.g.*, facilities, goods, equipment, tools, personnel, processes, *etc*. In your answer, (i) describe the basis for your contention that those items or services were necessary to perform your work, (ii) any Rules concerning or relating to those items or services, (iii) the cost of those items or services, and (iv) identify who bore the costs of those items or services.

RESPONSE:

**INTERROGATORY NO. 11:**

Describe whether Respondents imposed any alleged Rules on you that you contend affected your ability to work at any other similar commercial establishments or elsewhere. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 12:**

Describe whether Respondents imposed any alleged Rules on you that you contend affected your ability or desire to promote, advertise, or market the work you described in Interrogatory No. 4. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 13:**

 If you contend that the Club's operational control, *e.g.*, control over maintenance of facilities, business hours, aesthetics, inventory of beverages or food, advertising, marketing, promotions, location, *etc.*, affected your opportunity to earn or lose money from your work, describe the facts and communications on which you base your contention.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 20

RESPONSE:

**INTERROGATORY NO. 14:**

Do you have accurate records or reliable documentation of the Entertainer Fees (as defined in the Licensing Agreement attached to your Arbitration Demand as Exhibit 1) you received while providing services or performing at the Club?

RESPONSE:

**INTERROGATORY NO. 15:**

Describe any and all communications between you and either Respondent regarding your claims in this Case, providing the dates, times persons involved and substance of the communications.

RESPONSE:

**INTERROGATORY NO. 16:**

If you contend that any of the Respondents bear liability to you under a "joint employer' or similar theory of vicarious liability, please describe the factual and legal basis for your contentions as to each named Defendant.

RESPONSE:

**INTERROGATORY NO. 17:**

Provide the method of calculation and amount you claim is due and owing to you by the Club as wages, overtime, or any other amounts due.

RESPONSE:

**INTERROGATORY NO. 18:**

Describe and quantify (i) the hours and days per workweek that you claim to have performed at the Club during the Relevant Period (*e.g.*, #hours on # days between July 15, 2018 - July 15, 2021 (ii) identify each date and number of hours on each such date performed at the Club, and (iii) identify any and all documents, methods, or sources of information you relied upon or referred to in providing your answer.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 21

**INTERROGATORY NO. 19:**

Describe (i) whether you had a fixed workweek at the Club and how that workweek was established, (ii) identify the workweeks in which you claim to have worked in excess of forty (40) hours, and (iii) and quantify how many hours in excess of 40 you claimed to have worked in those workweeks (*e.g.*, # total overtime hours) July 15, 2018 - July 15, 2021.

RESPONSE:

**INTERROGATORY NO. 20:**

Identify all usernames, hashtags, screennames, and/or handles you have used or created on any social media platform - including but not limited to Facebook, Twitter, WhatsApp, Tumblr, Instagram, Messenger, SnapChat, TikTok, blogs, *etc.* - during the Relevant Period through which you have communicated with anyone employed by or affiliated with the Club about your work or activities at the Club, the subject matter of this Case, or any Rules.

RESPONSE:

**INTERROGATORY NO. 21:**

If you contend the Club is engaged in interstate commerce, please describe the legal and factual basis for your contention.

RESPONSE:

**INTERROGATORY NO. 22:**

If you contend Respondents acted willfully in violating th Fair Labor Standards Act, describe the legal and factual basis for such contentions.

RESPONSE:

**INTERROGATORY NO. 23:**

If you contend you are entitled to attorney's fees and costs, please describe the legal and factual basis for such contention, inclusive of the amount and basis of calculation.

RESPONSE:

**INTERROGATORY NO. 24:**

State each of the dates and times you worked at the Club July 15, 2018 to July 15, 2021.

---

RESPONSE:

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Claimant's identification, driver's license, passport and other identifying document issued by the United States government or the government of any state of the United States.

    RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

All W-2 forms, 1099 forms, bank statements and other income reporting forms that evidence your income from the Club or any other person from whom your worked or provided services during the Relevant Period.

    RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All U.S. individual tax returns (Form 1040) and accompanying schedules and documents used in connection with the preparation of such returns for the Relevant Period.

    RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

All documents pertaining to all income, distributions, wages, salaries, tips, commissions, earnings, monies, compensations, dividends, bonuses, royalties and remunerations in any other form received by you during the Relevant Period.

    RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

All documents evidencing your rate of pay, including any changes thereto, during the period of your alleged employment during the Relevant Period.

    RESPONSE:

### REQUEST FOR PRODUCTION NO. 6:

All payroll statements, cleared checks, receipts, deposits, statements and pay stubs that evidence your earnings during the Relevant Period.

---

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**

All documents indicating or relating to your work schedule hours at the Club, including any changes thereto.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**

All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes memoranda, journals, or calendars, or other written logs reflecting your daily routine, location, and activities during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:**

All documents indicating or relating to your tardiness, attendance, unavailability and/or absences from the Club during the Relevant Period, including but not limited to medical, travel or other absences and emails or phone records to notify the Club of your tardiness, absence or unavailability.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including representation agreements, fee agreements, contracts, invoices and billing statements, evidencing the contractual relationship with attorneys, experts, and/or investigators in connection with this Case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**

Any and all payments, advances, or loans received in relation to pursuing or filing this Case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

All letters and correspondence, including electronic writings (e.g., e-mail), that constitute or contain matters relevant to the subject matter of this Case, excluding any privileged communications.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 25

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents pertaining to checking accounts, savings accounts, certificates of deposit and other accounts in any bank, savings and loan association or other financial institution, inclusive of CashApp, PayPal, Venmo, Zelle, Coinbase, and similar financial facilities, which stand in your name alone, individually or as trustee, or which are subject to withdrawal or control by you, or in which you claim or have claimed an interest, for the Relevant Period including but not limited to deposit slips, canceled checks, withdrawal slips, statements of account, passbooks and certificates of deposit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

Any contract of employment between you and the Club.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to the work you performed for the Club regarding, referring to or related to:

        a.      Overtime compensation;
        b.      Christmas or other bonuses;
        c.      Deferred compensation;
        d.      Business expenses paid by employer;
        e.      Other receipts arising out of employment;
        f.      Advances or loans;
        g.      Vacation and sick-leave benefits; and,
        h.      Severance pay.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting on your credibility as a witness, including records of arrests, convictions, and sentencing for crimes involving theft, fraud, or moral turpitude at any time since 2011.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                        Page 26

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of all documents that support your contention that the Club is engaged in interstate commerce.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 18:**

Legal actions, including demand letters, claim forms, arbitration demands, settlement offers and agreements, lawsuits, administrative proceedings, court proceedings and/or arbitrations in which you are or were a party from 2015 to present.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting your employment history from 2010 to date.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting your educational background and training, including but not limited to diplomas, degrees, certificates, licenses, and transcripts.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications with the individually named Defendants during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents evidencing any income received directly from or related to the performance of services at the Club during the Relevant Time Period.

    <u>RESPONSE:</u>

---

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents evidencing the hours you allegedly worked per week at the Club during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the days, hours, weeks, or months that she claims to have worked at the Club. This request includes, but is not limited to, calendar, notes, posting on social media, diary entries, bank statements or other similar documentation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she earned in connection with her work as an exotic dancer at the Club, *e.g.*, wages, fees, 'tips,' 'gratuities' or service charges. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she claims to have been required to pay according to any Rules at the Club. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

Produce copies of Claimant's federal and state income tax returns for all tax years during the Relevant Period. *See Carrell v. Sunland Const., Inc.,* 998 F.2d 330, 334 (5th Cir. 1993) (5th Cir. 1993). Please redact all sensitive information such as social security numbers.

RESPONSE:

---

**REQUEST FOR PRODUCTION NO. 28:**

Produce any sworn or unsworn statements in Claimant's possession, custody or control from individuals containing any information concerning or related to the claims asserted in the Original Complaint filed in the Case.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 29:**

If Claimant reported or complained internally to the Club (including but not limited to managers, supervisors, or administrators) about the Rules or the subject matter of the claims asserted in Complaint during the Relevant Period, produce any documents or communications reflecting those reports or complaints.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents that Claimant contends evidence Defendants' alleged willful violation(s) of the FLSA during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 31:**

Produce all communications (including e-mails, texts, social media messages) between Claimant and any other performers, Djs, bartenders, waitresses, house moms, or similar individuals at the Club, concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents or communications between Claimant and any of the Defendants concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

    <u>RESPONSE:</u>

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                           Page 29

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents and communications between Claimant and any individual employed by, who works at, or who Claimant otherwise associates with the Club during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents and communications relating to any disciplinary actions taken against Claimant by Defendants during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents and communications between Claimant and any dancer or entertainer who has performed at the Club concerning or relating to any alleged Rules, the filing of this Caset, or the subject matter of this Case during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 36:**

If Claimant contends that she was subject to any Rules, supervised, controlled or otherwise managed by any person she alleges had authority to act on behalf of or for the Club, produce all documents and communications between Claimant and such persons concerning those matters.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 37:**

For each social media account maintained by Claimant, please produce all messages, private messages, posts (public or private) concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents and communications relating to tips, gifts, or other monies Claimant claims to have paid to DJs, entertainers, dancers, bus boys, bartenders or managers at the Club.

    <u>RESPONSE:</u>

**REQUEST FOR PRODUCTION NO. 39:**

Produce all photographs and/or videos in Claimant's possession, custody or control that depict any portion of the interior or exterior of the Club taken at any point during the Relevant Period. This request includes photographs or videos of any signage, other performers, patrons, or club personnel.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**

Produce a copy of every employment contract, independent contractor agreement, or other written agreement Claimant entered into with any and all topless clubs, gentlemen's clubs, or adult entertainment nightclubs at which she has performed during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:**

Produce a copy of the fee agreement(s) with your attorney(s) in this matter.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 42:**

Produce a copy of documents reflecting the amount of attorney's fees Plaintiff seeks to recover in this proceeding.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 43:**

Produce the location data from your cellular device for the dates you claim to have performed at the Club. This data may be exported and produced from a variety of sources, *e.g.* Facebook 'check-ins,' as a .kml file exported from Google Timeline, or if you use an iPhone, by accessing "Significant Locations" under "System Services".

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:**

Please produce a copy of your cell phone bills reflecting the transmission of communications (including text messages) during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:**

Produce a copy of documents that support your contention that Nick Mehmeti is a joint employer of the Club.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46:**

Produce a copy of any correspondence, inclusive of enclosures that relate to one or more of the Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47:**

Produce any and all resumes and job applications during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48:**

Produce any and all calendars.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 49:**

Produce your Facebook postings, comments, and images during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50:**

Produce your Instagram postings, comments, and images during the Relevant Period.

RESPONSE:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated, | § § | |
| *Plaintiff,* | § § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-01636-N |
| | § | |
| MAINSTAGE MANAGEMENT, INC., | § | COLLECTIVE ACTION |
| NICK'S MAINSTAGE, INC. – DALLAS | § | JURY DEMANDED |
| PT'S d/b/a PT'S MEN'S CLUB and NICK | § | |
| MEHMETI, | § | |
| *Defendants.* | § | |
| | § | |

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND RESPONSES TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST REQUEST FOR ADMISSION

TO:    Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, Sheils Winnubst, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Brooke Layton, by and through the undersigned counsel of record, serves her objections and responses to Defendant Mainstage Management, Inc.'s First Requests for Admission.

Dated: October 18, 2021

Respectfully submitted,

*/s/ Leigh S. Montgomery*
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh Montgomery
Texas Bar No. 24052214
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77006
Telephone: (713) 554-2377
Facsimile: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2021, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

<div align="right">

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

</div>

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND RESPONSES
## TO DEFENDANT'S REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**
Admit that you signed an Independent Contractor Checklist with the Club on January 3, 2019.

**RESPONSE:** **Plaintiff Admits to signing paperwork with the Club. Otherwise, denied.**

**REQUEST FOR ADMISSION NO 2.**
Admit that you signed an Independent Contractor Agreement with the Club on January 3, 2019.

**RESPONSE:** **Plaintiff Admits to signing paperwork with the Club. Otherwise, denied.**

**REQUEST FOR ADMISSION NO. 3:**
Admit that the Exhibit attached to the Declaration of Nick Mehmeti [Doc. 7-1] on file in this case is a true and correct copy of the Licensing Agreement.

**RESPONSE:** **Plaintiff does not have the memory to admit or deny this request, but it sounds accurate.**

**REQUEST FOR ADMISSION NO. 4:**
Admit that you consented to a Criminal History Record being provided to the Club.

**RESPONSE:** **Admit that it is usually required to perform. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 5:**
Admit that you went to Bio Verify on July 7, 2018 to have a criminal history record search performed.

**RESPONSE:** **Plaintiff does not have the memory to admit or deny this request, but it sounds accurate.**

**REQUEST FOR ADMISSION NO. 6:**
Admit that you began to perform at the Club on July 7, 2018.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 7:**
Admit that you did not perform at the Club after 2019.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you were required to sign-in upon arriving at the Club to perform.

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                    *Page 16 of 42*
APPX35

**RESPONSE: Admit to the extent it was generally a Rule at some time during Plaintiff's work at the Club, but not enforced. Otherwise, Deny.**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you received payment from patrons or customers of the Club.

**RESPONSE: Admit to the extent I received tip money for my performance. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 10:**
Admit that you did not have a set schedule at the Club.

**RESPONSE: Admit the Club did not force a set schedule of days of the week I had to perform. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 11:**
Admit that you purchased costumes and attire to perform your services at the Club.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 12:**
Admit that you created your own choreography for your performances at the Club.

**RESPONSE: Admit to the extent I created my choreography for my performance. Deny, as to anything further.**

**REQUEST FOR ADMISSION NO. 13:**
Admit that you determined what days you would work at the Club.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you did not pay the Club any portion of the income you received from the patrons or customers of the Club.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 15:**
Admit that you received income related to your services at the Club.

**RESPONSE: Admit to the extent I received money for my performances. Otherwise, Deny.**

**REQUEST FOR ADMISSION NO. 16:**
Admit that you did not expect to paid by the Club for the services.

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                      *Page 17 of 42*
APPX36

**RESPONSE:** Plaintiff objects as vague to the term 'services.' Plaintiff answers to the extent 'services' is her work at the Club. Subject thereto, admit to the extent the Club never paid me for my work at the Club. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 17**
Admit that you agreed to be an independent contractor for the Club.

**RESPONSE:** Admit to the extent I thought I was going to be treated like an independent contractor, but I never was. So, otherwise, deny.

**REQUEST FOR ADMISSION NO. 18:**
Admit that you had a skill of dancing.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 19:**
Admit that you practiced dancing for your performance.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 20:**
Admit that you trained to perform your dances at the Club.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 21:**
Admit that you had a stage name.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 22:**
Admit that you market your performances on social media sites such as Facebook and Instagram.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 23:**
Admit that you advertise your performances

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 24:**
Admit that you have sources of income related to dancing.

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                    *Page 18 of 42*
                                                                              APPX37

**RESPONSE: Admit as to exotic dancing.  Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 25:**
Admit that you use social media (such as Facebook or Instagram) to make money related to your dancing.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 26:**
Admit that you provide private events and performances related to your exotic dancing.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 27:**
Admit or deny that you never worked in excess of forty (40) hours in a workweek during your time as a performer at the Club.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 28:**
Admit or deny that no one with the Club ever instructed you what days of the week you were required to perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 29:**
Admit or deny that no one with the Club ever instructed you what days of the week you were not allowed to perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 30:**
Admit or deny that no one with the Club ever instructed you what hours of the day you were required perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 31:**
Admit or deny that no one with the Club ever instructed you what hours of the day you were not allowed to perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 32:**

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                                 *Page 19 of 42*
APPX38

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 4.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 4, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

**REQUEST FOR ADMISSION NO. 33:**
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 5.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 5, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

**REQUEST FOR ADMISSION NO. 34:**
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 3.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 5, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

**REQUEST FOR ADMISSION NO. 35:**
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 8.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 8, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

**REQUEST FOR ADMISSION NO. 36:**
Admit or deny that you have no documents (in either electronic or written form) in your possession,

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                      *Page 20 of 42*
APPX39

custody, or control related to your answer in Interrogatory No. 7.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 7, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 37:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 9.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 9, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 38:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 10.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 10, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 39:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 11.

**RESPONSE:** **Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 11, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 40:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 12.

**RESPONSE:** Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 12, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.

**REQUEST FOR ADMISSION NO. 41:**
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 13.

**RESPONSE:** Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 13, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.

**REQUEST FOR ADMISSION NO. 42:**
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 18.

**RESPONSE:** Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 18, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.

**REQUEST FOR ADMISSION NO. 43:**
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 19.

**RESPONSE:** Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 19, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.

**REQUEST FOR ADMISSION NO. 44:**
Admit or deny that you reported to the Club all income you received during the Relevant Period.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 45:**

Admit that you never received any share of money from the Club's receipt of cover charges.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 46:**
Admit that you never received any share of money from the Club's sales of food.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 47:**
Admit that you never received any share of money from the Club's sales of alcohol.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 48:**
Admit that the amount of your income increased when the Club ran advertising.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 49:**
Admit that the amount of your income increased when the Club ran promotions.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 50:**
Admit that the amount of your income increased depending on the Club's choice of decor.

**RESPONSE: Plaintiff does not have the information to admit or deny this request. Plaintiff would need Defendant to specify the 'choice of décor,' at issue.**

**REQUEST FOR ADMISSION NO. 51:**
Admit that you asked the Club's DJs to have certain music played during your work.

**RESPONSE: Admit to the extent that I had to pay the DJ for certain music to be played during my work. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 52:**
Admit or deny there was a maximum amount you could charge for a lap dance.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 53:**
Admit or deny there was a minimum amount you could charge for a lap dance.

**RESPONSE: Admit**

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                    *Page 23 of 42*
APPX42

**REQUEST FOR ADMISSION NO. 54:**
Admit or deny that Respondents told you what kind of attire you were required to wear.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 55:**
Admit that Respondents never purchased any kind of clothing, apparel, or beauty products for you.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 56:**
Admit that your physical appearance affected your opportunity to make a profit.

**RESPONSE: Admit, to the extent I earn my living by dancing. Deny as to anything further.**

**REQUEST FOR ADMISSION NO. 57:**
Admit or deny that exotic dancers are integral to Respondents' business.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 58:**
Admit or deny that you rendered services to the public.

**RESPONSE: Plaintiff objects to the extent this request is vague and ambiguous as to the term 'public,' as utilized in this case. Plaintiff admits to the extent she worked as an exotic dancer/entertainer at Defendant's club for the Club's patrons. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 59:**
Admit or deny that customers paid money to the Club for each lap dance you performed.

**RESPONSE: Admit to the extent the Club took a portion of my tips from customers. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 60:**
Admit or deny that no one with the Club prevented you from performing at other gentlemen's clubs during the Relevant Period.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 61:**
Admit or deny that you used skill in the performance of the work you described in your answer to Interrogatory No. 4.

**RESPONSE: Plaintiff incorporates her objections to interrogatory No. 4 herein. Subject**

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                      **Page 24 of 42**
APPX43

thereto, to the extent that term is understood applicable to dancer/entertainer FLSA cases, deny. *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 328 (5th Cir. 1993).

**REQUEST FOR ADMISSION NO. 62:**
Admit that you exercised initiative in the performance of the work you described in your answer to Interrogatory No. 4.

**RESPONSE:** **Plaintiff incorporates her objections to interrogatory No. 4 herein. Subject thereto, to the extent that term is understood applicable to dancer/entertainer FLSA cases, deny.** *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 328 (5th Cir. 1993).

**REQUEST FOR ADMISSION NO. 63:**
Admit or deny that you filed a tax return for tax year 2018.

**RESPONSE:** **Admit**

**REQUEST FOR ADMISSION NO. 64:**
Admit or deny that you filed a tax return in 2019.

**RESPONSE:** **Admit**

**REQUEST FOR ADMISSION NO. 65:**
Admit or deny that you are responsible for reimbursing your attorneys for all out-of-pocket expenses in connection with this matter.

**RESPONSE:** **Admit to the extent my contract requires if there is any sort of payment in this case, I am responsible for reimbursing my counsel for any expenses incurred on my behalf in this case.**

**REQUEST FOR ADMISSION NO. 66:**
Admit or deny that Claimant's cell phone had location services activated during the time she alleges to have performed at the Club.

**RESPONSE:** **Plaintiff does not have the information to admit or deny this request and would not be able to get such information from that period in time.**

**REQUEST FOR ADMISSION NO. 67:**
Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the Rules she identified in answer to her interrogatories during the Relevant Period.

**RESPONSE:** **Deny**

**REQUEST FOR ADMISSION NO. 68:**
Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                    *Page 25 of 42*
APPX44

with Respondents concerning the subject matter of the Complaint during the Relevant Period.

**<u>RESPONSE</u>:  Deny**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI, *Defendants.* | § § § § § § § | COLLECTIVE ACTION JURY DEMANDED |

### PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND ANSWERS TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST SET OF INTERROGATORIES

TO:    Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Brooke Layton, by and through the undersigned counsel of record, serves her

objections and answers to Defendant Mainstage Management, Inc.'s First Set of Interrogatories.

Dated: October 18, 2021                              Respectfully submitted,

                                                     */s/ Leigh S. Montgomery*
                                                     Jarrett L. Ellzey
                                                     Texas Bar No. 24040864
                                                     Leigh Montgomery
                                                     Texas Bar No. 24052214
                                                     **ELLZEY & ASSOCIATES, PLLC**
                                                     1105 Milford Street
                                                     Houston, Texas 77006
                                                     Telephone: (713) 554-2377
                                                     Facsimile: (888) 276-3455
                                                     jarrett@ellzeylaw.com
                                                     leigh@ellzeylaw.com

                                                     ***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2021, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

<div align="right">

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

</div>

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**
Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories.

**ANSWER: Plaintiff objects to the provision of her personal data as such violates her right to privacy. She can be contacted solely through counsel. Furthermore, the information requested is irrelevant to the claims and defenses asserted.**

**Subject thereto, Brooke Layton with the assistance of counsel.**

**INTERROGATORY NO. 2:**
Describe your work or employment history during the Relevant Period. In setting forth your answer, (i) identify the names and locations for each business where you have worked, (ii) your job title and classification *(e.g.,* independent contractor, employee, owner, *etc.),* (iii) your pay structure *(e.g.,* hourly, salaried, commission, tipped), (iv) the beginning and end dates of your work or employment relationship with such businesses, and (v) the reason for leaving each such employment or work relationships. The scope of this interrogatory includes any other adult cabarets or establishments similar to the Club where you have performed as an exotic dancer or entertainer.

**ANSWER: I worked as an entertainer for The Men's Club Dallas for two months in 2019. I also worked as a burlesque dancer and model.**

**INTERROGATORY NO. 3:**
Describe the (i) work you engaged in at the Club during the Relevant Period, (ii) the principal activities of the work, (iii) describe how those activities were integral and indispensable parts of the work. (iv) identify for whose benefit you supplied your labor or services, and (v) each date you worked and the times your worked at the Club.

**ANSWER: Plaintiff objects to the extent this is a multiple part interrogatory, whose components are not related.   Plaintiff will therefore answer the first part of the interrogatory only. Plaintiff objects to the terms "indispensable" and "integral" as vague and potentially requiring a legal conclusion.**

**Subject thereto, I worked as a dancer and entertainer, with my work consisting mostly of dancing for, communicating with, and generally entertaining and engaging with Defendants' customers.  The focus of the Club is adult entertainment, and that is what I performed for Defendants.   I worked for Defendants' benefit, the non-entertainer personnel of the Club's benefit, as well as for my own tips.  Every time I worked, I had to pay a fee.  For every dance I gave, a portion went to the Club.  The Club also made money off of credit card sales for my dances and other methods from customers I was entertaining, taking portions of my tips, and the fees I had to pay to perform. The benefit was financial for myself, the Club, and the Club's non-entertainer personnel.  I worked**

at the Club from April 2018 to December 2019. I typically worked 4 shifts per week.

**INTERROGATORY NO. 4:**
Describe all work or activities you allege to have engaged in at the club before commencement and/or after completion of the work or activities you described in response to Interrogatory No. 4 for which you seek compensation, if any.

**ANSWER: Plaintiff objects the interrogatory is vague and nonsensical.  The interrogatory references the answer in the same interrogatory, which makes it unanswerable at this time.  Plaintiff requires clarification prior to providing objections (if any) and a response to this interrogatory.**

**INTERROGATORY NO. 5:**
With regard to the work or activities set forth in your answers in Interrogatory Nos. 4 and 5, explain, identify, or quantify how much time you engaged in the work or activities on average each day.

**ANSWER: Plaintiff objects the interrogatory is vague and nonsensical.  The interrogatory references the answer in the same interrogatory, which makes it unanswerable at this time.  Plaintiff requires clarification prior to providing objections (if any) and a response to this interrogatory.**

**Subject thereto, to the extent the request asks how long Plaintiff engaged in her dancer/entertainer activities on average each day, the answer is 7-8 hours per day.**

**INTERROGATORY NO. 6:**
Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to the work activities set forth in your answers to Intenogatoly No. 4 and/or 5 (by way of example only, Rules concerning your behavior, appearance, attire, scheduling, performance or any other means, manner or methods of your work). In your answer, (i) describe how you lean1ed about theseRules, including identification of the participants, the circumstances, substance, andmanner of those communications *(e.g.,* electronic, in writing. or verbal). and (ii)describe the individuals, communications, and circumstances in which you claims those Rules were actually  applied,  enforced,  or threatened  to be enforced  against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous.  Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring.  Other rules were only verbally provided by management as I was working.  If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

Some of the "rules" (as Plaintiff understands that term) Defendants exerted over the dancers included (but are not limited to): 1) Mandatory tip out of at least $20; 2) the more you tip out the other employees, the better you were treated; 3) Club keeps a portion of entertainer's earnings if customer uses a credit card; 4) Pay a house fee each shift I worked; 5) Pay a fee to the manager at the end of each night; 6) Had to wear dance outfits, a thong, dance heels and must be topless on stage; 7) my outfits were subject to management veto and scrutiny; 8) your weight had to be managed or the managers wouldn't let you perform; 9) approval to work more than one shift/day and pay extra house fee; 10) $50 fine if you wanted to leave early, before the end of your shift; 11) $100 fine for not working at least 4 shifts per week.

To the extent discussed/responsive to other discovery responses herein, Plaintiff incorporates her responses in this interrogatory.

**INTERROGATORY NO. 7:**
Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to your reporting, remittance, and/or retention of Dance Fees, if any. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications *(e.g.,* electronic, in writing, or verbal) and (ii) describe the were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized. Although customers paid the dancer/entertainer directly for any amount agreed upon, the Club would then require us to pay a portion back to them through house fees, fines and/or tipouts. Additionally, if a customer paid via credit card, the Club would keep a portion of the agreed upon amounts paid by customers. The Club also had the right to set a minimum fee charge for my entertainment and required such be paid by any customer I chose to entertain.**

**Additionally, Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants.**

**INTERROGATORY NO. 8:**
Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to monetary ·penalties.' 'kickbacks.' 'fees' and/or 'fines' that you claim to have paid. In your answer. (i) describe how you learned about these Rules, including identification for the participants. the circumstances, substance, and manner of those communications *(e.g.,* electronic. in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened

to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

**Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants. In addition to previous Rules discussed, as to fees or fines, including those identified in my responses to Interrogatories No. 6 and 7, Plaintiff alleges the following tipouts applied: 1) $10 tip out to the house mom each shift; 2) $10 tip out to the house mom each shift; 3) $4 tip out to the bartenders each shift; 4) $50 fine for leaving before the end of a shift; 5) $100 fine for not working 4 shifts per week. All of the monies the dancer/entertainers paid in house fees, manager fees, fines and tipouts were paid solely to and for the benefit of the Club. These fees and fines were not distributed back to the entertainers.**

**<u>INTERROGATORY NO. 9:</u>**
Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to 'sharing· or ·splitting' your Dance Fees with any personnel who you associated with the Club. In your answer, (i) describe how you learned about these Rules, including identification for the participants, the circumstances, substance, and manner of those communications {e.g., electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied. enforced, or threatened to beenforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

**Plaintiff incorporates her other responses herein describing the Rules imposed on her to this response. In addition to what I have previously explained, it was communicated verbally to me that there was a $20 mandatory tip-out to the DJ and $10 tip out to House Mom per shift. There was also a $50 fine for missing a stage rotation and $20 fine for leaving early.**

## INTERROGATORY NO. 10:

Describe the items or services that you contend were necessary to perform your work at the Club, *e.g.,* facilities, goods, equipment, tools, personnel, processes, *etc.* In your answer, (i) describe the basis for your contention that those items or services were necessary to perform your work, (ii) items or services, (iii) the cost of those items or services. and (iv) identify who bore the costs of those items or services.

**ANSWER: Plaintiff objects to the request as overly broad and that it does not describe with particularity the information to be produced. Specifically, Plaintiff objects to the terms "items" and "services" as vague and ambiguous.**

**Subject thereto, I supplied/paid for my clothing, dancer heels, as well as my own beauty supplies for hair and makeup. Of course, for any job you work, you need to look presentable, so my hair and makeup were not dancer/entertainer specific costs. Defendants have very strict guidelines on our performance wear, which I was required to follow and was enforced by Club management.**

**Additionally, in order to perform and entertain, I also need a space/floor, dressing room, restroom facilities, poles, lighting, music, DJ, utilities, advertising/signage to inform patrons of the entertainment services, security and/or management, cash register/credit card machines (or other payment processing), custodial services, furniture, separation for VIP and/or private dances, all of which Defendants are responsible for providing and, as such, I am unaware of the costs of those items. Defendants also sold and served food and beverages to attract local and out-of-state customers to the club, but, again, Defendants were responsible for providing same and, as such, I am unaware of the costs of such items.**

## INTERROGATORY NO. 11:

Describe whether Defendants imposed any alleged Rules on you that you contend affected your ability to work at any other similar commercial establishments or elsewhere. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (e.g., electronic, in writing, or verbal) and (describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: No.**

## INTERROGATORY NO. 12:

Describe whether Defendants imposed any alleged Rules on you that you contend affected your ability or desire to promote, advertise, or market the work you described in Interrogatory No. 4. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (e.g., electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response. Plaintiff objects further as to the relevance of Plaintiff's desire to promote, advertise or market the work she performed for Defendants.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized. Plaintiff understood the Club would do the marketing and advertising for its customers/patrons that Plaintiff would then entertain. Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants, to the extent applicable.**

## INTERROGATORY NO. 13:

If you contend that the Club's operational control, *e.g.,* control over maintenance of facilities, business hours, aesthetics, inventory of beverages or food, advertising, marketing, promotions, location, *etc.,* affected your opportunity to earn or lose money from your work, describe the facts and communications on which you base your contention.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'facts and communications' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.,* CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.,* No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, based on the information available to date, yes. The price of food and/or beverages would be a draw to customers. Additionally, advertising or marketing and promotions of big events or parties at the Club would draw more customers. The cleanliness, service, décor of the Club would keep customers coming in. More customers in the Club effected my ability to earn.**

## INTERROGATORY NO. 14:

Do you have accurate records or reliable documentation of the Entertainer Fees (as defined in the Licensing Agreement attached to your Arbitration Demand as Exhibit 1) you received while providing services or performing at the Club?

**ANSWER: Plaintiff objects to this request as inappropriately attempting to shift a**

burden of record keeping to Plaintiff, as opposed to her alleged Employers, as that term is defined by the FLSA. Any answer Plaintiff would provide, would therefore be misleading to a jury as assuming Plaintiff had any obligation to do so or account for her tips as 'Entertainer Fees.'

## INTERROGATORY NO. 15:

Describe any and all communications between you and either Respondent regarding your claims in this Case, providing the dates, times persons involved and substance of the communications.

**ANSWER: Plaintiff objects to the request as overly broad and that it does not describe with particularity the information to be produced and potentially includes any conversation Plaintiff had with anyone at the Club or its ownership over the course of her work period. Specifically, Plaintiff objects to the terms "communications...regarding your claims in this Case" as vague and ambiguous.**

**Subject thereto, Plaintiff conversed with management of the Club on a regular basis when she was working at the Club. It would be impossible to recall specific conversations that may relate to anything Plaintiff has claimed in this lawsuit. To the extent Plaintiff has described her interactions with the Club in other responses, she incorporates such hereto.**

## INTERROGATORY NO. 16:

If you contend that any of the Respondents bear liability to you under a 'joint employer' or similar theory of vicarious liability, please describe the factual and legal basis for your contentions as to each named Defendant.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention Defendants bear liability to Plaintiff under a "joint employer" theory can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. The Club, and its officers/owners were Plaintiff's employer(s) as that term is defined by the FLSA. The officers/owners of the Club acted directly or indirectly in the interest of the Club, as relates to Plaintiff or any of the dancer/entertainers at the**

Club. Defendants jointly were required to maintain Plaintiff's employment records, as well as determine the conditions of Plaintiff's employment (including the facility and other terms imposed by management of the Club), were ultimately responsible for any earnings or classification of Plaintiff as an independent contractor, and supervised and/or controlled Club management.

## INTERROGATORY NO. 17:

Provide the method of calculation and amount you claim is due and owing to you by the Club as wages, overtime, or any other amounts due.

**ANSWER: See Plaintiff's Initial Disclosures, as well as any amendments or supplements thereto. Until such time as Defendants provide all documented evidence of Plaintiff's work (if any), this interrogatory and/or Plaintiff's disclosures will be based on Plaintiff's reasonable estimates of her dates/hours worked during the Relevant Period, as well as the average fees, fines and tipouts Plaintiff recalls paying per shift.**

## INTERROGATORY N0.18:

Describe and quantify (i) the hours and days per workweek that you claim to have performed at the Club during the Relevant Period (e.g., #hours on# days between July 15, 2018 - July 15, 2021 (ii) identify each date and number of hours on each such date performed at the Club, and (iii) identify any and all documents, methods, or sources of information you relied upon or referred to in providing your answer.

**ANSWER: Plaintiff objects to the extent this interrogatory is actually multiple interrogatories concerning different subject matters. As such, Plaintiff will answer only one as it is enumerated.**

**Subject thereto, I typically worked at least 4 shifts per week per Defendants' requirements, 8 hours per shift.**

## INTERROGATORY NO. 19:

Describe (i) whether you had a fixed workweek at the Club and how that workweek was established, (ii) identify the workweeks in which you claim to have worked in excess of forty (40) hours, and (iii) and quantify how many hours in excess of 40 you claimed to have worked in those workweeks (e.g.,# total overtime hours) July 15, 2018 - July 15, 2021.

**ANSWER: Plaintiff objects to the extent this interrogatory is actually multiple interrogatories concerning different subject matters. As such, Plaintiff will answer only one as it is enumerated.**

**Subject thereto, the Club requires you to work at least 4 days per week or you were subject to a $100 fine, so therefore I worked at least 4 shifts per week.**

## INTERROGATORY NO. 20:

Identify all usernames, hashtags, screennames, and/or handles you have used or created on any social media platform - including but not limited to Facebook, Twitter, WhatsApp, Tumblr,

Instagram, Messenger, SnapChat, TikTok, biogs, etc. - during the Relevant Period through which you have communicated with anyone employed by or affiliated with the Club about your work or activities at the Club, the subject matter of this Case, or any Rules.

**ANSWER: Plaintiff objects to the request as overly broad and is not reasonably calculated to lead to the discovery of admissible evidence.   The request is not proportionate to the needs of this case, in that it requests unfettered access to Plaintiff's private social media accounts without a particular limitation or description of the item or information requested.**

## INTERROGATORY NO. 21:
If you contend the Club is engaged in interstate commerce, please describe the legal and factual basis for your contention.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc., CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); Alexander v. Hartford Life and Acc. Ins. Co., No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention).  Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention the Club is engaged in interstate commerce can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Congress "has determined that certain classes of activities have a sufficient impact upon interstate commerce to warrant regulation of the entire class, regardless of whether an individual instance of the activity in question can be shown to be in or to affect commerce." Gulf Oil Corp. v. Copp Paving Co., Inc., 419 U.S. 186, 208 (1974).  On information and belief, the Club is engaged in interstate commerce either through use of streaming music, food and/or beverage sales (if any), or catering or advertising to patrons from outside the state, or the myriad of other ways the Club could be found to engage in interstate commerce pursuant to the FLSA.**

## INTERROGATORY NO. 22:
If you contend Respondents acted willfully in violating the Fair Labor Standards Act, describe the legal and factual basis for such contentions.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the**

requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at *4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")

Subject thereto, the legal and factual basis for Plaintiff's contention Defendants' acted willfully in violating the FLSA can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Plaintiff also refers Defendants to prior FLSA actions against Defendants, including but not limited to Case No. 3:20-cv-00513, *Julia Predmore v. Nick's Clubs, Inc. d/b/a PT's Men's Club, et al.* in the Northern District of Texas, and its later arbitration action.

**INTERROGATORY NO. 23:**
If you contend you are entitled to attorney's fees and costs, please describe the legal and factual basis for such contention, inclusive of the amount and basis of calculation.

ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at *4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")

Subject thereto, the legal and factual basis for Plaintiff's contention she is owed attorneys' fees and costs can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Plaintiff has incurred court costs, expenses and attorneys' fees by prosecuting this action, for which the FLSA provides a successful Plaintiff a recovery. The amount of the expenses and fees claimed is the subject of expert testimony by Plaintiff's counsel and will be submitted in accordance with Federal law and the rules of this Court. See also Plaintiff's Initial Disclosures and any supplements thereto.

**<u>INTERROGATORY NO. 24:</u>**

State each of the dates and times you worked at the Club July 15, 2018 to July 15, 2021.

**ANSWER: I typically worked at least 4 shifts per week, 7-8 hours per shift.**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI, *Defendants.* | § § § § § § § | COLLECTIVE ACTION JURY DEMANDED |

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND RESPONSES TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST REQUEST FOR PRODUCTION

TO:    Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Brooke Layton, by and through the undersigned counsel of record, serves her

objections and responses to Defendant Mainstage Management, Inc.'s First Request for Production.

Dated: October 18, 2021                    Respectfully submitted,

*/s/ Leigh S. Montgomery*
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh Montgomery
Texas Bar No. 24052214
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77006
Telephone: (713) 554-2377
Facsimile: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

*Attorneys for Plaintiff*



EXHIBIT
C

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                     ***Page 27 of 42***
                                                                              APPX59

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                          *Page 28 of 42*
APPX60

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND RESPONSES
## TO DEFENDANT'S REQUEST FOR PRODUCTION

**This is a common Production Request and the identity of the Plaintiff is clearly relevant. To date, no driver's license has been provided.**

### REQUEST FOR PRODUCTION NO. 1:

Claimant's identification, driver's license, passport and other identifying document issued by the United States government or the government of any state of the United States.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.**

**Subject thereto, a copy of Plaintiff's driver's license can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

### REQUEST FOR PRODUCTION NO. 2:

All W-2 forms, 1099 forms, bank statements and other income reporting forms that evidence your income from the Club or any other person from whom your worked or provided services during the Relevant Period.

**This request is wholly relevant to the claims of Plaintiff and counterclaims. To date, no responsive documents have been produced.**

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to Plaintiff's earnings from this Club, responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

### REQUEST FOR PRODUCTION NO. 3:

All U.S. individual tax returns (Form 1040) and accompanying schedules and documents used in connection with the preparation of such returns for the Relevant Period.

**This request is wholly relevant to the claims of Plaintiff and counterclaims. To date, no responsive documents have been produced.**

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to any 1040 form filed in which earnings from Defendant's establishment were listed by Plaintiff, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

### REQUEST FOR PRODUCTION NO. 4:

**#4: This request is wholly relevant to the claims of Plaintiff and counterclaims. To date, no responsive documents have been produced.**

All documents pertaining to all income, distributions, wages, salaries, tips, commissions, earnings, monies, compensations, dividends, bonuses, royalties and remunerations in any other form received by you during the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to documents showing any earnings earned from Defendant's establishment, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**#5&6 Assumes facts in evidence is not a proper objection. If Plaintiff has any employment during the relevant period, it must be produced, not limited to the Club. Please remove the objection.**

**REQUEST FOR PRODUCTION NO. 5:**

All documents evidencing your rate of pay, including any changes thereto, during the period of your alleged employment during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely, that Defendants paid her.**

**Subject thereto, there are no responsive documents to this request as Defendants did not pay Plaintiff.**

**REQUEST FOR PRODUCTION NO. 6:**

All payroll statements, cleared checks, receipts, deposits, statements and pay stubs that evidence your earnings during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely, that Defendants paid her.**

**Subject thereto, documents responsive to this request, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**#7 "Documents" & "relate" are defined terms. The vague objection is without merit. Please remove and produce responsive documents.**

**REQUEST FOR PRODUCTION NO. 7:**

All documents indicating or relating to your work schedule hours at the Club, including any changes thereto.

**RESPONSE: Plaintiff objects to the extent this request does not state with reasonable particularity the item or thing to be produced. Plaintiff objects as vague as to what 'documents,' may 'indicate or relate,' to work schedule hours. Plaintiff is responding based on her understanding of documents listing or specifying hours worked.**

APPX62

Subject thereto, there are no responsive documents to this request in Plaintiff's possession, custody and/or control.

**REQUEST FOR PRODUCTION NO. 8:**

All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes memoranda, journals, or calendars, or other written logs reflecting your daily routine, location, and activities during the Relevant Period.

**RESPONSE: There are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

**REQUEST FOR PRODUCTION NO. 9:**

All documents indicating or relating to your tardiness, attendance, unavailability and/or absences from the Club during the Relevant Period, including but not limited to medical, travel or other absences and emails or phone records to notify the Club of your tardiness, absence or unavailability.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted in this action and to the extent the request is vague and ambiguous. Plaintiff further objects to the extent the request assumes facts not in evidence and is speculative.**

**Subject thereto, there are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including representation agreements, fee agreements, contracts, invoices and billing statements, evidencing the contractual relationship with attorneys, experts, and/or investigators in connection with this Case.

**RESPONSE: Plaintiff objects to the extent this request goes beyond the scope of claims in this case, and is therefore irrelevant, and not proportionate to the needs of the case, given the relevance of the requested information.**

**Subject thereto, as to any contractual relationship with Plaintiff's counsel, such information can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 11:**

Any and all payments, advances, or loans received in relation to pursuing or filing this Case.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 12:**

---

*Margin annotation (left):* #9 The relevance objection is without merit, as it clearly relates to the times and dates Plaintiff alleges to have performed at the Club and seeks payment. There is no "assumes facts" objection in production. Please remove the objection and produce responsive documents, if any, such as social media postings of Plaintiff showing travel and other events.

*Margin annotation (left):* #10 Plaintiff is seeking attorney's fees and was also soliciting others related to this lawsuit. The relevance objection is without merit and to date, no billing statements, unredacted attorney's fee agreement, invoices have been produced

*Margin annotation (right):* 11: Unless Plaintiff paid the filing fees and fees related to the Court reporter and noticing depositions, there should be responsive documents, as those are payments or advancements.

**#12** The request specifically excluded attorney client privileged information. Such privilege assertion is inapplicable. Inasmuch as the request is for relevant documents that relate to the case, and "relate" is a defined term, the objection is without merit and responsive documents must be produced.

All letters and correspondence, including electronic writings (e.g., e-mail), that constitute or contain matters relevant to the subject matter of this Case, excluding any privileged communications.

**RESPONSE: Plaintiff objects as the request does not state with particularity, the item or thing to be produced, specifically what constitutes 'relevant'matters to this case. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possiblebenefit.**

**Plaintiff further asserts the request invades the attorney-client and attorney work product privileges, despite claiming otherwise, to the extent it fails to define with specificity the documents to be produced. A general request to peruse a Plaintiff's file on a matter is an invasion of the work product privilege. Information will not be produced subject to these objections.**

## REQUEST FOR PRODUCTION NO. 13:

**#13** The request specifies the information sought, and is proportional the case, as there are both claims and counterclaims. Plaintiffs' income is central to the case and is relevant. Privacy is not an objection.

Any and all documents pertaining to checking accounts, savings accounts, certificates of deposit and other accounts in any bank, savings and loan association or other financial institution, inclusive of CashApp, PayPal, Venmo, Zelle, Coinbase, and similar financial facilities, which stand in your name alone, individually or as trustee, or which are subject to withdrawal or control by you, or in which you claim or have claimed an interest, for the Relevant Period including but not limited to deposit slips, canceled checks, withdrawal slips, statements of account, passbooks and certificates of deposit.

**RESPONSE: Plaintiff objects as the request does not state with particularity,the item or thing to be produced. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery inresolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plàintiff objects to the extent this request creates such a burden on her and is such an invasion of her privacy, as the request is not limited in date or scope to the relevant claims and defenses before the Court, than any attempt to answer is impossible. Information will not be produced subject to these objections.**

## REQUEST FOR PRODUCTION NO. 14:

Any contract of employment between you and the Club.

**RESPONSE: There are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 15:

All documents relating to the work you performed for the Club regarding, referring to or related to:

      a.     Overtime compensation;
      b.     Christmas or other bonuses;

c.    Deferred compensation;
d.    Business expenses paid by employer;
e.    Other receipts arising out of employment;
f.    Advances or loans;
g.    Vacation and sick-leave benefits; and,
h.    Severance pay.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid for any of the above-referenced items for anyone at the Club. Plaintiff further objects to the extent the information requested would be in Defendant's possession, custody and/or control and thereby burdensome and disproportionate to the needs of the case for Plaintiff to provide.**

**Subject thereto, there are no responsive documents in Plaintiff's possession, custody and/or control.**

## REQUEST FOR PRODUCTION NO. 16:

All documents reflecting on your credibility as a witness, including records of arrests, convictions, and sentencing for crimes involving theft, fraud, or moral turpitude at any time since 2011.

**RESPONSE: Plaintiff objects to the extent this request asks for information outside the scope of discovery. Fed. R. Evid. 609. Plaintiff further objects to the extent this request does not state with particularity the item or thing to be produced. Plaintiff further objects to the burdensomeness of this request, that it is disproportional to the needs of the case given Defendant's equal access to the requested information. Information regarding criminal convictions is publicly available.**

**Subject thereto, Plaintiff regards herself as a credible witness, and therefore there are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 17:

Produce a copy of all documents that support your contention that the Club is engaged in interstate commerce.

**RESPONSE: Plaintiff objects to the extent the information requested would be in Defendant's possession, custody and/or control and thereby burdensome and disproportionate to the needs of the case for Plaintiff to provide.**

**Subject thereto, all documents responsive to this request would be in Defendants' possession, custody and/or control. Such information will be available when Defendant provides the requested documents.**

## REQUEST FOR PRODUCTION NO. 18:

<div style="color:red; border:1px solid red;">
#16 The request is within the scope of FRE 609 and is clear regarding the subject matter for production. Further the burdensome objection and proportionality objection is not without basis. Finally, if Plaintiff contends there are things that show she is credible, those must be produced as well.
</div>

<div style="color:red; border:1px solid red;">
#17 Documents have been produced, please identify what it is that you rely upon to support that interstate commerce exists.
</div>

#18 F

Legal actions, including demand letters, claim forms, arbitration demands, settlement offers and agreements, lawsuits, administrative proceedings, court proceedings and/or arbitrations in which you are or were a party from 2015 to present.

**RESPONSE: Plaintiff objects to the extent this request does not state with reasonable particularity the items or things to be produced. Plaintiff further objects this request is burdensome and expensive given the proportionate needs of the case given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. The information requested is publicly available, and as such equally available to Defendant, adding to the disproportionate needs for Plaintiff to produce such information.**

**Furthermore, the information requested invades the attorney work product and attorney/client privilege, as well as potentially other confidential information, and as such, information or materials may be withheld.**

**Subject thereto, there are no applicable responsive documents for any employment/FLSA claims for Plaintiff, other than the instant matter.**

**REQUEST FOR PRODUCTION NO. 19:**
All documents reflecting your employment history from 2010 to date.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Due to the breadth and ambiguity in this request, Plaintiff will not guess as to what may be a responsive document and rests on these objections.**

**REQUEST FOR PRODUCTION NO. 20:**
All documents reflecting your educational background and training, including but not limited to diplomas, degrees, certificates, licenses, and transcripts.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Due to the breadth and ambiguity in this request, Plaintiff will not guess as to what may be a responsive document and rests on these objections.**

**REQUEST FOR PRODUCTION NO. 21:**
All documents and communications with the individually named Defendants during the Relevant Period.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing**

to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.

Subject thereto, to the extent any such documents exist relevant to the claims and defenses assert, such will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents evidencing any income received directly from or related to the performance of services at the Club during the Relevant Time Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid any compensation to Plaintiff. Plaintiff objects that the request is disproportionate to the needs of the case, considering the relevance of the particular information requested. Plaintiff's tips received from customers are not of issue in the claims and defenses alleged, as Defendants never classified Plaintiff or paid Plaintiff as a tipped employee. Plaintiff is withholding responsive documents, if any, based upon these objections.**

**REQUEST FOR PRODUCTION NO. 23:**
Any and all documents evidencing the hours you allegedly worked per week at the Club during the Relevant Period.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the days, hours, weeks, or months that she claims to have worked at the Club. This request includes, but is not limited to, calendar, notes, posting on social media, diary entries, bank statements or other similar documentation.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 25:**
Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she earned in connection with her work as an exotic dancer at the Club, e.g., wages, fees, 'tips,' 'gratuities' or service charges. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence,**

namely that Defendants paid any compensation to Plaintiff. Plaintiff objects that the request is disproportionate to the needs of the case, considering the relevance of the particular information requested. Plaintiff's tips received from customers are not of issue in the claims and defenses alleged, as Defendants never classified Plaintiff or paid Plaintiff as a tipped employee. Plaintiff is withholding responsive documents, if any, based upon these objections.

**REQUEST FOR PRODUCTION NO. 26:**
Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she claims to have been required to pay according to any Rules at the Club. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 27:**
Produce copies of Claimant's federal and state income tax returns for all tax years during the Relevant Period. See Carrell v. Sunland Const., Inc., 998 F.2d 330,334 (5th Cir. 1993) (5th Cir. 1993). Please redact all sensitive information such as social security numbers.

**RESPONSE: Plaintiff incorporates her objections and response from no. 2. This request is redundant.**

**REQUEST FOR PRODUCTION NO. 28:**
Produce any sworn or unsworn statements in Claimant's possession, custody or control from individuals containing any information concerning or related to the claims asserted in the Original Complaint filed in the Case.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 29:**
If Claimant reported or complained internally to the Club (including but not limited to managers, supervisors, or administrators) about the Rules or the subject matter of the claims asserted in Complaint during the Relevant Period, produce any documents or communications reflecting those reports or complaints.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 30:**
Produce all documents that Claimant contends evidence Defendants' alleged willful violation(s) of the FLSA during the Relevant Period.

**RESPONSE: Plaintiff objects the request does not state with particularity the item of thing to be produced. Plaintiff further asserts that the request is tantamount to a request for the Plaintiff's counsel's entire file, which is an improper invasion of the attorney work product**

privilege. Plaintiff objects to the extent the informationor materials are public records, and equally available and accessible to Defendant,therefore are disproportionate to the needs of this case.

Subject thereto, the items or information identified in response to interrogatory no. 22 are public records and/or arbitration records solely in the possession, custody and/or control of Defendants.

## REQUEST FOR PRODUCTION NO. 31:

Produce all communications (including e-mails, texts, social media messages) between Claimant and any other performers, Djs, bartenders, waitresses, house moms, or similar individuals at the Club, concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "similar individuals at the Club," "concerning or relating to any alleged Rules," or the "subject matter of this case." As worded, the request is overly broad and ambiguous, such that any attempt to respond would be disproportionate to the needs of the case, given the potential relevance of the requested documents. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.

Subject thereto, to the extent responsive documents exist as to the alleged Rules as set forth by Plaintiff herein, responsive information, if any, will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.

## REQUEST FOR PRODUCTION NO. 32:

Produce all documents or communications between Claimant and any of the Defendants concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." As worded, the request is overly broad and ambiguous, such that any attempt to respond would be disproportionate to the needs of the case, given the potential relevance of the requested documents. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.

Subject thereto, to the extent responsive documents exist as to the alleged Rules as set forth by Plaintiff herein, responsive information, if any, will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.

## REQUEST FOR PRODUCTION NO. 33:

Produce all documents and communications between Claimant and any individual employed by, who works at, or who Claimant otherwise associates with the Club during the Relevant

Period.

**RESPONSE: Plaintiff objects to the extent the individual(s) identified in this request are or may be unknown to Plaintiff. Plaintiff will answer only to the extent an individual is known as an employee of the Club. Otherwise, Plaintiff objects as vague. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

**Subject thereto, there is no responsive information to this request.**

<u>**REQUEST FOR PRODUCTION NO. 34:**</u>
Produce all documents and communications relating to any disciplinary actions taken against Claimant by Defendants during the Relevant Period.

**RESPONSE: There are no responsive documents to this request.**

<u>**REQUEST FOR PRODUCTION NO. 35:**</u>
Produce all documents and communications between Claimant and any dancer or entertainer who has performed at the Club concerning or relating to any alleged Rules, the filing of this Caset, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." Plaintiff is unable to ascertain what the requestis asking for and, therefore is unable to answer the request. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

<u>**REQUEST FOR PRODUCTION NO. 36:**</u>
If Claimant contends that she was subject to any Rules, supervised, controlled or otherwise managed by any person she alleges had authority to act on behalf of or for the Club, produce all documents and communications between Claimant and such persons concerning those matters.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "Rules," "person with authority to act on behalf of the Club." Plaintiff does not know all persons with authority, only who may have controlled her work such at to make her an employee. The request is overly broad, and potentially includes all documents at issue in this matter, which is an improper request for production and disproportionate to the needs of the case.**

**Subject thereto, non-privileged, relevant and responsive documents, if any, will be available for inspection at Plaintiff's counsel's office on a mutually agreeable date and time.**

<u>**REQUEST FOR PRODUCTION NO. 37:**</u>
For each social media account maintained by Claimant, please produce all messages, private

messages, posts (public or private) concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." Plaintiff further asserts the information requested is disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.** *See McGowan v. Southern Methodist University*, **Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020).**

**REQUEST FOR PRODUCTION NO. 38:**
Produce all documents and communications relating to tips, gifts, or other monies Claimant claims to have paid to DJs, entertainers, dancers, bus boys, bartenders or managers at the Club.

**RESPONSE: Plaintiff asserts the information requested is disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.**

**Subject thereto, responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 39:**
Produce all photographs and/or videos in Claimant's possession, custody or control that depict any portion of the interior or exterior of the Club taken at any point during the Relevant Period. This request includes photographs or videos of any signage, other performers, patrons, or club personnel.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 40:**
Produce a copy of every employment contract, independent contractor agreement, or other written agreement Claimant entered into with any and all topless clubs, gentlemen's clubs, or adult entertainment nightclubs at which she has performed during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.**

**Subject thereto, there are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 41:**

#41: Please remove the redactions to the fee agreement produced in this cause

Produce a copy of the fee agreement(s) with your attorney(s) in this matter.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

#42: Attorney's fees invoices in cases in which attorney's fees are sought are proper and must be produced and supplemented. Accordingly, these objections are without merit.

**REQUEST FOR PRODUCTION NO. 42:**
Produce a copy of documents reflecting the amount of attorney's fees Plaintiff seeks to recover in this proceeding.

**RESPONSE: The information requested is the subject of expert testimony and opinion, and therefore improper to request in the form of a request for production. Additionally, the request is premature, as the amount Plaintiffs seeks to recover includes the reasonable and necessary attorneys' fees and expenses incurred up to the time of and through trial and will not be known until that point.**

#43: Such data is in existence and Plaintiff has possession, custody or control ver such information. Further, as her location at certain times is central to this case, there is not impermissible invasion of privacy. Please produce responsive docs.

**REQUEST FOR PRODUCTION NO. 43:**
Produce the location data from your cellular device for the dates you claim to have performed at the Club. This data may be exported and produced from a variety of sources, e.g. Facebook 'check-ins,' as a .kml file exported from Google Timeline, or if you use an iPhone, by accessing "Significant Locations" under "System Services".

**RESPONSE: Plaintiff objects to the extent the data requested is not a tangible thing or document in existence for Plaintiff to produce. Plaintiff objects the information requested is disproportionate to the needs of the case given is relativeimportance in resolving the issues of this claim. Plaintiff does not have to create evidence. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections.**

44: The disproportionality request is not well taken, nor is assertions of privacy given the nature of the case. Please remove this objection and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 44:**
Please produce a copy of your cell phone bills reflecting the transmission of communications (including text messages) during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy, and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 45:**
Produce a copy of documents that support your contention that Nick Mehmeti is a joint employer of the Club.

#45: As discovery has been ongoing and is about to conclude, kindly produce such documents.

**RESPONSE: Plaintiff objects to this document request as premature. Plaintiff incorporates her objections to interrogatory 16 herein, as equally applicable.**

**Subject thereto, when any responsive information is available to Plaintiff, such information will be made available for inspection at Plaintiff's counsel's office on a mutually agreeable date and time.**

#46: The term "relate" is defined. Please produce responsive documents.

**REQUEST FOR PRODUCTION NO. 46:**
Produce a copy of any correspondence, inclusive of enclosures that relate to one or more of the Defendants.

**RESPONSE: Plaintiff objects to the phrase "relate to one or more of the Defendants," as vague, ambiguous and overly broad, such that any attempt at responding would be disproportionate to the needs of this case.**

**Subject thereto, responsive information related to correspondence relevant to the claims and defenses asserted, if any, will be made available for review at Plaintiff's counsel's office on a mutually agreeable date and time.**

**REQUEST FOR PRODUCTION NO. 47:**
Produce any and all resumes and job applications during the Relevant Period.

**RESPONSE: There are no responsive documents in Plaintiff's possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 48:**

Produce any and all calendars.

**RESPONSE: There are no responsive documents in Plaintiff's possession, custody or control.**

#49 &50: Each of the objections are without merit. Kindly remove the objection and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 49:**
Produce your Facebook postings, comments, and images during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy, and is overly broad and not relevant to the claims or defenses asserted.** *See McGowan v. Southern Methodist University*, Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at *2 (N.D. Tex. May 6, 2020). **Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 50:**
Produce your Instagram postings, comments, and images during the Relevant Period.

APPX73

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy and is overly broad and not relevant to the claims or defenses asserted.   Plaintiff is withholding information based on these objections.** *See McGowan v. Southern Methodist University*, **Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020).**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI, *Defendants.* | § § § § § § | COLLECTIVE ACTION JURY DEMANDED |

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND ANSWERS TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST SET OF INTERROGATORIES

TO:   Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Brooke Layton, by and through the undersigned counsel of record, serves her objections and answers to Defendant Mainstage Management, Inc.'s First Set of Interrogatories.

Dated: October 18, 2021                              Respectfully submitted,

*/s/ Leigh S. Montgomery*
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh Montgomery
Texas Bar No. 24052214
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77006
Telephone: (713) 554-2377
Facsimile: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**
Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories.

**ANSWER: Plaintiff objects to the provision of her personal data as such violates her right to privacy. She can be contacted solely through counsel. Furthermore, the information requested is irrelevant to the claims and defenses asserted.**

**Subject thereto, Brooke Layton with the assistance of counsel.**

> #1There is no "objection" based upon privacy and the relevance objection is neither properly made or with merit. Please remove the objections and respond to the request. Clearly, her identity is relevant. The information sought allows confirmation of the same.

**INTERROGATORY NO. 2:**
Describe your work or employment history during the Relevant Pe[riod]. In your answer, (i) identify the names and locations for each business where you have worked, (ii) your job title and classification *(e.g., independent contractor, employee, owner, etc.),* (iii) your pay structure *(e.g.,* hourly, salaried, commission, tipped), (iv) the beginning and end dates of your work or employment relationship with such businesses, and (v) the reason for leaving each such employment or work relationships. The scope of this interrogatory includes any other adult cabarets or establishments similar to the Club where you have performed as an exotic dancer or entertainer.

**ANSWER: I worked as an entertainer for The Men's Club Dallas for two months in 2019. I also worked as a burlesque dancer and model.**

> #2The request asks to provide the names and locations, as well as the periods, reasons for leaving and pay structure. Those details are omitted. Please supplement to fully respond.

**INTERROGATORY NO. 3:**
Describe the (i) work you engaged in at the Club during the Relevant Period, (ii) the principal activities of the work, (iii) describe how those activities were integral and indispensable part[s] of the work. (iv) identify for whose benefit you supplied your labor or services, and (v) each date you worked and the times your worked at the Club.

**ANSWER: Plaintiff objects to the extent this is a multiple part interrogatory, whose components are not related. Plaintiff will therefore answer the first part of the interrogatory only. Plaintiff objects to the terms "indispensable" and "integral" as vague and potentially requiring a legal conclusion.**

**Subject thereto, I worked as a dancer and entertainer, with my work consisting mostly of dancing for, communicating with, and generally entertaining and engaging with Defendants' customers. The focus of the Club is adult entertainment, and that is what I performed for Defendants. I worked for Defendants' benefit, the non-entertainer personnel of the Club's benefit, as well as for my own tips. Every time I worked, I had to pay a fee. For every dance I gave, a portion went to the Club. The Club also made money off of credit card sales for my dances and other methods from customers I was entertaining, taking portions of my tips, and the fees I had to pay to perform. The benefit was financial for myself, the Club, and the Club's non-entertainer personnel. I worked**

> #3 The is a proper interrogatory and the subparts are clearly related. In addition, the vague objections are without merit, particulary considering your discovery requests include the same terms. Please remove these objections and fully respond to each of the

at the Club from April 2018 to December 2019. I typically worked 4 shifts per week.

**#4 & 5:** The "vague" objections is not properly made and "nonsensical" is not an objection. Please respond. Further, to clariy, the question is asking whether there are any activities for which your client seeks compensation that occurred prior any set or shift or after a set or shift.

## INTERROGATORY NO. 4:

Describe all work or activities you allege to have engaged in at the club before commencement and/or after completion of the work or activities you described in response to Interrogatory No. 4 for which you seek compensation, if any.

**ANSWER: Plaintiff objects the interrogatory is vague and nonsensical. The interrogatory references the answer in the same interrogatory, which makes it unanswerable at this time. Plaintiff requires clarification prior to providing objections (if any) and a response to this interrogatory.**

## INTERROGATORY NO. 5:

With regard to the work or activities set forth in your answers in Interrogatory Nos. 4 and 5, explain, identify, or quantify how much time you engaged in the work or activities on average each day.

**ANSWER: Plaintiff objects the interrogatory is vague and nonsensical. The interrogatory references the answer in the same interrogatory, which makes it unanswerable at this time. Plaintiff requires clarification prior to providing objections (if any) and a response to this interrogatory.**

**Subject thereto, to the extent the request asks how long Plaintiff engaged in her dancer/entertainer activities on average each day, the answer is 7-8 hours per day.**

**#6** Rules is neither vague or ambiguous as the term is defined. Further, calling for a narrative is not a proper objection. No identities of persons were provided, nor were specific circumstances identified.

## INTERROGATORY NO. 6:

Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to the work activities set forth in your answers to Intenogato1y No. 4 and/or 5 (by way of example only, Rules concerning your behavior, appearance, attire, scheduling, performance or any other means, manner or methods of your work). In your answer, (i) describe how you lean1ed about theseRules, including identification of the participants, the circumstances, substance, andmanner of those communications *(e.g.,* electronic, in writing. or verbal). and (ii)describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

Some of the "rules" (as Plaintiff understands that term) Defendants exerted over the dancers included (but are not limited to): 1) Mandatory tip out of at least $20; 2) the more you tip out the other employees, the better you were treated; 3) Club keeps a portion of entertainer's earnings if customer uses a credit card; 4) Pay a house fee each shift I worked; 5) Pay a fee to the manager at the end of each night; 6) Had to wear dance outfits, a thong, dance heels and must be topless on stage; 7) my outfits were subject to management veto and scrutiny; 8) your weight had to be managed or the managers wouldn't let you perform; 9) approval to work more than one shift/day and pay extra house fee; 10) $50 fine if you wanted to leave early, before the end of your shift; 11) $100 fine for not working at least 4 shifts per week.

To the extent discussed/responsive to other discovery responses herein, Plaintiff incorporates her responses in this interrogatory.

### INTERROGATORY NO. 7:

Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to your reporting, remittance, and/or retention of Dance Fees, if any. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications *(e.g., electronic, in writing, or verbal)* and (ii) describe the were actually applied, enforced, or threatened to be enforced against you.

ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.

Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized. Although customers paid the dancer/entertainer directly for any amount agreed upon, the Club would then require us to pay a portion back to them through house fees, fines and/or tipouts. Additionally, if a customer paid via credit card, the Club would keep a portion of the agreed upon amounts paid by customers. The Club also had the right to set a minimum fee charge for my entertainment and required such be paid by any customer I chose to entertain.

Additionally, Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants.

### INTERROGATORY NO. 8:

Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to monetary ·penalties.' 'kickbacks.' 'fees' and/or 'fines' that you claim to have paid. In your answer. (i) describe how you learned about these Rules, including identification for the participants. the circumstances, substance, and manner of those communications *(e.g., electronic. in writing, or verbal)* and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened

*[Margin note, left side:]* Rules is neither vague or ambiguous as the term is defined. Further, calling for a narrative is not a proper objection. No identities of persons were provided, nor were specific circumstances identified.

to be enforced against you.

<div style="float:left; border:1px solid red; color:red;">
Rules is neither vague or ambiguous as the term is defined. Further, calling for a narrative is not a proper objection. No identities of persons were provided, nor were specific circumstances identified.
</div>

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

**Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants. In addition to previous Rules discussed, as to fees or fines, including those identified in my responses to Interrogatories No. 6 and 7, Plaintiff alleges the following tipouts applied: 1) $10 tip out to the house mom each shift; 2) $10 tip out to the house mom each shift; 3) $4 tip out to the bartenders each shift; 4) $50 fine for leaving before the end of a shift; 5) $100 fine for not working 4 shifts per week. All of the monies the dancer/entertainers paid in house fees, manager fees, fines and tipouts were paid solely to and for the benefit of the Club. These fees and fines were not distributed back to the entertainers.**

### INTERROGATORY NO. 9:

Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to 'sharing· or ·splitting' your Dance Fees with any personnel who you associated with the Club. In your answer, (i) describe how you learned about these Rules, including identification for the participants, the circumstances, substance, and manner of those communications {e.g., electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied. enforced, or threatened to beenforced against you.

<div style="float:left; border:1px solid red; color:red;">
Rules is neither vague or ambiguous as the term is defined. Further, calling for a narrative is not a proper objection. No identities of persons were provided, nor were specific circumstances identified.
</div>

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

**Plaintiff incorporates her other responses herein describing the Rules imposed on her to this response. In addition to what I have previously explained, it was ·communicated verbally to me that there was a $20 mandatory tip-out to the DJ and $10 tip out to House Mom per shift. There was also a $50 fine for missing a stage rotation and $20 fine for leaving early.**

---

*Pltf's Obj & Resp. to
Defendants' Discovery*

## INTERROGATORY NO. 10:

Describe the items or services that you contend were necessary to perform your work at the Club, *e.g.,* facilities, goods, equipment, tools, personnel, processes, *etc.* In your answer, (i) describe the basis for your contention that those items or services were necessary to perform your work, (ii) items or services, (iii) the cost of those items or services. and (iv) identify who bore the costs of those items or services.

**#10 The objections without merit, as there are examples listed of items and services provided. Please remove these groundless objections.**

**ANSWER: Plaintiff objects to the request as overly broad and that it does not describe with particularity the information to be produced. Specifically, Plaintiff objects to the terms "items" and "services" as vague and ambiguous.**

**Subject thereto, I supplied/paid for my clothing, dancer heels, as well as my own beauty supplies for hair and makeup. Of course, for any job you work, you need to look presentable, so my hair and makeup were not dancer/entertainer specific costs. Defendants have very strict guidelines on our performance wear, which I was required to follow and was enforced by Club management.**

**Additionally, in order to perform and entertain, I also need a space/floor, dressing room, restroom facilities, poles, lighting, music, DJ, utilities, advertising/signage to inform patrons of the entertainment services, security and/or management, cash register/credit card machines (or other payment processing), custodial services, furniture, separation for VIP and/or private dances, all of which Defendants are responsible for providing and, as such, I am unaware of the costs of those items. Defendants also sold and served food and beverages to attract local and out-of-state customers to the club, but, again, Defendants were responsible for providing same and, as such, I am unaware of the costs of such items.**

## INTERROGATORY NO. 11:

Describe whether Defendants imposed any alleged Rules on you that you contend affected your ability to work at any other similar commercial establishments or elsewhere. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (e.g., electronic, in writing, or verbal) and (describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: No.**

## INTERROGATORY NO. 12:

Describe whether Defendants imposed any alleged Rules on you that you contend affected your ability or desire to promote, advertise, or market the work you described in Interrogatory No. 4. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (e.g., electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened to be enforced against you.

<div style="border:1px solid red; color:red;">
#12 Rules is neither vague or ambiguous as the term is in #10defined. Further, calling for a narrative is not a proper objection. No identities of persons were provided, nor were specific circumstances identified.
</div>

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response. Plaintiff objects further as to the relevance of Plaintiff's desire to promote, advertise or market the work she performed for Defendants.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized. Plaintiff understood the Club would do the marketing and advertising for its customers/patrons that Plaintiff would then entertain. Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants, to the extent applicable.**

## INTERROGATORY NO. 13:

If you contend that the Club's operational control, *e.g.*, control over maintenance of facilities, business hours, aesthetics, inventory of beverages or food, advertising, marketing, promotions, location, *etc.*, affected your opportunity to earn or lose money from your work, describe the facts and communications on which you base your contention.

<div style="border:1px solid red; color:red;">
#13The request does not for all facts and thus is not overlybroad or unduly burdnesome. Discovery is almost concluding, thus a premature objection is not warranted either. Please confirm if you are withholding information based on these objections.
</div>

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'facts and communications' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.,* No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, based on the information available to date, yes. The price of food and/or beverages would be a draw to customers. Additionally, advertising or marketing and promotions of big events or parties at the Club would draw more customers. The cleanliness, service, décor of the Club would keep customers coming in. More customers in the Club effected my ability to earn.**

## INTERROGATORY NO. 14:

<div style="border:1px solid red; color:red;">
#14This is not a recognized objection.
</div>

Do you have accurate records or reliable documentation of the Entertainer Fees (as defined in the Licensing Agreement attached to your Arbitration Demand as Exhibit 1) you received while providing services or performing at the Club?

**ANSWER: Plaintiff objects to this request as inappropriately attempting to shift a**

burden of record keeping to Plaintiff, as opposed to her alleged Employers, as that term is defined by the FLSA. Any answer Plaintiff would provide, would therefore be misleading to a jury as assuming Plaintiff had any obligation to do so or account for her tips as 'Entertainer Fees.'

**#15 The request targets information and communications about this lawsuit between the parties. THe term case is defined. The term communications is defined. The response does not include any persons, dates or times. Please answer the interrogatory.**

**INTERROGATORY NO. 15:**

Describe any and all communications between you and either Respondent regarding your claims in this Case, providing the dates, times persons involved and substance of the communications.

**ANSWER: Plaintiff objects to the request as overly broad and that it does not describe with particularity the information to be produced and potentially includes any conversation Plaintiff had with anyone at the Club or its ownership over the course of her work period. Specifically, Plaintiff objects to the terms "communications…regarding your claims in this Case" as vague and ambiguous.**

**Subject thereto, Plaintiff conversed with management of the Club on a regular basis when she was working at the Club. It would be impossible to recall specific conversations that may relate to anything Plaintiff has claimed in this lawsuit. To the extent Plaintiff has described her interactions with the Club in other responses, she incorporates such hereto.**

**#16 The request does not for all facts and thus is not overlybroad or unduly burdenesome. Discovery is almost concluding, thus a premature objection is not warranted either. Please confirm if you are withholding information based on these objections.**

**INTERROGATORY NO. 16:**

If you contend that any of the Respondents bear liability to you under a 'joint employer' or similar theory of vicarious liability, please describe the factual and legal basis for your contentions as to each named Defendant.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at *4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention Defendants bear liability to Plaintiff under a "joint employer" theory can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. The Club, and its officers/owners were Plaintiff's employer(s) as that term is defined by the FLSA. The officers/owners of the Club acted directly or indirectly in the interest of the Club, as relates to Plaintiff or any of the dancer/entertainers at the**

Club. Defendants jointly were required to maintain Plaintiff's employment records, as well as determine the conditions of Plaintiff's employment (including the facility and other terms imposed by management of the Club), were ultimately responsible for any earnings or classification of Plaintiff as an independent contractor, and supervised and/or controlled Club management.

**INTERROGATORY NO. 17:**

Provide the method of calculation and amount you claim is due and owing to you by the Club as wages, overtime, or any other amounts due.

**ANSWER: See Plaintiff's Initial Disclosures, as well as any amendments or supplements thereto. Until such time as Defendants provide all documented evidence of Plaintiff's work (if any), this interrogatory and/or Plaintiff's disclosures will be based on Plaintiff's reasonable estimates of her dates/hours worked during the Relevant Period, as well as the average fees, fines and tipouts Plaintiff recalls paying per shift.**

*[#17 Please update this response as such records in Defendants' possession, custody and control have been produced.]*

**INTERROGATORY N0.18:**

Describe and quantify (i) the hours and days per workweek that you claim to have performed at the Club during the Relevant Period (e.g., #hours on# days between July 15, 2018 - July 15, 2021 (ii) identify each date and number of hours on each such date performed at the Club, and (iii) identify any and all documents, methods, or sources of information you relied upon or referred to in providing your answer.

**ANSWER: Plaintiff objects to the extent this interrogatory is actually multiple interrogatories concerning different subject matters. As such, Plaintiff will answer only one as it is enumerated.**

**Subject thereto, I typically worked at least 4 shifts per week per Defendants' requirements, 8 hours per shift.**

*[#18 The request does not for all facts and thus is not overlybroad or unduly burdensome. Discovery is almost concluding, thus a premature objection is not warranted either. Please confirm if you are withholding information based on these objections.]*

**INTERROGATORY NO. 19:**

Describe (i) whether you had a fixed workweek at the Club and how that workweek was established, (ii) identify the workweeks in which you claim to have worked in excess of forty (40) hours, and (iii) quantify how many hours in excess of 40 you claimed to have worked in those workweeks (e.g.,# total overtime hours) July 15, 2018 - July 15, 2021.

**ANSWER: Plaintiff objects to the extent this interrogatory is actually multiple interrogatories concerning different subject matters. As such, Plaintiff will answer only one as it is enumerated.**

**Subject thereto, the Club requires you to work at least 4 days per week or you were subject to a $100 fine, so therefore I worked at least 4 shifts per week.**

*[#19 This is a proper interrogatory and the subparts are clearly related. Please remove these objections and fully respond to each of the subparts.]*

**INTERROGATORY NO. 20:**

Identify all usernames, hashtags, screennames, and/or handles you have used or created on any social media platform - including but not limited to Facebook, Twitter, WhatsApp, Tumblr,

[#20 Your client advertised her services online, including soliciting customers to the Club, which is clearly relevant. Further, the relevance objection is not properly made. Please remove this objection and respond.]

Instagram, Messenger, SnapChat, TikTok, biogs, etc. - during the Relevant Period through which you have communicated with anyone employed by or affiliated with the Club about your work or activities at the Club, the subject matter of this Case, or any Rules.

**ANSWER: Plaintiff objects to the request as overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. The request is not proportionate to the needs of this case, in that it requests unfettered access to Plaintiff's private social media accounts without a particular limitation or description of the item or information requested.**

## INTERROGATORY NO. 21:

If you contend the Club is engaged in interstate commerce, please describe the legal and factual basis for your contention.

[#21 The request does not for all facts and thus is not overlybroad or unduly burdnesome. Discovery is almost concluding, thus a premature objection is not warranted either. Please confirm if you are withholding information based on these objections.]

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention the Club is engaged in interstate commerce can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Congress "has determined that certain classes of activities have a sufficient impact upon interstate commerce to warrant regulation of the entire class, regardless of whether an individual instance of the activity in question can be shown to be in or to affect commerce." *Gulf Oil Corp. v. Copp Paving Co., Inc.*, 419 U.S. 186, 208 (1974). On information and belief, the Club is engaged in interstate commerce either through use of streaming music, food and/or beverage sales (if any), or catering or advertising to patrons from outside the state, or the myriad of other ways the Club could be found to engage in interstate commerce pursuant to the FLSA.**

## INTERROGATORY NO. 22:

If you contend Respondents acted willfully in violating the Fair Labor Standards Act, describe the legal and factual basis for such contentions.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the**

<div style="color:red; border:1px solid red;">
#22 The request does not for all facts and thus is not overlybroad or unduly burdensome. Discovery is almost concluding, thus a premature objection is not warranted either. Please confirm if you are withholding information based on these objections.
</div>

requirements of Fed. R. Civ. P. 33.  *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at *4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention).  Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")

Subject thereto, the legal and factual basis for Plaintiff's contention Defendants' acted willfully in violating the FLSA can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein.  Plaintiff also refers Defendants to prior FLSA actions against Defendants, including but not limited to Case No. 3:20-cv-00513, *Julia Predmore v. Nick's Clubs, Inc. d/b/a PT's Men's Club, et al.* in the Northern District of Texas, and its later arbitration action.

### INTERROGATORY NO. 23:

If you contend you are entitled to attorney's fees and costs, please describe the legal and factual basis for such contention, inclusive of the amount and basis of calculation.

<div style="color:red; border:1px solid red;">
#23 The request does not for all facts and thus is not overlybroad or unduly burdensome. Discovery is almost concluding, thus a premature objection is not warranted either. Furthermore, the response fails to state an hourly rate or the current amount of attorney's fees to date. Please confirm if you are withholding information based on these objections.
</div>

ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33.  *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at *4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention).  Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")

Subject thereto, the legal and factual basis for Plaintiff's contention she is owed attorneys' fees and costs can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein.  Plaintiff has incurred court costs, expenses and attorneys' fees by prosecuting this action, for which the FLSA provides a successful Plaintiff a recovery. The amount of the expenses and fees claimed is the subject of expert testimony by Plaintiff's counsel and will be submitted in accordance with Federal law and the rules of this Court. See also Plaintiff's Initial Disclosures and any supplements thereto.

## INTERROGATORY NO. 24:

State each of the dates and times you worked at the Club July 15, 2018 to July 15, 2021.

**ANSWER: I typically worked at least 4 shifts per week, 7-8 hours per shift.**

#24 This asks for the dates and times you allege you worked, not the typical shift.  Please provide a full response.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI, *Defendants.* | § § § § § § § | COLLECTIVE ACTION JURY DEMANDED |

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND RESPONSES TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST REQUEST FOR PRODUCTION

TO:    Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Brooke Layton, by and through the undersigned counsel of record, serves her objections and responses to Defendant Mainstage Management, Inc.'s First Request for Production.

Dated: October 18, 2021                  Respectfully submitted,

                                         */s/ Leigh S. Montgomery*
                                         Jarrett L. Ellzey
                                         Texas Bar No. 24040864
                                         Leigh Montgomery
                                         Texas Bar No. 24052214
                                         **ELLZEY & ASSOCIATES, PLLC**
                                         1105 Milford Street
                                         Houston, Texas 77006
                                         Telephone: (713) 554-2377
                                         Facsimile: (888) 276-3455
                                         jarrett@ellzeylaw.com
                                         leigh@ellzeylaw.com

                                         ***Attorneys for Plaintiff***

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                    ***Page 27 of 42***
                                                                    APPX88

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

## PLAINTIFF BROOKE LAYTON'S OBJECTIONS AND RESPONSES
## TO DEFENDANT'S REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Claimant's identification, driver's license, passport and other identifying document issued by the United States government or the government of any state of the United States.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.**

**Subject thereto, a copy of Plaintiff's driver's license can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 2:**

All W-2 forms, 1099 forms, bank statements and other income reporting forms that evidence your income from the Club or any other person from whom your worked or provided services during the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to Plaintiff's earnings from this Club, responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 3:**

All U.S. individual tax returns (Form 1040) and accompanying schedules and documents used in connection with the preparation of such returns for the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to any 1040 form filed in which earnings from Defendant's establishment were listed by Plaintiff, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 4:**

---

*Margin annotations (handwritten, red):*

This is a common Production Request and the identity of the Plaintiff is clearly relevant. To date, no driver's license has been provided.

#2This request is wholly relevant to the defenses, claims of Plaintiff and counterclaims and not disproportionate as it is tailored. To date, no responsive documents have been produced.

This request is wholly relevant to the claims of Plaintiff and counterclaims. To date, no responsive documents have been produced.

#4: This request is wholly relevant to the claims of Plaintiff and counterclaims. To date, no responsive documents have been produced.

All documents pertaining to all income, distributions, wages, salaries, tips, commissions, earnings, monies, compensations, dividends, bonuses, royalties and remunerations in any other form received by you during the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to documents showing any earnings earned from Defendant's establishment, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

#5&6 Assumes facts in evidence is not a proper objection. If Plaintiff has any employment during the relevant period, it must be produced, not limited to the Club. Please remove the objection.

**REQUEST FOR PRODUCTION NO. 5:**

All documents evidencing your rate of pay, including any changes thereto, during the period of your alleged employment during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely, that Defendants paid her.**

**Subject thereto, there are no responsive documents to this request as Defendants did not pay Plaintiff.**

**REQUEST FOR PRODUCTION NO. 6:**

All payroll statements, cleared checks, receipts, deposits, statements and pay stubs that evidence your earnings during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely, that Defendants paid her.**

**Subject thereto, documents responsive to this request, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

#7 "Documents" & "relate" are defined terms. The vague objection is without merit. Please remove and produce responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

All documents indicating or relating to your work schedule hours at the Club, including any changes thereto.

**RESPONSE: Plaintiff objects to the extent this request does not state with reasonable particularity the item or thing to be produced. Plaintiff objects as vague as to what 'documents,' may 'indicate or relate,' to work schedule hours. Plaintiff is responding based on her understanding of documents listing or specifying hours worked.**

Subject thereto, there are no responsive documents to this request in Plaintiff's possession, custody and/or control.

## REQUEST FOR PRODUCTION NO. 8:

All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes memoranda, journals, or calendars, or other written logs reflecting your daily routine, location, and activities during the Relevant Period.

**RESPONSE: There are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

## REQUEST FOR PRODUCTION NO. 9:

All documents indicating or relating to your tardiness, attendance, unavailability and/or absences from the Club during the Relevant Period, including but not limited to medical, travel or other absences and emails or phone records to notify the Club of your tardiness, absence or unavailability.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted in this action and to the extent the request is vague and ambiguous.  Plaintiff further objects to the extent the request assumes facts not in evidence and is speculative.**

**Subject thereto, there are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

*[Margin note #9, left side, handwritten in red:]* #9 The relevance objection is without merit, as it clearly relates to the times and dates Plaintiff alleges to have performed at the Club and seeks payment.  There is no "assumes facts" objection in production.  Please remove the objection and produce responsive documents, if any, such as social media postings of Plaintiff showing travel and other events.

## REQUEST FOR PRODUCTION NO. 10:

All documents, including representation agreements, fee agreements, contracts, invoices and billing statements, evidencing the contractual relationship with attorneys, experts, and/or investigators in connection with this Case.

**RESPONSE: Plaintiff objects to the extent this request goes beyond the scope of claims in this case, and is therefore irrelevant, and not proportionate to the needs of the case, given the relevance of the requested information.**

**Subject thereto, as to any contractual relationship with Plaintiff's counsel, such information can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

*[Margin note #10, left side, handwritten in red:]* #10 Plaintiff is seeking attorney's fees and was also soliciting others related to this lawsuit.  The relevance objection is without merit and to date, no billing statements, unredacted attorney's fee agreement, invoices have been produced

## REQUEST FOR PRODUCTION NO. 11:

Any and all payments, advances, or loans received in relation to pursuing or filing this Case.

**RESPONSE: There are no responsive documents to this request.**

*[Margin note #11, bottom right, handwritten in red:]* 11: Unless Plaintiff paid the filing fees and fees related to the Court reporter and noticing depositions, there should be responsive documents, as those are payments or advancements.

## REQUEST FOR PRODUCTION NO. 12:

#12 The request specifically excluded attorney client privileged information. Such privilege assertion is inapplicable. Inasmuch as the request is for relevant documents that relate to the case, and "relate" is a defined term, the objection is without merit and responsive documents must be produced.

All letters and correspondence, including electronic writings (e.g., e-mail), that constitute or contain matters relevant to the subject matter of this Case, excluding any privileged communications.

**RESPONSE: Plaintiff objects as the request does not state with particularity, the item or thing to be produced, specifically what constitutes 'relevant' matters to this case. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.**

**Plaintiff further asserts the request invades the attorney-client and attorney work product privileges, despite claiming otherwise, to the extent it fails to define with specificity the documents to be produced. A general request to peruse a Plaintiff's file on a matter is an invasion of the work product privilege. Information will not be produced subject to these objections.**

**REQUEST FOR PRODUCTION NO. 13:**

#13 The request specifies the information sought, and is proportional the case, as there are both claims and counterclaims. Plaintiffs' income is central to the case and is relevant. Privacy is not an objection.

Any and all documents pertaining to checking accounts, savings accounts, certificates of deposit and other accounts in any bank, savings and loan association or other financial institution, inclusive of CashApp, PayPal, Venmo, Zelle, Coinbase, and similar financial facilities, which stand in your name alone, individually or as trustee, or which are subject to withdrawal or control by you, or in which you claim or have claimed an interest, for the Relevant Period including but not limited to deposit slips, canceled checks, withdrawal slips, statements of account, passbooks and certificates of deposit.

**RESPONSE: Plaintiff objects as the request does not state with particularity, the item or thing to be produced. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff objects to the extent this request creates such a burden on her and is such an invasion of her privacy, as the request is not limited in date or scope to the relevant claims and defenses before the Court, than any attempt to answer is impossible. Information will not be produced subject to these objections.**

**REQUEST FOR PRODUCTION NO. 14:**

Any contract of employment between you and the Club.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to the work you performed for the Club regarding, referring to or related to:

      a.      Overtime compensation;
      b.      Christmas or other bonuses;

    c.      Deferred compensation;
    d.      Business expenses paid by employer;
    e.      Other receipts arising out of employment;
    f.      Advances or loans;
    g.      Vacation and sick-leave benefits; and,
    h.      Severance pay.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid for any of the above-referenced items for anyone at the Club. Plaintiff further objects to the extent the information requested would be in Defendant's possession, custody and/or control and thereby burdensome and disproportionate to the needs of the case for Plaintiff to provide.**

**Subject thereto, there are no responsive documents in Plaintiff's possession, custody and/or control.**

## REQUEST FOR PRODUCTION NO. 16:

All documents reflecting on your credibility as a witness, including records of arrests, convictions, and sentencing for crimes involving theft, fraud, or moral turpitude at any time since 2011.

**RESPONSE: Plaintiff objects to the extent this request asks for information outside the scope of discovery. Fed. R. Evid. 609. Plaintiff further objects to the extent this request does not state with particularity the item or thing to be produced. Plaintiff further objects to the burdensomeness of this request, that it is disproportional to the needs of the case given Defendant's equal access to the requested information. Information regarding criminal convictions is publicly available.**

**Subject thereto, Plaintiff regards herself as a credible witness, and therefore there are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 17:
Produce a copy of all documents that support your contention that the Club is engaged in interstate commerce.

**RESPONSE: Plaintiff objects to the extent the information requested would be in Defendant's possession, custody and/or control and thereby burdensome and disproportionate to the needs of the case for Plaintiff to provide.**

**Subject thereto, all documents responsive to this request would be in Defendants' possession, custody and/or control. Such information will be available when Defendant provides the requested documents.**

## REQUEST FOR PRODUCTION NO. 18:

<div style="color:red; border:1px solid red;">
#16 The request is within the scope of FRE 609 and is clear regarding the subject matter for production. Further the burdensome objection and proportionality objection is not without basis. Finally, if Plaintiff contends there are things that show she is credible, those must be produced as well.
</div>

<div style="color:red; border:1px solid red;">
#17 Documents have been produced, please identify what it is that you rely upon to support that interstate commerce exists.
</div>

#18 This request sufficiently identifies the subject matter and there is no evidence of it being overbroad or overburdensome. Please remove these improper objections and produce such documents. Further, the request is not limited to employment of FLSA matters.

Legal actions, including demand letters, claim forms, arbitration demands, settlement offers and agreements, lawsuits, administrative proceedings, court proceedings and/or arbitrations in which you are or were a party from 2015 to present.

**RESPONSE: Plaintiff objects to the extent this request does not state with reasonable particularity the items or things to be produced. Plaintiff further objects this request is burdensome and expensive given the proportionate needs of the case given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. The information requested is publicly available, and as such equally available to Defendant, adding to the disproportionate needs for Plaintiff to produce such information.**

**Furthermore, the information requested invades the attorney work product and attorney/client privilege, as well as potentially other confidential information, and as such, information or materials may be withheld.**

**Subject thereto, there are no applicable responsive documents for any employment/FLSA claims for Plaintiff, other than the instant matter.**

**REQUEST FOR PRODUCTION NO. 19:**
All documents reflecting your employment history from 2010 to date.

#19: The request is neither vague nor overbroad. Please remove the groundless objections and produce responsive documents.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Due to the breadth and ambiguity in this request, Plaintiff will not guess as to what may be a responsive document and rests on these objections.**

**REQUEST FOR PRODUCTION NO. 20:**
All documents reflecting your educational background and training, including but not limited to diplomas, degrees, certificates, licenses, and transcripts.

#20: The request is neither vague nor overbroad. Please remove the groundless objections and produce responsive documents.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Due to the breadth and ambiguity in this request, Plaintiff will not guess as to what may be a responsive document and rests on these objections.**

**REQUEST FOR PRODUCTION NO. 21:**
All documents and communications with the individually named Defendants during the Relevant Period.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing**

<div style="border: 1px solid red; color: red;">
**#21:** The request is neither vague nor overbroad. Please remove the groundless objections and produce responsive documents.
</div>

to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.

Subject thereto, to the extent any such documents exist relevant to the claims and defenses assert, such will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.

**REQUEST FOR PRODUCTION NO. 22:**

<div style="border: 1px solid red; color: red;">
**#22 &25:** Assumes facts not in evidence is not a proper objection and the request does not state that Defendants paid any compensation to Plaintiff, but asks about her income, which is relevant to the defenses, claims and counterclaims in this suit. Please remove the groundless objections and produce responsive documents.
</div>

Any and all documents evidencing any income received directly from or related to the performance of services at the Club during the Relevant Time Period.

**RESPONSE:** Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid any compensation to Plaintiff. Plaintiff objects that the request is disproportionate to the needs of the case, considering the relevance of the particular information requested. Plaintiff's tips received from customers are not of issue in the claims and defenses alleged, as Defendants never classified Plaintiff or paid Plaintiff as a tipped employee. Plaintiff is withholding responsive documents, if any, based upon these objections.

**REQUEST FOR PRODUCTION NO. 23:**
Any and all documents evidencing the hours you allegedly worked per week at the Club during the Relevant Period.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 24:**

<div style="border: 1px solid red; color: red;">
#23&24: Please produce documents, as they have not been received to date.
</div>

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the days, hours, weeks, or months that she claims to have worked at the Club. This request includes, but is not limited to, calendar, notes, posting on social media, diary entries, bank statements or other similar documentation.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 25:**
Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she earned in connection with her work as an exotic dancer at the Club, e.g., wages, fees, 'tips,' 'gratuities' or service charges. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence,**

namely that Defendants paid any compensation to Plaintiff. Plaintiff objects that the request is disproportionate to the needs of the case, considering the relevance of the particular information requested. Plaintiff's tips received from customers are not of issue in the claims and defenses alleged, as Defendants never classified Plaintiff or paid Plaintiff as a tipped employee. Plaintiff is withholding responsive documents, if any, based upon these objections.

**#26: Please produce documents, as they have not been received to date.**

**REQUEST FOR PRODUCTION NO. 26:**
Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she claims to have been required to pay according to any Rules at the Club. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**#27: This request is wholly relevant to the defenses, claims of Plaintiff and counterclaims and not disproportionate as it is tailored. To date, no responsive documents have been produced.**

**REQUEST FOR PRODUCTION NO. 27:**
Produce copies of Claimant's federal and state income tax returns for all tax years during the Relevant Period. See Carrell v. Sunland Const., Inc., 998 F.2d 330,334 (5th Cir. 1993) (5th Cir. 1993). Please redact all sensitive information such as social security numbers.

**RESPONSE: Plaintiff incorporates her objections and response from no. 2. This request is redundant.**

**REQUEST FOR PRODUCTION NO. 28:**
Produce any sworn or unsworn statements in Claimant's possession, custody or control from individuals containing any information concerning or related to the claims asserted in the Original Complaint filed in the Case.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 29:**
If Claimant reported or complained internally to the Club (including but not limited to managers, supervisors, or administrators) about the Rules or the subject matter of the claims asserted in Complaint during the Relevant Period, produce any documents or communications reflecting those reports or complaints.

**RESPONSE: There are no responsive documents to this request.**

**#30: The request is neither vague nor overbroad and is an element required to extend the statute of limitations to three years. Please remove the groundless objections and produce responsive documents.**

**REQUEST FOR PRODUCTION NO. 30:**
Produce all documents that Claimant contends evidence Defendants' alleged willful violation(s) of the FLSA during the Relevant Period.

**RESPONSE: Plaintiff objects the request does not state with particularity the item of thing to be produced. Plaintiff further asserts that the request is tantamount to a request for the Plaintiff's counsel's entire file, which is an improper invasion of the attorney work product**

privilege.  Plaintiff objects to the extent the informationor materials are public records, and equally available and accessible to Defendant,therefore are disproportionate to the needs of this case.

Subject thereto, the items or information identified in response to interrogatory no. 22 are public records and/or arbitration records solely in the possession, custody and/or control of Defendants.

## REQUEST FOR PRODUCTION NO. 31:

Produce all communications (including e-mails, texts, social media messages) between Claimant and any other performers, Djs, bartenders, waitresses, house moms, or similar individuals at the Club, concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "similar individuals at the Club," "concerning or relating to any alleged Rules," or the "subject matter of this case." As worded, the request is overly broad and ambiguous, such that any attempt to respond would be disproportionate to the needs of the case, given the potential relevance of the requested documents. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.

Subject thereto, to the extent responsive documents exist as to the alleged Rules as set forth by Plaintiff herein, responsive information, if any, will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.

## REQUEST FOR PRODUCTION NO. 32:

Produce all documents or communications between Claimant and any of the Defendants concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." As worded, the request is overly broad and ambiguous, such that any attempt to respond would be disproportionate to the needs of the case, given the potential relevance of the requested documents. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.

Subject thereto, to the extent responsive documents exist as to the alleged Rules as set forth by Plaintiff herein, responsive information, if any, will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.

## REQUEST FOR PRODUCTION NO. 33:

Produce all documents and communications between Claimant and any individual employed by, who works at, or who Claimant otherwise associates with the Club during the Relevant

#31 & 32:  The request is neither vague nor overbroad.  Please remove the groundless objections and produce responsive documents.  It is unclear whether documents are being withheld based on these objections.

#31 & 32:  The request is neither vague nor overbroad, nor disproportionate.  Please remove the groundless objections and produce responsive documents.  It is unclear whether documents are being withheld based on these objections.

Period.

**RESPONSE: Plaintiff objects to the extent the individual(s) identified in this request are or may be unknown to Plaintiff. Plaintiff will answer only to the extent an individual is known as an employee of the Club. Otherwise, Plaintiff objects as vague. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

**Subject thereto, there is no responsive information to this request.**

## REQUEST FOR PRODUCTION NO. 34:
Produce all documents and communications relating to any disciplinary actions taken against Claimant by Defendants during the Relevant Period.

**RESPONSE: There are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 35:
Produce all documents and communications between Claimant and any dancer or entertainer who has performed at the Club concerning or relating to any alleged Rules, the filing of this Caset, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." Plaintiff is unable to ascertain what the requestis asking for and, therefore is unable to answer the request. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

## REQUEST FOR PRODUCTION NO. 36:
If Claimant contends that she was subject to any Rules, supervised, controlled or otherwise managed by any person she alleges had authority to act on behalf of or for the Club, produce all documents and communications between Claimant and such persons concerning those matters.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "Rules," "person with authority to act on behalf of the Club." Plaintiff does not know all persons with authority, only who may have controlled her work such at to make her an employee. The request is overly broad, and potentially includes all documents at issue in this matter, which is an improper request for production and disproportionate to the needs of the case.**

**Subject thereto, non-privileged, relevant and responsive documents, if any, will be available for inspection at Plaintiff's counsel's office on a mutually agreeable date and time.**

## REQUEST FOR PRODUCTION NO. 37:
For each social media account maintained by Claimant, please produce all messages, private

<div style="color:red; border:1px solid red;">
#35,36 & 37: The request is neither vague nor overbroad, nor disproportionate. Please remove the groundless objections and produce responsive documents. It is unclear whether documents are being withheld based on these objections.
</div>

messages, posts (public or private) concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." Plaintiff further asserts the information requested is disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope,such as to be relevant or proportionate to the claims and defenses asserted in this matter.** *See McGowan v. Southern Methodist University*, **Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020).**

**#38:** Assumes facts not in evidence is not a proper objection and the request does not state that Defendants paid any compensation to Plaintiff, but asks about her income, which is relevant to the defenses, claims and counterclaims in this suit. Please remove the groundless objections and produce responsive documents.

## REQUEST FOR PRODUCTION NO. 38:

Produce all documents and communications relating to tips, gifts, or other monies Claimant claims to have paid to DJs, entertainers, dancers, bus boys, bartenders or managers at the Club.

**RESPONSE: Plaintiff asserts the information requested is disproportionate to the needsof the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionateto the claims and defenses asserted in this matter.**

**Subject thereto, responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**#39:** Please confirm that Layton 1-14 includes all such items.

## REQUEST FOR PRODUCTION NO. 39:

Produce all photographs and/or videos in Claimant's possession, custody or control that depict any portion of the interior or exterior of the Club taken at any point during the Relevant Period. This request includes photographs or videos of any signage, other performers, patrons, or club personnel.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**#40:** The request is limited in time to the Relevant Period and only to certain types of establishment. Please remove the improper objections.

## REQUEST FOR PRODUCTION NO. 40:

Produce a copy of every employment contract, independent contractor agreement, or other written agreement Claimant entered into with any and all topless clubs, gentlemen's clubs, or adult entertainment nightclubs at which she has performed during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to theneeds of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.**

**Subject thereto, there are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 41:

Produce a copy of the fee agreement(s) with your attorney(s) in this matter.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 42:**
Produce a copy of documents reflecting the amount of attorney's fees Plaintiff seeks to recover in this proceeding.

**RESPONSE: The information requested is the subject of expert testimony and opinion, and therefore improper to request in the form of a request for production. Additionally, the request is premature, as the amount Plaintiffs seeks to recover includes the reasonable and necessary attorneys' fees and expenses incurred up to the time of and through trial and will not be known until that point.**

**REQUEST FOR PRODUCTION NO. 43:**
Produce the location data from your cellular device for the dates you claim to have performed at the Club. This data may be exported and produced from a variety of sources, e.g. Facebook 'check- ins,' as a .km! file exported from Google Timeline, or if you use an iPhone, by accessing "Significant Locations" under "System Services".

**RESPONSE: Plaintiff objects to the extent the data requested is not a tangible thing or document in existence for Plaintiff to produce. Plaintiff objects the information requested is disproportionate to the needs of the case given is relativeimportance in resolving the issues of this claim. Plaintiff does not have to create evidence. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 44:**
Please produce a copy of your cell phone bills reflecting the transmission of communications (including text messages) during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy, and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 45:**
Produce a copy of documents that support your contention that Nick Mehmeti is a joint employer of the Club.

APPX101

---

#41: Please remove the redactions to the fee agreement produced in this cause

#42: Attorney's fees invoices in cases in which attorney's fees are sought are proper and must be produced and supplemented. Accordingly, these objections are without merit.

#43: Such data is in existence and Plaintiff has possession, custody or control ver such information. Further, as her location at certain times is central to this case, there is not impermissible invasion of privacy. Please produce responsive docs.

44: The disproportionality request is not well taken, nor is assertions of privacy given the nature of the case. Please remove this objection and produce responsive documents.

**RESPONSE:** Plaintiff objects to this document request as premature. Plaintiff incorporates her objections to interrogatory 16 herein, as equally applicable.

Subject thereto, when any responsive information is available to Plaintiff, such information will be made available for inspection at Plaintiff's counsel's office on a mutually agreeable date and time.

<u>**REQUEST FOR PRODUCTION NO. 46:**</u>
Produce a copy of any correspondence, inclusive of enclosures that relate to one or more of the Defendants.

**RESPONSE:** Plaintiff objects to the phrase "relate to one or more of the Defendants," as vague, ambiguous and overly broad, such that any attempt at responding would be disproportionate to the needs of this case.

Subject thereto, responsive information related to correspondence relevant to the claims and defenses asserted, if any, will be made available for review at Plaintiff's counsel's office on a mutually agreeable date and time.

<u>**REQUEST FOR PRODUCTION NO. 47:**</u>
Produce any and all resumes and job applications during the Relevant Period.

**RESPONSE:** There are no responsive documents in Plaintiff's possession, custody or control.

<u>**REQUEST FOR PRODUCTION NO. 48:**</u>

Produce any and all calendars.

**RESPONSE:** There are no responsive documents in Plaintiff's possession, custody or control.

<u>**REQUEST FOR PRODUCTION NO. 49:**</u>
Produce your Facebook postings, comments, and images during the Relevant Period.

**RESPONSE:** Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy, and is overly broad and not relevant to the claims or defenses asserted. *See McGowan v. Southern Methodist University*, Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at *2 (N.D. Tex. May 6, 2020). Plaintiff is withholding information based on these objections.

<u>**REQUEST FOR PRODUCTION NO. 50:**</u>
Produce your Instagram postings, comments, and images during the Relevant Period.

#45: As discovery has been ongoing and is about to conclude, kindly produce such documents.

#46: The term "relate" is defined. Please produce responsive documents.

#49 &50: Each of the objections are without merit. Kindly remove the objection and produce responsive documents.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy and is overly broad and not relevant to the claims or defenses asserted.  Plaintiff is withholding information based on these objections.** *See McGowan v. Southern Methodist University*, **Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020).**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLYNN SHIPLEY, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. - DALLAS PT'S d/b/a PT MEN'S CLUB and NICK MEHMETI, | § § § § § | COLLECTIVE ACTION JURY TRIAL DEMANDED |
| Defendants. | § § | |

---

**DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

---

TO:     Claimant, ASHLYNN SHIPLEY, individually and on behalf of those similarly situated, by and through her attorneys of record, Jarrett L. Ellzey and Leigh Montgomery, Ellzey & Associates, PLLC, 1105 Milford Street, Houston, Texas 77006 via email.

Pursuant to Rule 33, Rule 34 and Rule 36 of the Federal Rules of Civil Procedure, Defendant, MAINSTAGE MANAGEMENT, INC., by its undersigned counsel, requests that Plaintiff answer the following interrogatories, production requests and requests for admissions (the "Discovery Requests"). Defendant further requesst that Plaintiff answer the interrogatories under oath. All responses to the Discovery Requests must be served upon Defendant, by service upon Defendant's undesigned counsel, within thirty (30) days pursuant to the Federal Rules of Civil Procedure.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS

EXHIBIT

D

Page 1

Respectfully submitted,

SHEILS WINNUBST
A Professional Corporation

By:    */s/ Latrice E. Andrews*
        Latrice E. Andrews
        State Bar No. 24063984

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*latrice@sheilswinnubst.com*
ATTORNEYS FOR DEFENDANTS

AND

ROGER ALBRIGHT, LP
Of Counsel to:
SHEILS WINNUBST, PC

By:    */s/ Roger Albright*
        Roger Albright
        State Bar No. 00974580

1100 Atrium II
1701 N. Collins Boulevard
Richardson, Texas 75080
Telephone No.: (972) 644-8181
Telecopier No.: (972) 644-8180
*roger@sheilswinnubst.com*
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's First Set of Discovery Requests was served upon Counsel for Plaintiff, Jarrett L. Ellzey and Leigh Montgomery, Ellzey & Associates, PLLC, 1105 Milford Street, Houston, Texas 77006, via certified mail, return receipt requested, on this 26th day of May, 2022.

                        */s/ Latrice E. Andrews*
                        Latrice E. Andrews

APPX105

## I. INSTRUCTIONS

1.      Please be advised that if any facts, asked about specifically or through the use of defined words, are omitted from your answers, or if you fail to supplement your answers as required by the *Federal Rules of Civil Procedure*, the proponent of these Discovery Requests may regard such omission as intentional and may request action by the Court and there may be consequences by operation of law (*i.e.* deemed admissions).

2.      In the event a word or phrase is considered ambiguous, and is defined neither herein, nor under applicable law, answer the Discovery Request by applying the common language usage of such word or phrase and define the applied common language usage.

3.      To the extent that you believe that any of the following Discovery Requests to be objectionable, answer so much of each Discovery Request and each part thereof as is not, in your view, objectionable, and separately state so much of that part of each interrogatory, request for admission, or request for production as to which you raise objection and each ground of each such objection.

4.      In answering these Discovery Request, you are required to set out each responsive fact, circumstance, act, omission, or course of conduct, whether or not admissible in evidence at trial, known to you and about which you have information which is, or will be, the basis for any contentions related to this Case.

5.      If you are unable to answer any Discovery Request completely, so state, and to the extent possible, set forth the reasons for your inability to answer more fully, and state whatever knowledge or information you have concerning the unanswered portion.

6.      Each Discovery Request is addressed to your personal knowledge and information, as well as the knowledge and information of your attorneys, investigators, agents, employees, or other representatives.

7.      Unless otherwise specified, if your response in regard to a portion of the time period addressed in any Discovery Request differs from your response in regard to another portion of such period, provide a response for each such portion and indicate the period of time which each response relates.

8.      Identify any reference to a non-natural person to include the legal predecessors of such non-natural person.

9.      When a Discovery Request asks you to "describe" or "identify" a document, provide the following information with respect to each such document:

(a)      Date appearing on such document; or if it has no date, so state and give the date or approximate date such document as prepared, produced, created, or came into being;

(b)      Any identifying or descriptive code number, file number, title or label of such document;

(c)      The general nature or description of such document;

(d)      The name of the person(s) who signed, authored, produced, or created such document;

(e)      The name of the person(s) who prepared such document if different from the name provided under (d) of this instruction;

---

(f)    The name of the person(s) to whom such document was addressed and the name of each such person other than the addressee to whom such document, or copy or reproduction thereof, was given or sent;

(g)    The name of the person or entity having present possession, custody and/or control of such document;

(h)    The present location of such document;

(I)    If such document was, but is no longer in your possession or control, state what disposition was made of such document, the reason for such disposition, and the date thereof;

(j)    Whether or not any draft, copy or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subparts (a) through (I).

10.    Rules of construction applicable in reading the following interrogatories, requests for production and requests for admission are as follows:

(a)    The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (i.e., "-ing,", "-ed," etc.) shall be construed to include each other.

(b)    The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

(c)    The word "each" shall be construed to include "every" and vice versa.

(d)    The word "any" shall be construed to include "all" and vice versa.

(e)    The present tense shall be construed to include the past tense and vice versa.

(f)    The masculine shall be construed to include the feminine and vice versa.

(g)    The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

(h)    The word "including" shall have its ordinary meaning and shall mean "including, but not limited to" and shall not indicate limitation to the examples or items mentioned.

(I)    The phrase "reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

(j)    The phrase "to present" means to date on which you respond to these interrogatories and requests.

## II. DEFINITIONS

The words which are defined below will have the meanings indicated below and each time such words are used in these Discovery Requests you will be charged with knowledge of such definitions in answering.  In each case, your answers should respond to all elements or questions included in such defined words.

---

Unless conclusively negated by the context of the question, the following are to be considered applicable to all discovery requests contained in this pleading:

1.      **"Club"**: Nick's Mainstage, Inc. - Dallas-PTs, is a Texas corporation, doing business in Dallas County, Texas as PT's MENS CLUB and a named Defendant in this Case.

2.      **"Case"**: Refers to the matter pending with the Northern District of Texas, styled, *Ashlynn Shipley vs Mainstage Management, Inc., Nick's Mainstage, Inc.-Dallas PT's d/b/aPT's Mens Club and Nick Mehmeti; Civil Action No. 3:21-cv-01636-N*

3.      **"Claim"**: Refers to the allegations against the Defendants in the Case and set forth in the Original Complaint filed in the Case, inclusive of any amendments.

4.      **"Document(s)"**: All "writings," "recordings, and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all transcripts, correspondence, internal memoranda, notes of meetings, telegrams, telexes, email communications, text messages, social media postings, social media direct messages, snapchat communications, facsimiles, electronic mail, reports, or notes of telephone conversations, notebooks, diaries, minutes, tests, reports, analyses, studies, bank or financial statements, maps, testimony, speeches, worksheets, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

5.      **"Person(s)"**: Includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, department branches, and other units thereof or any combination thereof. Any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

6.      **"Privileged Information"**: Information protected by the attorney-client privilege, work product privilege or any other applicable and valid privilege recognized under federal law.

7.      **"Retainer Agreement"**: Any agreement, contract, or instrument that sets forth in writing the terms and conditions of the attorney-client relationship between ASHLYNN SHIPLEY and her Counsel of Record, including but not limited to, terms and conditions regarding fees.

8.      **"You," "Your," "Plaintiff,"**: ASHLYNN SHIPLEY, the named Plaintiff in this Case, as well as the agents, representatives, attorneys, and all other persons acting or purporting to act on behalf of ASHLYNN SHIPLEY.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                Page 5

9.      **"Relevant Period":** means the period of time beginning three years before the filing of the Original Complaint in this Case through present, unless otherwise defined.

10.     **"Rules":** means and includes the ways in which Defendants "exercised significant control over [you] during [your] shifts" and the "work rules" referenced in the Original Complaint, including any and all forms of direction, supervision, expectations, requirements, regulations, protocols, policies, dictates, or conditions, *etc.*, that you claim Defendants required you to follow.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 6

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that you signed an Independent Contractor Checklist with the Club on January 17, 2019.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**

Admit that you signed an Independent Contractor Agreement with the Club on January 25, 2018, January 2, 2019, and January 23, 2020.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**

Admit that the Exhibit A-2 of the Declaration of Nick Mehmeti filed as part of ECF No. 37 in this Case are true and correct copy of the Licensing Agreements between you and the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**

Admit that you consented to a Criminal History Record being provided to the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**

Admit that you went to Bio-Verify Inc. on January 31, 2018, March 16, 2019, and January 31, 2020 to have a criminal history record search performed.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

Admit that you began to perform at the Club on September 30, 2018.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not perform at the Club after 2020.

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 7

RESPONSE:

**REQUEST FOR ADMISSION NO. 8**

Admit that you were required to check in with the Club upon arriving at the Club to perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**

Admit that you received payment from patrons or customers of the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 10:**

Admit that you did not have a set schedule at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 11:**

Admit that you purchased costumes and attire to perform your services at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12:**

Admit that you determined how you would performance at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13:**

Admit that you determined what days you would work at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14:**

Admit that you did not pay the Club any portion of the income you received from the patrons or customers of the Club.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 8

RESPONSE:

**REQUEST FOR ADMISSION NO. 15:**

Admit that you received income related to your services at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 16:**

Admit that you did not expect to paid by the Club for your services.

RESPONSE:

**REQUEST FOR ADMISSION NO. 17:**

Admit that you agreed to be an independent contractor for the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 18:**

Admit that you had a skill of dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 19:**

Admit that you practiced dancing for your performance.

RESPONSE:

**REQUEST FOR ADMISSION NO. 20:**

Admit that you trained to perform your dances at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 21:**

Admit that you had a stage name.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                                     Page 9

**REQUEST FOR ADMISSION NO. 22:**

Admit that you market your performances on social media sites such as Facebook and Instagram.

RESPONSE:

**REQUEST FOR ADMISSION NO. 23:**

Admit that you advertise your performances.

RESPONSE:

**REQUEST FOR ADMISSION NO. 24:**

Admit that you have sources of income related to dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 25:**

Admit that you use social media (such as Facebook or Instagram) to make money related to your dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 26:**

Admit that you provide private events and performances related to your exotic dancing.

RESPONSE:

**REQUEST FOR ADMISSION NO. 27:**

Admit or deny that you never worked in excess of forty (40) hours in a workweek during your time as a performer at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 28:**

Admit or deny that no one with the Club ever instructed you what days of the week you were required to perform.

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 10

RESPONSE:

**REQUEST FOR ADMISSION NO. 29:**

Admit or deny that no one with the Club ever instructed you what days of the week you were <u>not</u> allowed to perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 30:**

Admit or deny that no one with the Club ever instructed you what hours of the day you were required perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 31:**

Admit or deny that no one with the Club ever instructed you what hours of the day you were <u>not</u> allowed to perform.

RESPONSE:

**REQUEST FOR ADMISSION NO. 32:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 4.

RESPONSE:

**REQUEST FOR ADMISSION NO. 33:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 5.

RESPONSE:

**REQUEST FOR ADMISSION NO. 34:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 3.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                    Page 11

**REQUEST FOR ADMISSION NO. 35:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 8.

RESPONSE:

**REQUEST FOR ADMISSION NO. 36:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 7.

RESPONSE:

**REQUEST FOR ADMISSION NO. 37:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 9.

RESPONSE:

**REQUEST FOR ADMISSION NO. 38:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 10.

RESPONSE:

**REQUEST FOR ADMISSION NO. 39:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 11.

RESPONSE:

**REQUEST FOR ADMISSION NO. 40:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 12.

RESPONSE:

**REQUEST FOR ADMISSION NO. 41:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 13.

    RESPONSE:

**REQUEST FOR ADMISSION NO. 42:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 18.

    RESPONSE:

**REQUEST FOR ADMISSION NO. 43:**

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 19.

    RESPONSE:

**REQUEST FOR ADMISSION NO. 44:**

Admit or deny that you reported to the Club all income you received during the Relevant Period.

    RESPONSE:

**REQUEST FOR ADMISSION NO. 45:**

Admit that you never received any share of money from the Club's receipt of cover charges.

    RESPONSE:

**REQUEST FOR ADMISSION NO. 46:**

Admit that you never received any share of money from the Club's sales of food.

    RESPONSE:

**REQUEST FOR ADMISSION NO. 47:**

Admit that you never received any share of money from the Club's sales of alcohol.

    RESPONSE:

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 13

**REQUEST FOR ADMISSION NO. 48:**

Admit that the amount of your income increased when the Club ran advertising.

RESPONSE:

**REQUEST FOR ADMISSION NO. 49:**

Admit that the amount of your income increased when the Club ran promotions.

RESPONSE:

**REQUEST FOR ADMISSION NO. 50:**

Admit that the amount of your income increased depending on the Club's choice of decor.

RESPONSE:

**REQUEST FOR ADMISSION NO. 51:**

Admit that you  asked the Club's DJs to have certain music played during your work.

RESPONSE:

**REQUEST FOR ADMISSION NO. 52:**

Admit or deny there was a maximum amount you could charge for a lap dance.

RESPONSE:

**REQUEST FOR ADMISSION NO. 53:**

Admit or deny there was a minimum amount you could charge for a lap dance.

RESPONSE:

**REQUEST FOR ADMISSION NO. 54:**

Admit or deny that Respondents told you what kind of attire you were required to wear.

RESPONSE:

**REQUEST FOR ADMISSION NO. 55:**

Admit that Respondents never purchased any kind of clothing, apparel, or beauty products for you.

RESPONSE:

**REQUEST FOR ADMISSION NO. 56:**

Admit that your physical appearance affected your opportunity to make a profit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 57:**

Admit or deny that exotic dancers are integral to Respondents' business.

RESPONSE:

**REQUEST FOR ADMISSION NO. 58:**

Admit or deny that you rendered services to the public.

RESPONSE:

**REQUEST FOR ADMISSION NO. 59:**

Admit or deny that customers paid money to the Club for each lap dance you performed.

RESPONSE:

**REQUEST FOR ADMISSION NO. 60:**

Admit or deny that no one with the Club prevented you from performing at other gentlemen's clubs during the Relevant Period.

RESPONSE:

**REQUEST FOR ADMISSION NO. 61:**

Admit or deny that you used skill in the performance of the work you described in your answer to Interrogatory No. 4.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                    Page 15

**REQUEST FOR ADMISSION NO. 62:**

Admit that you exercised initiative in the performance of the work you described in your answer to Interrogatory No. 4.

RESPONSE:

**REQUEST FOR ADMISSION NO. 63:**

Admit or deny that you filed a tax return for tax year 2018.

RESPONSE:

**REQUEST FOR ADMISSION NO. 64:**

Admit or deny that you filed tax return in 2019.

RESPONSE:

**REQUEST FOR ADMISSION NO. 65:**

Admit or deny that you are responsible for reimbursing your attorneys for all out-of-pocket expenses in connection with this matter.

RESPONSE:

**REQUEST FOR ADMISSION NO. 66:**

Admit or deny that Claimant's cell phone had location services activated during the time she alleges to have performed at the Club.

RESPONSE:

**REQUEST FOR ADMISSION NO. 67:**

Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the Rules she identified in answer to her interrogatories during the Relevant Period.

RESPONSE:

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 16

**<u>REQUEST FOR ADMISSION NO. 68</u>:**

Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the subject matter of the Complaint during the Relevant Period.

      <u>RESPONSE</u>:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories.

 RESPONSE:

**INTERROGATORY NO. 2:**

Describe your work or employment history during the Relevant Period. In setting forth your answer, (i) identify the names and locations for each business where you have worked, (ii) your job title and classification (*e.g.*, independent contractor, employee, owner, *etc.*), (iii) your pay structure (*e.g.*, hourly, salaried, commission, tipped), (iv) the beginning and end dates of your work or employment relationship with such businesses, and (v) the reason for leaving each such employment or work relationships. The scope of this interrogatory includes the Club, as well as any other adult cabarets or establishments similar to the Club where you have performed as an exotic dancer or entertainer.

 RESPONSE:

**INTERROGATORY NO. 3:**

Describe the (i) work you engaged in at the Club during the Relevant Period, (ii) the principal activities of the work, (iii) describe how those activities were integral and indispensable parts of the work, (iv) identify for whose benefit you supplied your labor or services, and (v) each date you worked and the times your worked at the Club.

 RESPONSE:

**INTERROGATORY NO. 4:**

Describe all work or activities you allege to have engaged in at the Club before commencement and/or after completion of the work or activities you described in response to Interrogatory No. 4 for which you seek compensation, if any.

 RESPONSE:

**INTERROGATORY NO. 5:**

With regard to the work or activities set forth in your answers in Interrogatory Nos. 4 and 5, explain, identify, or quantify how much time you engaged in the work or activities on average each day.

 RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS        Page 18

**INTERROGATORY NO. 6:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to the work activities set forth in your answers to Interrogatory No. 4 and/or 5 (by way of example only, Rules concerning your behavior, appearance, attire, scheduling, performance or any other means, manner or methods of your work). In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

      RESPONSE:

**INTERROGATORY NO. 7:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to your reporting, remittance, and/or retention of Dance Fees, if any. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

      RESPONSE:

**INTERROGATORY NO. 8:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to monetary 'penalties,' 'kickbacks,' 'fees' and/or 'fines' that you claim to have paid. In your answer, (i) describe how you learned about these Rules, including identification fo the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

      RESPONSE:

**INTERROGATORY NO. 9:**

Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to 'sharing' or 'splitting' your Dance Fees with any personnel who you associated with the Club. In your answer, (i) describe how you learned about these Rules, including identification fo the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

---

APPX122

RESPONSE:

**INTERROGATORY NO. 10:**

Describe the items or services that you contend were necessary to perform your work at the Club, *e.g.*, facilities, goods, equipment, tools, personnel, processes, *etc*. In your answer, (i) describe the basis for your contention that those items or services were necessary to perform your work, (ii) any Rules concerning or relating to those items or services, (iii) the cost of those items or services, and (iv) identify who bore the costs of those items or services.

RESPONSE:

**INTERROGATORY NO. 11:**

Describe whether Respondents imposed any alleged Rules on you that you contend affected your ability to work at any other similar commercial establishments or elsewhere. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 12:**

Describe whether Respondents imposed any alleged Rules on you that you contend affected your ability or desire to promote, advertise, or market the work you described in Interrogatory No. 4. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (*e.g.*, electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened to be enforced against you.

RESPONSE:

**INTERROGATORY NO. 13:**

 If you contend that the Club's operational control, *e.g.*, control over maintenance of facilities, business hours, aesthetics, inventory of beverages or food, advertising, marketing, promotions, location, *etc.*,  affected your opportunity to earn or lose money from your work, describe the facts and communications on which you base your contention.

RESPONSE:

**INTERROGATORY NO. 14:**

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                          Page 20

Do you have accurate records or reliable documentation of the Entertainer Fees (as defined in the Licensing Agreement attached to your Arbitration Demand as Exhibit 1) you received while providing services or performing at the Club?

    RESPONSE:

**INTERROGATORY NO. 15:**

Describe any and all communications between you and either Respondent regarding your claims in this Case, providing the dates, times persons involved and substance of the communications.

    RESPONSE:

**INTERROGATORY NO. 16:**

If you contend that any of the Respondents bear liability to you under a "joint employer' or similar theory of vicarious liability, please describe the factual and legal basis for your contentions as to each named Defendant.

    RESPONSE:

**INTERROGATORY NO. 17:**

Provide the method of calculation and amount you claim is due and owing to you by the Club as wages, overtime, or any other amounts due.

    RESPONSE:

**INTERROGATORY NO. 18:**

Describe and quantify (i) the hours and days per workweek that you claim to have performed at the Club during the Relevant Period, (ii) identify each date and number of hours on each such date performed at the Club, and (iii) identify any and all documents, methods, or sources of information you relied upon or referred to in providing your answer.

    RESPONSE:

**INTERROGATORY NO. 19:**

Describe (i) whether you had a fixed workweek at the Club and how that workweek was established, (ii) identify the workweeks in which you claim to have worked in excess of forty (40) hours, and (iii) and quantify how many hours in excess of 40 you claimed to have worked in those workweeks.

    RESPONSE:

**INTERROGATORY NO. 20:**

Identify all usernames, hashtags, screennames, and/or handles you have used or created on any social media platform - including but not limited to Facebook, Twitter, WhatsApp, Tumblr, Instagram, Messenger, SnapChat, TikTok, blogs, *etc.* - during the Relevant Period through which you have communicated with anyone employed by or affiliated with the Club about your work or activities at the Club, the subject matter of this Case, or any Rules.

    <u>RESPONSE:</u>

**INTERROGATORY NO. 21:**

If you contend the Club is engaged in interstate commerce, please describe the legal and factual basis for your contention.

    <u>RESPONSE:</u>

**INTERROGATORY NO. 22:**

If you contend Respondents acted willfully in violating the Fair Labor Standards Act, describe the legal and factual basis for such contentions.

    <u>RESPONSE:</u>

**INTERROGATORY NO. 23:**

If you contend you are entitled to attorney's fees and costs, please describe the legal and factual basis for such contention, inclusive of the amount and basis of calculation.

    <u>RESPONSE:</u>

**INTERROGATORY NO. 24:**

State each of the dates and times you worked at the Club during the Relevant Period.

    <u>RESPONSE:</u>

**INTERROGATORY NO. 25:**

If you contend that you notified the Club of your belief that you were an employee of the Club rather than an independent contractor, please state each date, time, the location and person to whom such communication was made, as well as Identify any Documents that support such contention.

    <u>RESPONSE:</u>

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS          Page 22

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Claimant's identification, driver's license, passport and other identifying document issued by the United States government or the government of any state of the United States.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:**

All W-2 forms, 1099 forms, bank statements and other income reporting forms that evidence your income from the Club or any other person from whom your worked or provided services during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**

All U.S. individual tax returns (Form 1040) and accompanying schedules and documents used in connection with the preparation of such returns for the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:**

All documents pertaining to all income, distributions, wages, salaries, tips, commissions, earnings, monies, compensations, dividends, bonuses, royalties and remunerations in any other form received by you during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

All documents evidencing your rate of pay, including any changes thereto, during the period of your alleged employment during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:**

All payroll statements, cleared checks, receipts, deposits, statements and pay stubs that evidence your earnings during the Relevant Period.

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                   Page 23

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:**

All documents indicating or relating to your work schedule hours at the Club, including any changes thereto.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:**

All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes memoranda, journals, or calendars, or other written logs reflecting your daily routine, location, and activities during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:**

All documents indicating or relating to your tardiness, attendance, unavailability and/or absences from the Club during the Relevant Period, including but not limited to medical, travel or other absences and emails or phone records to notify the Club of your tardiness, absence or unavailability.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:**

All documents, including representation agreements, fee agreements, contracts, invoices and billing statements, evidencing the contractual relationship with attorneys, experts, and/or investigators in connection with this Case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:**

Any and all payments, advances, or loans received in relation to pursuing or filing this Case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:**

All letters and correspondence, including electronic writings (e.g., e-mail), that constitute or contain matters relevant to the subject matter of this Case, excluding any privileged communications.

---

APPX127

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents pertaining to checking accounts, savings accounts, certificates of deposit and other accounts in any bank, savings and loan association or other financial institution, inclusive of CashApp, PayPal, Venmo, Zelle, Coinbase, and similar financial facilities, which stand in your name alone, individually or as trustee, or which are subject to withdrawal or control by you, or in which you claim or have claimed an interest, for the Relevant Period including but not limited to deposit slips, canceled checks, withdrawal slips, statements of account, passbooks and certificates of deposit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:**

Any contract of employment between you and the Club.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to the work you performed for the Club regarding, referring to or related to:

    a.    Overtime compensation;
    b.    Christmas or other bonuses;
    c.    Deferred compensation;
    d.    Business expenses paid by employer;
    e.    Other receipts arising out of employment;
    f.    Advances or loans;
    g.    Vacation and sick-leave benefits; and,
    h.    Severance pay.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting on your credibility as a witness, including records of arrests, convictions, and sentencing for crimes involving theft, fraud, or moral turpitude at any time since 2011.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                    Page 25

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of all documents that support your contention that the Club is engaged in interstate commerce.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:**

Legal actions, including demand letters, claim forms, arbitration demands, settlement offers and agreements, lawsuits, administrative proceedings, court proceedings and/or arbitrations in which you are or were a party from 2015 to present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting your employment history from 2010 to date.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting your educational background and training, including but not limited to diplomas, degrees, certificates, licenses, and transcripts.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications with the individually named Defendants during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents evidencing any income received directly from or related to the performance of services at the Club during the Relevant Time Period.

RESPONSE:

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                          Page 26

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents evidencing the hours you allegedly worked per week at the Club during the Relevant Period.

　　RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the days, hours, weeks, or months that she claims to have worked at the Club. This request includes, but is not limited to, calendar, notes, posting on social media, diary entries, bank statements or other similar documentation.

　　RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she earned in connection with her work as an exotic dancer at the Club, *e.g.*, wages, fees, 'tips,' 'gratuities' or service charges. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

　　RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she claims to have been required to pay according to any Rules at the Club. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

　　RESPONSE:

**REQUEST FOR PRODUCTION NO. 27:**

Produce copies of Claimant's federal and state income tax returns for all tax years during the Relevant Period. *See Carrell v. Sunland Const., Inc.,* 998 F.2d 330, 334 (5th Cir. 1993) (5th Cir. 1993). Please redact all sensitive information such as social security numbers.

　　RESPONSE:

---

APPX130

**REQUEST FOR PRODUCTION NO. 28:**

Produce any sworn or unsworn statements in Claimant's possession, custody or control from individuals containing any information concerning or related to the claims asserted in the Original Complaint filed in the Case.

    RESPONSE:

**REQUEST FOR PRODUCTION NO. 29:**

If Claimant reported or complained internally to the Club (including but not limited to managers, supervisors, or administrators) about the Rules or the subject matter of the claims asserted in Complaint during the Relevant Period, produce any documents or communications reflecting those reports or complaints.

    RESPONSE:

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents that Claimant contends evidence Defendants' alleged willful violation(s) of the FLSA during the Relevant Period.

    RESPONSE:

**REQUEST FOR PRODUCTION NO. 31:**

Produce all communications (including e-mails, texts, social media messages) between Claimant and any other performers, Djs, bartenders, waitresses, house moms, or similar individuals at the Club, concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

    RESPONSE:

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents or communications between Claimant and any of the Defendants concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

    RESPONSE:

---

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents and communications between Claimant and any individual employed by, who works at, or who Claimant otherwise associates with the Club during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents and communications relating to any disciplinary actions taken against Claimant by Defendants during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents and communications between Claimant and any dancer or entertainer who has performed at the Club concerning or relating to any alleged Rules, the filing of this Caset, or the subject matter of this Case during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 36:**

If Claimant contends that she was subject to any Rules, supervised, controlled or otherwise managed by any person she alleges had authority to act on behalf of or for the Club, produce all documents and communications between Claimant and such persons concerning those matters.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 37:**

For each social media account maintained by Claimant, please produce all messages, private messages, posts (public or private) concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents and communications relating to tips, gifts, or other monies Claimant claims to have paid to DJs, entertainers, dancers, bus boys, bartenders or managers at the Club.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 39:**

Produce all photographs and/or videos in Claimant's possession, custody or control that depict any portion of the interior or exterior of the Club taken at any point during the Relevant Period. This request includes photographs or videos of any signage, other performers, patrons, or club personnel.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 40:**

Produce a copy of every employment contract, independent contractor agreement, or other written agreement Claimant entered into with any and all topless clubs, gentlemen's clubs, or adult entertainment nightclubs at which she has performed during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 41:**

Produce a copy of the fee agreement(s) with your attorney(s) in this matter.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 42:**

Produce a copy of documents reflecting the amount of attorney's fees Plaintiff seeks to recover in this proceeding.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 43:**

Produce the location data from your cellular device for the dates you claim to have performed at the Club. This data may be exported and produced from a variety of sources, *e.g.* Facebook 'check-ins,' as a .kml file exported from Google Timeline, or if you use an iPhone, by accessing "Significant Locations" under "System Services".

RESPONSE:

**REQUEST FOR PRODUCTION NO. 44:**

Please produce a copy of your cell phone bills reflecting the transmission of communications (including text messages) during the Relevant Period.

---

DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS                                      Page 30

RESPONSE:

**REQUEST FOR PRODUCTION NO. 45:**

Produce a copy of documents that support your contention that Nick Mehmeti is a joint employer of the Club.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 46:**

Produce a copy of any correspondence, inclusive of enclosures that relate to one or more of the Defendants.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 47:**

Produce any and all resumes and job applications during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 48:**

Produce any and all calendars.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 49:**

Produce your Facebook postings, comments, and images during the Relevant Period.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 50:**

Produce your Instagram postings, comments, and images during the Relevant Period.

RESPONSE:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BROOKE LAYTON, individually and on §
behalf of all other similarly situated, §
  *Plaintiff,* §
         §
v. §
         §  CIVIL ACTION NO. 3:21-cv-01636-N
MAINSTAGE MANAGEMENT, INC., §
NICK'S MAINSTAGE, INC. – DALLAS §  COLLECTIVE ACTION
PT'S d/b/a PT'S MEN'S CLUB and NICK §  JURY DEMANDED
MEHMETI, §
  *Defendants.* §
         §

## PLAINTIFF ASHLYNN SHIPLEY'S OBJECTIONS AND ANSWERS TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST SET OF INTERROGATORIES

TO: Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Ashlynn Shipley, by and through the undersigned counsel of record, serves her

objections and answers to Defendant Mainstage Management, Inc.'s First Set of Interrogatories.

Dated: June 27, 2022     Respectfully submitted,

           */s/ Leigh S. Montgomery*
           Jarrett L. Ellzey
           Texas Bar No. 24040864
           Leigh Montgomery
           Texas Bar No. 24052214
           **ELLZEY & ASSOCIATES, PLLC**
           1105 Milford Street
           Houston, Texas 77006
           Telephone: (713) 554-2377
           Facsimile: (888) 276-3455
           jarrett@ellzeylaw.com
           leigh@ellzeylaw.com

           *Attorneys for Plaintiff*



EXHIBIT
E

*Pltf's Obj & Answ. to*
*Defendant's Discovery*           *Page 1 of 42*
                APPX135

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

**Via CMRRR 7021 0950 0001 7128 8908**
Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

/s/ Leigh S. Montgomery
Leigh S. Montgomery

## PLAINTIFF ASHLYNN SHIPLEY'S OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**
Please state the legal name, address, phone number, and social security number of the person responding to these interrogatories.

**ANSWER: Plaintiff objects to the provision of her personal data as such violates her right to privacy. She can be contacted solely through counsel. Furthermore, the information requested is irrelevant to the claims and defenses asserted.**

**Subject thereto, Ashlynn Shipley, 9505 Royal Ln. Apt. 2120, Dallas, TX 75243, Phone: 214-770-6869, SSN (redacted): XXX-XX-X264, with the assistance of counsel.**

**INTERROGATORY NO. 2:**
Describe your work or employment history during the Relevant Period. In setting forth your answer, (i) identify the names and locations for each business where you have worked, (ii) your job title and classification (e.g., independent contractor, employee, owner, etc.), (iii) your pay structure (e.g., hourly, salaried, commission, tipped), (iv) the beginning and end dates of your work or employment relationship with such businesses, and (v) the reason for leaving each such employment or work relationships. The scope of this interrogatory includes any other adult cabarets or establishments similar to the Club where you have performed as an exotic dancer or entertainer.

**ANSWER: I worked as an entertainer for The Men's Club Dallas from January 25, 2018 to March 2020. I also worked as an entertainer at Bucks Cabaret from approximately December 2020 to March 2020. I only received tips for compensations from customers, but was also subject to fees, fines and tipout policies at both clubs. I stopped working at both locations due to the pandemic.**

**INTERROGATORY NO. 3:**
Describe the (i) work you engaged in at the Club during the Relevant Period, (ii) the principal activities of the work, (iii) describe how those activities were integral and indispensable parts of the work. (iv) identify for whose benefit you supplied your labor or services, and (v) each date you worked and the times your worked at the Club.

**ANSWER: Plaintiff objects to the extent this is a multiple part interrogatory, whose components are not related. Plaintiff will therefore answer the first part of the interrogatory only. Plaintiff objects to the terms "indispensable" and "integral" as vague and potentially requiring a legal conclusion.**

**Subject thereto, I worked as a dancer and entertainer, with my work consisting mostly of dancing for, communicating with, and generally entertaining and engaging with Defendants' customers. The focus of the Club is adult entertainment, and that is what I performed for Defendants. I worked for Defendants' benefit, the non-entertainer personnel of the Club's benefit, as well as for my own tips. Every time I worked, I had to pay a fee. For every dance I gave, a portion went to the Club. The Club also made**

money off of credit card sales for my dances and other methods from customers I was entertaining, taking portions of my tips, and the fees I had to pay to perform. The benefit was financial for myself, the Club, and the Club's non-entertainer personnel. I worked at the Club from January 25, 2018 to March 2020. I typically worked 4 shifts per week and approximately 8 hours per shift.

**INTERROGATORY NO. 4:**
Describe all work or activities you allege to have engaged in at the club before commencement and/or after completion of the work or activities you described in response to Interrogatory No. 4 for which you seek compensation, if any.

**ANSWER: Plaintiff objects the interrogatory is vague and nonsensical. The interrogatory references the answer in the same interrogatory, which makes it unanswerable at this time. Plaintiff requires clarification prior to providing objections (if any) and a response to this interrogatory.**

**INTERROGATORY NO. 5:**
With regard to the work or activities set forth in your answers in Interrogatory Nos. 4 and 5, explain, identify, or quantify how much time you engaged in the work or activities on average each day.

**ANSWER: Plaintiff objects the interrogatory is vague and nonsensical. The interrogatory references the answer in the same interrogatory, which makes it unanswerable at this time. Plaintiff requires clarification prior to providing objections (if any) and a response to this interrogatory.**

**Subject thereto, to the extent the request asks how long Plaintiff engaged in her dancer/entertainer activities on average each day, the answer is approximately 8 hours per day.**

**INTERROGATORY NO. 6:**
Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to the work activities set forth in your answers to Intenogatoly No. 4 and/or 5 (by way of example only, Rules concerning your behavior, appearance, attire, scheduling, performance or any other means, manner or methods of your work). In your answer, (i) describe how you leanled about theseRules, including identification of the participants, the circumstances, substance, andmanner of those communications *(e.g.,* electronic, in writing. or verbal). and (ii)describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.

Some of the "rules" (as Plaintiff understands that term) Defendants exerted over the dancers included (but are not limited to): 1) Mandatory tip out of at least $20; 2) the more you tip out the other employees, the better you were treated; 3) Club keeps a portion of entertainer's earnings if customer uses a credit card; 4) Pay a house fee each shift I worked; 5) Pay a fee to the manager at the end of each night; 6) Had to wear dance outfits, a thong, dance heels and must be topless on stage; 7) my outfits were subject to management veto and scrutiny; 8) your weight had to be managed or the managers wouldn't let you perform; 9) approval to work more than one shift/day and pay extra house fee; 10) $50 fine if you wanted to leave early, before the end of your shift; 11) $100 fine for not working at least 4 shifts per week.

To the extent discussed/responsive to other discovery responses herein, Plaintiff incorporates her responses in this interrogatory.

**INTERROGATORY NO. 7:**
Describe all alleged Rules you claim Defendants required you to comply with concerning or relating to your reporting, remittance, and/or retention of Dance Fees, if any. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications *(e.g.,* electronic, in writing, or verbal) and (ii) describe the were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized. Although customers paid the dancer/entertainer directly for any amount agreed upon, the Club would then require us to pay a portion back to them through house fees, fines and/or tipouts. Additionally, if a customer paid via credit card, the Club would keep a portion of the agreed upon amounts paid by customers. The Club also had the right to set a minimum fee charge for my entertainment and required such be paid by any customer I chose to entertain.**

**Additionally, Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants.**

**INTERROGATORY NO. 8:**
Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to monetary ·penalties.' 'kickbacks.' 'fees' and/or 'fines' that you claim to have paid.

In your answer. (i) describe how you learned about these Rules, including identification for the participants. the circumstances, substance, and manner of those communications *(e.g., electronic. in writing, or verbal)* and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

**Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants. In addition to previous Rules discussed, as to fees or fines, including those identified in my responses to Interrogatories No. 6 and 7, Plaintiff alleges the following tipouts applied: 1) $10 tip out to the house mom each shift; 2) $10 tip out to the house mom each shift; 3) $4 tip out to the bartenders each shift; 4) $50 fine for leaving before the end of a shift; 5) $100 fine for not working 4 shifts per week. All of the monies the dancer/entertainers paid in house fees, manager fees, fines and tipouts were paid solely to and for the benefit of the Club. These fees and fines were not distributed back to the entertainers.**

**<u>INTERROGATORY NO. 9:</u>**
Describe all alleged Rules you claim Respondents required you to comply with concerning or relating to 'sharing· or ·splitting' your Dance Fees with any personnel who you associated with the Club. In your answer, (i) describe how you learned about these Rules, including identification for the participants, the circumstances, substance, and manner of those communications {e.g., electronic, in writing, or verbal) and (ii) describe the individuals, communications, and circumstances in which you claims those Rules were actually applied. enforced, or threatened to beenforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized.**

**Plaintiff incorporates her other responses herein describing the Rules imposed on her to this response. In addition to what I have previously explained, it was communicated**

verbally to me that there was a $20 mandatory tip-out to the DJ and $10 tip out to House Mom per shift. There was also a $50 fine for missing a stage rotation and $20 fine for leaving early.

**INTERROGATORY NO. 10:**
Describe the items or services that you contend were necessary to perform your work at the Club, *e.g.,* facilities, goods, equipment, tools, personnel, processes, *etc.* In your answer, (i) describe the basis for your contention that those items or services were necessary to perform your work, (ii) items or services, (iii) the cost of those items or services. and (iv) identify who bore the costs of those items or services.

**ANSWER: Plaintiff objects to the request as overly broad and that it does not describe with particularity the information to be produced. Specifically, Plaintiff objects to the terms "items" and "services" as vague and ambiguous.**

**Subject thereto, I supplied/paid for my clothing, dancer heels, as well as my own beauty supplies for hair and makeup. Of course, for any job you work, you need to look presentable, so my hair and makeup were not dancer/entertainer specific costs. Defendants have very strict guidelines on our performance wear, which I was required to follow and was enforced by Club management.**

**Additionally, in order to perform and entertain, I also need a space/floor, dressing room, restroom facilities, poles, lighting, music, DJ, utilities, advertising/signage to inform patrons of the entertainment services, security and/or management, cash register/credit card machines (or other payment processing), custodial services, furniture, separation for VIP and/or private dances, all of which Defendants are responsible for providing and, as such, I am unaware of the costs of those items. Defendants also sold and served food and beverages to attract local and out-of-state customers to the club, but, again, Defendants were responsible for providing same and, as such, I am unaware of the costs of such items.**

**INTERROGATORY NO. 11:**
Describe whether Respondents imposed any alleged Rules on you that you contend affected your ability to work at any other similar commercial establishments or elsewhere. In your answer, (i) describe how you learned about these Rules, including identification of the participants, the circumstances, substance, and manner of those communications (e.g., electronic, in writing, or verbal) and (describe the individuals, communications, and circumstances in which you claims those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: No.**

**INTERROGATORY NO. 12:**
Describe whether Respondents imposed any alleged Rules on you that you contend affected your ability or desire to promote, advertise, or market the work you described in Interrogatory No. 4. In your answer, (i) describe how you learned about these Rules, including identification of the

participants, the circumstances, substance, and manner of those communications (e.g., electronic, in writing, or verbal), and (ii) describe the individuals, communications, and circumstances in which you claim those Rules were actually applied, enforced, or threatened to be enforced against you.

**ANSWER: Plaintiff objects to the term "Rules," as vague and ambiguous. Plaintiff objects to the extent this request calls for a narrative, that is more appropriate for deposition testimony and Plaintiff specifically incorporates any responsive deposition testimony into this response. Plaintiff objects further as to the relevance of Plaintiff's desire to promote, advertise or market the work she performed for Defendants.**

**Subject thereto, Plaintiff asserts that some policies and procedures were in the application signed upon hiring. Other rules were only verbally provided by management as I was working. If you didn't comply with either set of rules, you would be terminated, fined or otherwise penalized. Plaintiff understood the Club would do the marketing and advertising for its customers/patrons that Plaintiff would then entertain. Plaintiff incorporates her other responses herein as to the Rules imposed on her by Defendants, to the extent applicable.**

## INTERROGATORY NO. 13:

If you contend that the Club's operational control, *e.g.,* control over maintenance of facilities, business hours, aesthetics, inventory of beverages or food, advertising, marketing, promotions, location, *etc.,* affected your opportunity to earn or lose money from your work, describe the facts and communications on which you base your contention.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'facts and communications' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33.** *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.,* **CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case");** *Alexander v. Hartford Life and Acc. Ins. Co.,* **No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, based on the information available to date, yes. The price of food and/or beverages would be a draw to customers. Additionally, advertising or marketing and promotions of big events or parties at the Club would draw more customers. The cleanliness, service, décor of the Club would keep customers coming in. More customers in the Club effected my ability to earn.**

## INTERROGATORY NO. 14:

Do you have accurate records or reliable documentation of the Entertainer Fees (as defined in the Licensing Agreement attached to your Arbitration Demand as Exhibit 1) you received while providing services or performing at the Club?

**ANSWER: Plaintiff objects to this request as inappropriately attempting to shift a burden of record keeping to Plaintiff, as opposed to her alleged Employers, as that term is defined by the FLSA. Any answer Plaintiff would provide, would therefore be misleading to a jury as assuming Plaintiff had any obligation to do so or account for her tips as 'Entertainer Fees.'**

## INTERROGATORY NO. 15:
Describe any and all communications between you and either Respondent regarding your claims in this Case, providing the dates, times persons involved and substance of the communications.

**ANSWER: Plaintiff objects to the request as overly broad and that it does not describe with particularity the information to be produced and potentially includes any conversation Plaintiff had with anyone at the Club or its ownership over the course of her work period. Specifically, Plaintiff objects to the terms "communications…regarding your claims in this Case" as vague and ambiguous.**

**Subject thereto, Plaintiff conversed with management of the Club on a regular basis when she was working at the Club. It would be impossible to recall specific conversations that may relate to anything Plaintiff has claimed in this lawsuit. To the extent Plaintiff has described her interactions with the Club in other responses, she incorporates such hereto.**

## INTERROGATORY NO. 16:
If you contend that any of the Respondents bear liability to you under a 'joint employer' or similar theory of vicarious liability, please describe the factual and legal basis for your contentions as to each named Defendant.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at *7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at *4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention Defendants bear**

liability to Plaintiff under a "joint employer" theory can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. The Club, and its officers/owners were Plaintiff's employer(s) as that term is defined by the FLSA. The officers/owners of the Club acted directly or indirectly in the interest of the Club, as relates to Plaintiff or any of the dancer/entertainers at the Club. Defendants jointly were required to maintain Plaintiff's employment records, as well as determine the conditions of Plaintiff's employment (including the facility and other terms imposed by management of the Club), were ultimately responsible for any earnings or classification of Plaintiff as an independent contractor, and supervised and/or controlled Club management.

**INTERROGATORY NO. 17:**
Provide the method of calculation and amount you claim is due and owing to you by the Club as wages, overtime, or any other amounts due.

**ANSWER: See Plaintiff's Initial Disclosures, as well as any amendments or supplements thereto. Until such time as Defendants provide all documented evidence of Plaintiff's work (if any), this interrogatory and/or Plaintiff's disclosures will be based on Plaintiff's reasonable estimates of her dates/hours worked during the Relevant Period, as well as the average fees, fines and tipouts Plaintiff recalls paying per shift.**

**INTERROGATORY N0.18:**
Describe and quantify (i) the hours and days per workweek that you claim to have performed at the Club during the Relevant Period (e.g., #hours on# days between July 15, 2018 - July 15, 2021 (ii) identify each date and number of hours on each such date performed at the Club, and (iii) identify any and all documents, methods, or sources of information you relied upon or referred to in providing your answer.

**ANSWER: Plaintiff objects to the extent this interrogatory is actually multiple interrogatories concerning different subject matters. As such, Plaintiff will answer only one as it is enumerated.**

**Subject thereto, I typically worked at least 4 shifts per week per Defendants' requirements, 8 hours per shift.**

**INTERROGATORY NO. 19:**
Describe (i) whether you had a fixed workweek at the Club and how that workweek was established, (ii) identify the workweeks in which you claim to have worked in excess of forty (40) hours, and (iii) and quantify how many hours in excess of 40 you claimed to have worked in those workweeks (e.g.,# total overtime hours) July 15, 2018 - July 15, 2021.

**ANSWER: Plaintiff objects to the extent this interrogatory is actually multiple interrogatories concerning different subject matters. As such, Plaintiff will answer only one as it is enumerated.**

**Subject thereto, the Club requires you to work at least 4 days per week or you were subject to a $100 fine, so therefore I worked at least 4 shifts per week.**

**INTERROGATORY NO. 20:**

Identify all usernames, hashtags, screennames, and/or handles you have used or created on any social media platform - including but not limited to Facebook, Twitter, WhatsApp, Tumblr, Instagram, Messenger, SnapChat, TikTok, biogs, etc. - during the Relevant Period through which you have communicated with anyone employed by or affiliated with the Club about your work or activities at the Club, the subject matter of this Case, or any Rules.

**ANSWER: Plaintiff objects to the request as overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. The request is not proportionate to the needs of this case, in that it requests unfettered access to Plaintiff's private social media accounts without a particular limitation or description of the item or information requested.**

**INTERROGATORY NO. 21:**

If you contend the Club is engaged in interstate commerce, please describe the legal and factual basis for your contention.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention the Club is engaged in interstate commerce can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Congress "has determined that certain classes of activities have a sufficient impact upon interstate commerce to warrant regulation of the entire class, regardless of whether an individual instance of the activity in question can be shown to be in or to affect commerce." *Gulf Oil Corp. v. Copp Paving Co., Inc.*, 419 U.S. 186, 208 (1974). On information and belief, the Club is engaged in interstate commerce either through use of streaming music, food and/or beverage sales (if any), or catering or advertising to patrons from outside the state, or the myriad of other ways the Club could be found to engage in interstate commerce pursuant to the FLSA.**

**INTERROGATORY NO. 22:**

If you contend Respondents acted willfully in violating the Fair Labor Standards Act, describe the legal and factual basis for such contentions.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention Defendants' acted willfully in violating the FLSA can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Plaintiff also refers Defendants to prior FLSA actions against Defendants, including but not limited to Case No. 3:20-cv-00513, *Julia Predmore v. Nick's Clubs, Inc. d/b/a PT's Men's Club, et al.* in the Northern District of Texas, and its later arbitration action.**

**INTERROGATORY NO. 23:**
If you contend you are entitled to attorney's fees and costs, please describe the legal and factual basis for such contention, inclusive of the amount and basis of calculation.

**ANSWER: Plaintiff objects to the interrogatory as overly broad and unduly burdensome because it asks for 'all facts' to support Plaintiff's contention, which goes beyond the requirements of Fed. R. Civ. P. 33. *See e.g. In & Out Welders, Inc. v. H&E Equip. Services, Inc.*, CV-16-86-JWD-RLB, 2018 WL 1370600, at \*7 (M.D. La. Mar. 16, 2018)("As with any interrogatory, however, a contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party basis its case"); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3-07-CV-1486, 2008 WL 906786, at \*4 (N.D. Tex. April 3, 2008)(Interrogatories only require a general explanation of the factual basis of the claimed contention). Additionally, this case is in the early stages of discovery, and this interrogatory may not be fully answerable until such time as discovery is complete. See Fed. R. Civ. P. 33, and Advisory Note ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are bet resolved after much or all other discovery has been completed, the court is expressly authorized to defer an answer.")**

**Subject thereto, the legal and factual basis for Plaintiff's contention she is owed attorneys' fees and costs can be found in her operative Complaint and the text of the Fair Labor Standards Act, and any other codes/statutes referenced therein. Plaintiff has incurred court costs, expenses and attorneys' fees by prosecuting this action, for which**

the FLSA provides a successful Plaintiff a recovery. The amount of the expenses and fees claimed is the subject of expert testimony by Plaintiff's counsel and will be submitted in accordance with Federal law and the rules of this Court. See also Plaintiff's Initial Disclosures and any supplements thereto.

**INTERROGATORY NO. 24:**
State each of the dates and times you worked at the Club July 15, 2018 to July 15, 2021.

**ANSWER: I typically worked at least 4 shifts per week, 7-8 hours per shift.**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated,<br>　　　*Plaintiff,*<br><br>v.<br><br>MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI,<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:21-cv-01636-N<br><br>COLLECTIVE ACTION<br>JURY DEMANDED |

**PLAINTIFF ASHLYNN SHIPLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST REQUEST FOR ADMISSION**

TO:　Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Ashlynn Shipley, by and through the undersigned counsel of record, serves her objections and responses to Defendant Mainstage Management, Inc.'s First Requests for Admission.

Dated: June 27, 2022

Respectfully submitted,

*/s/ Leigh S. Montgomery*
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh Montgomery
Texas Bar No. 24052214
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford Street
Houston, Texas 77006
Telephone: (713) 554-2377
Facsimile: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2022, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

**Via CMRRR 7021 0950 0001 7128 8908**
Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

<div align="right">

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

</div>

### PLAINTIFF ASHLYNN SHIPLEY'S OBJECTIONS AND RESPONSES
### TO DEFENDANT'S REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**
Admit that you signed an Independent Contractor Checklist with the Club on January 17, 2019.

**RESPONSE:** **Plaintiff Admits to signing paperwork with the Club. Otherwise, denied.**

**REQUEST FOR ADMISSION NO 2.**
Admit that you signed an Independent Contractor Agreement with the Club on January 25, 2018, January 2, 2019, and January 23, 2020.

**RESPONSE:** **Plaintiff Admits to signing paperwork with the Club. Otherwise, denied.**

**REQUEST FOR ADMISSION NO. 3:**
Admit that the Exhibit A-2 of the Declaration of Nick Mehmeti filed as part of ECF No. 37 in this Case are true and correct copy of the Licensing Agreement between you and the Club.

**RESPONSE: Plaintiff does not have the memory to admit or deny this request, but it sounds accurate.**

**REQUEST FOR ADMISSION NO. 4:**
Admit that you consented to a Criminal History Record being provided to the Club.

**RESPONSE: Admit that it is usually required to perform. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 5:**
Admit that you went to Bio Verify on January 31, 2018, March 16, 2019, and January 31, 2020 to have a criminal history record search performed.

**RESPONSE: Plaintiff does not have the memory to admit or deny this request, but it sounds accurate.**

**REQUEST FOR ADMISSION NO. 6:**
Admit that you began to perform at the Club on September 30, 2018.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 7:**
Admit that you did not perform at the Club after 2020.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you were required to sign-in upon arriving at the Club to perform.

**RESPONSE**: **Admit to the extent it was generally a Rule at some time during Plaintiff's work at the Club, but not enforced. Otherwise, Deny.**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you received payment from patrons or customers of the Club.

**RESPONSE:** **Admit to the extent I received tip money for my performance. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 10:**
Admit that you did not have a set schedule at the Club.

**RESPONSE:**   **Admit the Club did not force a set schedule of days of the week I had to perform. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 11:**
Admit that you purchased costumes and attire to perform your services at the Club.

**RESPONSE:  Admit**

**REQUEST FOR ADMISSION NO. 12:**
Admit that you determined how you would performance at the Club.

**RESPONSE: Admit to the extent I created my choreography for my performance. Deny, as to anything further.**

**REQUEST FOR ADMISSION NO. 13:**
Admit that you determined what days you would work at the Club.

**RESPONSE:  Deny**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you did not pay the Club any portion of the income you received from the patrons or customers of the Club.

**RESPONSE:   Deny**

**REQUEST FOR ADMISSION NO. 15:**
Admit that you received income related to your services at the Club.

**RESPONSE: Admit to the extent I received money for my performances. Otherwise, Deny.**

**REQUEST FOR ADMISSION NO. 16:**
Admit that you did not expect to paid by the Club for the services.

**RESPONSE:** Plaintiff objects as vague to the term 'services.' Plaintiff answers to the extent 'services' is her work at the Club. Subject thereto, admit to the extent the Club never paid me for my work at the Club. Otherwise, deny.

**REQUEST FOR ADMISSION NO. 17**
Admit that you agreed to be an independent contractor for the Club.

**RESPONSE:** Admit to the extent I thought I was going to be treated like an independent contractor, but I never was. So, otherwise, deny.

**REQUEST FOR ADMISSION NO. 18:**
Admit that you had a skill of dancing.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 19:**
Admit that you practiced dancing for your performance.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 20:**
Admit that you trained to perform your dances at the Club.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 21:**
Admit that you had a stage name.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 22:**
Admit that you market your performances on social media sites such as Facebook and Instagram.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 23:**
Admit that you advertise your performances

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 24:**
Admit that you have sources of income related to dancing.

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                                              *Page 18 of 42*
                                                                                           APPX152

**RESPONSE: Admit as to exotic dancing. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 25:**
Admit that you use social media (such as Facebook or Instagram) to make money related to your dancing.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 26:**
Admit that you provide private events and performances related to your exotic dancing.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 27:**
Admit or deny that you never worked in excess of forty (40) hours in a workweek during your time as a performer at the Club.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 28:**
Admit or deny that no one with the Club ever instructed you what days of the week you were required to perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 29:**
Admit or deny that no one with the Club ever instructed you what days of the week you were not allowed to perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 30:**
Admit or deny that no one with the Club ever instructed you what hours of the day you were required perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 31:**
Admit or deny that no one with the Club ever instructed you what hours of the day you were not allowed to perform.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 32:**

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                          *Page 19 of 42*
                                                                    APPX153

Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 4.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 4, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 33:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 5.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 5, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 34:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 3.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 5, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 35:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 8.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 8, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 36:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 7.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 7, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 37:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 9.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 9, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 38:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 10.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 10, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 39:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 11.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 11, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 40:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 12.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to**

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                    *Page 21 of 42*
APPX155

interrogatory No. 12, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.

## REQUEST FOR ADMISSION NO. 41:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 13.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 13, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 42:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 18.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 18, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 43:
Admit or deny that you have no documents (in either electronic or written form) in your possession, custody, or control related to your answer in Interrogatory No. 19.

**RESPONSE: Plaintiff can only provide a response to this request, subject to her objections to interrogatory No. 19, which are specifically incorporated herein. Plaintiff further objections to term "related to," as vague, overly broad, and unduly burdensome. Plaintiff also objects to this request as an improper request for admission because it does not request Plaintiff to admit to the truth of any facts, application of law to fact or opinions of such or the genuiness of described documents.**

## REQUEST FOR ADMISSION NO. 44:
Admit or deny that you reported to the Club all income you received during the Relevant Period.

**RESPONSE: Deny**

## REQUEST FOR ADMISSION NO. 45:
Admit that you never received any share of money from the Club's receipt of cover charges.

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                          *Page 22 of 42*
                                                                    APPX156

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 46:**
Admit that you never received any share of money from the Club's sales of food.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 47:**
Admit that you never received any share of money from the Club's sales of alcohol.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 48:**
Admit that the amount of your income increased when the Club ran advertising.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 49:**
Admit that the amount of your income increased when the Club ran promotions.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 50:**
Admit that the amount of your income increased depending on the Club's choice of decor.

**RESPONSE: Plaintiff does not have the information to admit or deny this request. Plaintiff would need Defendant to specify the 'choice of décor,' at issue.**

**REQUEST FOR ADMISSION NO. 51:**
Admit that you asked the Club's DJs to have certain music played during your work.

**RESPONSE: Admit to the extent that I had to pay the DJ for certain music to be played during my work. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 52:**
Admit or deny there was a maximum amount you could charge for a lap dance.

**RESPONSE: Deny**

**REQUEST FOR ADMISSION NO. 53:**
Admit or deny there was a minimum amount you could charge for a lap dance.

**RESPONSE: Admit**

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                    *Page 23 of 42*
                                                            APPX157

**REQUEST FOR ADMISSION NO. 54:**
Admit or deny that Respondents told you what kind of attire you were required to wear.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 55:**
Admit that Respondents never purchased any kind of clothing, apparel, or beauty products for you.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 56:**
Admit that your physical appearance affected your opportunity to make a profit.

**RESPONSE: Admit, to the extent I earn my living by dancing. Deny as to anything further.**

**REQUEST FOR ADMISSION NO. 57:**
Admit or deny that exotic dancers are integral to Respondents' business.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 58:**
Admit or deny that you rendered services to the public.

**RESPONSE: Plaintiff objects to the extent this request is vague and ambiguous as to the term 'public,' as utilized in this case. Plaintiff admits to the extent she worked as an exotic dancer/entertainer at Defendant's club for the Club's patrons. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 59:**
Admit or deny that customers paid money to the Club for each lap dance you performed.

**RESPONSE: Admit to the extent the Club took a portion of my tips from customers. Otherwise, deny.**

**REQUEST FOR ADMISSION NO. 60:**
Admit or deny that no one with the Club prevented you from performing at other gentlemen's clubs during the Relevant Period.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 61:**
Admit or deny that you used skill in the performance of the work you described in your answer to Interrogatory No. 4.

**RESPONSE: Plaintiff incorporates her objections to interrogatory No. 4 herein. Subject thereto, to the extent that term is understood applicable to dancer/entertainer FLSA cases,**

deny. *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 328 (5th Cir. 1993).

**REQUEST FOR ADMISSION NO. 62:**
Admit that you exercised initiative in the performance of the work you described in your answer to Interrogatory No. 4.

**RESPONSE:  Plaintiff incorporates her objections to interrogatory No. 4 herein.  Subject thereto, to the extent that term is understood applicable to dancer/entertainer FLSA cases, deny.** *Reich v. Circle C Investments, Inc.*, 998 F.2d 324, 328 (5th Cir. 1993).

**REQUEST FOR ADMISSION NO. 63:**
Admit or deny that you filed a tax return for tax year 2018.

**RESPONSE:  Admit**

**REQUEST FOR ADMISSION NO. 64:**
Admit or deny that you filed a tax return in 2019.

**RESPONSE: Admit**

**REQUEST FOR ADMISSION NO. 65:**
Admit or deny that you are responsible for reimbursing your attorneys for all out-of-pocket expenses in connection with this matter.

**RESPONSE: Admit to the extent my contract requires if there is any sort of payment in this case, I am responsible for reimbursing my counsel for any expenses incurred on my behalf in this case.**

**REQUEST FOR ADMISSION NO. 66:**
Admit or deny that Claimant's cell phone had location services activated during the time she alleges to have performed at the Club.

**RESPONSE:  Plaintiff does not have the information to admit or deny this request and would not be able to get such information from that period in time.**

**REQUEST FOR ADMISSION NO. 67:**
Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the Rules she identified in answer to her interrogatories during the Relevant Period.

**RESPONSE:  Deny**

**REQUEST FOR ADMISSION NO. 68:**
Admit or deny that Claimant has never sent or received a text message to or from anyone affiliated with Respondents concerning the subject matter of the Complaint during the Relevant Period.

**<u>RESPONSE:</u>  Deny**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE LAYTON, individually and on behalf of all other similarly situated, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-cv-01636-N |
| MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI, *Defendants.* | § § § § § § § | COLLECTIVE ACTION JURY DEMANDED |

**PLAINTIFF ASHLYNN SHIPLEY'S OBJECTIONS AND RESPONSES TO DEFENDANT MAINSTAGE MANAGEMENT, INC.'S FIRST REQUEST FOR PRODUCTION**

TO:   Defendant, MAINSTAGE MANAGEMENT, INC., by and through its attorney of record, Latrice E. Andrews and Y. Craig Sheils, SHEILS WINNUBST, PC, 1100 Atrium II 1701, N. Collins Blvd., Richardson, TX 75080.

Plaintiff Ashlynn Shipley, by and through the undersigned counsel of record, serves her

objections and responses to Defendant Mainstage Management, Inc.'s First Request for Production.

Dated: June 27, 2022                              Respectfully submitted,

                                                 */s/ Leigh S. Montgomery*
                                                 Jarrett L. Ellzey
                                                 Texas Bar No. 24040864
                                                 Leigh Montgomery
                                                 Texas Bar No. 24052214
                                                 **ELLZEY & ASSOCIATES, PLLC**
                                                 1105 Milford Street
                                                 Houston, Texas 77006
                                                 Telephone: (713) 554-2377
                                                 Facsimile: (888) 276-3455
                                                 jarrett@ellzeylaw.com
                                                 leigh@ellzeylaw.com

                                                 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, a true and correct copy of the foregoing document was served on all counsel of record via Certified U.S. Mail, pursuant to the Federal Rules of Civil Procedure.

**Via CMRRR 7021 0950 0001 7128 8908**
Ms. Latrice E. Andrews
Mr. Roger Albright
Sheils Winnubst, PC
1100 Atrium II
1700 N. Collins Blvd
Richardson, Texas 75080
latrice@sheilswinnubst.com
ralbright@sheilswinnubst.com

*/s/ Leigh S. Montgomery*
Leigh S. Montgomery

*Pltf's Obj & Answ. to*
*Defendant's Discovery*                                   *Page 28 of 42*
APPX162

## PLAINTIFF ASHLYNN SHIPLEY'S OBJECTIONS AND RESPONSES
## TO DEFENDANT'S REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Claimant's identification, driver's license, passport and other identifying document issued by the United States government or the government of any state of the United States.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.**

**Subject thereto, a copy of Plaintiff's driver's license can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

### REQUEST FOR PRODUCTION NO. 2:

All W-2 forms, 1099 forms, bank statements and other income reporting forms that evidence your income from the Club or any other person from whom your worked or provided services during the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to Plaintiff's earnings from this Club, responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

### REQUEST FOR PRODUCTION NO. 3:

All U.S. individual tax returns (Form 1040) and accompanying schedules and documents used in connection with the preparation of such returns for the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to any 1040 form filed in which earnings from Defendant's establishment were listed by Plaintiff, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 4:**

All documents pertaining to all income, distributions, wages, salaries, tips, commissions, earnings, monies, compensations, dividends, bonuses, royalties and remunerations in any other form received by you during the Relevant Period.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff responds only as to her earnings at Defendant's establishment.**

**Subject thereto, as to documents showing any earnings earned from Defendant's establishment, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 5:**

All documents evidencing your rate of pay, including any changes thereto, during the period of your alleged employment during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely, that Defendants paid her.**

**Subject thereto, there are no responsive documents to this request as Defendants did not pay Plaintiff.**

**REQUEST FOR PRODUCTION NO. 6:**

All payroll statements, cleared checks, receipts, deposits, statements and pay stubs that evidence your earnings during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely, that Defendants paid her.**

**Subject thereto, documents responsive to this request, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 7:**

All documents indicating or relating to your work schedule hours at the Club, including any changes thereto.

**RESPONSE: Plaintiff objects to the extent this request does not state with reasonable particularity the item or thing to be produced. Plaintiff objects as vague as to what 'documents,' may 'indicate or relate,' to work schedule hours. Plaintiff is responding**

based on her understanding of documents listing or specifying hours worked.

**Subject thereto, there are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

## REQUEST FOR PRODUCTION NO. 8:

All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes memoranda, journals, or calendars, or other written logs reflecting your daily routine, location, and activities during the Relevant Period.

**RESPONSE: There are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

## REQUEST FOR PRODUCTION NO. 9:

All documents indicating or relating to your tardiness, attendance, unavailability and/or absences from the Club during the Relevant Period, including but not limited to medical, travel or other absences and emails or phone records to notify the Club of your tardiness, absence or unavailability.

**RESPONSE: Plaintiff objects as irrelevant to the claims and defenses asserted in this action and to the extent the request is vague and ambiguous. Plaintiff further objects to the extent the request assumes facts not in evidence and is speculative.**

**Subject thereto, there are no responsive documents to this request in Plaintiff's possession, custody and/or control.**

## REQUEST FOR PRODUCTION NO. 10:

All documents, including representation agreements, fee agreements, contracts, invoices and billing statements, evidencing the contractual relationship with attorneys, experts, and/or investigators in connection with this Case.

**RESPONSE: Plaintiff objects to the extent this request goes beyond the scope of claims in this case, and is therefore irrelevant, and not proportionate to the needs of the case, given the relevance of the requested information.**

**Subject thereto, as to any contractual relationship with Plaintiff's counsel, such information can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

## REQUEST FOR PRODUCTION NO. 11:

Any and all payments, advances, or loans received in relation to pursuing or filing this Case.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 12:**

All letters and correspondence, including electronic writings (e.g., e-mail), that constitute or contain matters relevant to the subject matter of this Case, excluding any privileged communications.

**RESPONSE: Plaintiff objects as the request does not state with particularity, the item or thing to be produced, specifically what constitutes 'relevant' matters to this case. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possiblebenefit.**

**Plaintiff further asserts the request invades the attorney-client and attorney work product privileges, despite claiming otherwise, to the extent it fails to define with specificity the documents to be produced. A general request to peruse a Plaintiff's file on a matter is an invasion of the work product privilege. Information will not be produced subject to these objections.**

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents pertaining to checking accounts, savings accounts, certificates of deposit and other accounts in any bank, savings and loan association or other financial institution, inclusive of CashApp, PayPal, Venmo, Zelle, Coinbase, and similar financial facilities, which stand in your name alone, individually or as trustee, or which are subject to withdrawal or control by you, or in which you claim or have claimed an interest, for the Relevant Period including but not limited to deposit slips, canceled checks, withdrawal slips, statements of account, passbooks and certificates of deposit.

**RESPONSE: Plaintiff objects as the request does not state with particularity, the item or thing to be produced. Plaintiff further objects this request is not proportional to the needs of the case, given the importance of the discovery inresolving the issues and the burden of the proposed discovery outweighs any possible benefit. Plaintiff objects to the extent this request creates such a burden on her and is such an invasion of her privacy, as the request is not limited in date or scope to the relevant claims and defenses before the Court, than any attempt to answer is impossible. Information will not be produced subject to these objections.**

**REQUEST FOR PRODUCTION NO. 14:**
Any contract of employment between you and the Club.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to the work you performed for the Club regarding, referring to or

related to:

    a.     Overtime compensation;
    b.     Christmas or other bonuses;
    c.     Deferred compensation;
    d.     Business expenses paid by employer;
    e.     Other receipts arising out of employment;
    f.     Advances or loans;
    g.     Vacation and sick-leave benefits; and,
    h.     Severance pay.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid for any of the above-referenced items for anyone at the Club. Plaintiff further objects to the extent the information requested would be in Defendant's possession, custody and/or control and thereby burdensome anddisproportionate to the needs of the case for Plaintiff to provide.**

**Subject thereto, there are no responsive documents in Plaintiff's possession,custody and/or control.**

## REQUEST FOR PRODUCTION NO. 16:

All documents reflecting on your credibility as a witness, including records of arrests, convictions, and sentencing for crimes involving theft, fraud, or moral turpitude at any time since 2011.

**RESPONSE: Plaintiff objects to the extent this request asks for information outside the scope of discovery. Fed. R. Evid. 609. Plaintiff further objects to the extent this request does not state with particularity the item or thing to be produced. Plaintiff further objects to the burdensomeness of this request, that it is disproportional to the needs of the case given Defendant's equal access to the requested information. Information regarding criminal convictions is publicly available.**

**Subject thereto, Plaintiff regards herself as a credible witness, and therefore there are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 17:

Produce a copy of all documents that support your contention that the Club is engaged in interstate commerce.

**RESPONSE: Plaintiff objects to the extent the information requested would be in Defendant's possession, custody and/or control and thereby burdensome and disproportionate to the needs of the case for Plaintiff to provide.**

**Subject thereto, all documents responsive to this request would be in Defendants' possession, custody and/or control. Such information will be available when Defendant**

provides the requested documents.

**REQUEST FOR PRODUCTION NO. 18:**

Legal actions, including demand letters, claim forms, arbitration demands, settlement offers and agreements, lawsuits, administrative proceedings, court proceedings and/or arbitrations in which you are or were a party from 2015 to present.

**RESPONSE: Plaintiff objects to the extent this request does not state with reasonable particularity the items or things to be produced. Plaintiff further objects this request is burdensome and expensive given the proportionate needs of the case given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. The information requested is publicly available, and as such equally available to Defendant, adding to the disproportionate needs for Plaintiff to produce such information.**

**Furthermore, the information requested invades the attorney work product and attorney/client privilege, as well as potentially other confidential information, and as such, information or materials may be withheld.**

**Subject thereto, there are no applicable responsive documents for any employment/FLSA claims for Plaintiff, other than the instant matter.**

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting your employment history from 2010 to date.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Due to the breadth and ambiguity in this request, Plaintiff will not guess as to what may be a responsive document and rests on these objections.**

**REQUEST FOR PRODUCTION NO. 20:**

All documents reflecting your educational background and training, including but not limited to diplomas, degrees, certificates, licenses, and transcripts.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit. Due to the breadth and ambiguity in this request, Plaintiff will not guess as to what may be a responsive document and rests on these objections.**

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications with the individually named Defendants during the Relevant Period.

**RESPONSE: Plaintiff objects to the request in that it doesn't state the item or thing to be produced with reasonable particularity, such that Plaintiff does not know what documents may be responsive. Furthermore, Plaintiff objects to the request as disproportionate to the needs of the case, given the importance of the discovery in resolving the issues and the burden of the proposed discovery outweighs any possible benefit.**

**Subject thereto, to the extent any such documents exist relevant to the claims and defenses assert, such will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.**

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents evidencing any income received directly from or related to the performance of services at the Club during the Relevant Time Period.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid any compensation to Plaintiff.  Plaintiff objects that the request is disproportionate to the needs of the case, considering the relevance of the particular information requested. Plaintiff's tips received from customers are not of issue in the claims and defenses alleged, as Defendants never classified Plaintiff or paid Plaintiff as a tipped employee. Plaintiff is withholding responsive documents, if any, based upon these objections.**

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents evidencing the hours you allegedly worked per week at the Club during the Relevant Period.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the days, hours, weeks, or months that she claims to have worked at the Club. This request includes, but is not limited to, calendar, notes, posting on social media, diary entries, bank statements or other similar documentation.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she earned in connection with her work as an exotic dancer at the Club, e.g., wages, fees, 'tips,' 'gratuities' or service charges. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

**RESPONSE: Plaintiff objects to the extent this request assumes facts not in evidence, namely that Defendants paid any compensation to Plaintiff. Plaintiff objects that the request is disproportionate to the needs of the case, considering the relevance of the particular information requested. Plaintiff's tips received from customers are not of issue in the claims and defenses alleged, as Defendants never classified Plaintiff or paid Plaintiff as a tipped employee. Plaintiff is withholding responsive documents, if any, based upon these objections.**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents and communications created or maintained by Claimant recording or memorializing in any way the amount of money she claims to have been required to pay according to any Rules at the Club. This request includes, but is not limited to, calendar, notes, diary entries, or other similar documentation.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 27:**

Produce copies of Claimant's federal and state income tax returns for all tax years during the Relevant Period. See Carrell v. Sunland Const., Inc., 998 F.2d 330,334 (5th Cir. 1993) (5th Cir. 1993). Please redact all sensitive information such as social security numbers.

**RESPONSE: Plaintiff incorporates her objections and response from no. 2. This request is redundant.**

**REQUEST FOR PRODUCTION NO. 28:**

Produce any sworn or unsworn statements in Claimant's possession, custody or control from individuals containing any information concerning or related to the claims asserted in the Original Complaint filed in the Case.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 29:**

If Claimant reported or complained internally to the Club (including but not limited to

APPX170

managers, supervisors, or administrators) about the Rules or the subject matter of the claims asserted in Complaint during the Relevant Period, produce any documents or communications reflecting those reports or complaints.

**RESPONSE: There are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all documents that Claimant contends evidence Defendants' alleged willful violation(s) of the FLSA during the Relevant Period.

**RESPONSE: Plaintiff objects the request does not state with particularity the item of thing to be produced. Plaintiff further asserts that the request is tantamount to a request for the Plaintiff's counsel's entire file, which is an improper invasion of the attorney work product privilege. Plaintiff objects to the extent the information or materials are public records, and equally available and accessible to Defendant, therefore are disproportionate to the needs of this case.**

**Subject thereto, the items or information identified in response to interrogatory no. 22 are public records and/or arbitration records solely in the possession, custody and/or control of Defendants.**

**REQUEST FOR PRODUCTION NO. 31:**

Produce all communications (including e-mails, texts, social media messages) between Claimant and any other performers, Djs, bartenders, waitresses, house moms, or similar individuals at the Club, concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "similar individuals at the Club," "concerning or relating to any alleged Rules," or the "subject matter of this case." As worded, the request is overly broad and ambiguous, such that any attempt to respond would be disproportionate to the needs of the case, given the potential relevance of the requested documents. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

**Subject thereto, to the extent responsive documents exist as to the alleged Rules as set forth by Plaintiff herein, responsive information, if any, will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.**

**REQUEST FOR PRODUCTION NO. 32:**

Produce all documents or communications between Claimant and any of the Defendants concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." As worded, the request is overly broad and ambiguous, such that any attempt to respond would be disproportionate to the needs of the case, given the potential relevance of the requested documents. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

**Subject thereto, to the extent responsive documents exist as to the alleged Rules as set forth by Plaintiff herein, responsive information, if any, will be made available at Plaintiff's counsel's office on a mutually agreeable date and time.**

## REQUEST FOR PRODUCTION NO. 33:

Produce all documents and communications between Claimant and any individual employed by, who works at, or who Claimant otherwise associates with the Club during the Relevant Period.

**RESPONSE: Plaintiff objects to the extent the individual(s) identified in this request are or may be unknown to Plaintiff. Plaintiff will answer only to the extent an individual is known as an employee of the Club. Otherwise, Plaintiff objects as vague. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

**Subject thereto, there is no responsive information to this request.**

## REQUEST FOR PRODUCTION NO. 34:

Produce all documents and communications relating to any disciplinary actions taken against Claimant by Defendants during the Relevant Period.

**RESPONSE: There are no responsive documents to this request.**

## REQUEST FOR PRODUCTION NO. 35:

Produce all documents and communications between Claimant and any dancer or entertainer who has performed at the Club concerning or relating to any alleged Rules, the filing of this Caset, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." Plaintiff is unable to ascertain what the requestis asking for and, therefore is unable to answer the request. To the extent this request invades the joint defense privilege and/or attorney/client privilege, information and materials will be withheld.**

**REQUEST FOR PRODUCTION NO. 36:**

If Claimant contends that she was subject to any Rules, supervised, controlled or otherwise managed by any person she alleges had authority to act on behalf of or for the Club, produce all documents and communications between Claimant and such persons concerning those matters.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "Rules," "person with authority to act on behalf of the Club." Plaintiff does not know all persons with authority, only who may have controlled her work such at to make her an employee. The request is overly broad, and potentially includes all documents at issue in this matter, which is an improper request for production and disproportionate to the needs of the case.**

**Subject thereto, non-privileged, relevant and responsive documents, if any, will be available for inspection at Plaintiff's counsel's office on a mutually agreeable date and time.**

**REQUEST FOR PRODUCTION NO. 37:**

For each social media account maintained by Claimant, please produce all messages, private messages, posts (public or private) concerning or relating to any alleged Rules, the filing of this Case, or the subject matter of this Case during the Relevant Period.

**RESPONSE: Plaintiff objects that the request is vague and ambiguous as to the terms "concerning or relating to any alleged Rules," "the filing of this case," or the "subject matter of this case." Plaintiff further asserts the information requested is disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.** *See McGowan v. Southern Methodist University*, **Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020).**

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents and communications relating to tips, gifts, or other monies Claimant claims to have paid to DJs, entertainers, dancers, bus boys, bartenders or managers at the Club.

**RESPONSE: Plaintiff asserts the information requested is disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.**

**Subject thereto, responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

APPX173

**REQUEST FOR PRODUCTION NO. 39:**

Produce all photographs and/or videos in Claimant's possession, custody or control that depict any portion of the interior or exterior of the Club taken at any point during the Relevant Period. This request includes photographs or videos of any signage, other performers, patrons, or club personnel.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date.**

**REQUEST FOR PRODUCTION NO. 40:**

Produce a copy of every employment contract, independent contractor agreement, or other written agreement Claimant entered into with any and all topless clubs, gentlemen's clubs, or adult entertainment nightclubs at which she has performed during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to theneeds of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter.**

**Subject thereto, there are no responsive documents to this request.**

**REQUEST FOR PRODUCTION NO. 41:**

Produce a copy of the fee agreement(s) with your attorney(s) in this matter.

**RESPONSE: Responsive information, if any, can be made available for review at the office of Plaintiff's counsel on a mutually agreed upon date and time.**

**REQUEST FOR PRODUCTION NO. 42:**

Produce a copy of documents reflecting the amount of attorney's fees Plaintiff seeks to recover in this proceeding.

**RESPONSE: The information requested is the subject of expert testimony and opinion, and therefore improper to request in the form of a request for production. Additionally, the request is premature, as the amount Plaintiffs seeks to recover includes the reasonable and necessary attorneys' fees and expenses incurred up to the time of and through trial and will not be known until that point.**

**REQUEST FOR PRODUCTION NO. 43:**

Produce the location data from your cellular device for the dates you claim to have performed at the Club. This data may be exported and produced from a variety of sources, e.g. Facebook 'check- ins,' as a .km! file exported from Google Timeline, or if you use an iPhone, by accessing

"Significant Locations" under "System Services".

**RESPONSE: Plaintiff objects to the extent the data requested is not a tangible thing or document in existence for Plaintiff to produce. Plaintiff objects the information requested is disproportionate to the needs of the case given is relativeimportance in resolving the issues of this claim. Plaintiff does not have to create evidence. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 44:**

Please produce a copy of your cell phone bills reflecting the transmission of communications (including text messages) during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy, and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 45:**

Produce a copy of documents that support your contention that Nick Mehmeti is a joint employer of the Club.

**RESPONSE: Plaintiff objects to this document request as premature. Plaintiff incorporates her objections to interrogatory 16 herein, as equally applicable.**

**Subject thereto, when any responsive information is available to Plaintiff, such information will be made available for inspection at Plaintiff's counsel's office on a mutually agreeable date and time.**

**REQUEST FOR PRODUCTION NO. 46:**

Produce a copy of any correspondence, inclusive of enclosures that relate to one or more of the Defendants.

**RESPONSE: Plaintiff objects to the phrase "relate to one or more of the Defendants," as vague, ambiguous and overly broad, such that any attempt at responding would be disproportionate to the needs of this case.**

**Subject thereto, responsive information related to correspondence relevant to the claims and defenses asserted, if any, will be made available for review at Plaintiff's counsel's**

office on a mutually agreeable date and time.

**REQUEST FOR PRODUCTION NO. 47:**

Produce any and all resumes and job applications during the Relevant Period.

**RESPONSE: There are no responsive documents in Plaintiff's possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 48:**

Produce any and all calendars.

**RESPONSE: There are no responsive documents in Plaintiff's possession, custody or control.**

**REQUEST FOR PRODUCTION NO. 49:**

Produce your Facebook postings, comments, and images during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy, and is overly broad and not relevant to the claims or defenses asserted. *See McGowan v. Southern Methodist University*, Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020). Plaintiff is withholding information based on these objections.**

**REQUEST FOR PRODUCTION NO. 50:**

Produce your Instagram postings, comments, and images during the Relevant Period.

**RESPONSE: Plaintiff objects the documents requested are disproportionate to the needs of the case given is relative importance in resolving the issues of this claim. It is burdensome, not limited in time or scope, such as to be relevant or proportionate to the claims and defenses asserted in this matter. Plaintiff asserts this request improperly invades her constitutional right to privacy and is overly broad and not relevant to the claims or defenses asserted. Plaintiff is withholding information based on these objections. *See McGowan v. Southern Methodist University*, Civil Action No. 3:19-cv-141-N, 2020 WL 2199189 at \*2 (N.D. Tex. May 6, 2020).**



USPS FIRST-CLASS MAIL

RETURN RECEIPT REQUESTED

SHIP TO:

1701 N COLLINS BLVD
STE 1100
Richardson TX 75080-3586

USPS CERTIFIED MAIL ®

9515 5065 8351 1292 4975 77

7011 2000 0001 1177 7753

Latrice Andrews
Craig Sheils
Sheils Winnebst, PC
11000 Atrium 11
1701 N Collins Blvd
Richardson, TX 7...

Elizen & Associates, PLLC

EXHIBIT
F

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

DuPont™ Tyvek®
Protect What's Inside.™    HDPE

**USPS Tracking**®

FAQs ›

## Track Another Package +

**Track Packages
Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** 70112000000111777753

Remove ✕

Your item was delivered to an individual at the address at 1:11 pm on October 25, 2021 in RICHARDSON, TX 75080.

**USPS Tracking Plus**® Available ∨

## ⊘ Delivered, Left with Individual

October 25, 2021 at 1:11 pm
RICHARDSON, TX 75080

**Get Updates** ∨

Feedback

| Text & Email Updates | ∨ |
|---|---|
| Return Receipt Electronic | ∨ |
| **Tracking History** | ∧ |

**October 25, 2021, 1:11 pm**
Delivered, Left with Individual
RICHARDSON, TX 75080
Your item was delivered to an individual at the address at 1:11 pm on October 25, 2021 in RICHARDSON, TX 75080.

**October 24, 2021**
In Transit to Next Facility

**October 23, 2021, 1:35 pm**
Arrived at USPS Regional Destination Facility
COPPELL TX DISTRIBUTION CENTER

**October 21, 2021, 8:06 am**
Arrived at USPS Facility
PLANO, TX 75075

**October 21, 2021, 8:05 am**
Arrived at Post Office
PLANO, TX 75075

**October 21, 2021, 5:32 am**
Arrived at USPS Regional Destination Facility


EXHIBIT G

APPX 179

COPPELL TX DISTRIBUTION CENTER

**October 19, 2021, 11:02 pm**
Departed USPS Regional Origin Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**October 19, 2021, 10:19 pm**
Arrived at USPS Regional Origin Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**October 19, 2021**
USPS expects item for mailing (SSK)
HOUSTON, TX 77006

**USPS Tracking Plus®**  ⌄

**Product Information**  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

APPX 180