UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BROOKE LAYTON and ASHLYNN SHIPLEY, individually and on behalf of all other similarly situated,<br>　　*Plaintiffs,*<br><br>v.<br><br>MAINSTAGE MANAGEMENT, INC., NICK'S MAINSTAGE, INC. – DALLAS PT'S d/b/a PT'S MEN'S CLUB and NICK MEHMETI,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:21-cv-01636-N<br><br>COLLECTIVE ACTION<br><br>JURY DEMANDED |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON EMPLOYEE STATUS AND MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiffs Brooke Layton and Ashlynn Shipley (collectively, "Plaintiffs") file this Brief in Support of their Motion for Partial Summary Judgment on Employee Status and Motion for Summary Judgment on Defendants' Counterclaims and Affirmative Defenses. In support, Plaintiffs show the Court as follows:

## **TABLE OF CONTENTS**

SUMMARY ................................................................................................................................ 5

SUMMARY JUDGMENT EVIDENCE ................................................................................... 6

ARGUMENTS & AUTHORITIES ........................................................................................... 7

    I.    Legal Standards .............................................................................................................. 7

    III.   Arguments ...................................................................................................................... 8

        A.    Plaintiffs are Employees under the FLSA as a Matter of Law ........................ 8

        B.    Defendants' Counterclaims are Improper in an FLSA Action and
            Should be Dismissed ........................................................................................ 8

        C.    Alternatively, Defendants Cannot Establish at Least One Element of Each
            Counterclaim and Therefore Summary Judgment is Appropriate ................ 10

        D.    Plaintiffs are Entitled to Summary Judgment on Defendants' Various Affirmative
            Defenses ......................................................................................................... 10

PRAYER FOR RELIEF .......................................................................................................... 14

**TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 248 (1986) .................................................................................................. 6

*Barrentine v. Arkansas-Best Freight Sys.*,
450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ......................................... 10

*Bateman Eichler, Hill Richards, Inc. v. Berner*,
472 U.S. 299, 306 (1985) ................................................................................................ 12

*Brock v. Mr. W Fireworks, Inc.*,
814 F.2d 1042, 1045 (5th Cir. 1987) ............................................................................... 6

*Brock v. Superior Care, Inc.*,
840 F.2d 1054, 1059 (2d Cir. 1988) ................................................................................ 7

*Brumbelow v. In Brumbelow v. Quality Mills, Inc.*,
462 F.2d 1324, 1327 (5th Cir. 1972) ............................................................................. 11

*Celotex Corp. v. Catrett*,
477 U.S. 317, 322-25 (1986) ............................................................................................ 6

*Copeland v. ABB, Inc.*,
521 F3d. 1010, 1014 (8th Cir. 2008) ............................................................................. 10

*Florida v. DLT 3Girls, Inc.*,
4:11-cv-03624, 2012 U.S. Dist. LEXIS 61748, *11-12 (S.D. Tex. May 2, 2012) ........ 11

*Fortune Prod. Co. v. Conoco, Inc.,*
52 S.W.3d 671 (Tex. 2000) .............................................................................................. 8

*Heckler v. Community Health Services*,
467 U.S. 51, 59 (1984) .................................................................................................... 10

*Jarrard v. Se. Shipbuilding Corp.*,
163 F2d. 960, 961 (5th Cir. 1947) ................................................................................. 10

*Lindsley v. BellSouth Telecomms. Inc.*,
401 Fed. Appx. 944, 945 (5th Cir. 2010) ........................................................................ 7

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350, 1353 (11th Cir. 1982)* ........................................................................... 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
 475 U.S. 574, 587 (1986) .................................................................................................. 6

*McFeeley v. Jackson St. Entm't, LLC*,
 825 F.3d 235, 240 (4th Cir. 2016) ..................................................................................... 6

*Mencia v. Allred*,
 808 F.3d 463, 470 (10th Cir. 2015) ................................................................................... 9

*Patel v. Wargo*,
 803 F.2d 632, 632 n.1 (11th Cir. 1986) ............................................................................. 7

*Perez-Nunez v. N. Broward Hosp. Dist.*,
 No. 08-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) ........................... 9

*Pinter v. Dahl*,
 486 U.S. 622, 632 (1988) ................................................................................................ 12

*Pizzarelli v. Cadillac Lounge, L.L.C.*,
 2018 WL 2971114, at *2–3 (D.R.I. Apr. 13, 2018) .......................................................... 7

*Reich v. Stewart*,
 121 F. 3d 400, 407 (8th Cir. 1997) .................................................................................. 10

*Robicheaux v. Radcliff Material, Inc.*,
 697 F.2d 662, 667 (5th Cir. 1983) ..................................................................................... 9

*Rogers v. McDorman*,
 521 F.3d 381, 385 (5th Cir. 2008) ................................................................................... 12

*Sigui v. M + M Commc'ns, Inc.*,
 484 F. Supp. 3d 29, 36 (D.R.I. 2020) ................................................................................ 7

*Tran v. Thai*,
 No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) .............................. 10, 11, 12

*Triple Tee Golf, Inc. v. Nike, Inc.*,
 485 F.3d 253, 261 (5th Cir. 2007) ..................................................................................... 6

**STATUTES**

§ 216(b) ................................................................................................................................... 10

29 U.S.C. § 216(c) .................................................................................................................. 10

**RULES**

FED. R. CIV. P. 56(a) ................................................................................................................ 6

## SUMMARY

1.     Plaintiffs move for partial summary judgment on their claims on the issue of their employee status under the FLSA—against Defendants Mainstage Management, Inc. ("Mainstage"), Nick's Mainstage, Inc. – Dallas PT's d/b/a PT's Men's Club ("PT's" or the "Club") and Nick Mehmeti's ("Mehmeti") (collectively "Defendants"). Plaintiffs further move for summary judgment on Defendants' counterclaims for breach of contract, unjust enrichment, and attorneys' fees. Additionally, Plaintiffs move for summary judgment as to Defendants' affirmative defenses of waiver/equitable estoppel/consent/ratification (third affirmative defense), failure of condition precedent (fifth and tenth affirmative defenses), failure to mitigate (sixth affirmative defense), unclean hands (seventh affirmative defense), offset/unjust enrichment (eight affirmative defense), estoppel (ninth affirmative defense), pari delicto (eleventh affirmative defense) and lack of standing/jurisdiction and failure to state a claim (twelfth affirmative defense).

2.     Plaintiffs have already shown the Court there is no genuine dispute of material fact as to their employee status and such issue should be determined as a matter of law by the Court and incorporate such arguments herein. *See* Plaintiffs' Response and Brief in Opposition to Defendants' Motion for Summary Judgment (the "Response") [Dkts. 80.1-80.3; under seal 81.1]. Likewise, Plaintiffs have also already shown the Court that Defendants' counterclaim for breach of contract for (1) failure to keep records; (2) filing a collective action FLSA complaint; and (3) filing a FLSA lawsuit are improper in the face of a FLSA claim and should be dismissed, or alternatively, Defendants can establish no right to damages flowing from the alleged breaches. *Id*. Plaintiffs include herein additional argument, legal support, and/or evidence to show there are no genuine issues of material fact as to Defendants' counterclaims for unjust enrichment or attorneys' fees, as well as enumerated affirmative defenses.

3.  Accordingly, Plaintiffs' Motion should be in all things granted.

## SUMMARY JUDGMENT EVIDENCE

4.  Plaintiffs' Motion and Brief are supported by the pleadings on file with the Court and the following documents previously filed, which are incorporated by reference herein.

**Documents Defendants Previously Filed with the Court, including:**

- Defendants' Appendix in Support of Threshold Motion for Summary Judgment [Dkt. 37] ("DEFS APPX") 8-20, Exhibit A-1 Layton Licensing Agreement 2019.

- Defendants' Appendix in Support of Threshold Motion for Summary Judgment [Dkt. 37] 21-60, Exhibit A-2 Shipley Licensing Agreements 2018-2020; and

- Defendants' Appendix in Support of Motion [Dkt. 57] ("SUPP APPX") 171-209, Exhibit H, Deposition of Brooke Layton February 11, 2022.

**Documents Plaintiffs Previously Filed with the Court (and re-filed herewith), including:**

- Defendants' Amended Objections and Responses to Plaintiffs' First Set of Interrogatories, PLTFS APPX 1-16 [Dkt. 80.3];

- Defendants' website page listing prices, DEF. 402, PLTFS APPX 17 [Dkt. 80.3];

- Brook Layton Responses to Interrogatories, PLTFS APPX 18-46 [Dkt. 80.3];

- Ashlynn Shipley Responses to Interrogatories, PLTFS APPX 47-90 [Dkt. 80.3];

- PT's Designated Corporate Representative Deposition (Nick Mehmeti) dated July 7, 2022, PLTFS APPX 91-129 [Dkt. 80.3];

- Case 3:23-cv-00253; [Dkt 1-1]; Final Award of Arbitrator in *Julia Predmore v. Nick's Management, Inc., d/b/a PT's Men's Club and Nick Mehmeti*, PLTFS APPX 130-160 [Dkt. 80.3];

- Declaration of Julia Predmore with attached "Specifications" DEF 406-408, PLTFS

APPX 161-163 [Dkt. 80.3]; and

- Defendants' 2018-2020 Tax Return Documents DEF 1925-1928 (Under Seal), PLTFS APPX 164-167 [Dkt. 81.1].

**ARGUMENTS & AUTHORITIES**

I. **LEGAL STANDARDS**

5. Plaintiffs incorporates the legal standards in her Response brief [Dkt. 80.2, ¶¶5-9] herein, as if fully set forth. In addition, Plaintiffs supplies the following additional legal standards.

6. **Summary Judgment.** Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321-25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

7. **FLSA Employee Status is a Question of Law.** Whether Plaintiffs were employees under the FLSA and thereby misclassified by Defendants as independent contractors is a question of law for this Court. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir. 1987); *McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 240 (4th Cir. 2016); *Brock v. Superior Care,*

*Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988); *Sigui v. M + M Commc'ns, Inc.*, 484 F. Supp. 3d 29, 36 (D.R.I. 2020); *Pizzarelli v. Cadillac Lounge, L.L.C.*, 2018 WL 2971114, at *2–3 (D.R.I. Apr. 13, 2018). The determination of whether plaintiffs are employees under the FLSA is a legal finding—not a factual finding—and thus, may properly be determined by this Court. *Lindsley v. BellSouth Telecomms. Inc.*, 401 Fed. Appx. 944, 945 (5th Cir. 2010) (*citing Brock*, 814 F.2d at 1045 (5th Cir. 1987)); *see also Patel v. Wargo*, 803 F.2d 632, 632 n.1 (11th Cir. 1986).

### III. ARGUMENTS

#### A. PLAINTIFFS ARE EMPLOYEES UNDER THE FLSA AS A MATTER OF LAW.

8. As fully fleshed out in Plaintiffs' Response Brief [Dkt. 80.2, ¶¶10-11, 16-36], which Plaintiffs incorporate as if fully set forth herein, as well as Plaintiffs' evidence referenced and filed hereto (PLTFS APPX), Plaintiffs are employees of the Club as a matter of law.

9. As previously briefed by Plaintiffs, courts regularly find adult entertainers to be employees as a matter of law on summary judgment. *See* Response Brief, Sec. II, ¶¶10-11 [Dkt. 80.2]. Furthermore, an arbitrator has already found another adult entertainer performing at PT's during the same period as claimed by Plaintiffs herein to be an employee. *See* PLTFS APPX 135-137.

#### B. DEFENDANTS' COUNTERCLAIMS ARE IMPROPER IN AN FLSA ACTION AND SHOULD BE DISMISSED.

10. **Breach of Contract.** To prevail on a breach of contract claim, a party must establish the following elements: (1) a valid contract existed between the parties; (2) Defendants tendered performance or were excused from doing so; (3) Plaintiffs breached the terms of the contract; and (4) Defendants sustained damages as a result of Plaintiffs' breach(es). *West v. Triple B. Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

11. As fully fleshed out in Plaintiffs' Response Brief [Dkt. 80.2, ¶¶37-40], which

Plaintiffs incorporate as if fully set forth herein, Defendants' counterclaim for breaches of the Licensing Agreement contract [Dkt. 37, DEFS APPX 8-60] are wholly improper in this FLSA action and should be dismissed. Allowing these types of counterclaims thwarts employee's right and entitlement to their substantive federal rights under the FLSA, and thus the claims should not be considered in any FLSA action. Plaintiffs request the Court dismiss any claim for breach of contract that violates the FLSA, and any damages Defendants allege flow therefrom, including any alleged attorneys' fees claim.

12.  **Unjust Enrichment.** Unjust enrichment is an equitable theory of recovery where a party has obtained a benefit from another by fraud, duress or the taking of an undue advantage, *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992), and the receipt of those benefits is not governed by contract. *Lone Star Steel Co. v. Scott,* 759 S.W.2d 144, 154 (Tex. App.—Texarkana 1988, writ denied). It is not a proper remedy merely because "it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss." *Heldenfels Bros., Inc.,* 832 S.W.2d at 42.

13.  For the same reasons Defendants' counterclaim for breach of contract is an improper offset, so is their claim of unjust enrichment and it would be inequitable to allow such in the face of an FLSA claim. Furthermore, unjust enrichment only applies when there is no contract between the parties, which is not the case here. *Lone Star Steel*, 759 S.W.2d at 154; *see also Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671 (Tex. 2000). Nor could it be considered a 'windfall' for an employee to receive the monies they are entitled under federal law for work performed. Defendants already received their benefit of the bargain because it is undisputed Plaintiffs performed (*i.e.*, worked) at least some hours at the Club. There can be no unjust enrichment claim in equity on the face of the claims in this lawsuit.

14. **Attorneys' Fees.** Defendants are not entitled to attorneys' fees in an FLSA action. 29 U.S.C. §216(b) ("the court shall…allow a reasonable attorneys fee to be paid by the defendant, and the costs of the action."). Thus, Defendants' claim can only be tied to its contract claims—which likewise must be summarily dismissed. This is true even when Plaintiffs do not succeed on their FLSA claims. Any holding contrary to this would undermine the broad remedial purposes of the FLSA and discourage employees from pursuing their federal employment rights thereunder. Defendants' claims for attorneys' fees should be summarily dismissed.

C. **ALTERNATIVELY, DEFENDANTS CANNOT ESTABLISH AT LEAST ONE ELEMENT OF EACH COUNTERCLAIM AND THEREFORE SUMMARY JUDGMENT IS APPROPRIATE.**

15. Alternatively, as to the breach of contract claims, the claims must fail on their own, even when not considering the Fifth Circuit's mandate against such counterclaims.[1]

16. As previously articulated in Plaintiffs' Response Brief [Dkt. 80.2, ¶¶42-45], which Plaintiffs incorporate as if fully set forth herein, Defendants' claims for breaches of the contract fail as a matter of law. Defendants either can have no claimable damages (*see Supra*, Sec. B, ¶10) or have waived the alleged contract right forming the basis of the claim (in the case of arbitration) by substantially invoking the litigation process.

D. **PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON DEFENDANTS' VARIOUS AFFIRMATIVE DEFENSES.**

17. As more particularly articulated below, Plaintiffs are entitled to summary judgment on many of Defendants' affirmative defenses. The defenses cannot succeed against Plaintiffs' FLSA claims.

18. **Waiver/Equitable Estoppel/Consent/Ratification (Third Affirmative Defense).** Defendants assert the listed affirmative defenses because the parties signed a licensing agreement,

---

[1] These arguments are made only in the alternative, should the Court agree to not dismiss Defendants' claims as per the *Heard* case.

which is contrary to Plaintiffs' status as employees under the FLSA and damages claimed in this FLSA lawsuit. As explained Supra (Sec. B, ¶¶10-12), Defendants' claims as to the contract should be dismissed to the extent they subvert/offset/thwart Plaintiffs' vindication of their statutory FLSA rights. The same is true of the affirmative defenses flowing from the allegedly enforceable contract and Plaintiffs incorporate their same argument as to the contractual affirmative defenses.

19.  These equitable and/or contract defenses are generally unavailable in FLSA actions. *See Mencia v. Allred*, 808 F.3d 463, 470 (10th Cir. 2015) ("The use of equitable estoppel in FLSA wage claims is limited because such claims lie in an area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy."); *Perez-Nunez v. N. Broward Hosp. Dist.*, No. 08-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims."); *see also Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("An employee is not permitted to waive employee status" for FLSA protections); *Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) ("It is unclear whether the equitable defenses of waiver, estoppel, unclean hands, and laches are available under the FLSA.").

20.  Employees can only waive their claims under the FLSA in two situations: (1) if there is a settlement supervised by the Secretary of Labor or (2) if a settlement is judicially approved. *Copeland v. ABB, Inc.*, 521 F3d. 1010, 1014 (8th Cir. 2008). In *Copeland*, the Eighth Circuit reasoned:

> It is well established that FLSA rights are statutory and cannot be waived. *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Reich v. Stewart*, 121 F. 3d 400, 407 (8th Cir. 1997). There are only two statutory exceptions to this general rule. First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full. *See* 29 U.S.C. § 216(c). Second, if an employee brings

suit directly against a private employer pursuant to § 216(b) of the statute, and the district court enters a stipulated judgment, it will have res judicata effect on any subsequent claim for damages. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982*); Jarrard v. Se. Shipbuilding Corp.*, 163 F2d. 960, 961 (5th Cir. 1947).

21. In the case at bar, there are no such settlement agreements which meet any of the three criteria outlined above, therefore, there is no waiver of Plaintiffs' FLSA rights.

22. Likewise, there is no equitable estoppel argument allowed by the Fifth Circuit in response to FLSA claims. Estoppel is an equitable defense that must involve (in part) a definite misrepresentation of fact to another person that the person making the misrepresentation knows that the other person will reasonably rely on said misrepresentation to their unjust detriment. *See Heckler v. Community Health Services*, 467 U.S. 51, 59 (1984). There are simply no facts in the case at bar that would support these particular elements of the claimed affirmative defense of estoppel. Although there is a narrow exception in the Fifth Circuit under *Brumbelow*, there are no similar facts present here because it is undisputed that Plaintiffs performed at PT's and Defendants did not pay Plaintiffs wages. *See Brumbelow v. In Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

23. Plaintiffs' summary judgment as to Defendants' Third affirmative defense should be granted.

24. **Condition Precedent (Fifth and Tenth Affirmative Defenses).** The Court has already determined the alleged 'notice provision' is not a condition precedent to filing litigation. *See* [Dkt. 72]. As such, there is no genuine issue of material fact on Defendants' affirmative defense of condition precedent. Summary Judgment should be granted.

25. **Failure to Mitigate (Sixth Affirmative Defense).** Next, the Club pleads Plaintiffs have failed to "mitigate their damages or use reasonable care to prevent any damages being

incurred." [Dkt 28] p. 14, ¶ 26. However, the Club's mitigation defense fails as a matter of law because FLSA plaintiffs are under no duty to mitigate because they are not seeking damages for termination of employment. *See Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (collecting cases); *see also Florida v. DLT 3Girls, Inc.*, 4:11-cv-03624, 2012 U.S. Dist. LEXIS 61748, *11-12 (S.D. Tex. May 2, 2012) ("...there is no duty to mitigate damages under the FLSA"). Plaintiffs' summary judgment as to the defense of failure to mitigate is justified.

26. **Unclean Hands (Seventh Affirmative Defense).** Courts have found equitable defenses, such as unclean hands, are generally inapplicable in FLSA actions because employees cannot waive their substantive FLSA rights. *See Tran*, 2010 WL 5232944, at *7 (collecting cases). Plaintiffs therefore incorporate their arguments as to Defendants' other equitable claims herein. *See Supra* ¶¶16-21.

27. **Offset/Unjust Enrichment (Eighth Affirmative Defense).** Plaintiffs have already addressed these issues and incorporate their prior arguments herein. *See Supra* ¶¶10-12. Defendants' eighth affirmative defense should be summarily dismissed.

28. **Estoppel (Ninth Affirmative Defense).** Plaintiffs have already addressed these issues and incorporate their prior arguments herein. *See Supra* ¶¶16-21.

29. **In Pari Delicto (Eleventh Affirmative Defense).** The in pari delicto defense "derives from the Latin, *in pari delicto potior est conditio defendentis*: 'In case of equal or mutual fault ... the position of the [defending] party ... is the better one.'" *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (*quoting Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985)). The principle embodies "the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988).

30. Plaintiffs have already addressed the arguments that Plaintiffs cannot waive their

substantive FLSA rights, and it is improper to so claim. *See Tran*, 2010 WL 5232944, at *7 (collecting cases). Plaintiffs therefore incorporate their arguments as to Defendants' other equitable claims herein. *See Supra* ¶¶16-21.

31. **Lack of Standing/Jurisdiction (Twelfth Affirmative Defense).** Defendants incorporate their motion to dismiss arguments into an affirmative defense. *See* Answer, ¶49 [Dkt. 42]. The Court has already determined Defendants' Motion to Dismiss arguments (converted to a threshold summary judgment motion). *See* [Dkt. 72]. The Court denied Defendants' notice claim and dismissed the collective action allegations. *Id.* As such, there is no genuine issue of material fact on Defendants' twelfth affirmative defense. Summary Judgment should be granted.

32. Plaintiffs request the Court summarily dismiss Defendants' enumerated affirmative defenses. The defenses are either improper as to FLSA claims or Defendants have no path to succeed on the defenses. Plaintiffs' motion for summary judgment should be granted.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiffs Brooke Layton and Ashlyn Shipley respectfully request the Court grant Plaintiffs' Motion for Partial Summary Judgment on Plaintiffs' Employee Status and Motion for Summary Judgment on Defendants' Counterclaim and Affirmative Defenses, and further, grant Plaintiffs any and all further relief to which they may be entitled.

Respectfully submitted,

**ELLZEY & ASSOCIATES, PLLC**

 */s/ Leigh S. Montgomery*
Jarrett L. Ellzey
Texas Bar No. 24040864
Leigh S. Montgomery
Texas Bar No. 24052214
1105 Milford Street
Houston, Texas 77006
Office: (713) 322-6387
Facsimile: (888) 276-3455
jarrett@ellzeylaw.com
leigh@ellzeylaw.com

-and-

Mark A.Alexander
**MARK A. ALEXANDER, P.C.**
Texas Bar No. 01007500
5080 Spectrum, Suite 850E
Addison,TX 75001
Phone: (972) 544-6968
Fax: (972) 421-1500
mark@markalexanderlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on March 17, 2023 a true and correct copy of the foregoing instrument was electronically served on all counsel of record who have appeared and consented to electronic notification *via* CM/ECF, in accordance with the CM/ECF protocols of in the United States District Court for the Northern District of Texas and the Federal Rules of Civil Procedure.

 */s/ Leigh S. Montgomery*
Leigh S. Montgomery